**FILED**

**JANUARY 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**08 C 526**

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| MiyanoHitec Machinery, Inc., | ) | **JUDGE KENDALL** |
| Thomas ("Tom") Miyano, a/k/a | ) | **MAGISTRATE JUDGE NOLAN** |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a Shigemori | ) | |
| Miyano, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

# COMPLAINT

Plaintiff, Miyano Machinery USA Inc. (hereinafter referred to as "plaintiff Miyano USA" or "Miyano USA"), complains against defendants MiyanoHitec Machinery, Inc., Tom Miyano, and Steven Miyano, through the undersigned attorneys, alleging as follows:

### Nature of the Action

This action is brought by plaintiff Miyano USA, to protect some of its most valuable assets – the company name and trademarks from being usurped by defendants (one of whom is plaintiff Miyano USA's former President) and used by them in direct competition for the sale of the same nature of goods – machine tools – marketed to the same customers in the same channels of trade and geographic region(s). Defendant Tom Miyano was the former President of Miyano USA's predecessor, the former Chairman of the Board of Miyano USA, and a former stockholder and President of its parent company.  In December 2005, defendant Tom Miyano separated from Miyano USA and, thereafter, joined an existing corporation established by his son, Steven Miyano, then named Hitec Machinery International Inc.  Soon after, the company was renamed as MiyanoHitec Machinery Inc., and defendants set up a website claiming the history of Miyano USA's company as their own, using Miyano USA's own name (both

"Miyano" and "Miyano Machinery" ), and displaying a prominent portion of a mark that had been used for decades by Miyano USA (the "Triangle Winged M" described hereunder). These actions were undertaken as part of a plan to divert Miyano USA's business and pillage its identity and goodwill, which Miyano USA had established over several decades of work in the United States (within this judicial district).

Miyano USA seeks injunctive relief against defendants' use of the "Miyano" trade name, the MIYANO trademark and the Winged M trademark in a major trade show that will occur in Chicago in September 2008, for which printed materials may already be in production or which will be produced shortly. Defendants have secured a booth on the same floor as Miyano USA's booth.  The use by defendants of the "Miyano" trade name, the MIYANO trademark, or the Winged M mark will cause immediate irreparable injury to Miyano USA. Moreover, such uses by defendants are unnecessary and appear to be calculated for the very purpose of harming Miyano USA to the enrichment of defendants.

### The Parties

1.       Plaintiff Miyano USA is a corporation organized according to the laws of the State of Illinois and having its principal place of business at 940 N. Central Avenue, Wood Dale, Illinois 60191.

2.       Defendant MiyanoHitec Machinery, Inc. is a corporation incorporated under the laws of the State of Illinois having its principal place of business at 50 Dundee Lane, Barrington Hills, Illinois 60010.

3.       Defendant Steven Miyano is, on information and belief, the President of defendant MiyanoHitec Machinery, Inc., and resides or is employed at 50 Dundee Lane, Barrington Hills, Illinois 60010. On information and belief, Steven Miyano has also been known as Shigemori Miyano.

4.       Defendant Thomas ("Tom") Miyano was formerly a stockholder and the President of Miyano Machinery, Inc. (the parent company of plaintiff Miyano USA) and the former President and Chairman of the Board of Miyano USA or its predecessor. On information and belief, defendant Tom Miyano is now an owner and/or officer and/or director of defendant MiyanoHitec Machinery, Inc.  On information and belief, defendant Tom Miyano is employed at

or a resident at 50 Dundee Lane, Barrington Hills, Illinois 60010.  On information and belief, Tom Miyano has also been known as "Toshiharu Miyano."

## Jurisdiction and Venue

5.    This is an action for unfair competition and trademark infringement under the Lanham Act, 15 USC §§ 1051 *et seq.*, common law unfair competition and trademark infringement, and unfair or deceptive practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

6.    This court has jurisdiction over the action under 28 USC §§ 1331 and 1338, along with 15 USC § 1121, and/or supplemental jurisdiction as stated in 28 USC § 1367, and/or upon principles of pendent and ancillary jurisdiction.

7.    Venue is proper in this district under 28 USC § 1391.

## Background Facts
## Plaintiff, Its Business, and Its Trade Names and Trademarks

8.    Miyano Machinery Inc. is the parent of plaintiff Miyano USA and supplies lathes and other goods to Miyano USA.  Miyano Machinery Inc. was established in 1929 in Japan and ultimately the company began manufacturing machine tools.  Miyano Machinery Inc. developed a variety of automatic lathes and has been a pioneer in the development of automatic lathes. Former names of the Japanese company, Miyano Machinery Inc., include Kabushiki Kaisha Miyano Tekkosho and Miyano Machinery Japan, Inc.

9.    The trademark MIYANO as used in connection with lathes and other machine tools is widely known around the globe.  The mark MIYANO has been used in Japan for CNC lathes and/or other lathes and machine tools by Miyano Machinery Inc. (or its predecessor) since the 1940's. Plaintiff Miyano USA, was incorporated in 1975 and had several iterations of names, all beginning with "Miyano Machinery," including Miyano Machinery U.S.A. Inc. (March 6, 1987), Miyano Machinery (U.S.A.) Inc. (January 24, 1986), Miyano Machinery USA Inc. (January 3, 1995), Miyano Machinery Inc. (October 14, 2004), and Miyano Machinery USA Inc. Miyano USA is the importer and distributor of extremely high quality machine tools such as CNC (computer numerical control) lathes which are manufactured in Japan by its parent company, Miyano Machinery Inc.

3

10.     Since at least 1975, Miyano USA has consistently referred to itself as "Miyano." Others in the industry use the term "Miyano" to refer to Miyano USA. Within the United States, the term "Miyano" has become associated with plaintiff Miyano USA.  The term "Miyano" is the trade name of Miyano USA and symbolizes the goodwill and quality associated with Miyano USA.

11.     In the course of its business, Miyano USA uses several trademarks and registered those trademarks with the United States Patent and Trademark Office.  Attached hereto as Exhibit 1 is a copy of United States Trademark Registration No. 3,328,718 for the plain-text word mark MIYANO, registered for machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefor.  This mark was registered on November 6, 2007 and is referred to herein as the "MIYANO trademark." The registration of the plain-text MIYANO trademark provides rights in all depictions of the word "Miyano" for the goods indicated, without respect to any particular font style, size or color.

12.     Miyano USA also owns United States Trademark Registration 1,527,809 for the stylized word mark MIYANO, registered for machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefor.  This mark was registered on March 7, 1989 and is still in force. This mark is referred to herein as the "stylized MIYANO trademark."  A copy of the registration is attached as Exhibit 2, and the mark appears as follows:



13.    Miyano USA is also the owner of United States Trademark Registration No. 1,217,317 for a winged letter "M" superimposed in a triangle, registered for power lathes, and bar feeders therefor.  This mark was registered on November 23, 1982 and is still in force.  The mark which is the subject of Reg. No. 1,217,317 is referred to herein as the "Triangle Winged M" trademark.    A copy of the registration is attached as <u>Exhibit 3</u>, and the mark appears as follows:



14.    On May 9, 2007, Miyano USA filed a trademark registration application for registration of the same Triangle Winged M mark for repair and refurbishing services in connection with machines and machine tools, namely, turning centers, lathes, vertical machining centers, and all parts therefor, asserting first use in 1970.  The application received serial number 77/176,918.  A copy of a Trademark Office record showing the mark is attached as <u>Exhibit 4</u>.

15.    Miyano USA is also the owner of United States Trademark Registration No. 1,473,925 for the plain-text word mark MIYANO THE WORLD LEADER IN PRECISION, registered for machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefor. This mark was registered on January 26, 1988 and is still in force. A copy of the registration is attached as <u>Exhibit 5.</u> This mark is referred to herein as the "Miyano motto mark."

