UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a Shigemori ) | **JURY TRIAL DEMANDED** |
| Miyano, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Miyano Machinery USA Inc. (hereinafter referred to as "Miyano USA" or "plaintiff Miyano USA"), moves pursuant to Federal Rule of Civil Procedure 65 and 15 U.S.C. §1116 for a preliminary injunction restraining and enjoining the defendant MiyanoHitec Machinery, Inc., its respective officers, agents, and employees, and defendants Thomas ("Tom") Miyano and Steven Miyano from engaging in unfair competition and from using the "Miyano" trade name and the Winged M design or any other name or design that is confusingly similar to Miyano USA's trade name "Miyano," its MIYANO trademark, or its Triangle Winged M trademark and service mark. In support, Miyano USA has requested leave to file a supporting Memorandum and states as follows:

### Background

1.  Plaintiff Miyano USA is affiliated with Miyano Machinery Inc. ("Miyano-Japan"), which is located in Japan. Miyano USA was established in 1975 in the Chicago area to meet the growing demand for Miyano products in the United States.

2. Miyano USA imports and distributes extremely high quality machine tools such as CNC (computer numerical control) lathes which are manufactured by Miyano-Japan.

3. Since 1975, Miyano USA has had several iterations of official names, all beginning with "Miyano Machinery." Since 2004, the Miyano USA's official name has been Miyano Machinery USA Inc. However, Miyano USA has consistently referred to itself as "Miyano" since 1975. The term "Miyano" is the trade name of the Miyano USA and symbolizes the goodwill and quality associated with Miyano USA.

4. In the course of its business, Miyano USA, uses several trademarks and has registered those trademarks with the United States Patent and Trademark Office. Miyano USA owns United States Trademark Registration No. 3,328,718 for the plain-text word mark MIYANO, registered for machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefor. This is referred to as the "MIYANO trademark." This mark was registered on November 6, 2007, claiming first use in 1975.

5. Miyano USA owns United States Trademark Registration No. 1,527,809 for the stylized word mark MIYANO, registered for machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefor. This mark was registered on March 7, 1989. The stylized version of the word mark is pictured below:

*Miyano*

6. Miyano USA also owns United States Trademark Registration No. 1,217,317 for a winged letter "M" superimposed in a triangle, registered for power lathes, and bar feeders therefor. This is referred to as the "Triangle Winged M" trademark or the "M

Miyano" trademark. This mark was registered on November 23, 1982. The mark appears as follows:



7. Miyano USA's registered marks are registered on the principal register and are presumed to be valid. *15 U.S.C. § 1115(a)*

8. Miyano USA has filed a service mark application for registration of the Winged M mark for repair and refurbishing services in connection with machines and machine tools, namely, turning centers, lathes, vertical machining centers, and all parts therefor, asserting first use in 1970. The application received serial number 77/176,918.

9. Miyano USA owns strong federal and common law trademark rights in its "Miyano" trade name, MIYANO trademark, and its Triangle Winged M trademark.

### Defendants and Their Activities

10. Defendants operate a business, officially named MiyanoHitec Machinery, Inc. The purpose of the business is to directly compete against Miyano USA by manufacturing, distributing, and providing parts, related components, equipment, and service for machine tools, such as CNC lathes.

11. Defendant Tom Miyano was a former stockholder and president of Miyano Japan and Miyano USA. He also was, in 2004-05, the chairman of the board of Miyano USA. He left Miyano Japan and Miyano USA and sold or surrendered his ownership of the companies in 2006. Thereafter, Tom Miyano became associated with defendant MiyanoHitec Machinery, Inc., becoming defendant MiyanoHitec's CEO and Director.

12.     Defendant Steven Miyano is Tom Miyano's son. Steven Miyano founded the company which would become MiyanoHitec Machinery, Inc. in 2004. Official documents filed with the Illinois Secretary of State's Office indicated that Steven Miyano is the president of defendant MiyanoHitec Machinery, Inc.

13.     The corporate name of defendant MiyanoHitec Machinery, Inc. was originally Hitec Machinery International Inc. when defendant Tom Miyano became associated with the company. On November 3, 2006, Tom Miyano and/or Steven Miyano officially changed the corporate name from Hitec Machinery International Inc. to MiyanoHitec Machinery, Inc.

14.     Defendants prominently use the name "Miyano" as part of their corporate name "MiyanoHitec Machinery, Inc.," and as part of their trade name ("Tom & Steven Miyano Machinery"). Indeed, instead of operating under the earlier corporate name of Hitec Machinery International Inc., defendants intentionally changed the corporate name so it would include "Miyano," whereupon they could trade on the goodwill belonging to Miyano USA.

15.     Even though defendants continue to operate a website at http://hitecmachinery.com, defendants also operate an identical website hosted at http://miyanohitec.com.

