UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a Shigemori ) | |
| Miyano, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants ) | |

## MOTION FOR LEAVE TO FILE A BRIEF IN EXCESS OF 15 PAGES

Plaintiff, Miyano Machinery USA Inc. (hereinafter referred to as "Miyano USA" or "plaintiff Miyano USA"), by and through its undersigned attorneys and pursuant to Local Rule 7.1 of the Local Rules for the U.S. District Court for the Northern District of Illinois, hereby moves this Court for an Order granting it leave to file the attached memorandum in support of its Motion for Preliminary Injunction [Exhibit 1], which exceeds 15 pages. In support thereof, plaintiff Miyano USA states as follows:

1.   On January 24, 2008, Miyano USA filed an action against defendants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano, seeking relief from defendants' acts of trademark infringement, unfair competition, cybersquatting, and deceptive trade practices. Miyano USA owns strong federal and common law trademark rights in its "Miyano" trade name, MIYANO trademark, and its Triangle Winged M trademark and service mark. Plaintiff Miyano USA's causes of action are based on

defendants unlawful use of Miyano USA's MIYANO trademark, its Triangle Winged M marks, and its trade name in connection with their directly competitive business.

2. Contemporaneously with this Motion, plaintiff Miyano USA filed a Motion for Preliminary Injunction to enjoin defendants' continued infringement of Miyano USA's protectable trademarks, service mark, and trade name.

3. A party seeking a preliminary injunction must demonstrate that it has some likelihood of success on the merits, has no adequate remedy at law and will suffer irreparable harm if the injunction is not issued. *Promatek Indus., LTD. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002) (citing *Ty, Inc. v. Jones Group*, 237 F.3d 891, 895 (7th Cir. 2001)). Once these elements are established, the Court must next consider and balance the irreparable harm the issuance of an injunction will cause the nonmoving party against the irreparable harm to the moving party if relief is denied. *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992); s*ee also Ty*, 237 F.3d at 895.

4. In order to satisfy its burden for obtaining a preliminary injunction, plaintiff Miyano USA must demonstrate for each of its marks that the mark is protectible and that there is a likelihood of confusion or that the unauthorized use of the mark is likely to cause confusion, mistake, or deception.

5. The defendants have already filed several Cancellation and Opposition proceedings in the United State Patent and Trademark Office contesting the validity and protectibility of Miyano USA's trademarks. As a result, plaintiff Miyano USA needs to inform the Court as to the legal issues raised by defendants' allegations brought in these proceedings, the defendants' burden of persuasion regarding their allegations, and the evidence contradicting such allegations.

6.　　Plaintiff Miyano USA is also required to set forth facts and supporting case law in order for the Court to make a fully informed ruling. Additionally, Miyano USA will need to analyze the irreparability of harm and balance the harms to all parties.

7.　　Consequently, plaintiff Miyano USA has prepared the attached Memorandum in Support to satisfy its burden for obtaining a preliminary injunction and to address the issues presented.

　　　**WHEREFORE**, Plaintiff Miyano USA respectfully requests that this Court grant its motion for leave to file the attached **Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction** [Exhibit 1] and the accompanying exhibits and declarations referenced therein.

Dated: February 1, 2008

　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　s/ Edward D. Manzo
　　　　　　　　　　　　　　　　　　　　　　　Edward D. Manzo
　　　　　　　　　　　　　　　　　　　　　　　Joel Bock
　　　　　　　　　　　　　　　　　　　　　　　Louis J. Alex
　　　　　　　　　　　　　　　　　　　　　　　Jason R. Smalley
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

Edward D. Manzo   I.D. # 03124728
Joel Bock         I.D. # 00239984
Louis J. Alex     I.D. # 06274458
Jason R. Smalley  I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176
emazo@cookalex.com

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Motion for Leave to File a Brief in Excess of 15 Pages** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | |
|---|---|
| Vernon W. Francissen | Robert M. Karton |
| FRANCISSEN PATENT LAW, P.C. | Robert M. Karton, Ltd. |
| 53 W. Jackson Blvd., Suite 1320 | 77 W. Washington St., Suite 900 |
| Chicago, Illinois 60604 | Chicago, Illinois 60602-2804 |
| (312)294-9980 telephone | (312)214-0900 telephone |
| (312)275-8772 facsimile | (312)214-4230 facsimile |
| vern@francissenpatentlaw.com | robert@karton.us |

____ (BY MAIL) by placing for collection and deposit in the United States mail true copies of the documents at Chicago, Illinois in a sealed envelope with postage thereon fully prepaid, to the Chicago, Illinois addressee(s) shown above at the address(es) shown above.

__X__ (BY HAND DELIVERY) I caused each such document to be personally delivered by hand to the Chicago, Illinois addressee(s) shown above.

____ (BY FACSIMILE) I caused each such document to be sent by facsimile to the addressee(s) shown above.

____ (BY OVERNIGHT COURIER) I caused this document to be sent by overnight courier for next day delivery, with all charges pre-paid, to the addressee(s) shown above at the address(es) shown above.

____ (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to the addressee(s) shown above.

____ (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to the addressee(s) shown above, pursuant to LR 5.9.

Executed on February 1, 2008 at Chicago, Illinois.


Signed:     s/Edward D. Manzo