UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. **08 C 526** |
| v.  ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a Toshiharu ) | Magistrate Judge Nolan |
| Miyano and ) | |
| Steven Miyano, a/k/a Shigemori Miyano, ) | |
| ) | |
| Defendants ) | **JURY TRIAL DEMANDED** |
| ) | |

**JOINT INITIAL STATUS REPORT**

Pursuant to the Court's order at the motion presentation of Thursday, February 7, 2008, counsel for the opposing parties submit the following Joint Initial Status Report.

**1. The attorneys of record for each party including the attorney(s) expected to try the case**:

For Plaintiff:

Edward D. Manzo, lead counsel
Joel Bock
Louis J. Alex
Jason R. Smalley
COOK, ALEX, MCFARRON, MANZO, CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone:  (312) 236-8500
Fax:  (312) 236-8176

1

For Defendants:

| | |
|---|---|
| Robert M. Karton, lead counsel<br>ROBERT M. KARTON, LTD.<br>77 W. Washington St., Suite 900<br>Chicago, Illinois 60602-2804<br>(312) 214-0900 telephone<br>(312) 214-4230 facsimile<br>robert@karton.us | Vernon W. Francissen<br>FRANCISSEN PATENT LAW, P.C.<br>53 W. Jackson Blvd., Suite 1320<br>Chicago, Illinois 60604<br>(312) 294-9980 telephone<br>(312) 275-8772 facsimile<br>vern@francissenpatentlaw.com |

Geoffrey A. Baker, lead counsel
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile
gabaker@dowellbaker.com

**2. The basis for federal jurisdiction:** Subject matter jurisdiction is not contested, and is under the Lanham Act, 15 USC 1051 et seq., including §1125 (a) and (d), with supplemental jurisdiction under 28 USC §1367, and/or pendent and ancillary jurisdiction as to state law claims. Declaratory judgment subject matter jurisdiction is from 28 USC §2201.

Personal jurisdiction also is not contested: all parties named in the Complaint reside in Cook, DuPage, or Lake Counties, Illinois.

**3. The nature of the claims asserted in the complaint and any expected counterclaim:** Plaintiff asserts registered and common law trademark infringement, cybersquatting (15 USC § 1125(d)), unfair competition, deceptive trade practices, and declarations that plaintiff's corresponding registrations in the Triangle Winged M and plain text MIYANO trademarks are valid and enforceable and that its application to

2

register the Triangle Winged M as a service mark should be granted, and that Defendant Tom Miyano's application in the Winged M as a trademark is invalid.

Defendants/Counterclaimants will assert that they have a right to use their family name in association with the goods and/or services that they market and sell. Additionally, Defendants/Counterclaimants will assert that Plaintiff's registrations are invalid and/or unenforceable and that Plaintiff's registrations should be cancelled and its application for registration denied.

**4. The name of any party not yet served and the circumstances regarding non-service:** Miyano Machinery, Inc. ("MMI") is the parent of Plaintiff. Defendants intend to add MMI as a counterdefendant.

**5. The principal legal issues:** Based on conversations between lead counsel, the principal legal issues defendants raise include whether plaintiff owns the U.S. trademark registrations and other rights asserted and whether plaintiff holds valid and enforceable rights in its trade name, or one or more of the registered or common law trademarks or service marks referenced above.

Principal issues from plaintiff's perspective is whether defendants' acts constitute deceptive practices, unfair competition, and/or infringement of its trade name, or one or more of the registered or common law trademarks or service marks and whether the ownership or use of internet domain names by defendants violates plaintiff's rights.

In addition to deciding whether Defendants/Counterclaimants have a right to use their family name and whether Plaintiffs registrations are invalid and/or unenforceable, this Court will be asked to cancel Plaintiffs registrations and deny registration of

Plaintiff's pending trademark application because they were obtained by fraud on the United States Patent and Trademark Office ("USPTO").

**6. The principal factual issues:** Whether plaintiff abandoned its rights in its trade name and each asserted trademark and service mark referenced above. Whether Plaintiff obtained its registrations by withholding from the USPTO material information related to others' use of the marks and made material misrepresentations regarding its own use of the marks. Whether Defendants/Counterclaimants are entitled to use their surname in connection with their business.

**7. Whether a jury trial is expected by either party:** Plaintiff entered a jury trial demand but might waive it. Defendant seeks a trial by jury on all issues so triable.