16.    Information regarding plaintiff Miyano USA's marks is summarized in the following chart.

| Reg. No. / Application No. | Mark | | GOODS/ SERVICES | Relevant Dates |
|---|---|---|---|---|
| Reg. No. 3,328,718 | MIYANO | **MIYANO** (Plain-text Mark) | Goods For machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefor | Filed: 2/20/07 Published: 8/21/07 Registered: 11/06/07 |
| Reg. No. 1,527,809 | "Stylized MIYANO" | **Miyano** | Goods For machines and machine tools - namely, turning centers, lathes, vertical machining centers and all parts therefor | Filed: 5/2/88 Registered: 3/7/89 §§8 & 15 filed: 7/12/94 (accepted 1/2/95) |
| Reg. No. 1,217,317 | "Triangle Winged M" | MF Miyano | Goods For power lathes, and bar feeders therefor | Filed: 9/21/81 Registered: 11/23/82 §§8 & 9 filed: 11/5/02 (accepted 11/3/03) |
| Application No. 77/176,918 | "Triangle Winged M" | MF Miyano | Services For repair and refurbishing services in connection with machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefor | Filed: 5/9/07 Published: 11/20/07 First Use: 01/01/1970 |
| Reg. No. 1,473,925 | "Miyano Motto Mark" | **MIYANO THE WORLD LEADER IN PRECISION** (Plain-text Mark) | Goods For machines and machine tools - namely, turning centers, lathes, vertical machining centers and all parts therefor | Filed: 3/19/87 Registered: 01/26/88 §§8 & 9 filed: 3/22/07 (accepted 4/23/07) |

17.    Miyano USA has used its several trademarks throughout its business. The mark MIYANO is applied by Miyano USA to machines and machine tools, such as lathes and machining centers. Additionally, the MIYANO mark appears on the side of its headquarters in Wood Dale, on business cards, on company checks, on the employee handbook, on 3-ring binders used by the company, on packing slips accompanying all company products, on invoices,

on envelopes for correspondence, on folders used to contain literature sent to prospective customers, on awards distributed by Miyano USA, and on shirts worn by employees and service personnel when performing company business including servicing the precision machine tools sold by the company.

18.    Machines sold under the MIYANO brand name by Miyano USA are occasionally offered for resale. Machines with the MIYANO brand name are advertised as "Miyano" machines in the trade. For example, a webpage by R.T. Machinery Sales Inc., attached hereto as Exhibit 6, states that "We carry Miyano machines and equipment" and that they "…currently have MIYANO machine and equipment including CNC DRILLING AND TAPPING MACHINE." On information and belief, Exhibit 7 is an offer for sale by R.T. Machinery Sales Inc. of "One Used Miyano CNC Drilling and Tapping Machine Model TSV23."

19.    By reason of many decades of use in a leadership position in the field of machine tools, and in particular lathes and machining centers, the mark MIYANO has become a distinctive and well-known trademark associated with Miyano USA.

20.    The Triangle Winged M trademark has been used also for years throughout Miyano USA's business: on company checks, on the employee handbook, on 3-ring binders used by the company, on packing slips accompanying all company products, on invoices for services, on envelopes for correspondence, on folders used to contain literature sent to prospective customers, on awards distributed by Miyano USA, and on shirts worn by employees and service personnel when performing company business including servicing the precision machine tools sold by the company.

21.    Miyano USA services MIYANO equipment in the United States, and in connection with such servicing, displays the Triangle Winged M trademark on shirts worn by service personnel and on documents they use, such as invoices.

22.    Plaintiff Miyano USA refurbishes and rebuilds MIYANO equipment in the United States, and in connection with such rebuilding, displays the Triangle Winged M trademark on shirts worn by service personnel and on documents they use, such as invoices.

23.    Miyano USA has invested substantial funds and efforts over decades in promoting the goodwill of its trade name, "Miyano," and its MIYANO trademark, Triangle Winged M mark, and stylized MIYANO trademark.

24.     Miyano USA is the exclusive owner in the United States of the well-known MIYANO trademark and the Triangle Winged M trademark and service mark.  The exclusive right to use the trademarks MIYANO, the Triangle Winged M, and other trademarks, within the United States, is an important corporate asset belonging to  Miyano USA and symbolizes the goodwill that has built up over decades of exclusive use of those marks.

25.     Miyano USA also is the registered owner of a website at the internet address: www.miyano-usa.com. Miyano USA uses its website to promote its products and services.  On such website, Miyano USA prominently uses the "Miyano" trade name, the MIYANO trademark, along with the Triangle Winged M trademark. For example, Miyano USA displays the trademark MIYANO THE WORLD LEADER IN PRECISION in connection with the stylized MIYANO mark, as shown below.



**Defendants and Their Activities**

26.     In the beginning of 2004, defendant Tom Miyano was President of both Miyano Machinery Inc. (the Japanese parent company of plaintiff Miyano USA) and Miyano USA. On information and belief, as the result of high levels of interest-bearing debt burdening Miyano Machinery Inc., defendant Tom Miyano, as President of Miyano Machinery, Inc., applied for aid through the Industrial Revitalization Corporation of Japan ("IRCJ"), a quasi-governmental entity. On information and belief, the application by Miyano Machinery Inc. for assistance was accepted by the IRCJ on June 4, 2004.  A press release outlining the business revitalization plan for Miyano Machinery, Inc. is attached as Exhibit 8.

27.     On information and belief, as part of the business revitalization plan created by the IRCJ, defendant Tom Miyano was to resign as President of Miyano Machinery, Inc. and resign the majority of his shares of Miyano Machinery Inc. and Miyano USA. *See* Exhibit 8, page 2.  On information and belief, defendant Tom Miyano knew he would have to resign from his position at least as early as June 4, 2004.

28.     On information and belief, on August 13, 2004, defendant Tom Miyano filed a trademark application (Application No. 2004-075219) in his own name for the Triangle Winged M mark in the Japanese Trademark Office.  The mark that is the subject of defendant Tom Miyano's trademark Application No. 2004-075219 is as follows:



29.     The listing from the Japanese Trademark Database for Application No. 2004-075219 is attached hereto as <u>Exhibit 9</u>.

30.     The mark applied for by defendant Tom Miyano in Application No. 2004-075219 is identical to plaintiff Miyano USA's Triangle Winged M mark shown in its United States Trademark Registration No. 1,217,317. (*See* para. 13, *supra*.).

31.     On information and belief, defendant Tom Miyano filed Application No. 2004-075219 for his personal use or benefit, for the use by or benefit of defendant MiyanoHitec Machinery Inc., or for the benefit or use by a business which is not affiliated with Miyano USA or its parent company, Miyano Machinery Inc.

32.     On information and belief, on August 13, 2004, defendant Tom Miyano filed another trademark application (Application No. 2004-075218) in his own name in the Japanese Trademark Office for the dominant portion of Miyano USA's Triangle Winged M mark as follows:



33.     The listing from the Japanese Trademark Database for Application No. 2004-075218 is attached hereto as <u>Exhibit 10</u>.

34.     On information and belief, defendant Tom Miyano filed Application No. 2004-075218 for his personal use or benefit, for the benefit of or use by defendant MiyanoHitec

Machinery Inc., or for the benefit or use by a business which is not affiliated with Miyano USA or its parent company, Miyano Machinery Inc.

35.      The mark applied for by defendant Tom Miyano in Application No. 2004-075218 is identical to the plaintiff Miyano USA's winged letter "M" which is superimposed in a triangle as shown in Miyano USA's United States Trademark Registration No. 1,217,317. (*See* para. 13, *supra*.).

36.      On information and belief, defendant Tom Miyano gave no indication to Miyano Machinery Inc. or Miyano USA that he had filed in his own name Application No. 2004-075219 for the Triangle Winged M mark or Application No. 2004-075218 for the dominant portion of Miyano USA's Triangle Winged M mark.