16.     Defendants have utilized their websites in attempts to usurp the goodwill of the Miyano USA and its parent company, Miyano Machinery Inc., by claiming the company history of Miyano Machinery Inc. as their own. At least on and sometime prior to March 30, 2007, defendants' website, accessible at http://miyanohitec.com, stated:

> MIYANOHITEC, established in March 2005. We go back to 1899 for the full history from Tsunoda Metal Works (in Japan) ->

> Miyano Metal Works (in Japan) -> Miyano Machinery, Inc. (in Japan) -> MIYANOHITEC MACHINERY, INC. With over 100 years of history.
>
> *1 On June 2003, our family gave up the ownership of Miyano Machinery, Inc. (in Japan) owned with a Japanese Citizenship. We re-established again a new machine company by the name of "MIYANOHITEC MACHINERY, INC." as an U.S. based company owned by an American citizenship.
>
> <u>SERVICE</u>
> We Supply various production systems such as a CNC-Lathe, Machining Center, CNC-Grinders and more. We provide High-End Quality machines and very reasonable cost machines also. We also have the capability for creating CNC-Lathes and Machining-Center systems.

17. In response to cease-and-desist letters sent by the Miyano USA, the defendants modified their website. Thereafter, defendants' website prominently used the trade names "Miyano" and "Miyano Machinery" and stated that the business was "operating as Tom & Steven Miyano Machinery."

18. Defendants used and continue to use the dominant portion of Miyano USA's Triangle Winged M at least on their website, business cards, and folders for promotion literature. This portion is nearly identical to the Winged M component of Miyano USA's trademark registration 1,217,317. A copy of the Winged M that defendants display prominently on at least their website is as follows:



19. Since April of 2007, defendants have further modified their website, even more prominently displaying the "Miyano" trade name, "Miyano Machinery" trade name, and

Winged M trademark. A copy of the "header" that currently appears at the top of defendants' website, accessible at http://miyanohitec.com, appears as follows:



### Trade Show

20. On September 8-13, 2008, the INTERNATIONAL MANUFACTURING TECHNOLOGY SHOW ("IMTS") will be held at McCormick Place in Chicago. This trade show is held every second year and is widely regarded as the premier manufacturing technology show in North America. IMTS announced that upwards of 1,200 companies will exhibit at the Show and that the Show would attract more than 90,000 buyers and sellers from 119 countries; that exhibits would be organized in pavilions that are geared toward specific industries, technologies, and solutions, and that one of the categories is "metal cutting."

21. Miyano USA has regularly attended the INTERNATIONAL MANUFACTURING TECHNOLOGY SHOW since 1976. In 2006, Miyano USA spent approximately $400,000 in connection with the IMTS. Miyano USA plans on spending $450,000 in connection with attending the next IMTS in September 2008.

22. Defendants intend to participate in the INTERNATIONAL MANUFACTURING TECHNOLOGY SHOW using the deceptively similar corporate name "MiyanoHitec Machinery, Inc.," thus securing the defendants a listing immediately prior to Miyano USA in the trade show catalog.

23. Defendants have also secured a sizeable booth at the INTERNATIONAL MANUFACTURING TECHNOLOGY SHOW on the same floor as Miyano USA's booth. As shown below, Miyano USA's booth is simply labeled on the trade show floor map as

"Miyano," while defendants' booth is labeled as "Miyano Hitec" (with "Miyano" being displayed separate and above the word "Hitec").



Miyano USA's Booth                    Defendants' Booth

### Defendants' Activities Are Likely to Cause Confusion, Mistake or Deception

24. Defendants' activities and use of Miyano USA's "Miyano" trade name, MIYANO trademark, and the dominant portion of its Triangle Winged M mark are likely to cause confusion, mistake or deception among consumers as to the source, sponsorship, endorsement or authorization of defendants and their business, constituting unfair competition and infringement of Miyano USA's federal and common law rights in it's "Miyano" trade name and MIYANO trademark and Triangle Winged M trademark and service mark in violation of §§ 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114, 1125) and Illinois's Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq*.

### Plaintiff Miyano USA is Entitled to Injunctive Relief

25. Miyano USA is entitled to injunctive relief because:

   a. Miyano USA has a substantial likelihood of prevailing on the merits at trial;

   b. Miyano USA will suffer irreparable harm if defendants are not enjoined from damage to its reputation and loss of goodwill caused by defendants' infringement of its trade name, by which plaintiff Miyano USA is well known, and by infringement of its trademarks.

    c. Miyano USA has no adequate remedy at law to compensate it for its loss of goodwill and any damage to its reputation.

    d. The balance of harms favors Miyano USA, which has a long history of using its trade name and trademarks. Any potential harm to defendants is minimal as they adopted Miyano USA's trade name and trademarks in bad faith and have been using the trade name and marks for a minimal period.

    e. The public interest favors issuance of an injunction against defendants' use of Miyano USA's trade name, trademarks, and service mark because an injunction would prevent consumer confusion and promote fair competitive practices.