**8. A short description of any discovery undertaken to date and any anticipated in the future:** Discovery has not begun. However, as stated before the Court on February 7, 2008, Defendants/Counterclaimants assert that they will require discovery of persons and documents located in Japan. To that end, Defendants/Counterclaimants have served written discovery and a notice of deposition on Plaintiff related to Plaintiff's motion for preliminary injunction. It is Defendants/Counterclaimants understanding that Plaintiff will expedite the response to that discovery because of Plaintiff's pending motion.

**9. The earliest date the parties will be ready for trial and the length of the trial:** The Court has already set preliminary injunction hearing date of May 9, 2008. Plaintiff believes that, if trial is needed, the parties could be ready by September 1, 2008. Defendants believe that schedule to be premature and ambitious, particularly because substantial foreign discovery may be required. Defendants present, best estimate of an

appropriate trial date is June 1, 2009. The parties agree that the trial will likely not exceed five trial days.

**10. Whether the parties unanimously consent to proceed before the Magistrate Judge:** At present, the parties do not unanimously consent to proceed before the magistrate judge.

**11. The status of any settlement discussions and whether the parties request a settlement conference:** The parties through counsel have discussed settlement and do not see any likelihood of settlement.

DATED: February 14, 2008

Respectfully submitted,

| For Plaintiff: | For Defendants: |
|---|---|
| /s/ Edward D. Manzo | /s/ Geoffrey A. Baker |
| Edward D. Manzo | Robert M. Karton |
| Joel Bock | ROBERT M. KARTON, LTD. |
| Louis J. Alex | 77 W. Washington St., Suite 900 |
| Jason R. Smalley | Chicago, Illinois 60602-2804 |
| COOK, ALEX, MCFARRON, MANZO, | (312)214-0900 telephone |
| CUMMINGS & MEHLER, LTD. | (312)214-4230 facsimile |
| 200 West Adams Street, Suite 2850 | robert@karton.us |
| Chicago, IL 60606 | |
| | Vernon W. Francissen |
| Phone: (312) 236-8500 | FRANCISSEN PATENT LAW, P.C. |
| Fax: (312) 236-8176 | FRANCISSEN PATENT LAW, P.C. |
| | 53 W. Jackson Blvd., Suite 1320 |
| emanzo@cookalex.com | Chicago, Illinois 60604 |
| | (312)294-9980 telephone |
| | (312)275-8772 facsimile |
| | vern@francissenpatentlaw.com |
| | |
| | Geoffrey A. Baker |
| | Anthony E. Dowell |
| | Geoffrey D. Smith |
| | Dowell Baker, P.C. |
| | 201 Main Street, Suite 710 |
| | Lafayette, Indiana 47901 |

5

        (765) 429-4004 telephone
        (765) 429-4114 facsimile

        gabaker@dowellbaker.com

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Joint Status Report** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| Geoffrey A. Baker | Robert M. Karton | Vernon W. Francissen |
|---|---|---|
| Anthony E. Dowell | ROBERT M. KARTON, LTD. | FRANCISSEN PATENT LAW, P.C. |
| DOWELL BAKER, P.C. | 77 W. Washington St., Suite 900 | 53 W. Jackson Blvd., Suite 1320 |
| 201 Main Street, Suite 710 | Chicago, Illinois 60602-2804 | Chicago, Illinois 60604 |
| Lafayette, Indiana 47901 | (312)214-0900 telephone | (312)294-9980 telephone |
| (765) 429-4004 telephone | (312)214-4230 facsimile | (312)275-8772 facsimile |
| (765) 429-4114 facsimile | robert@karton.us | vern@francissenpatentlaw.com |
| gabaker@dowellbaker.com | | |

_X_  (BY MAIL) by placing for collection and deposit in the United States mail true copies of the documents at Chicago, Illinois in a sealed envelope with postage thereon fully prepaid, to Vernon W. Francissen at the address(es) shown above.

____  (BY HAND DELIVERY) I caused each such document to be personally delivered by hand to the Chicago, Illinois addressee(s) shown above.

____  (BY FACSIMILE) I caused each such document to be sent by facsimile to the addressee(s) shown above.

____  (BY OVERNIGHT COURIER) I caused this document to be sent by overnight courier for next day delivery, with all charges pre-paid, to the addressee(s) shown above at the address(es) shown above.

____  (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to the addressee(s) shown above.

_X_  (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Geoffrey A. Baker and Robert M. Karton, pursuant to LR 5.9.

Executed on February 14, 2008 at Chicago, Illinois.

Signed:    /s/ Edward D. Manzo