37.      On information and belief, defendant Tom Miyano separated from his position and his employment with Miyano Machinery Inc. (the parent company of plaintiff Miyano USA) in September of 2004.

38.      On information and belief, between September 2004 and December 2005, defendant Tom Miyano was Chairman of the Board of plaintiff Miyano USA. Thereafter, Tom Miyano separated from Miyano USA in December of 2005, severing all ties with Miyano USA.

39.      On information and belief, defendant Tom Miyano in September of 2004 instructed or otherwise directed employees of plaintiff Miyano USA to expressly abandon Miyano USA's United States Trademark Registration No. 1,217,317 for the Triangle Winged M mark as shown in paragraph 13 and which is identical to the mark sought in defendant Tom Miyano's Japanese Application No. 2004-075219, filed one month earlier.

40.      On information and belief, at least upon defendant Tom Miyano's separation from Miyano USA, he became associated with defendant MiyanoHitec Machinery, Inc. On information and belief, defendant Tom Miyano may have acquired an ownership interest in the aforementioned defendant company.

41.      On information and belief, Tom Miyano is currently the CEO and Director of defendant MiyanoHitec Machinery, Inc.

42.      On information and belief, the corporate name of MiyanoHitec Machinery, Inc. was Hitec Machinery International Inc. when defendant Tom Miyano became associated with it.

43.     On information and belief, Hitec Machinery International Inc., or a predecessor thereof, was founded in 2004 by defendant Tom Miyano's son, defendant Steven Miyano.  On information and belief, Hitec Machinery International Inc. was incorporated March 22, 2005.

44.     On information and belief, defendant Tom Miyano and/or defendant Steven Miyano caused the corporate name of Hitec Machinery International Inc. to be changed to MiyanoHitec Machinery, Inc. On information and belief, the change of name to MiyanoHitec Machinery, Inc. took place in November 2006.

45.     On information and belief, since the founding of defendant MiyanoHitec Machinery, Inc. (or its predecessor), the principal place of business of the defendant corporation has been at 50 Dundee Lane, Barrington Hills, Illinois 60010. On information and belief, the principal residence of defendant Tom Miyano has been at 50 Dundee Lane, Barrington Hills, Illinois 60010 since at least January of 2004.

46.     The stated business of defendant MiyanoHitec Machinery, Inc. will be to manufacture and distribute machine tools, such as CNC lathes and related components and equipment. On information and belief, defendants have not yet sold a machine tool, equipment related to machine tools, or parts for machine tools.

47.     On information and belief, defendant Tom Miyano, while Chairman of Board of Miyano USA, knew that defendant MiyanoHitec Machinery, Inc., then known as Hitec Machinery International Inc.,,, had been established at and was operating out of his principal residence.

48.     Defendants use a Winged M design which is nearly identical to the Winged M component of plaintiff Miyano USA's trademark registration 1,217,317.  A copy of the Winged M that defendants display prominently on at least their folders, promotional literature, and website is as follows:



49.     On information and belief, defendants use a Winged M design on also their business cards.  On information and belief, defendant Tom Miyano's business card is pictured below.



50.     On December 13, 2007, defendant Tom Miyano filed an application (Trademark Application No. 77/351,695) to register the Winged M illustrated above in paragraph 48 with the U.S. Patent and Trademark Office.  The application seeks the registration of the above-illustrated Winged M design in connection with "Machine Tools, Industry machinery instruments (exclude [*sic*] CNC Lathe/Automatic Lathe, Automatic Tapping Machine), Power machinery instruments, Wind & Water power machinery instruments, Office machinery instruments, other machinery instruments which are not specified above, and machine accessories and elements."

51.     Defendants also prominently use "Miyano" as part of their corporate name "MiyanoHitec Machinery, Inc.," and as part of their trade name ("Tom and Steven Miyano Machinery").  Indeed, instead of operating under the earlier corporate name of Hitec Machinery International Inc., defendants intentionally changed the corporate name so it would include "Miyano" whereupon they could trade on the goodwill belonging to Miyano USA.

52.     Defendants have also adopted the trade name TOM & STEVEN MIYANO MACHINERY which they use in conjunction with the corporate name MiyanoHitec Machinery, Inc.

### Defendants' Website

53.     Defendants set up a website to advertise their products and company.  At least as of March 30, 2007, defendants' website, accessible at http://miyanohitec.com, stated:

> MIYANOHITEC, established in March 2005. We
> go back to 1899 for the full history from Tsunoda
> Metal Works (in Japan) -> Miyano Metal Works (in

Japan) -> Miyano Machinery, Inc. (in Japan) -> MIYANOHITEC MACHINERY, INC. With over 100 years of history.

*1 On June 2003, our family gave up the ownership of Miyano Machinery, Inc. (in Japan) owned with a Japanese Citizenship. We re-established again a new machine company by the name of "MIYANOHITEC MACHINERY, INC." as an U.S. based company owned by an American citizenship.

SERVICE
We Supply various production systems such as a CNC-Lathe, Machining Center, CNC-Grinders and more. We provide High-End Quality machines and very reasonable cost machines also. We also have the capability for creating CNC-Lathes and Machining-Center systems.

[*sic, passim*] Exhibit 11 hereto shows a screenshot of defendants' website as of March 30, 2007.

54.     Defendants later modified the MIYANOHITEC website. A screenshot of the defendants' website opening page as of April 2007 is attached as Exhibit 12.

55.     Defendants currently state on their website that they "supply various CNC production system [*sic*] ranging from max. load 8 tons to 5 axis multi palette *Jig Borers*, precision *Gear Shaving machines*, to ordinary *CNC Lathes*, *Machining Centers*, *CNC Grinding machines* from High-End Quality machines to very reasonable cost machines." A screenshot of the defendants' website opening page as of January 23, 2008 is attached as Exhibit 13.

56.     Defendants included a "disclaimer" on their website. Plaintiff Miyano USA denies that any disclaimer is adequate to avoid confusion, mistake, or deception. On information and belief, the current language of the disclaimer has the smallest font on the MiyanoHitec website page. *See* Exhibit 13.

57.     Defendants included a "disclaimer" on their pink folder, which they use to advertise their business. Examples of the front cover and rear cover the defendants' pink folder of which is shown in Exhibit 14. On information and belief, the text of the disclaimer appears on the rear cover of folder (Exhibit 14, page 2), and its size is equal to or smaller than 7pt Times New Roman font. Plaintiff Miyano USA denies that any disclaimer is adequate to avoid confusion, mistake, or deception.

**Trade Show Participation**

58.    On September 8-13, 2008, the International Manufacturing Technology Show will be held at McCormick Place in Chicago.  This trade show is held every second year and is widely regarded as the premier manufacturing technology show in North America.  IMTS announced that upwards of 1,200 companies will exhibit at the Show and that the Show would attract more than 90,000 buyers and sellers from 119 countries; that exhibits would be organized in pavilions that are geared toward specific industries, technologies, and solutions, and that one of the categories is "metal cutting." *See* Exhibit 15 hereto.

59.    In 2006, plaintiff Miyano USA spent approximately $400,000 in expenses related to attending IMTS and promoting its reputation and goodwill at the trade show.  Miyano USA expects to spend approximately $450,000 in connection with attending the next IMTS in 2008.

60.    On information and belief, defendants MiyanoHitec Machinery, Inc., Tom Miyano, and Steven Miyano intend to participate in the International Manufacturing Technology Show using the deceptively similar trade name "MiyanoHitec Machinery, Inc."

61.    Any listing by defendants of the company "MiyanoHitec Machinery, Inc." at, for example, the IMTS 2008 and elsewhere is likely to divert, confuse, deceive, and to cause mistake among customers and prospective customers of plaintiff Miyano USA through the wrongful use of the well-known MIYANO trademark that symbolizes goodwill developed by Miyano USA.