**WHEREFORE**, for the reasons discussed above, and as stated more fully in Miyano USA's supporting Memorandum, Miyano USA respectfully requests that the Court grant its Motion and enter an order as follows:

1. Granting Miyano USA's Motion for Preliminary Injunction.

2. Enjoining or restraining defendants, their officers, agents, employees and all other acting in concert or participation with defendants from:

    a. Using the word "Miyano" or any other name that is confusingly similar to word "Miyano" as a corporate name, business name or trade name or in association with or as a component of a corporate name, business name or trade name;

    b. Using the word "Miyano" or any other name that is confusingly similar to word "Miyano"

c. Using the word "Miyano," any component thereof, any colorable imitation thereof, or any design incorporating such in connection with any advertising, offering, sale or promotion of machine tools, machine tool parts, or service related to machine tools;

d. Labeling, affixing, or associating the word "Miyano" with any machine tool, machine tool part, or service related to machine tools;

e. Using the Triangle Winged M mark, any component thereof, any colorable imitation thereof, or any similar design thereto in connection with any advertising, offering, sale or promotion of machine tools, machine tool parts, or service related to machine tools;

f. Labeling, affixing, or associating the Triangle Winged M mark or Winged M mark or any component or colorable imitation thereof with any machine tool, machine tool part, or service related to machine tools;

g. Publishing or disseminating advertising, promotional or other information containing the Triangle Winged M mark or Winged M mark, any component thereof, any colorable imitation thereof, or any similar design thereto;

h. Using the MIYANO trademark, or any other name or design that is confusingly similar to the MIYANO trademark;

i. Using an infringing business name, trade name, infringing domain name, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the "Miyano" name, the MIYANO trademark, the Triangle Winged M mark, or any other of Miyano USA's trademarks;

    j.    Committing any other act calculated or likely to cause the public or trade to believe that defendants' products or services are in any way connected to, licensed by, sponsored by, affiliated with, or associated with Miyano USA, Miyano USA's parent company, or its affiliates;

    k.    Using the word "Miyano," the Triangle Winged M mark or any component or colorable imitation thereof, the MIYANO trademark in connection or association with any future trade show, including the INTERNATIONAL MANUFACTURING TECHNOLOGY SHOW; and

    l.    Assisting any other entity or party in committing the acts described above in Paragraphs a-k.

3.   Permitting individual defendants Tom and Steven Miyano to use their personal names only in a non-trademark manner and only to convey personal participation in a business.

                                                             Respectfully submitted,

Dated: February 1, 2008                            s/ Edward D. Manzo
                                                               Edward D. Manzo
                                                               Joel Bock
                                                                Louis Alex
                                                                Jason Smalley
                                                                Attorneys for Plaintiff

Edward D. Manzo   I.D. # 03124728
Joel Bock              I.D. # 00239984
Louis Alex            I.D. # 06274458
Jason Smalley      I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176
emanzo@cookalex.com

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Plaintiff's Motion for Preliminary Injunction** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | |
|---|---|
| Vernon W. Francissen | Robert M. Karton |
| FRANCISSEN PATENT LAW, P.C. | Robert M. Karton, Ltd. |
| 53 W. Jackson Blvd., Suite 1320 | 77 W. Washington St., Suite 900 |
| Chicago, Illinois 60604 | Chicago, Illinois 60602-2804 |
| (312)294-9980 telephone | (312)214-0900 telephone |
| (312)275-8772 facsimile | (312)214-4230 facsimile |
| vern@francissenpatentlaw.com | robert@karton.us |

____ (BY MAIL) by placing for collection and deposit in the United States mail true copies of the documents at Chicago, Illinois in a sealed envelope with postage thereon fully prepaid, to the Chicago, Illinois addressee(s) shown above at the address(es) shown above.

_X_ (BY HAND DELIVERY) I caused each such document to be personally delivered by hand to the Chicago, Illinois addressee(s) shown above.

____ (BY FACSIMILE) I caused each such document to be sent by facsimile to the addressee(s) shown above.

____ (BY OVERNIGHT COURIER) I caused this document to be sent by overnight courier for next day delivery, with all charges pre-paid, to the addressee(s) shown above at the address(es) shown above.

____ (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to the addressee(s) shown above.

____ (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to the addressee(s) shown above, pursuant to LR 5.9.

Executed on February 1, 2008 at Chicago, Illinois.

Signed:    s/Edward D. Manzo_____

Motion for Preliminary Injunction