62.    On information and belief, defendants have also secured a booth at the International Manufacturing Technology Show on the same floor as Miyano USA's booth. Miyano USA's booth is simply labeled on the trade show floor map as "Miyano," while, on information and belief, defendants' booth is labeled as "Miyano Hitec" (with "Miyano" being displayed separate and above the word "Hitec"). Attached as Exhibit 16 is the floor map for the 2008 show distributed by the organizers of the IMTS.  An excerpt from Exhibit 16 (the IMTS floor map), showing plaintiff Miyano USA's booth and the defendants' booth, is provided below.

      

Miyano USA's Booth          Defendants' Booth

63.    Defendants' use of the company "MiyanoHitec Machinery, Inc." as shown on the IMTS floor map in Exhibit 16 and paragraph 62 is likely to cause likely to divert, confuse, and deceive customers and potential customers and is likely to cause confusion or mistake as to plaintiff Miyano USA's sponsorship, approval, or endorsement of defendants. As result, Miyano USA will be irreparably harmed by the actions of defendants in the use of the "Miyano" trade name, the MIYANO trademark and the Winged M trademark at the upcoming IMTS.

**Refusal by Defendants**

64.    Plaintiff Miyano USA has requested that the defendants cease and desist from using "Miyano" in connection with their directly-competitive business activities and website.

65.    Defendants have refused to refrain from using "Miyano" in their directly-competitive business and instead have asserted a right to use the "Miyano" trade name in combination with a disclaimer.

**Defendants' Bad Faith and Intent to Cause Confusion and Divert Customers**

66.    Defendants have no right to use "Miyano" in connection with a directly-competitive business operating in the same geographic region, using the same channels of trade, seeking to sell the same type of merchandise to the exact same customers.

67.    On information and belief, defendants are using the "Miyano" trade name and the Winged M trademark in connection with advertising for the purposes of commercial gain based on the likelihood of confusion as to the source, sponsorship, affiliation or endorsement with plaintiff Miyano USA and its well-known trade name "Miyano," the MIYANO trademark, and Triangle Winged M trademark.

68.    On information and belief, defendants are at least using the word "Miyano" in connection with machines and machine tools, such as turning centers, lathes, and vertical machining centers.

69.    On information and belief, defendants are at least using the word "Miyano" and the Winged M trademark in connection with advertising and sale of parts for machine tools, such as turning centers, lathes, and vertical machining centers.

70.    The customers sought by defendants are the same customers to whom plaintiff Miyano USA markets its goods and services.  The channels of trade utilized by Miyano USA and to be used by defendants are also identical.  On information and belief the goods are related or the same, but for differences in quality.

71.    The use by defendants of "Miyano" and of the Winged M design in connection with machine tools (such as lathes), parts, and services is likely to cause confusion, deception, or mistake in the relevant marketplace.

72.    On information and belief, defendants' actions have been and continue to be committed intentionally with full knowledge of plaintiff Miyano USA's prior rights and the fact that such actions are likely to cause confusion, mistake, or deception, and are a deliberate attempt to trade on plaintiff Miyano USA's goodwill.

73.    On information and belief, defendants' use of the trade name "Tom and Steven Miyano Machinery" has been and continues to be made with a bad faith intent to profit from plaintiff Miyano USA's registered MIYANO trademark and from its "Miyano" trade name.

74.    Defendants' change of the corporate name Hitec Machinery International Inc. to MiyanoHitec Machinery, Inc. was deliberately calculated to divert actual and prospective customers of plaintiff Miyano USA and trade on Miyano USA's goodwill.

75.    Defendants' actions in using the "Miyano" trade name and the Winged M trademark, along with reference to the history of Miyano USA's parent company (Miyano Machinery Inc.), constitute deliberate attempts to trade on Miyano USA's goodwill and to usurp their valuable trademarks and trade name.

**Further Irreparable Harm to Plaintiff**

76.    On information and belief, plaintiff Miyano USA believes that defendants are sourcing their lathes and other machine tools from India and expects that the goods will have markedly inferior quality to the high precision equipment sold by Miyano USA. Action by defendants which associate  the "Miyano" trade name, MIYANO mark or the Winged M mark with inferior goods will cause irreparable damage to plaintiff Miyano USA.

77.    Plaintiff Miyano USA has not consented to any use of the Winged M design or the mark MIYANO by any of defendants.  Miyano USA has been and will continue to be

irreparably harmed by the actions of defendants in the use of the "Miyano" trade name, the MIYANO trademark and the Winged M trademark.

78.    The public interest will be furthered by enjoining the defendants from using the "Miyano" trade name and the MIYANO or the Winged M trademarks, as such an injunction will protect the public from confusion and deception in thinking incorrectly that defendants' goods and services are licensed by or otherwise lawfully associated with plaintiff Miyano USA or its registered marks.

### Petitions by the Individual Defendants for Cancellation of Plaintiff's Trademarks

A. The Triangle Winged M Trademark Registration and Cancellation Proceeding

79.    On April 25, 2007, defendants Tom and Steven Miyano filed with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office a Petition for Cancellation (Cancellation No. 92047422) seeking to cancel plaintiff Miyano USA's federal registration of the Triangle Winged M trademark (Registration No. 1,217,317). The Petition for Cancellation filed on April 25, 2007 is attached as Exhibit 17.

80.    In the April 25, 2007 Petition for Cancellation, defendants Tom and Steven Miyano alleged that the renewal of the Triangle Winged M trademark registration mark was fraudulently obtained and that the Triangle Winged M trademark has been abandoned.

81.    On June 4, 2007, plaintiff Miyano USA filed a Motion to Dismiss defendants' Petition for Cancellation.  The cancellation proceeding has since been stayed.

82.    On June 22, 2007, defendants Tom and Steven Miyano filed a Motion for Leave to file an Amended Petition for Cancellation. The Motion for Leave and accompanying Amended Petition for Cancellation is attached as Exhibit 18.

83.    In the Amended Petition for Cancellation, defendants Tom and Steven Miyano stated that they have been threatened with legal action based on the Triangle Winged M registration and they have used their version of the Winged M trademark since November 3, 2006. Defendants Tom and Steven Miyano also alleged in their Amended Petition for Cancellation that Miyano USA has not used the Triangle Winged M mark in the last three consecutive years and with the intent to not resume use.

84.    No action has been taken by the Trademark Trial and Appeal Board with regard to the Motion for Leave filed by the defendants Tom and Steven Miyano.

85.    Plaintiff Miyano USA denies the allegations that the renewal was fraudulently obtained or that it has abandoned use of the Triangle Winged M mark with the intent to not resume use.

B. The MIYANO Trademark Registration and Cancellation Proceeding

86.    On November 19, 2007, defendants Tom and Steven Miyano filed another Petition for Cancellation (Cancellation No. 92048482) seeking to cancel plaintiff Miyano USA's federal registration of the plain-text MIYANO trademark (Registration No. 3,328,718). The Petition for Cancellation filed on November 19, 2007 is attached as Exhibit 19.

87.    In the Petition for Cancellation filed November 19, 2007, defendants alleged that the plaintiff Miyano USA obtained the MIYANO trademark registration through fraud. Paragraph 12 of defendants' Petition for Cancellation filed on November 19, 2007 stated:

> 10. [sic] In February 20, 2007, George Kobayashi filed a Declaration on behalf of: Respondent [plaintiff Miyano USA] stating that "…no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her that all statements made on information and belief are believed to be true."

88.    Defendants Tom and Steven Miyano in paragraph 12 misquoted George Kobayashi's declaration by failing to include the preposition "to the best of his/her knowledge and belief" before "no other person…" The application for the plain-text MIYANO trademark filed on February 20, 2007 is attached as Exhibit 20. The complete clause of George Kobayashi's declaration (found on page 4 of Exhibit 20) reads:

> to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

18

89.     Defendants Tom and Steven Miyano stated in paragraph 13 of their Petition for Cancellation filed on November 19, 2007 that they were using the word "Miyano" in connection with goods falling within the description of goods listed in registration of the MIYANO trademark prior to February 20, 2007.

90.     Defendants Tom and Steven Miyano alleged in paragraph 14 of their Petition for Cancellation filed on November 19, 2007 that "Respondent [plaintiff Miyano USA] knew that Respondent's use of the Mark [MIYANO trademark] was likely to cause confusion, mistake or to deceive the relevant public for the described goods."

91.     Defendants Tom and Steven Miyano stated in paragraphs 12-14 of their Petition for Cancellation filed on November 19, 2007 that the concurrent use of word "Miyano" by both plaintiff Miyano USA and Tom and Steven Miyano is "likely to cause confusion, mistake or to deceive the relevant public for the described goods."

92.     Plaintiff Miyano USA denies the allegation of fraud in defendants' November 19, 2007 Petition for Cancellation, as the allegation is baseless in fact and in law. Plaintiff Miyano USA is the senior user of the MIYANO trademark on at least the goods indicated in the registration, as it has used the word "Miyano" in commerce since as early as January 9, 1975. Miyano USA has superior rights in the word "Miyano," as evident by its registration for the stylized MIYANO trademark, which was registered in 1989.  On information and belief, defendants have been using the word "Miyano" in connection with goods falling within the description of goods listed in the registration only since November of 2006. Being the junior user, *defendants' use* of the mark is likely to cause confusion, mistake or to deceive the relevant public for the described goods. As result, defendants' use of the word "Miyano" is unlawful and infringing.

93.     In the petition to cancel the MIYANO trademark filed on November 19, 2007, defendants Tom and Steven Miyano also alleged that the MIYANO trademark was obtained contrary to 15 U.S.C. §1052(c). *See* Exhibit 19, para. 10.

94.     Defendants Tom and Steven Miyano alleged that the plain-text MIYANO trademark consists of a name particularly identifying the defendants Tom Miyano and Steven Miyano, who have not given their consent to have their names registered as a trademark.

95.     Plaintiff Miyano USA denies that the allegation that the plain-text MIYANO trademark was registered contrary to 15 U.S.C. §1052(c).

96.     The Trademark Manual of Examining Procedure ("TMEP")(5th ed. 2007) is published by the United States Patent and Trademark Office to provide trademark examining attorneys, trademark applicants, and attorneys and representatives for trademark applicants with a reference work on the practices and procedures relative to prosecution of applications to register trademarks. The Trademark Manual of Examining Procedure is freely available at the United States Patent and Trademark Office website at www.uspto.gov.

97.     Section 1206.03(b) of the TMEP states: "When a particular individual identified by matter in a mark is also the person who signed the application, then his or her consent to registration will be presumed." *See* Exhibit 21.

98.     On information and belief, defendant Tom Miyano, while acting as President of plaintiff Miyano USA (or its predecessor), signed on behalf of it the application for registration of stylized MIYANO trademark, Registration No. 1,527,809, and the corresponding declarations. The application filed with the U.S. Patent and Trademark Office for the stylized MIYANO trademark is attached as Exhibit 22.

99.     On information and belief, defendant Tom Miyano's signature appears below the declaration on the application to register the stylized MIYANO trademark. *See* Exhibit 21. On information and belief, defendant Tom Miyano signed the application and declaration on April 7, 1988.

100.    On August 8, 1988, attorneys for plaintiff Miyano USA (or its predecessor) sent a letter to the Commissioner of Patents regarding the application to register the stylized MIYANO trademark. The August 8, 1988 letter to the Commissioner of Patents and Trademarks is attached as Exhibit 23.

101.    The August 8, 1988 letter to the Commissioner of Patents and Trademarks included another declaration concerning the application for the stylized MIYANO trademark.

102.    On information and belief, defendant Tom Miyano's signature appears below the declaration that accompanied the August 8, 1988 letter. *See* Exhibit 23, page 2. On information and belief, Tom Miyano signed the declaration included in Exhibit 23 on behalf of plaintiff Miyano USA (or its predecessor) on August 3, 1988.

103.    In the declaration, dated August 3, 1988, and made part of the application for the registration of the stylized MIYANO trademark, on information and belief, defendant Tom Miyano stated:

Toshiharu Miyano being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any registration resulting therefrom, declares that the undersigned is President of Applicant corporation and is authorized to execute this instrument on behalf of said corporation; he/she believes said corporation to be the owner of the mark sought to be registered; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use said mark in commerce, either in the identical form or in such near resemblance therto as may be likely, when applied to the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; the facts set forth in this application are true; and all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true. *See* Exhibit 23, page 2.

104.    On July 12, 1994, attorneys for Miyano USA (or its predecessor) submitted to the U.S. Patent and Trademark Office a Combined Declaration under Sections 8 and 15 indicating that the stylized MIYANO trademark, Registration No. 1,527,809, had been in continuous use in interstate commerce for five consecutive years from the date of registration on the goods recited in the registration. The Combined Declaration under Sections 8 and 15 and accompanying letter which were sent to the U.S. Patent a Trademark Office and made part of the trademark's record are attached as Exhibit 24.

105.    On information and belief, defendant Tom Miyano made the declaration on behalf of plaintiff Miyano USA (or its predecessor) attached as Exhibit 24. On information and belief, defendant Tom Miyano's signature appears at the end of the Combined Declaration under Section 8 and 15. *See* Exhibit 24, page 4. On information and belief, defendant Tom Miyano signed the Combined Declaration under Section 8 and 15 on June 21, 1994.

106.    In the Combined Declaration under Section 8 and 15, dated June 21, 1994, and made part of the record for the stylized MIYANO trademark, on information and belief, defendant Tom Miyano stated in part:

*Toshiharu (Tom) Miyano* declares that he is the *chairman of the board* of Miyano Machinery USA Inc. an Illinois corporation, having its principal place of business at 940 North Central Avenue, Wood Dale, Illinois 60191, and is authorized to execute this Declaration on behalf of said corporation; that Miyano Machinery

21

USA Inc. owns the above-identified registration issued on March 7, 1989, as shown by records in the Patent and Trademark Office…

I declare further that all statements made herein are true and that these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this document and the registration to which it relates. *See* <u>Exhibit 24.</u>

107.    In the Combined Declaration under Section 8 and 15, defendant Tom Miyano declared that plaintiff Miyano USA (or its predecessor) is the owner of the stylized MIYANO trademark, Registration No. 1,527,809.

108.    The stylized MIYANO trademark and the Miyano motto trademark consist of or comprise in whole or in part of the word "Miyano."

109.    Section 1206.03(b) of the TMEP also states that "[a]n applicant does not have to submit a new consent if a consent to register is already part of the record in the file of a valid registration for a mark comprised in whole or in part of the same name, portrait or signature for the same goods or services. In this situation, the applicant only has to claim ownership of that existing registration." *See* <u>Exhibit 21</u>.

110.    Defendant Tom Miyano gave his consent to plaintiff Miyano USA (or its predecessor) to register the stylized MIYANO trademark, Registration No. 1,527,809, by signing the application and the declarations which accompanied the application. The application and declarations were part of the record of the stylized MIYANO trademark file. The registration of the plain-text MIYANO trademark, at issue in the cancellation proceeding, claimed common ownership of the existing registration for the stylized MIYANO trademark (Registration No. 1,527,809), as reflected in the registration certificate. *See* <u>Exhibit 1</u>. Therefore, plaintiff Miyano USA did not have to obtain defendants' consent to register the plain-text MIYANO trademark, and defendants' alleged claim that such registration is contrary to §1052(c) is baseless. *See* TMEP §1206.03(b), *See* <u>Exhibit 21</u>.

## Defendant Tom Miyano's Notice of Opposition

111.    On December 19, 2007, defendant Tom Miyano filed with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office a Notice of Opposition (Opposition No. 91181392) opposing the federal registration of the Triangle Winged M service mark (Application Serial No. 77/176,918). Defendant Tom Miyano's Notice of Opposition is application attached as Exhibit 25.

112.    In the Notice of Opposition, defendant Tom Miyano alleged that he has filed an application with the U.S. Patent and Trademark Office to register the mark as shown below:



113.    On December 13, 2007, defendant Tom Miyano filed a trademark application with the U.S. Patent and Trademark Office (Trademark Application No. 77/351,695) to register in the United States the Winged M illustrated in paragraph 112.  The trademark application filed by Tom Miyano on December 13, 2007 is attached as Exhibit 26.

114.    Defendant Tom Miyano's application to register the mark illustrated in paragraph 112 is based on 15 U.S.C. 1126(e) (Lanham Act §44(e)) and Japanese Registration No. 2008979.

115.    In the trademark Application No. 77/351,695 attached as Exhibit 26, defendant Tom Miyano stated that he is owner of Japanese registration no. 2008979 as the legal heir to Sumiko Miyano.

116.    On its face Japanese Registration No. 2008979 is assigned to Sumiko Miyano.

117.    Accompanying Tom Miyano's trademark application to register the mark illustrated in paragraph 112 is an "Inheritance tax report."  The Inheritance tax report and a translation of the inheritance tax report submitted by defendant Tom Miyano are included in Exhibit 26.

118.    On information and belief, the Inheritance tax report accompanying defendant Tom Miyano's trademark application was prepared by an accountant.

119.    The Inheritance tax report does not transfer legal and equitable title from Sumiko Miyano to defendant Tom Miyano.

120.    Defendant Tom Miyano alleged in his Notice of Opposition that the Winged M illustrated above in paragraph 112 and the subject of his federal trademark application (Trademark Application No. 77/351,695) is likely to cause confusion with plaintiff Miyano USA's Triangle Winged M  which is the subject of Miyano USA's U.S. Trademark Application No. 77/176,918.

121.    Defendant Tom Miyano also alleged in his Notice of Opposition that Miyano USA has not used the Triangle Winged M mark in commerce for the services described in plaintiff Miyano USA's trademark Application 77/176,918. Defendant Tom Miyano alleged that Miyano USA's allegations of use made in its application were knowingly false and that the allowance of the application was obtained through fraud on the Trademark Office.

122.    Plaintiff Miyano USA denies defendant Tom Miyano's allegation of fraud. Miyano USA has used the mark for services as set forth in its U.S. Trademark Application No. 77/176,918.  For example, service personnel wear shirts bearing the mark in U.S. Trademark Application No. 77/176,918 when responding to service calls and repairing and refurbishing machine tools for the its customers.  The mark also appears as a watermark on invoices for repair and refurbishment services performed by Miyano USA. *See* Exhibit 27.

### Additional Declarations by Defendant Tom Miyano
### Declaring that Plaintiff is the Owner of the "Miyano" Trademarks

123.    In addition to the declarations identified above, defendant Tom Miyano made several other declarations on behalf of plaintiff Miyano USA or its predecessors in which defendant Tom Miyano declared that plaintiff Miyano USA (or its predecessor) was the owner or that he believed plaintiff Miyano USA (or its predecessor) to be the owner of the registration for the mark which incorporated the term "Miyano."

124.    For example, on information and belief, defendant Tom Miyano on behalf of plaintiff Miyano USA (or its predecessor) made the declaration which accompanied a prior application for registration of the plain-text "Miyano" trademark. On information and belief, defendant Tom Miyano's signature appears on the application for registration of the plain-text "Miyano" trademark below the declaration as shown in Exhibit 28. On information and belief, defendant Tom Miyano signed the application for the registration of the prior plain-text "Miyano" trademark on April 7, 1988.

24

125.    On March 16, 1987, plaintiff Miyano USA (or its predecessor) submitted to the U.S. Patent and Trademark Office an application for registration of the plain-text word mark MIYANO THE WORLD LEADER IN PRECISION ("Miyano motto mark").  This application attached hereto as Exhibit 29.  On information and belief, defendant Tom Miyano made the declaration which accompanied the application for registration of the Miyano motto mark. On information and belief defendant Tom Miyano's signature appears on the application for registration of the Miyano motto mark.  On information and belief, defendant Tom Miyano signed the application for the registration of the Miyano motto mark on March 11, 1987. On information and belief, in the declaration that accompanied the application for the registration of the Miyano motto mark defendant Tom Miyano declare that he believed plaintiff Miyano USA (or its predecessor) to be the owner of the mark sought to be registered.

126.    On February 18, 1993, attorneys for Miyano USA (or its predecessor) submitted to the U.S. Patent and Trademark Office a Combined Declaration under Sections 8 and 15 indicating that the Miyano motto mark had been in continuous use in interstate commerce for five consecutive years from the date of registration on the goods recited in the registration. The Combined Declaration under Sections 8 and 15 and accompanying letter which were sent to the U.S. Patent and Trademark Office and made part of the trademark's record are attached as Exhibit 30.

127.    On information and belief, defendant Tom Miyano made the declaration attached as Exhibit 29. On information and belief, defendant Tom Miyano's signature appears at the end of the Combined Declaration under Section 8 and 15. On information and belief, defendant Tom Miyano signed the Combined Declaration under Section 8 and 15 on February 8, 1993. On information and belief, defendant Tom Miyano declared in the Combined Declaration under Section 8 and 15 that that Miyano USA (or its predecessor) owns the Miyano motto mark registration. See Exhibit 30.

## COUNT I
### Trademark Infringement

128.    Plaintiff Miyano USA realleges the allegations of paragraphs 1 - 127 of this complaint as though fully repeated herein.

129.    Defendants' aforesaid acts are likely to cause confusion, mistake, or deception as to the source of defendants'  products.

130.    Defendants' use of MIYANO and the dominant portion of plaintiff Miyano USA's Triangle Winged M mark is likely to cause purchasers and others to believe mistakenly that defendants' products are legitimately connected with, sponsored by, or approved by Miyano USA, or that Miyano USA's products are connected with, sponsored by, or approved by defendants.

131.    Defendants' aforesaid use of the "Miyano," the MIYANO trademark, and the Winged M trademark violate plaintiff Miyano USA's exclusive rights in such trade name and marks and constitutes trademark infringement in violation of §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125 (a), and the common laws of Illinois and other states.

132.    Defendants' aforesaid use of the "Miyano," the MIYANO trademark, and the Winged M trademark is irreparably damaging to plaintiff Miyano USA and will continue to irreparably damage Miyano USA unless restrained by this court.  As a result, plaintiff Miyano USA is without an adequate remedy at law.

## COUNT II
### Cybersquatting

133.    Plaintiff Miyano USA realleges paragraphs 1 - 132 of the Complaint as though fully set forth herein.

134.    On information and belief, one or more of the defendants registered the internet domain "www.miyanohitec.com" on October 15, 2005.

135.    Plaintiff Miyano USA's "Miyano" trade name, MIYANO mark and Triangle Winged M mark were distinctive at the time that one or more of the defendants registered the domain "www.miyanohitec.com."

136.    Defendants utilize the website accessible at www.miyanohitec.com to conduct business and/or engage in advertising.

137.    On information and belief, defendants had and continue to have a bad faith intent to profit from the "Miyano" trade name, the MIYANO trademark, and the Triangle Winged M trademark by registering and using the "Miyano" trade name and MIYANO trademark as part of

their infringing domain name and by using the Winged M as a prominent component of their internet website, accessible at "www.miyanohitec.com".

138.    Defendants' actions as alleged herein constitute cybersquatting under 15 U.S.C. §1125(d).


## COUNT III

### Unfair Competition

139.    Plaintiff Miyano USA realleges paragraphs 1 - 138 of this Complaint as though fully set forth herein.

140.    Defendants aforesaid acts violate plaintiff Miyano USA's exclusive rights in its "Miyano" trade name, MIYANO trademark and Winged M trademark and constitute unfair competition in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125 (a), and the common laws of various states including Illinois.

141.    Defendants' aforesaid acts are greatly irreparably damaging to plaintiff Miyano USA and will continue to damage Miyano USA greatly and irreparably unless restrained by this Court.  As a result, Miyano USA is without an adequate remedy at law.


## COUNT IV

### Deceptive Trade Practices

142.    Plaintiff Miyano USA realleges paragraphs 1 - 141 of this Complaint as though fully set forth herein.

143.    On information and belief, defendants intended that consumers rely on its aforesaid deceptive acts.

144.    Defendants willfully engaged in aforesaid deceptive acts, and those aforesaid deceptive acts constitute deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.*

145.    Defendants' aforesaid deceptive acts have proximately caused great and irreparable damage to plaintiff Miyano USA and will continue to damage Miyano USA greatly and irreparably unless restrained by this court.  As a result, Miyano USA is without an adequate remedy at law.

## COUNT V

### Declaratory Judgment that the Triangle Winged M
### Trademark Registration is Valid

146.    Plaintiff Miyano USA realleges paragraphs 1 - 145 of this Complaint as though fully set forth herein.

147.    This Court has jurisdiction over this count under 28 U.S.C. § 2201.

148.    The Petition for Cancellation (Cancellation No. 92047422) filed by defendants Tom and Steven Miyano seeking to cancel the federal trademark registration for the Triangle Winged M trademark (Registration No. 1,217,317, for lathes and bar feeders therefor) demonstrates that there is a controversy between defendants and plaintiff Miyano USA with regard to the Miyano USA's legal interest and the validity of the Triangle Winged M trademark registrations. These actions are of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

149.    Plaintiff Miyano USA seeks a declaratory judgment that the Triangle Winged M trademark registration (Registration No. 1,217,317) is valid.

150.    Miyano USA seeks a declaratory judgment that it did not abandon the Triangle Winged M or Triangle Winged M trademark registration (Registration No. 1,217,317) with the intent not to resume use.

151.    Miyano USA seeks a declaratory judgment that it did not fraudulently renew the Triangle Winged M trademark registration (Registration No. 1,217,317).

## COUNT VI

### Declaratory Judgment that the MIYANO
### Trademark Registration is Valid

152.    Plaintiff Miyano USA realleges paragraphs 1 – 151 of this Complaint as though fully set forth herein.

153.    This court has jurisdiction over this count under 28 U.S.C. § 2201.

154.    The Petition for Cancellation (Cancellation No. 92048482) filed by defendants Tom and Steven Miyano seeking to cancel the federal trademark registration for the plain-text MIYANO trademark (Registration No. 3,328,718) demonstrates that there is a controversy

between defendants and Miyano USA with regard to the Miyano USA's legal interest and the validity of the plain-text MIYANO trademark registration. These actions are of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

155.    Plaintiff Miyano USA seeks a declaratory judgment that the plain-text MIYANO trademark registration (Registration No. 3,328,718) is valid, was <u>not</u> registered contrary to 15 U.S.C. §1052(c), and was <u>not</u> obtained by fraud.


### COUNT VII

### Declaratory Judgment that the Triangle Winged M <br> Service mark Registration Application is Valid

156.    Plaintiff Miyano USA realleges paragraphs 1 - 155 of this Complaint as though fully set forth herein.

157.    This court has jurisdiction over this count under 28 U.S.C. § 2201.

158.    The Notice of Opposition (Opposition No. 91181392) filed by defendant Tom Miyano seeking to prevent the registration for the Triangle Winged M <u>service</u> mark (U.S. Trademark Application No. 77/176,918, for repair and refurbishing services in connection with machines and machine tools, namely, turning centers, lathes, vertical machining centers, and all parts therefor) demonstrates that there is a controversy between defendants and Miyano USA with regard to the Miyano USA's legal interest and the validity of the Triangle Winged M service mark. This action is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

159.    Plaintiff Miyano USA seeks a declaratory judgment that its U.S. Trademark Application No. 77/176,918 for Triangle Winged M  mark used in connection with repair and refurbishing services is valid and entitled to be registered.

160.    Miyano USA seeks a declaratory judgment that its U.S. Trademark Application No. 77/176,918 for the Triangle Winged M service mark was <u>not</u> obtained by fraud.

## COUNT VIII

### Declaratory Judgment that Defendant Tom Miyano's
### Application for Registration is Invalid

161.    Plaintiff Miyano USA realleges paragraphs 1 - 160 of this Complaint as though fully set forth herein.

162.    This court has jurisdiction over this count under 28 U.S.C. § 2201.

163.    Defendant Tom Miyano has alleged that plaintiff Miyano USA's Triangle Winged M service mark so resembles defendant Tom Miyano's Winged M design as shown in paragraph 112 and which is sought to be registered in U.S. Trademark Application No. 77/351,695 that Miyano USA's mark is likely to cause confusion, mistake, or deception within the meaning of Section 2(d) of the Lanham Act (15 U.S.C. § 1052(d)). Defendant Tom Miyano's allegation that plaintiff Miyano USA's mark is likely to cause confusion with defendant Tom Miyano's mark creates a controversy between defendants and Miyano USA with regard to the defendant Tom Miyano's legal interest and the validity of his U.S. Trademark Application No. 77/351,695.

164.    Plaintiff Miyano USA seeks a declaratory judgment that U.S. Trademark Application No. 77/351,695 or any resulting registration is invalid.  Defendant Tom Miyano has not proven that he has legal and equitable title to the Japanese Registration 2008979, of which U.S. Trademark Application No. 77/351,695 claims the benefit and which on its face is assign to Sumiko Miyano, as required by 15 U.S.C. §1126(e) (§44(e) o f the Lanham Act). The inheritance tax report included by defendant Tom Miyano with Application No. 77/351,695 as evidence of ownership is not a legal document which transfers legal and equitable title from Sumiko Miyano to defendant Tom Miyano.

165.    Plaintiff Miyano USA seeks a declaratory judgment that defendant Tom Miyano committed fraud in his U.S. Trademark Application No. 77/351,695 by stating that he is the proper owner and has legal and equitable title to the Japanese Registration 2008979.

166.    Plaintiff Miyano USA seeks a declaratory judgment that plaintiff Miyano USA is the senior user of the Triangle Winged M trademark and service mark and that defendant Tom Miyano's Winged M design as shown in paragraph 112 and which is sought to be registered in U.S. Trademark Application No. 77/351,695 is confusingly similar to plaintiff Miyano USA's

registered and common law rights in its Triangle Winged M trademark and service mark such that defendant Tom Miyano's Winged M design is likely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. §1052(d) (§2(d) of the Lanham Act) and constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a) (§§ 32 and 43 of the Lanham Act).

WHEREFORE, plaintiff Miyano USA prays that judgment be entered in its favor and against defendants and each of them, on Counts I-VIII of this Complaint as follows.

167.    That the defendants, and all persons acting in concert or participating with them be enjoined from:

    a.  registering or maintaining any registration of an infringing trade name and infringing domain name, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the "Miyano" trade name, the MIYANO trademark, the Triangle Winged M trademark, or any other of plaintiff Miyano USA's trademarks;

    b.  using an infringing trade name and infringing domain name, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the "Miyano" trade name, the MIYANO trademark, the Triangle Winged M trademark, or any other of plaintiff Miyano USA's trademarks;

    c.  using an infringing trade name and infringing domain name, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the "Miyano" trade name, MIYANO trademark, the Triangle Winged M trademark, or any other of plaintiff Miyano USA's trademarks to divert or redirect consumers to defendant's website or any other website owned by defendant;

    d.  claiming ownership of the infringing trade name and infringing domain name, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the "Miyano" trade name, the MIYANO trademark, the Triangle Winged M trademark, or any other of plaintiff Miyano USA's trademarks;

    e.  offering for sale the infringing domain name or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the "Miyano" trade name, the MIYANO trademark, the Triangle Winged M trademark, or any other of plaintiff Miyano USA's trademarks;

    f.   transferring, to any person or entity other than plaintiff Miyano USA, the infringing domain name, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the "Miyano" trade name, the MIYANO trademark, the Triangle Winged M trademark, or any other of plaintiff Miyano USA's trademarks;

    g.   using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the "Miyano" trade name, the MIYANO trademark, the Triangle Winged M trademark or any other of plaintiff Miyano USA's trademarks anywhere on any website or websites of defendant;

    h.   using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the "Miyano" trade name, the MIYANO trademark, the Triangle Winged M trademark, or any other of plaintiff Miyano USA's trademarks in any buried code, metatags, search terms, keywords, key terms, hits generating pages, or any other devices used, intended, or likely to cause any website or websites of defendant to be listed by any Internet search engines in response to any searches that include any terms identical with or confusingly similar to the MIYANO trade name and mark, the Triangle Winged M trademark, or any other of plaintiff Miyano USA's trademarks;

    i.   otherwise infringing plaintiff Miyano USA's federally registered or common law trademarks both in the United States and around the world;

    j.   making any description or representation stating or implying that defendant's goods or services, domain names, or websites are in any way affiliated, associated, authorized, sponsored, endorsed or otherwise connected with plaintiff Miyano USA;

    k.   engaging in false designations of origin, false description, false advertising or false representations or otherwise engaging in unfair business or deceptive trade practices or competing unfairly with plaintiff Miyano USA;

    l.   any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of defendant's domain names, websites, products or services with plaintiff Miyano USA.

    168.   That defendants be ordered to disclose to the court and plaintiff Miyano USA all other domain name registrations owned by defendants, in order to permit the court and Miyano USA to consider whether any such other registrations should be subject to relief in this matter.

    169.   That defendants, and all persons acting in concert or participating with them, be ordered to transfer to plaintiff Miyano USA its registrations in the infringing domain name and

any other registrations as may be determined by the court as appropriate herein for relief.  15 U.S.C. § 1125 (d)(1)(C).

170.    That defendants be ordered to instruct all search engines with which they have registered any website or websites, entered into any agreements, or to which they have submitted any search terms, to sever all connections between any names, words, designations or symbols confusingly similar to the "Miyano" trade name and MIYANO trademark or any other of plaintiff Miyano USA's trademarks submitted by defendants and any website or websites of defendants.

171.    That defendants be ordered to pay plaintiff Miyano USA statutory damages in the amount of $100,000 per domain name.  15 U.S.C. § 1117 (d).

172.    That defendants be ordered to pay plaintiff Miyano USA all profits realized by defendants by reason of the unlawful acts by defendants as set forth in this Complaint.  15 U.S.C. §§ 1117 (a) and 1125 (c)(2).

173.    That the court award plaintiff Miyano USA three times the damages suffered by reason of the intentional, unlawful acts of the defendants as set forth in this Complaint.  15 U.S.C. §§ 1117 (a) and 1125 (c)(2).

174.    That defendants be ordered to pay plaintiff Miyano USA punitive or exemplary damages as provided by law.

175.    That defendants deliver up for destruction all products, boxes, brochures, prints, advertisements, and any other material of an infringing, diluting, tarnishing or unfair nature in defendants' possession  or control, as well as all means of making the same.  15 U.S.C. § 1118.

176.    That defendants be required to file with this Court and serve on the undersigned counsel for plaintiff within thirty (30) days after the entry of judgment a written report under oath setting forth in detail the manner in which defendants have complied with the injunction ordered by this court.  15 U.S.C. § 1116.

177.    That defendants be ordered to pay to plaintiff Miyano USA the costs of this action and reasonable attorneys' fees.  15 U.S.C. §§ 1117(a) and 1125 (c)(2) and Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/3.

178.    That defendants be ordered to abandon their confusingly similar U.S. Trademark Application No. 77/351,695 or to assign to plaintiff Miyano USA any resulting registration.

179.    That the Court declare that plaintiff Miyano USA's federal trademark registrations for the plain-text MIYANO trademark (Registration No. 3,328,718) and Triangle Winged M trademark (Registration No. 1,217,317) are valid.

180.    That the Court declare that plaintiff Miyano USA did not abandon the Triangle Winged M or Triangle Winged M trademark registration (Registration No. 1,217,317) with the intent not to resume use.

181.    That the Court declare that Miyano USA did not fraudulently renew the Triangle Winged M trademark registration (Registration No. 1,217,317).

182.    That the Court order the dismissal of  Cancellation No. 92047422, filed by defendants Tom and Steven Miyano to cancel Miyano USA's Triangle Winged M trademark.

183.    That the Court declare that the plain-text MIYANO trademark registration (Registration No. 3,328,718) was not registered by plaintiff Miyano USA contrary to 15 U.S.C. §1052(c).

184.    That the Court declare that the plain-text MIYANO trademark registration (Registration No. 3,328,718) was not obtained by fraud.

185.    That the Court order the dismissal of Cancellation No. 92048482, filed by defendants Tom and Steven Miyano seeking to cancel Miyano USA's plain-text MIYANO trademark.

186.    That the Court declare that plaintiff Miyano USA's U.S. Trademark Application No. 77/176,918 for the Triangle Winged M mark is valid and that the mark is entitled to registration.

187.    That the Court declare that allowance of plaintiff Miyano USA's U.S. Trademark Application No. 77/176,918 for the Triangle Winged M service mark (or "M Miyano and design") was not obtained by fraud.

188.    That the Court order the dismissal of Opposition No.  91181392, filed by defendant Tom Miyano seeking to prevent the registration for the Triangle Winged M service mark.

189.    That the Court declare that defendant Tom Miyano's U.S. Trademark Application No. 77/351,695 is invalid.

190.    That the Court declare that defendant Tom Miyano committed fraud in connection with U.S. Trademark Application No. 77/351,695 by stating that he is the proper owner and has legal and equitable title to the Japanese Registration 2008979.

191.    That the Court declare that plaintiff Miyano USA is the senior user of the Triangle Winged M trademark and service mark and that defendant Tom Miyano's Winged M mark as shown in paragraph 112 and which is sought to be registered in U.S. Trademark Application No. 77/351,695 is confusingly similar to plaintiff Miyano USA's registered and common law rights in its Triangle Winged M trademark and service mark such that defendant Tom Miyano's Winged M mark is likely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. §1052(d) (§ 2(d) of the Lanham Act) and constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a) (§§ 32 and 43 of the Lanham Act).

192.    That plaintiff Miyano USA shall have such other relief as this court may deem just and proper.

## JURY DEMANDED:

193.    Plaintiff Miyano USA demands trial by jury of all issues so triable.

Respectfully submitted,

Dated: January 24, 2008                    _____/Edward D. Manzo/_____
                                           Edward D. Manzo
                                           Joel Bock
                                           Louis J. Alex
                                           Jason R. Smalley
                                           Attorneys for Plaintiff

Edward D. Manzo    I.D. # 03124728
Joel Bock          I.D. # 00239984
Louis J. Alex      I.D. # 06274458
Jason Smalley      I.D. # 06287426
COOK, ALEX, MC FARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176
emanzo@cookalex.com