**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, | ) | Magistrate Judge Nolan |
| a/k/a Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS**

Defendants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven

Miyano (hereinafter collectively referred to as "THE MIYANOS") through their

attorneys, hereby respond to the Complaint of plaintiff Miyano Machinery USA Inc.

(hereinafter "MMU") with an answer, affirmative defenses and counterclaims as follows:

1.      Plaintiff Miyano USA is a corporation organized according to the laws of
the State of Illinois and having its principal place of business at 940 N. Central Avenue,
Wood Dale, Illinois 60191.

**ANSWER:** Admit on information and belief and further state that according to the

Miyano USA website the facility at that address "houses Miyano [Machinery Inc.]'s

North American service, engineering and sales staff, as well as over 50,000 stock parts."

*See* http://www.miyano-usa.com/about.asp?type=history.

2.      Defendant Miyano Hitec Machinery, Inc. is a corporation incorporated
under the laws of the State of Illinois having its principal place of business at 50 Dundee
Lane, Barrington Hills, Illinois 60010.

**ANSWER:** Admit.

3. Defendant Steven Miyano is, on information and belief, the President of defendant MiyanoHitec Machinery, Inc., and resides or is employed at 50 Dundee Lane, Barrington Hills, Illinois 60010. On information and belief, Steven Miyano had also been known as Shigemori Miyano.

**ANSWER:** Admit.

4. Defendant Thomas ("Tom") Miyano was formerly a stockholder and the President of Miyano Machinery, Inc. (the parent company of plaintiff Miyano USA) and the former President and Chairman of the Board of Miyano USA or its predecessor. On information and belief, defendant Tom Miyano is now an owner and/or officer and/or director of defendant MiyanoHitec Machinery, Inc. On information and belief, defendant Tom Miyano is employed at or a resident at 50 Dundee Lane, Barrington Hills, Illinois 60010. On information and belief, Tom Miyano had also been known as "Toshiharu Miyano".

**ANSWER:** Admit.

5. This is an action for unfair competition and trademark infringement under the Lanham Act, 15 USC §§ 1051 *et seq*., common law unfair competition and trademark infringement, and unfair or deceptive practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

**ANSWER:** Admit that Plaintiff is attempting to allege the actions described.

6. This court had jurisdiction over the action under 28 USC §§ 1331 and 1338, along with 15 USC § 1121, and/or supplemental jurisdiction as stated in 28 USC § 1367, and/or upon principles of pendant and ancillary jurisdiction.

**ANSWER:** Admit that this court has subject matter jurisdiction.

7. Venue is proper in this district under 28 USC § 1391.

**ANSWER:** Admit that venue is proper in this judicial district.

8. Miyano Machinery Inc. is the parent of plaintiff Miyano USA and supplies lathes and other goods to Miyano USA. Miyano Machinery Inc. was established in 1929 in Japan and ultimately the company began manufacturing machine tools. Miyano Machinery Inc. developed a variety of automatic lathes and has been a pioneer in the development of automatic lathes. Former names of the Japanese company, Miyano Machinery Inc., include Kabushiki Kaisha Miyano Tekkosho and Miyano Machinery Japan, Inc.

**ANSWER:** Admit and further state that defendant Tom Miyano's grandfather founded

and established Miyano Machinery Inc. and that the company was owned by the Miyano

family from 1929 until 2005.

9.      The trademark MIYANO as used in connection with lathes and other
machine tools is widely known around the globe. The mark MIYANO has been used in
Japan for CNC lathes and/or other lathes and machine tools by Miyano Machinery Inc.
(or its predecessor) since the 1940's.  Plaintiff Miyano USA, was incorporated in 1975
and had several iterations of names, all beginning with "Miyano Machinery," including
Miyano Machinery U.S.A. inc. (March 6, 1987), Miyano Machinery (U.S.A.) Inc.
(January 24, 1986), Miyano Machinery USA Inc. (January 3, 1995), Miyano Machinery
Inc. (October 14, 2004), and Miyano Machinery USA Inc.  Miyano USA is the importer
and distributor of extremely high quality machine tools such as CNC (computer
numerical control) lathes which are manufactured in Japan by its parent company,
Miyano Machinery Inc.

**ANSWER:** Admit that Plaintiff Miyano USA, was incorporated in 1975 and had several

iterations of names, all beginning with "Miyano Machinery," including Miyano

Machinery U.S.A. inc. (March 6, 1987), Miyano Machinery (U.S.A.) Inc. (January 24,

1986), Miyano Machinery USA Inc. (January 3, 1995), Miyano Machinery Inc. (October

14, 2004), and Miyano Machinery USA Inc.  Admit that Miyano USA is an importer and

distributor of machine tools such as CNC (computer numerical control) lathes which are

manufactured in Japan by its parent company, Miyano Machinery Inc.  Otherwise, denied

on information and belief.

10.      Since at least 1975, Miyano USA has consistently referred to itself as
"Miyano."  Others in the industry use the term "Miyano" to refer to Miyano USA.
Within the United States, the term "Miyano" has become associated with plaintiff
Miyano USA.  The term "Miyano" is the trade name of Miyano USA and symbolizes the
goodwill and quality associated with Miyano USA.

**ANSWER:** Denied.

11.      In course of its business, Miyano USA uses several trademarks and
registered those trademarks with the United States Patent and Trademark Office.
Attached hereto as Exhibit 1 is a copy of United States Trademark Registration No.
3,328,718 for the plain-text work mark MIYANO, registered for machines and machine

tools, namely, turning centers, lathes, vertical machining centers and all parts therefore. This mark was registered on November 6, 2007 and is referred to herein as the "MIYANO trademark". The registration of the plain-text MIYANO trademark provided rights in all depictions of the word "Miyano" for the goods indicated, without respect to any particular font style, size or color.

**ANSWER:** Admit that Miyano USA obtained through fraud United States Trademark

Registration No. 3,328,718 for the plain-text word mark MIYANO. Otherwise, denied.

12.     Miyano USA also owns United States Trademark Registration 1,527,809 for the stylized word mark MIYANO, registered for machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefore. This mark was registered on March 7 1989 and is still in force. This mark is referred to herein as the "Stylized MIYANO trademark." A copy of the registration is attached as <u>Exhibit 2</u>, and the mark appears as follows:

**ANSWER:** Admit.

13.     Miyano USA is also the owner of United States Trademark Registration No. 1,217,317 for winged letter "M" superimposed in a triangle, registered for power lathes, and bar feeders therefore. This mark was registered on November 23, 1982 and is still in force. The mark which is the subject of Reg. No. 1,217,317 is referred to herein as the "Triangle Winged M" trademark. A copy of the registration is attached as <u>Exhibit 3</u>, and the mark appears as follows:

**ANSWER:** Admit that Miyano USA is also owner of United States Trademark

Registration No. 1,217,317 for winged letter "M" superimposed in a triangle, registered

for power lathes, and bar feeders therefore, which Miyano USA maintained through

fraud. Admit that this mark was registered on November 23, 1982, the mark which is the

subject of Reg. No. 1,217,317 is referred to herein as the "Triangle Winged M"

trademark, and a copy of the registration is attached as <u>Exhibit 3</u>, and the mark appears as

shown in complaint. Otherwise, denied.

14.     On May 9, 2007, Miyano USA filed a trademark registration application for registration of the same Triangle Winged M mark for repair and refurbishing services in connection with machines and machine tools, namely, turning centers, lathes, vertical machining center, and all parts therefore, asserting first use in 1970. The application received serial number 77/176,918. A copy of a Trademark Office record showing the mark is attached as <u>Exhibit 4</u>.

**ANSWER:**  Admit that such a filing occurred and further state that Miyano USA failed

to disclose material information to the Trademark Office that would have a material

affect on the registrability of the Triangle Winged M mark.

15.    Miyano USA is also the owner of United States Trademark Registration
No. 1,473,925 for the plain-text word mark MIYANO THE WORLD LEADER IN
PRECISION, registered for machines and machine tools, namely, turning center, lathes,
vertical machining centers and all parts therefore.  This mark was registered on January
26, 1988 and is still in force.  A copy of the registration is attached as <u>Exhibit 5</u>.  This
mark is referred to herein as the "Miyano motto mark."

**ANSWER:**  Admit that Miyano USA owns the registration cited and further state that the

mark merely contains the Miyano family name. Otherwise, denied.

16.    Information regarding plaintiff Miyano USA's marks is summarized in the
following chart:

**ANSWER:**  Admit that information regarding plaintiff Miyano USA provided a

summary chart shown at paragraph 16, otherwise denied.

17.    Miyano USA has used its several trademarks throughout its business. The
mark MIYANO is applied by Miyano USA to machines and machine tools, such as lathes
and machining centers. Additionally, the MIYANO mark appears on the side of its
headquarters in Wood Dale, on business cards, on company checks, on the employee
handbook, on 3-ring binders used by the company, on packing slips accompanying all
company products, on invoices, on envelopes for correspondence, on folders used to
contain literature sent to prospective customers, on awards distributed by Miyano USA,
and on shirts worn by employees and service personnel when performing company
business including servicing the precision machine tools sold by the company.

**ANSWER:**  Admit that Miyano USA uses the family name Miyano in various ways not

covered by any trademark registration.  Otherwise, denied.

18.    Machines sold under the MIYANO brand name by Miyano USA are
occasionally offered for resale. Machines with the MIYANO brand name are advertised
as "Miyano" machines in the trade. For example, a webpage by R.T. Machinery Sales
Inc., attached hereto as <u>Exhibit 6</u>, states that "We carry Miyano machines and equipment"
and that they "…currently have MIYANO machine and equipment including CNC
DRILLING AND TAPPING MACHINE." On information and belief, <u>Exhibit 7</u> is an
offer for sale by R.T. Machinery Sales Inc. of "One Used Miyano CNC Drilling and
Tapping Machine Model TSV23."

**ANSWER:**  Admit that machines sold by Miyano Machinery Inc. and/or Miyano USA

are occasionally offered for resale and further state that MIYANO is a family, not a

brand, name. Otherwise, is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of paragraph 15 and, therefore, denies same.

19.     By reason of many decades of use in a leadership position in the field of
machine tools, and in particular lathes and machining centers, the mark MIYANO has
become a distinctive and well-known trademark associated with Miyano USA.

**ANSWER:**  Denied and further stated that Miyano is a family name.

20.     The Triangle Winged M trademark has been used also for years
throughout Miyano USA's business: on company checks, on the employee handbook, on
3-ring binders used by the company, on packing slips accompanying all company
products, on invoices for services, on envelopes for correspondence, on folders used to
contain literature sent to prospective customers, on awards distributed by Miyano USA,
and on shirts worn by employees and service personnel when performing company
business including servicing the precision machine tools sold by the company.

**ANSWER:**  To the extent the allegations apply to the period after the Triangle Winged

M was abandoned, denied. Otherwise, is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 20 and, therefore,

denies same.

21.     Miyano USA services MIYANO equipment in the United States, and in
connection with such servicing, displays the Triangle Winged M trademark on shirts
worn by service personnel and on documents they use, such as invoices.

**ANSWER:**  Denied and further stated that, according to the Miyano USA website,

Miyano Machinery Inc. maintains North American service, engineering and sales staff, as

well as over 50,000 Miyano Machinery Inc. stock parts in suburban Chicago.  *See*

http://www.miyano-usa.com/about.asp?type=history.

22.     Plaintiff Miyano USA refurbishes and rebuilds MIYANO equipment in
the United States, and in connection with such rebuilding, displays the Triangle Winged

M trademark on shirts worn by service personnel and on documents they use, such as invoices.

**ANSWER:** Denied and further stated that, according to the Miyano USA website,

Miyano Machinery Inc. maintains North American service, engineering and sales staff, as

well as over 50,000 Miyano Machinery Inc. stock parts in suburban Chicago. *See*

http://www.miyano-usa.com/about.asp?type=history.

23.    Miyano USA has invested substantial funds and efforts over decades in promoting the goodwill of its trade name, "Miyano," and its MIYANO trademark, Triangle Winged M mark, and stylized MIYANO trademark.

**ANSWER:** Admitted that, while Tom Miyano was in charge of Miyano Machinery Inc.

and Miyano USA, those companies invested in his family's name and marks owned by

his family. Otherwise, denied.

24.    Miyano USA is the exclusive owner in the United States of the well-known MIYANO trademark and the Triangle Winged M trademark and service mark. The exclusive right to use the trademarks MIYANO, the Triangle Winged M, and other trademarks, within the United States, is an important corporate asset belonging to Miyano USA and symbolizes the goodwill that has built up over decades of exclusive use of those marks.

**ANSWER:** Denied.

25.    Miyano USA also is the registered owner of a website at the internet address: www.miyano-usa.com. Miyano USA uses its website to promote its products and services. On such website, Miyano USA prominently uses the "Miyano" trade name, the MIYANO trademark, along with the Triangle Winged M trademark. For example, Miyano USA displays the trademark MIYANO THE WORLD LEADER IN PRECISION in connection with the stylized MIYANO mark, as shown below.

**ANSWER:** Admitted that Miyano USA uses the family name Miyano. Otherwise, is

without knowledge or information sufficient to form a belief as to the truth of the

allegations and, therefore, denies same.

26.    In the beginning of 2004, defendant Tom Miyano was President of both Miyano Machinery Inc. (the Japanese parent company of plaintiff Miyano USA) and Miyano USA. On information and belief, as the result of high levels of interest-bearing

debt burdening Miyano Machinery Inc., defendant Tom Miyano, as President of Miyano Machinery, Inc., applied for aid through the Industrial Revitalization Corporation of Japan ("IRCJ"), a quasi-governmental entity. On information and belief, the application by Miyano Machinery Inc. for assistance was accepted by the IRCJ on June 4, 2004. A press release outlining the business revitalization plan for Miyano Machinery, Inc. is attached as <u>Exhibit 8</u>.

**ANSWER:** Admit that Tom Miyano was President of both Miyano Machinery Inc. (the

Japanese parent company of plaintiff Miyano USA) and Miyano USA at the beginning of

2004. Admit, on information and belief, that an application by Miyano Machinery Inc.

for assistance was accepted by the IRCJ on June 4, 2004. Admit that a press release

purporting to outline a business revitalization plan for Miyano Machinery, Inc. is attached

as Exhibit 8. Otherwise, denied.

27.    On information and belief, as part of the business revitalization plan created by the IRCJ, defendant Tom Miyano was to resign as President of Miyano Machinery, Inc. and resign the majority of his shares of Miyano Machinery Inc. and Miyano USA. *See* <u>Exhibit 8, page 2</u>. On information and belief, defendant Tom Miyano knew he would have to resign from his position at least as early as June 4, 2004.

**ANSWER:** Admit that Tom Miyano resigned as President of Miyano Machinery, Inc.

on September 3, 2004 and surrendered the majority of his shares of Miyano Machinery,

Inc. Admit that Tom Miyano resigned from Plaintiff in September of 2005. Otherwise,

denied.

28.    On information and belief, on August 13, 2004, defendant Tom Miyano filed a trademark application (Application No. 2004-075219) in his own name for the Triangle Winged M mark in the Japanese Trademark Office. The mark that is the subject of defendant Tom Miyano's trademark Application No. 2004-075219 is as follows:

**ANSWER:** Admitted.

29.    The listing from the Japanese Trademark Database for Application No. 2004-075219 is attached hereto as <u>Exhibit 9</u>.

**ANSWER:** Admitted.

30.    The mark applied for by defendant Tom Miyano in Application No. 2004-075219 is identical to plaintiff Miyano USA's Triangle Winged M mark shown in its United States Trademark Registration No. 1,217,317. (*See* para. 13, *supra*.).

**<u>ANSWER</u>:**  Admit that the mark applied for by defendant Tom Miyano in Application

No. 2004-075219 is identical to the mark shown in United States Trademark Registration

No. 1,217,317.  Otherwise, denied.

31.    On information and belief, defendant Tom Miyano filed Application No. 2004-075219 for his personal use or benefit, for the use by or benefit of defendant MiyanoHitec Machinery Inc., or for the benefit or use by a business which is not affiliated with Miyano USA or its parent company, Miyano Machinery Inc.

**<u>ANSWER</u>:**  Admitted.

32.    On information and belief, on August 13, 2004, defendant Tom Miyano filed another trademark application (Application No. 2004-075218) in his own name in the Japanese Trademark Office for the dominant portion of Miyano USA's Triangle Winged M mark as follows:



**<u>ANSWER</u>:**  Admitted that Tom Miyano filed Application No. 2004-075218.  Otherwise,

denied.

33.    The listing from the Japanese Trademark Database for Application No. 2004-075218 is attached hereto as <u>Exhibit 10</u>.

**<u>ANSWER</u>:**  Admitted.

34.    On information and belief, defendant Tom Miyano filed Application No. 2004-075218 for his personal use or benefit, for the benefit of or use by defendant MiyanoHitec Machinery Inc., or for the benefit or use by a business which is not affiliated with Miyano USA or its parent company, Miyano Machinery Inc.

**<u>ANSWER</u>:**  Admitted that the statement of use filed with Application No. 2004-075218

is accurate.  Otherwise, denied.

35.    The mark applied for by defendant Tom Miyano in Application No. 2004-075218 is identical to the plaintiff Miyano USA's winged letter "M" which is superimposed in a triangle as shown in Miyano USA's United States Trademark Registration No. 1,217,317. (*See* para. 13, *supra*.).

**ANSWER:**  Admitted that the mark appearing in Application No. 2004-075218 is

identical to the winged letter "M" which is superimposed in a triangle as shown in United

States Trademark Registration No. 1,217,317.  Otherwise, denied.

36.    On information and belief, defendant Tom Miyano gave no indication to Miyano Machinery Inc. or Miyano USA that he had filed in his own name Application No. 2004-075219 for the Triangle Winged M mark or Application No. 2004-075218 for the dominant portion of Miyano USA's Triangle Winged M mark.

**ANSWER:**  Denied.

37.    On information and belief, defendant Tom Miyano separated from his position and his employment with Miyano Machinery Inc. (the parent company of plaintiff Miyano USA) in September of 2004.

**ANSWER:**  Denied.

38.    On information and belief, between September 2004 and December 2005, defendant Tom Miyano was Chairman of the Board of plaintiff Miyano USA. Thereafter, Tom Miyano separated from Miyano USA in December of 2005, severing all ties with Miyano USA.

**ANSWER:**  Admit that Tom Miyano was chairman of Miyano USA from September

2004 to September 2005.  Otherwise, denied.

39.    On information and belief, defendant Tom Miyano in September of 2004 instructed or otherwise directed employees of plaintiff Miyano USA to expressly abandon Miyano USA's United States Trademark Registration No. 1,217,317 for the Triangle Winged M mark as shown in paragraph 13 and which is identical to the mark sought in defendant Tom Miyano's Japanese Application No. 2004-075219, filed one month earlier.

**ANSWER:**  Denied.

40.    On information and belief, at least upon defendant Tom Miyano's separation from Miyano USA, he became associated with defendant MiyanoHitec Machinery, Inc. On information and belief, defendant Tom Miyano may have acquired an ownership interest in the aforementioned defendant company.

**ANSWER:**  Admit that Tom Miyano became associated with MiyanoHitec Machinery,

Inc. after separation from Miyano USA.  Otherwise, denied.

      41.     On information and belief, Tom Miyano is currently the CEO and Director of defendant MiyanoHitec Machinery, Inc.

**ANSWER:**  Admitted.

      42.     On information and belief, the corporate name of MiyanoHitec Machinery, Inc. was Hitec Machinery International Inc. when defendant Tom Miyano became associated with it.

**ANSWER:**  Admitted.

      43.     On information and belief, Hitec Machinery International Inc., or a predecessor thereof, was founded in 2004 by defendant Tom Miyano's son, defendant Steven Miyano. On information and belief, Hitec Machinery International Inc. was incorporated March 22, 2005.

**ANSWER:**  Denied.

      44.     On information and belief, defendant Tom Miyano and/or defendant Steven Miyano caused the corporate name of Hitec Machinery International Inc. to be changed to MiyanoHitec Machinery, Inc. On information and belief, the change of name to MiyanoHitec Machinery, Inc. took place in November 2006.

**ANSWER:**  Admitted.

      45.     On information and belief, since the founding of defendant MiyanoHitec Machinery, Inc. (or its predecessor), the principal place of business of the defendant corporation has been at 50 Dundee Lane, Barrington Hills, Illinois 60010. On information and belief, the principal residence of defendant Tom Miyano has been at 50 Dundee Lane, Barrington Hills, Illinois 60010 since at least January of 2004.

**ANSWER:**  Admitted.

      46.     The stated business of defendant MiyanoHitec Machinery, Inc. will be to manufacture and distribute machine tools, such as CNC lathes and related components and equipment. On information and belief, defendants have not yet sold a machine tool, equipment related to machine tools, or parts for machine tools.

**ANSWER:**  Admitted that defendants are active participants in the machine tool

industry.

47.    On information and belief, defendant Tom Miyano, while Chairman of Board of Miyano USA, knew that defendant MiyanoHitec Machinery, Inc., then known as Hitec Machinery International Inc., had been established at and was operating out of his principal residence.

**ANSWER:** Denied.

48.    Defendants use a Winged M design which is nearly identical to the Winged M component of plaintiff Miyano USA's trademark registration 1,217,317. A copy of the Winged M that defendants display prominently on at least their folders, promotional literature, and website is as follows:

**ANSWER:** Admit the defendants use a Winged M design that is nearly identical to the

Winged M component of mark shown in trademark registration 1,217,317 and that the

Winged M shown in paragraph 48 is used on folders, promotional literature, and a

website.  Otherwise, denied.

49.    On information and belief, defendants use a Winged M design on also their business cards. On information and belief, defendant Tom Miyano's business card is pictured below.

**ANSWER:** Admitted.

50.    On December 13, 2007, defendant Tom Miyano filed an application (Trademark Application No. 77/351,695) to register the Winged M illustrated above in paragraph 48 with the U.S. Patent and Trademark Office. The application seeks the registration of the above-illustrated Winged M design in connection with "Machine Tools, Industry machinery instruments (exclude [*sic*] CNC Lathe/Automatic Lathe, Automatic Tapping Machine), Power machinery instruments, Wind & Water power machinery instruments, Office machinery instruments, other machinery instruments which are not specified above, and machine accessories and elements."

**ANSWER:** Admitted that the cited application was filed.  Otherwise, denied.

51.    Defendants also prominently use "Miyano" as part of their corporate name "MiyanoHitec Machinery, Inc.," and as part of their trade name ("Tom and Steven Miyano Machinery"). Indeed, instead of operating under the earlier corporate name of Hitec Machinery International Inc., defendants intentionally changed the corporate name so it would include "Miyano" whereupon they could trade on the goodwill belonging to Miyano USA.

**ANSWER:** Denied and further stated that defendants use their family name, Miyano.

52.     Defendants have also adopted the trade name TOM & STEVEN MIYANO MACHINERY which they use in conjunction with the corporate name MiyanoHitec Machinery, Inc.

**ANSWER:** Admitted that defendants use their family name, Miyano. Otherwise,

denied.

53.     Defendants set up a website to advertise their products and company. At least as of March 30, 2007, defendants' website, accessible at http://miyanohitec.com, stated:

> MIYANOHITEC, established in March 2005. We go back to 1899 for the full history from Tsunoda Metal Works (in Japan) -> Miyano Metal Works (in Japan) -> Miyano Machinery, Inc. (in Japan) -> MIYANOHITEC MACHINERY, INC. With over 100 years of history.
>
> *1 On June 2003, our family gave up the ownership of Miyano Machinery, Inc. (in Japan) owned with a Japanese Citizenship. We re-established again a new machine company by the name of "MIYANOHITEC MACHINERY, INC." as an U.S. based company owned by an American citizenship.
>
> SERVICE
> We Supply various production systems such as a CNC-Lathe, Machining Center, CNC-Grinders and more. We provide High-End Quality machines and very reasonable cost machines also. We also have the capability for creating CNC-Lathes and Machining-Center systems.

[*sic*, *passim*] Exhibit 11 hereto shows a screenshot of defendants' website as of March 30, 2007.

**ANSWER:** Admitted that Plaintiff wrote those words in its Complaint at paragraph 53.

Otherwise denied.

54.     Defendants later modified the MIYANOHITEC website. A screenshot of the defendants' website opening page as of April 2007 is attached as Exhibit 12.
**ANSWER:** Admitted that the exhibit appears to be a screenshot of the MiyanoHitec

website. Otherwise, denied.

55.    Defendants currently state on their website that they "supply various CNC production system [*sic*] ranging from max. load 8 tons to 5 axis multi palette *Jig Borers*, precision *Gear Shaving machines*, to ordinary *CNC Lathes*, *Machining Centers*, *CNC Grinding machines* from High-End Quality machines to very reasonable cost machines." A screenshot of the defendants' website opening page as of January 23, 2008 is attached as Exhibit 13.

**ANSWER:**  Admitted.

56.    Defendants included a "disclaimer" on their website. Plaintiff Miyano USA denies that any disclaimer is adequate to avoid confusion, mistake, or deception. On information and belief, the current language of the disclaimer has the smallest font on the MiyanoHitec website page. *See* Exhibit 13.

**ANSWER:**  Admit that a disclaimer appears on the MiyanoHitec website.  Otherwise,

denied.

57.    Defendants included a "disclaimer" on their pink folder, which they use to advertise their business. Examples of the front cover and rear cover the defendants' pink folder of which is shown in Exhibit 14. On information and belief, the text of the disclaimer appears on the rear cover of folder (Exhibit 14, page 2), and its size is equal to or smaller than 7pt Times New Roman font. Plaintiff Miyano USA denies that any disclaimer is adequate to avoid confusion, mistake, or deception.

**ANSWER:**  Admit that a disclaimer appears on the folder used to advertise MiyanoHitec

and Exhibit 14 shows an example of such a folder.  Otherwise, denied.

58.    On September 8-13, 2008, the International Manufacturing Technology Show will be held at McCormick Place in Chicago. This trade show is held every second year and is widely regarded as the premier manufacturing technology show in North America. IMTS announced that upwards of 1,200 companies will exhibit at the Show and that the Show would attract more than 90,000 buyers and sellers from 119 countries; that exhibits would be organized in pavilions that are geared toward specific industries, technologies, and solutions, and that one of the categories is "metal cutting." *See* Exhibit 15 hereto.

**ANSWER:**  Admit that on September 8-13, 2008, the IMTS is presently scheduled to be

held at McCormick Place in Chicago and that exhibits may be organized in pavilions that

are geared toward specific industries, technologies, and solutions, and that one of the

categories may be "metal cutting."  Otherwise, is without knowledge or information

sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

59.     In 2006, plaintiff Miyano USA spent approximately $400,000 in expenses related to attending IMTS and promoting its reputation and goodwill at the trade show. Miyano USA expects to spend approximately $450,000 in connection with attending the next IMTS in 2008.

**ANSWER:**  Is without knowledge or information sufficient to form a belief as to the

truth of the allegations and, therefore, denies same.

60.     On information and belief, defendants MiyanoHitec Machinery, Inc., Tom Miyano, and Steven Miyano intend to participate in the International Manufacturing Technology Show using the deceptively similar trade name "MiyanoHitec Machinery, Inc."

**ANSWER:**  Admit that defendants intend to participate in the IMTS and further state that

they will use their family name.  Otherwise, denied.

61.     Any listing by defendants of the company "MiyanoHitec Machinery, Inc." at, for example, the IMTS 2008 and elsewhere is likely to divert, confuse, deceive, and to cause mistake among customers and prospective customers of plaintiff Miyano USA through the wrongful use of the well-known MIYANO trademark that symbolizes goodwill developed by Miyano USA.

**ANSWER:**  Denied.

62.     On information and belief, defendants have also secured a booth at the International Manufacturing Technology Show on the same floor as Miyano USA's booth. Miyano USA's booth is simply labeled on the trade show floor map as "Miyano," while, on information and belief, defendants' booth is labeled as "Miyano Hitec" (with "Miyano" being displayed separate and above the word "Hitec"). Attached as Exhibit 16 is the floor map for the 2008 show distributed by the organizers of the IMTS. An excerpt from Exhibit 16 (the IMTS floor map), showing plaintiff Miyano USA's booth and the defendants' booth, is provided below.

**ANSWER:**  Admitted that defendants have secured a booth at the prospective IMTS and

further state that they intend to use their family name at the IMTS.  Admit that Exhibit 16

appears to be a floor map purporting to be fore the 2008 IMTS show.  Otherwise, denied.

63.     Defendants' use of the company "MiyanoHitec Machinery, Inc." as shown on the IMTS floor map in Exhibit 16 and paragraph 62 is likely to divert, confuse, and deceive customers and potential customers and is likely to cause confusion or mistake as to plaintiff Miyano USA's sponsorship, approval, or endorsement of defendants. As result, Miyano USA will be irreparably harmed by the actions of defendants in the use of the "Miyano" trade name, the MIYANO trademark and the Winged M trademark at the upcoming IMTS.

**ANSWER:**  Denied.

64.     Plaintiff Miyano USA has requested that the defendants cease and desist from using "Miyano" in connection with their directly-competitive business activities and website.

**ANSWER:**  Admitted that Plaintiff sent a cease and desist letter in March 2007.

Otherwise, denied.

65.     Defendants have refused to refrain from using "Miyano" in their directly competitive business and instead have asserted a right to use the "Miyano" trade name in combination with a disclaimer.

**ANSWER:**  Admitted that defendants have refused to refrain from using their family

name, Miyano, in their business and have asserted a right to use their family name.

Otherwise, denied.

66.     Defendants have no right to use "Miyano" in connection with a directly competitive business operating in the same geographic region, using the same channels of trade, seeking to sell the same type of merchandise to the exact same customers.

**ANSWER:**  Denied.

67.     On information and belief, defendants are using the "Miyano" trade name and the Winged M trademark in connection with advertising for the purposes of commercial gain based on the likelihood of confusion as to the source, sponsorship, affiliation or endorsement with plaintiff Miyano USA and its well-known trade name "Miyano," the MIYANO trademark, and Triangle Winged M trademark.

**ANSWER:**  Denied.

68.     On information and belief, defendants are at least using the word "Miyano" in connection with machines and machine tools, such as turning centers, lathes, and vertical machining centers.

**ANSWER:** Admitted.

69.    On information and belief, defendants are at least using the word "Miyano" and the Winged M trademark in connection with advertising and sale of parts for machine tools, such as turning centers, lathes, and vertical machining centers.

**ANSWER:** Admit.

70.    The customers sought by defendants are the same customers to whom plaintiff Miyano USA markets its goods and services. The channels of trade utilized by Miyano USA and to be used by defendants are also identical. On information and belief the goods are related or the same, but for differences in quality.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

71.    The use by defendants of "Miyano" and of the Winged M design in connection with machine tools (such as lathes), parts, and services is likely to cause confusion, deception, or mistake in the relevant marketplace.

**ANSWER:** Denied.

72.    On information and belief, defendants' actions have been and continue to be committed intentionally with full knowledge of plaintiff Miyano USA's prior rights and the fact that such actions are likely to cause confusion, mistake, or deception, and are a deliberate  attempt to trade on plaintiff Miyano USA's goodwill.

**ANSWER:** Denied.

73.    On information and belief, defendants' use of the trade name "Tom and Steven Miyano Machinery" has been and continues to be made with a bad faith intent to profit from plaintiff Miyano USA's registered MIYANO trademark and from its "Miyano" trade name.

**ANSWER:** Denied.

74.    Defendants' change of the corporate name Hitec Machinery International Inc. to MiyanoHitec Machinery, Inc. was deliberately calculated to divert actual and prospective customers of plaintiff Miyano USA and trade on Miyano USA's goodwill.

**ANSWER:** Denied.

75.    Defendants' actions in using the "Miyano" trade name and the Winged M

trademark, along with reference to the history of Miyano USA's parent company (Miyano Machinery Inc.), constitute deliberate attempts to trade on Miyano USA's goodwill and to usurp their valuable trademarks and trade name.

**ANSWER:**  Denied.

76.     On information and belief, plaintiff Miyano USA believes that defendants are sourcing their lathes and other machine tools from India and expects that the goods will have markedly inferior quality to the high precision equipment sold by Miyano USA. Action by defendants which associate the "Miyano" trade name, MIYANO mark or the Winged M mark with inferior goods will cause irreparable damage to plaintiff Miyano USA.

**ANSWER:**  Denied.

77.     Plaintiff Miyano USA has not consented to any use of the Winged M design or the mark MIYANO by any of defendants. Miyano USA has been and will continue to be irreparably harmed by the actions of defendants in the use of the "Miyano" trade name, the MIYANO trademark and the Winged M trademark.

**ANSWER:**  Admitted that Miyano USA has not given express consent, to the extent that

it has the right to do so.  Otherwise, denied.

78.     The public interest will be furthered by enjoining the defendants from using the "Miyano" trade name and the MIYANO or the Winged M trademarks, as such an injunction will protect the public from confusion and deception in thinking incorrectly that defendants' goods and services are licensed by or otherwise lawfully associated with plaintiff Miyano USA or its registered marks.

**ANSWER:**  Denied.

79.     On April 25, 2007, defendants Tom and Steven Miyano filed with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office a Petition for Cancellation (Cancellation No. 92047422) seeking to cancel plaintiff Miyano USA's federal registration of the Triangle Winged M trademark (Registration No. 1,217,317). The Petition for Cancellation filed on April 25, 2007 is attached as Exhibit 17.

**ANSWER:**  Admitted.

80.     In the April 25, 2007 Petition for Cancellation, defendants Tom and Steven Miyano alleged that the renewal of the Triangle Winged M trademark registration mark was fraudulently obtained and that the Triangle Winged M trademark has been abandoned.

**ANSWER:**  Admitted.

81.     On June 4, 2007, plaintiff Miyano USA filed a Motion to Dismiss defendants' Petition for Cancellation. The cancellation proceeding has since been stayed.

**ANSWER:**  Admitted.

82.     On June 22, 2007, defendants Tom and Steven Miyano filed a Motion for Leave to file an Amended Petition for Cancellation. The Motion for Leave and accompanying Amended Petition for Cancellation is attached as <u>Exhibit 18</u>.

**ANSWER:**  Admitted.

83.     In the Amended Petition for Cancellation, defendants Tom and Steven Miyano stated that they have been threatened with legal action based on the Triangle Winged M registration and they have used their version of the Winged M trademark since November 3, 2006. Defendants Tom and Steven Miyano also alleged in their Amended Petition for Cancellation that Miyano USA has not used the Triangle Winged M mark in the last three consecutive years and with the intent to not resume use.

**ANSWER:**  Admitted.

84.     No action has been taken by the Trademark Trial and Appeal Board with regard to the Motion for Leave filed by the defendants Tom and Steven Miyano.

**ANSWER:**  Admitted.

85.     Plaintiff Miyano USA denies the allegations that the renewal was fraudulently obtained or that it has abandoned use of the Triangle Winged M mark with the intent to not resume use.

**ANSWER:**  Admit that Plaintiff denies the allegations.  Otherwise, denied.

86.     On November 19, 2007, defendants Tom and Steven Miyano filed another Petition for Cancellation (Cancellation No. 92048482) seeking to cancel plaintiff Miyano USA's federal registration of the plain-text MIYANO trademark (Registration No. 3,328,718). The Petition for Cancellation filed on November 19, 2007 is attached as <u>Exhibit 19</u>.

**ANSWER:** Admitted.

87.     In the Petition for Cancellation filed November 19, 2007, defendants alleged that the plaintiff Miyano USA obtained the MIYANO trademark registration through fraud. Paragraph 12 of defendants' Petition for Cancellation filed on November 19, 2007 stated:

> 10. [*sic*] In February 20, 2007, George Kobayashi filed a Declaration on behalf of: Respondent [plaintiff Miyano USA] stating that "…no other person, firm, corporation, or

> association has the right to use the mark in commerce,
> either in the identical form thereof or in such near
> resemblance thereto as to be likely, when used on or in
> connection with the goods/services of such other person, to
> cause confusion, or to cause mistake, or to deceive; and that
> all statements made of his/her that all statements made on
> information and belief are believed to be true."

**ANSWER:**  Admitted.


88.    Defendants Tom and Steven Miyano in paragraph 12 misquoted George Kobayashi's declaration by failing to include the preposition "to the best of his/her knowledge and belief" before "no other person…" The application for the plain-text MIYANO trademark filed on February 20, 2007 is attached as <u>Exhibit 20</u>. The complete clause of George Kobayashi's declaration (found on page 4 of <u>Exhibit 20</u>) reads:

> to the best of his/her knowledge and belief no other person,
> firm, corporation, or association has the right to use the
> mark in commerce, either in the identical form thereof or in
> such near resemblance thereto as to be likely, when used on
> or in connection with the goods/services of such other
> person, to cause confusion, or to cause mistake, or to
> deceive; and that all statements made of his/her own
> knowledge are true; and that all statements made on
> information and belief are believed to be true.

**ANSWER:**  Deny that Tom and Steven Miyano misquoted George Kobayashi's

declaration.  Otherwise, admitted.

89.    Defendants Tom and Steven Miyano stated in paragraph 13 of their Petition for Cancellation filed on November 19, 2007 that they were using the word "Miyano" in connection with goods falling within the description of goods listed in registration of the MIYANO trademark prior to February 20, 2007.

**ANSWER:**  Admit that Tom and Steven Miyano stated in the 13th paragraph of their

Petition for Cancellation as follows: "At the time that the declaration described in

paragraph 10 was signed, Respondent knew of the existence of the petitioners ant that

Petitioners were using their surname in connection with goods falling within

Respondent's description of goods/services."  Otherwise, denied.

90.    Defendants Tom and Steven Miyano alleged in paragraph 14 of their Petition for Cancellation filed on November 19, 2007 that "Respondent [plaintiff Miyano USA] knew that Respondent's use of the Mark [MIYANO trademark] was likely to cause confusion, mistake or to deceive the relevant public for the described goods."

**ANSWER:**  Admit that Tom and Steven Miyano stated in the 14th paragraph of their

Petition for Cancellation as follows: "At the time that the declaration described in

paragraph 10 was signed, Respondent knew that Respondent's use of the Mark was likely

to cause confusion, mistake or to deceive the relevant public for the described goods."

Otherwise, denied.

91.    Defendants Tom and Steven Miyano stated in paragraphs 12-14 of their Petition for Cancellation filed on November 19, 2007 that the concurrent use of word "Miyano" by both plaintiff Miyano USA and Tom and Steven Miyano is "likely to cause confusion, mistake or to deceive the relevant public for the described goods."

**ANSWER:**  Defendants incorporate herein by direct reference their response to

paragraphs 88-90 above.

92.    Plaintiff Miyano USA denies the allegation of fraud in defendants' November 19, 2007 Petition for Cancellation, as the allegation is baseless in fact and in law. Plaintiff Miyano USA is the senior user of the MIYANO trademark on at least the goods indicated in the registration, as it has used the word "Miyano" in commerce since as early as January 9, 1975. Miyano USA has superior rights in the word "Miyano," as evident by its registration for the stylized MIYANO trademark, which was registered in 1989. On information and belief, defendants have been using the word "Miyano" in connection with goods falling within the description of goods listed in the registration only since November of 2006. Being the junior user, *defendants' use* of the mark is likely to cause confusion, mistake or to deceive the relevant public for the described goods. As result, defendants' use of the word "Miyano" is unlawful and infringing.

**ANSWER:**  Admit that Plaintiff denies the allegations of fraud and further admit that

defendants have been using their family name, Miyano, in connection with their business.

Otherwise, denied.

93.    In the petition to cancel the MIYANO trademark filed on November 19, 2007, defendants Tom and Steven Miyano also alleged that the MIYANO trademark was obtained contrary to 15 U.S.C. §1052(c). *See* Exhibit 19, para. 10.

**ANSWER:** Admitted.

94.     Defendants Tom and Steven Miyano alleged that the plain-text MIYANO trademark consists of a name particularly identifying the defendants Tom Miyano and Steven Miyano, who have not given their consent to have their names registered as a trademark.

**ANSWER:** Admitted.

95.     Plaintiff Miyano USA denies that the allegation that the plain-text MIYANO trademark was registered contrary to 15 U.S.C. §1052(c).

**ANSWER:** Admit that Plaintiff denies the allegation of fraud.  Otherwise denied.

96.     The Trademark Manual of Examining Procedure ("TMEP")(5th ed. 2007) is published by the United States Patent and Trademark Office to provide trademark examining attorneys, trademark applicants, and attorneys and representatives for trademark applicants with a reference work on the practices and procedures relative to prosecution of applications to register trademarks. The Trademark Manual of Examining Procedure is freely available at the United States Patent and Trademark Office website at www.uspto.gov.

**ANSWER:** Admit that the Trademark Manual of Examining Procedure is published by

the United States Patent and Trademark Office and is available at the United States Patent

and Trademark Office website at www.uspto.gov. Otherwise, is without knowledge or

information sufficient to form a belief as to the truth of the allegations and, therefore,

denies same.

97.     Section 1206.03(b) of the TMEP states: "When a particular individual identified by matter in a mark is also the person who signed the application, then his or her consent to registration will be presumed." *See* Exhibit 21.

**ANSWER:** Admit that section 1206.03(b) of the TMEP so states.  Otherwise, denied.

98.     On information and belief, defendant Tom Miyano, while acting as President of plaintiff Miyano USA (or its predecessor), signed on behalf of it the application for registration of stylized MIYANO trademark, Registration No. 1,527,809, and the corresponding declarations. The application filed with the U.S. Patent and Trademark Office for the stylized MIYANO trademark is attached as Exhibit 22.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

99.    On information and belief, defendant Tom Miyano's signature appears below the declaration on the application to register the stylized MIYANO trademark. *See* Exhibit 21. On information and belief, defendant Tom Miyano signed the application and declaration on April 7, 1988.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

100.    On August 8, 1988, attorneys for plaintiff Miyano USA (or its predecessor) sent a letter to the Commissioner of Patents regarding the application to register the stylized MIYANO trademark. The August 8, 1988 letter to the Commissioner of Patents and Trademarks is attached as Exhibit 23.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

101.    The August 8, 1988 letter to the Commissioner of Patents and Trademarks included another declaration concerning the application for the stylized MIYANO trademark.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

102.    On information and belief, defendant Tom Miyano's signature appears below the declaration that accompanied the August 8, 1988 letter. *See* Exhibit 23, page 2. On information and belief, Tom Miyano signed the declaration included in Exhibit 23 on behalf of plaintiff Miyano USA (or its predecessor) on August 3, 1988.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

103.    In the declaration, dated August 3, 1988, and made part of the application for the registration of the stylized MIYANO trademark, on information and belief, defendant Tom Miyano stated:

> Toshiharu Miyano being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false

statements may jeopardize the validity of the application or any registration resulting therefrom, declares that the undersigned is President of Applicant corporation and is authorized to execute this instrument on behalf of said corporation; he/she believes said corporation to be the owner of the mark sought to be registered; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use said mark in commerce, either in the identical form or in such near resemblance therto as may be likely, when applied to the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; the facts set forth in this application are true; and all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true. *See* Exhibit 23, page 2.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

104.    On July 12, 1994, attorneys for Miyano USA (or its predecessor) submitted to the U.S. Patent and Trademark Office a Combined Declaration under Sections 8 and 15 indicating that the stylized MIYANO trademark, Registration No. 1,527,809, had been in continuous use in interstate commerce for five consecutive years from the date of registration on the goods recited in the registration. The Combined Declaration under Sections 8 and 15 and accompanying letter which were sent to the U.S. Patent a Trademark Office and made part of the trademark's record are attached as Exhibit 24.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

105.    On information and belief, defendant Tom Miyano made the declaration on behalf of plaintiff Miyano USA (or its predecessor) attached as Exhibit 24. On information and belief, defendant Tom Miyano's signature appears at the end of the Combined Declaration under Section 8 and 15. *See* Exhibit 24, page 4. On information and belief, defendant Tom Miyano signed the Combined Declaration under Section 8 and 15 on June 21, 1994.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

106.    In the Combined Declaration under Section 8 and 15, dated June 21, 1994, and made part of the record for the stylized MIYANO trademark, on information and belief, defendant Tom Miyano stated in part:

> *Toshiharu (Tom) Miyano* declares that he is the *chairman of the board* of Miyano Machinery USA Inc. an Illinois corporation, having its principal place of business at 940 North Central Avenue, Wood Dale, Illinois 60191, and is authorized to execute this Declaration on behalf of said corporation; that Miyano Machinery USA Inc. owns the above-identified registration issued on March 7, 1989, as shown by records in the Patent and Trademark Office…
>
> I declare further that all statements made herein are true and that these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this document and the registration to which it relates. *See* Exhibit 24.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations and, therefore, denies same.

107.    In the Combined Declaration under Section 8 and 15, defendant Tom Miyano declared that plaintiff Miyano USA (or its predecessor) is the owner of the stylized MIYANO trademark, Registration No. 1,527,809.

**ANSWER:** without knowledge or information sufficient to form a belief as to

the truth of the allegations and, therefore, denies same.

108.    The stylized MIYANO trademark and the Miyano motto trademark consist of or comprise in whole or in part of the word "Miyano."

**ANSWER:** Admit that the stylized Miyano with design and Miyano motto include the

family name, Miyano.  Otherwise, denied.

109.    Section 1206.03(b) of the TMEP also states that "[a]n applicant does not have to submit a new consent if a consent to register is already part of the record in the file of a valid registration for a mark comprised in whole or in part of the same name, portrait or signature for the same goods or services. In this situation, the applicant only has to claim ownership of that existing registration." *See* Exhibit 21.

**ANSWER:**  Admit that section 1206.03(b) of the TMEP so states.  Otherwise, denied.

110.    Defendant Tom Miyano gave his consent to plaintiff Miyano USA (or its predecessor) to register the stylized MIYANO trademark, Registration No. 1,527,809, by signing the application and the declarations which accompanied the application. The application and declarations were part of the record of the stylized MIYANO trademark file. The registration of the plain-text MIYANO trademark, at issue in the cancellation proceeding, claimed common ownership of the existing registration for the stylized MIYANO trademark (Registration No. 1,527,809), as reflected in the registration certificate. *See* Exhibit 1. Therefore, plaintiff Miyano USA did not have to obtain defendants' consent to register the plain-text MIYANO trademark, and defendants' alleged claim that such registration is contrary to §1052(c) is baseless. *See* TMEP

**ANSWER:**  Denied.

111.    On December 19, 2007, defendant Tom Miyano filed with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office a Notice of Opposition (Opposition No. 91181392) opposing the federal registration of the Triangle Winged M service mark (Application Serial No. 77/176,918). Defendant Tom Miyano's Notice of Opposition is application attached as Exhibit 25.

**ANSWER:**  Admitted.

112.    In the Notice of Opposition, defendant Tom Miyano alleged that he has filed an application with the U.S. Patent and Trademark Office to register the mark as shown below:

**ANSWER:**  Admitted.

113.    On December 13, 2007, defendant Tom Miyano filed a trademark application with the U.S. Patent and Trademark Office (Trademark Application No. 77/351,695) to register in the United States the Winged M illustrated in paragraph 112. The trademark application filed by Tom Miyano on December 13, 2007 is attached as Exhibit 26.

**ANSWER:**  Admitted.

114.    Defendant Tom Miyano's application to register the mark illustrated in paragraph 112 is based on 15 U.S.C. 1126(e) (Lanham Act §44(e)) and Japanese Registration No. 2008979.

**ANSWER:**  Admitted.

115.    In the trademark Application No. 77/351,695 attached as Exhibit 26, defendant Tom Miyano stated that he is owner of Japanese registration no. 2008979 as the legal heir to Sumiko Miyano.

**ANSWER:** Admitted.

116.    On its face Japanese Registration No. 2008979 is assigned to Sumiko Miyano.

**ANSWER:** Admitted.

117.    Accompanying Tom Miyano's trademark application to register the mark illustrated in paragraph 112 is an "Inheritance tax report." The Inheritance tax report and a translation of the inheritance tax report submitted by defendant Tom Miyano are included in Exhibit 26.

**ANSWER:** Admitted.

118.    On information and belief, the Inheritance tax report accompanying defendant Tom Miyano's trademark application was prepared by an accountant.

**ANSWER:** Admitted.

119.    The Inheritance tax report does not transfer legal and equitable title from Sumiko Miyano to defendant Tom Miyano.

**ANSWER:** Defendants are unable to respond to this incomprehensible allegation and object to it as such.

120.    Defendant Tom Miyano alleged in his Notice of Opposition that the Winged M illustrated above in paragraph 112 and the subject of his federal trademark application (Trademark Application No. 77/351,695) is likely to cause confusion with plaintiff Miyano USA's Triangle Winged M which is the subject of Miyano USA's U.S. Trademark Application No. 77/176,918.

**ANSWER:** Admitted.

121.    Defendant Tom Miyano also alleged in his Notice of Opposition that Miyano USA has not used the Triangle Winged M mark in commerce for the services described in plaintiff Miyano USA's trademark Application 77/176,918. Defendant Tom Miyano alleged that Miyano USA's allegations of use made in its application were knowingly false and that the allowance of the application was obtained through fraud on the Trademark Office.

**ANSWER:** Admitted.

122.    Plaintiff Miyano USA denies defendant Tom Miyano's allegation of fraud.

Miyano USA has used the mark for services as set forth in its U.S. Trademark
Application No. 77/176,918. For example, service personnel wear shirts bearing the mark
in U.S. Trademark Application No. 77/176,918 when responding to service calls and
repairing and refurbishing machine tools for the its customers. The mark also appears as a
watermark on invoices for repair and refurbishment services performed by Miyano USA.
*See* Exhibit 27.

**ANSWER:**  Admit that Plaintiff denies the allegation of fraud.  Otherwise, denied.

123.    In addition to the declarations identified above, defendant Tom Miyano
made several other declarations on behalf of plaintiff Miyano USA or its predecessors in
which defendant Tom Miyano declared that plaintiff Miyano USA (or its predecessor)
was the owner or that he believed plaintiff Miyano USA (or its predecessor) to be the
owner of the registration for the mark which incorporated the term "Miyano."

**ANSWER:**  Defendants are unable to respond to this incomprehensible allegation

and object to it as such.

124.    For example, on information and belief, defendant Tom Miyano on behalf
of plaintiff Miyano USA (or its predecessor) made the declaration which accompanied a
prior application for registration of the plain-text "Miyano" trademark. On information
and belief, defendant Tom Miyano's signature appears on the application for registration
of the plain-text "Miyano" trademark below the declaration as shown in Exhibit 28. On
information and belief, defendant Tom Miyano signed the application for the registration
of the prior plain-text "Miyano" trademark on April 7, 1988.

**ANSWER:**  Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations and, therefore, denies same.

125.    On March 16, 1987, plaintiff Miyano USA (or its predecessor) submitted
to the U.S. Patent and Trademark Office an application for registration of the plain-text
word mark MIYANO THE WORLD LEADER IN PRECISION ("Miyano motto mark").
This application attached hereto as Exhibit 29. On information and belief, defendant Tom
Miyano made the declaration which accompanied the application for registration of the
Miyano motto mark. On information and belief defendant Tom Miyano's signature
appears on the application for registration of the Miyano motto mark. On information and
belief, defendant Tom Miyano signed the application for the registration of the Miyano
motto mark on March 11, 1987. On information and belief, in the declaration that
accompanied the application for the registration of the Miyano motto mark defendant
Tom Miyano declare that he believed plaintiff Miyano USA (or its predecessor) to be the
owner of the mark sought to be registered.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

126.    On February 18, 1993, attorneys for Miyano USA (or its predecessor) submitted to the U.S. Patent and Trademark Office a Combined Declaration under Sections 8 and 15 indicating that the Miyano motto mark had been in continuous use in interstate commerce for five consecutive years from the date of registration on the goods recited in the registration. The Combined Declaration under Sections 8 and 15 and accompanying letter which were sent to the U.S. Patent and Trademark Office and made part of the trademark's record are attached as Exhibit 30.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

127.    On information and belief, defendant Tom Miyano made the declaration attached as Exhibit 29. On information and belief, defendant Tom Miyano's signature appears at the end of the Combined Declaration under Section 8 and 15. On information and belief, defendant Tom Miyano signed the Combined Declaration under Section 8 and 15 on February 8, 1993. On information and belief, defendant Tom Miyano declared in the Combined Declaration under Section 8 and 15 that that Miyano USA (or its predecessor) owns the Miyano motto mark registration. *See* Exhibit 30.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

## COUNT I

128.    Plaintiff Miyano USA realleges the allegations of paragraphs 1 - 127 of this complaint as though fully repeated herein.

**ANSWER:** Defendants incorporate their responses to paragraphs 1-127 above.

129.    Defendants' aforesaid acts are likely to cause confusion, mistake, or deception as to the source of defendants' products.

**ANSWER:** Denied.

130.    Defendants' use of MIYANO and the dominant portion of plaintiff Miyano USA's Triangle Winged M mark is likely to cause purchasers and others to believe mistakenly that defendants' products are legitimately connected with, sponsored by, or approved by Miyano USA, or that Miyano USA's products are connected with, sponsored by, or approved by defendants.

**ANSWER:** Denied.

131.    Defendants' aforesaid use of the "Miyano," the MIYANO trademark, and the Winged M trademark violate plaintiff Miyano USA's exclusive rights in such trade name and marks and constitutes trademark infringement in violation of §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125 (a), and the common laws of Illinois and other states.

**ANSWER:** Denied.

132.    Defendants' aforesaid use of the "Miyano," the MIYANO trademark, and the Winged M trademark is irreparably damaging to plaintiff Miyano USA and will continue to irreparably damage Miyano USA unless restrained by this court. As a result, plaintiff Miyano USA is without an adequate remedy at law.

**ANSWER:** Denied.

## COUNT II

133.    Plaintiff Miyano USA realleges paragraphs 1 - 132 of the Complaint as though fully set forth herein.

**ANSWER:** Defendants incorporate their responses to paragraphs 1-132 above.

134.    On information and belief, one or more of the defendants registered the internet domain "www.miyanohitec.com" on October 15, 2005.

**ANSWER:** Admit.

135.    Plaintiff Miyano USA's "Miyano" trade name, MIYANO mark and Triangle Winged M mark were distinctive at the time that one or more of the defendants registered the domain "www.miyanohitec.com."

**ANSWER:** Denied.

136.    Defendants utilize the website accessible at www.miyanohitec.com to conduct business and/or engage in advertising.

**ANSWER:** Admit.

137.    On information and belief, defendants had and continue to have a bad faith intent to profit from the "Miyano" trade name, the MIYANO trademark, and the Triangle Winged M trademark by registering and using the "Miyano" trade name and MIYANO trademark as part of their infringing domain name and by using the Winged M as a prominent component of their internet website, accessible at "www.miyanohitec.com".

**ANSWER:**  Denied.

138.    Defendants' actions as alleged herein constitute cybersquatting under 15 U.S.C. §1125(d).

**ANSWER:**  Denied.

**COUNT III**

139.    Plaintiff Miyano USA realleges paragraphs 1 - 138 of this Complaint as though fully set forth herein.
**ANSWER:**  Defendants incorporate their responses to paragraphs 1-138 above.

140.    Defendants aforesaid acts violate plaintiff Miyano USA's exclusive rights in its "Miyano" trade name, MIYANO trademark and Winged M trademark and constitute unfair competition in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125 (a), and the common laws of various states including Illinois.

**ANSWER:**  Denied.

141.    Defendants' aforesaid acts are greatly irreparably damaging to plaintiff Miyano USA and will continue to damage Miyano USA greatly and irreparably unless restrained by this Court. As a result, Miyano USA is without an adequate remedy at law.

**ANSWER:**  Denied.

**COUNT IV**

142.    Plaintiff Miyano USA realleges paragraphs 1 - 141 of this Complaint as though fully set forth herein.

**ANSWER:**  Defendants incorporate their responses to paragraphs 1-141 above.

143.    On information and belief, defendants intended that consumers rely on its aforesaid deceptive acts.

**ANSWER:**  Denied.

144.    Defendants willfully engaged in aforesaid deceptive acts, and those aforesaid deceptive acts constitute deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.*

**ANSWER:**  Denied.

145.    Defendants' aforesaid deceptive acts have proximately caused great and irreparable damage to plaintiff Miyano USA and will continue to damage Miyano USA

greatly and irreparably unless restrained by this court. As a result, Miyano USA is without an adequate remedy at law.

**ANSWER:**  Denied.

## COUNT V

146.    Plaintiff Miyano USA realleges paragraphs 1 - 145 of this Complaint as though fully set forth herein.

**ANSWER:**  Defendants incorporate their responses to paragraphs 1-145 above.

147.    This Court has jurisdiction over this count under 28 U.S.C. § 2201.

**ANSWER:**  Admit that a controversy exists.  Otherwise, denied.

148.    The Petition for Cancellation (Cancellation No. 92047422) filed by defendants Tom and Steven Miyano seeking to cancel the federal trademark registration for the Triangle Winged M trademark (Registration No. 1,217,317, for lathes and bar feeders therefor) demonstrates that there is a controversy between defendants and plaintiff Miyano USA with regard to the Miyano USA's legal interest and the validity of the Triangle Winged M trademark registrations. These actions are of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

**ANSWER:**  Admit that a controversy exists.  Otherwise, denied.

149.    Plaintiff Miyano USA seeks a declaratory judgment that the Triangle Winged M trademark registration (Registration No. 1,217,317) is valid.

**ANSWER:**  Admit that Plaintiff seeks a declaratory judgment.  Otherwise, denied.

150.    Miyano USA seeks a declaratory judgment that it did <u>not</u> abandon the Triangle Winged M or Triangle Winged M trademark registration (Registration No. 1,217,317) with the intent not to resume use.

**ANSWER:**  Admit that Plaintiff seeks a declaratory judgment.  Otherwise, denied.

151.    Miyano USA seeks a declaratory judgment that it did <u>not</u> fraudulently renew the Triangle Winged M trademark registration (Registration No. 1,217,317).

**ANSWER:**  Admit that Plaintiff seeks a declaratory judgment.  Otherwise, denied.

## COUNT VI

152.    Plaintiff Miyano USA realleges paragraphs 1 – 151 of this Complaint as though fully set forth herein.

**ANSWER:**  Defendants incorporate their responses to paragraphs 1-151 above.

153.    This court has jurisdiction over this count under 28 U.S.C. § 2201.

**ANSWER:**  Admit that a controversy exists.  Otherwise, denied.

154.    The Petition for Cancellation (Cancellation No. 92048482) filed by defendants Tom and Steven Miyano seeking to cancel the federal trademark registration for the plain-text MIYANO trademark (Registration No. 3,328,718) demonstrates that there is a controversy between defendants and Miyano USA with regard to the Miyano USA's legal interest and the validity of the plain-text MIYANO trademark registration. These actions are of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

**ANSWER:**  Admit that a controversy exists.  Otherwise, denied.

155.    Plaintiff Miyano USA seeks a declaratory judgment that the plain-text MIYANO trademark registration (Registration No. 3,328,718) is valid, was <u>not</u> registered contrary to 15 U.S.C. §1052(c), and was <u>not</u> obtained by fraud.

**ANSWER:**  Admit that Plaintiff seeks a declaratory judgment.  Otherwise, denied.

## COUNT VII

156.    Plaintiff Miyano USA realleges paragraphs 1 - 155 of this Complaint as though fully set forth herein.

**ANSWER:**  Defendants incorporate their responses to paragraphs 1-151 above.

157.    This court has jurisdiction over this count under 28 U.S.C. § 2201.

**ANSWER:**  Admit that a controversy exists.  Otherwise, denied.

158.    The Notice of Opposition (Opposition No. 91181392) filed by defendant Tom Miyano seeking to prevent the registration for the Triangle Winged M service mark (U.S. Trademark Application No. 77/176,918, for repair and refurbishing services in connection with machines and machine tools, namely, turning centers, lathes, vertical machining centers, and all parts therefor) demonstrates that there is a controversy between defendants and Miyano USA with regard to the Miyano USA's legal interest and the validity of the Triangle Winged M service mark. This action is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

**ANSWER:**  Admit that a controversy exists.  Otherwise, denied.

159.    Plaintiff Miyano USA seeks a declaratory judgment that its U.S. Trademark Application No. 77/176,918 for Triangle Winged M mark used in connection with repair and refurbishing services is valid and entitled to be registered.

**ANSWER:**  Admit that plaintiff seeks a declaratory judgment.  Otherwise, denied.

160.    Miyano USA seeks a declaratory judgment that its U.S. Trademark Application No. 77/176,918 for the Triangle Winged M service mark was <u>not</u> obtained by fraud.

**ANSWER:**  Admit that Plaintiff seeks a declaratory judgment.  Otherwise, denied.


## COUNT VIII

161.    Plaintiff Miyano USA realleges paragraphs 1 - 160 of this Complaint as though fully set forth herein.

**ANSWER:**  Defendants incorporate their responses to paragraphs 1-160 above.

162.    This court has jurisdiction over this count under 28 U.S.C. § 2201.

**ANSWER:**  Admit that a controversy exists.  Otherwise, denied.

163.    Defendant Tom Miyano has alleged that plaintiff Miyano USA's Triangle Winged M service mark so resembles defendant Tom Miyano's Winged M design as shown in paragraph 112 and which is sought to be registered in U.S. Trademark Application No. 77/351,695 that Miyano USA's mark is likely to cause confusion, mistake, or deception within the meaning of Section 2(d) of the Lanham Act (15 U.S.C. § 1052(d)). Defendant Tom Miyano's allegation that plaintiff Miyano USA's mark is likely to cause confusion with defendant Tom Miyano's mark creates a controversy between defendants and Miyano USA with regard to the defendant Tom Miyano's legal interest and the validity of his U.S. Trademark Application No. 77/351,695.

**ANSWER:**  Admit.

164.    Plaintiff Miyano USA seeks a declaratory judgment that U.S. Trademark Application No. 77/351,695 or any resulting registration is invalid. Defendant Tom Miyano has not proven that he has legal and equitable title to the Japanese Registration 2008979, of which U.S. Trademark Application No. 77/351,695 claims the benefit and which on its face is assign to Sumiko Miyano, as required by 15 U.S.C. §1126(e) (§44(e) o f the Lanham Act). The inheritance tax report included by defendant Tom Miyano with Application No. 77/351,695 as evidence of ownership is not a legal document which transfers legal and equitable title from Sumiko Miyano to defendant Tom Miyano.

**ANSWER:**  Admit that Plaintiff seeks a declaratory judgment.  Otherwise, denied.

165.    Plaintiff Miyano USA seeks a declaratory judgment that defendant Tom Miyano committed fraud in his U.S. Trademark Application No. 77/351,695 by stating that he is the proper owner and has legal and equitable title to the Japanese Registration 2008979.

**ANSWER:**  Admit that Plaintiff seeks a declaratory judgment.  Otherwise, denied.

166.    Plaintiff Miyano USA seeks a declaratory judgment that plaintiff Miyano USA is the senior user of the Triangle Winged M trademark and service mark and that defendant Tom Miyano's Winged M design as shown in paragraph 112 and which is sought to be registered in U.S. Trademark Application No. 77/351,695 is confusingly similar to plaintiff Miyano USA's registered and common law rights in its Triangle Winged M trademark and service mark such that defendant Tom Miyano's Winged M design is likely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. §1052(d) (§2(d) of the Lanham Act) and constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a) (§§ 32 and 43 of the Lanham Act).

**ANSWER:**  Admit that Plaintiff seeks a declaratory judgment.  Otherwise, denied.

## THE MIYANOS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE – DEFENDANTS ARE USING THEIR PERSONAL NAME

1.    Defendants Tom Miyano and Steven Miyano are legally entitled to use of the name "Miyano" because it is the individual legal name of Defendants Tom and Steven Miyano as used in their own business, Defendant MiyanoHitec Machinery Inc., as provided for under 15 U.S.C. §1115(b)(4) and 15 U.S.C. §1125(d)(1)(B)(i)(II).

### SECOND DEFENSE – FRAUD IN OBTAINING REGISTRATION OF THE MIYANO WORD MARK

1.   In February 20, 2007, George Kobayashi filed a Declaration in trademark application no. 77/111,956 for the word mark MIYANO on behalf of Plaintiff stating that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to

cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her that all statements made on information and belief are believed to be true."

2.   On information and belief, at the time that the declaration described in paragraph 1 was signed, Plaintiff knew of the existence of the Defendants Tom and Steven Miyano and that Defendants were using their surname in connection with goods falling within Plaintiff's description of goods/services.

3.   The Declaration on behalf of Plaintiff being knowingly false, Registration No. 3328718 for the standard word mark MIYANO was obtained through fraud on the Trademark Office.

4.      Plaintiff MMU is barred from any recovery of damages or other relief because plaintiff MMU engaged in fraud on the trademark office, as provided for under 15 U.S.C. §1115(b)(1).

## THIRD DEFENSE – ABANDONMENT OF THE TRIANGLE WINGED M MARK FOR GOODS

1.      On information and belief, Plaintiff abandoned use of the TRIANGLE WINGED M Mark that is the subject of Registration No. 1,217,317 in 1997 with no intent to resume use.

## FOURTH DEFENSE – FRAUD IN MAINTAINING REGISTRATION FOR THE TRIANGLE WINGED M FOR GOODS

1.      On information and belief, Plaintiff abandoned use of the TRIANGLE WINGED M Mark that is the subject of Registration No. 1,217,317 in 1997 with no intent to resume use.

2.      In 2002, George Kobayashi filed a required Section 8 Declaration of Continued Use in connection with Registration No. 1,217,317 stating that the owner was

using or was using through a related company the mark in commerce on or in connection with the goods/services.

  3.  On information and belief, the TRIANGLE WINGED M Mark was not in use in connection with the goods/services listed in the existing registration at the time the Respondent filed the required Section 8 Declaration of Continued Use in connection with Registration No. 1,217,317.

  4.  The allegations of use set forth in the Section 8 Declaration of Continued Use were fraudulent allegations made to deceive the Patent and Trademark Office into maintaining Registration No. 1,217,317 when the registration should properly have been canceled for nonuse.

  3.  Plaintiff MMU is barred from any recovery of damages or other relief because plaintiff MMU engaged in fraud on the trademark office, as provided for under 15 U.S.C. §1115(b)(1).

**FIFTH DEFENSE – FRAUD IN THE APPLICATION FOR THE TRIANGLE WINGED M FOR SERVICES**

  1.  On information and belief, Plaintiff abandoned use of the TRIANGLE WINGED M Mark in 1997 with no intent to resume use.

  2.  On information and belief, Applicant's attorney of record George Kobayashi declared in Plaintiff's Trademark application no. 77/176,918 that Applicant is using the mark in commerce, that the Mark was first used at least as early as January 1, 1970 and first used in commerce at least as early as January 1, 1970.

  3.  On information and belief, Plaintiff did not use the TRIANGLE WINGED M Mark in connection with the services described in Plaintiff's Trademark application no. 77/176,918 at any time from January 1, 1970, until at least as late as September of

2006.

4.    On information and belief, Plaintiff knew of THE MIYANOS use of the Winged M mark at least as early as February of 2007.

5.    On information and belief, Plaintiff knew of THE MIYANOS use of the Winged M mark at the time Plaintiff's Trademark application no. 77/176,918 was filed on May 9, 2007.

6.    On information and belief, Plaintiff knew of Defendant Tom Miyano's ownership of rights to the Winged M mark in Japan at the time Plaintiff's Trademark application no. 77/176,918 was filed on May 9, 2007.

7.    Plaintiff MMU is barred from any recovery of damages or other relief because plaintiff MMU engaged in fraud on the trademark office, as provided for under 15 U.S.C. §1115(b)(1).

### SIXTH DEFENSE – THE MIYANOS HAVE SUPERIOR RIGHTS TO THE WINGED M MARK

1.    Defendant Tom Miyano owns the rights to the Winged M mark in Japan.

2.    On information and belief, any trademark rights relating to or incorporating the Winged M mark that plaintiff may have obtained had been abandoned prior to Defendants adoption of the Winged M mark in November 2006.

3.    Defendant Tom Miyano filed Trademark Application no. 77/351,695 to register the Winged M mark in the United States under 15 U.S.C. §1126(e).

4.    On information and belief, Defendant Tom Miyano is entitled to registration of the winged M mark in the United States pursuant to 15 U.S.C. §1126(e).

5.      Hence, the rights of Defendant Tom Miyano and his licensee, Defendant MiyanoHitec Machinery, Inc., to use the Winged M mark in the United States are superior to those of Plaintiff.

### SEVENTH DEFENSE – UNCLEAN HANDS

1.      Plaintiff is precluded and barred from any recovery of damages or other relief by reason of its unclean hands, due to fraud in maintaining the registration for the Triangle Winged M mark for goods (Registration no. 1,217,317), the fraud in registering the MIYANO word mark (Registration no. 3,328,718), and in applying for registration for the Triangle Winged M mark for services (Trademark Appl. no. 77/176,918).

### EIGHTH DEFENSE – LACHES, ESTOPPEL, ACQUIESCENCE AND UNCLEAN HANDS

1.      On or about November of 2006, Defendants began to publicly use their personal names and the winged M mark in the promotion of their business.  On information and belief, Plaintiff knew of Defendants' use of their surname and the winged M mark at least as early as February of 2007.  Plaintiff waited until January of 2008 to file the present action.  Accordingly, Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence and unclean hands.

## COUNTERCLAIMS

For their Counterclaims against Miyano Machinery USA Inc., Tom and Steven Miyano and MiyanoHitec Machinery, Inc., (collectively know as "THE MIYANOS") allege as follows:

## THE PARTIES

1.      Tom and Steven Miyano are individuals residing in Barrington Hills, Illinois and MiyanoHitec Machinery, Inc., is an Illinois corporation with its principal place of business in Barrington Hills (referred to collectively as "THE MIYANOS").

2.      Miyano Machinery Inc., ("MMJ") is, on information and belief, a Japanese Corporation with its principal place of business in Nagano Prefecture in Japan.

3.      Miyano Machinery USA Inc., ("MMU") is an Illinois Corporation with its principal place of business in Wood Dale, Illinois.  MMU is wholly owned by MMJ.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction for THE MIYANOS' counterclaims are proper under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

5.      This Court has personal jurisdiction over MMU and MMJ.  Both MMU and MMJ regularly conduct business throughout the United States, including Illinois, and including this judicial district.

6.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1400.

7.      The TMEP states the following in section §1206.03(a):  Consent to use of a mark does not constitute consent to register.

8.    The TMEP states the following in section §1206.03(b):   The mere incorporation of a business and consent to the business's use of the mark does not constitute implied consent to the registration of the mark.

9.    The stylized Miyano with design mark that is the subject of Registration No. 1,527,809 is a stylized design that is not the same as the word mark MIYANO.

10.    The word "Miyano" is the family name of Tom Miyano and Steven Miyano.

11.    The application included in Exhibit 28 of MMU's complaint states that: "MIYANO" is a Japanese family name and has no particular English translation.

12.    Registration No. 1,529,343 for the word mark MIYANO owned by MMU was cancelled on September 18, 1995.

13.    Tom Miyano did not give his consent to registration of his family name "Miyano" under Registration No. 3,328,718 for the word mark MIYANO filed February 20, 2007.

14.    Steven Miyano did not give his consent to registration of his family name "Miyano" under Registration No. 3,328,718 for the word mark MIYANO filed February 20, 2007.

15.    The "Miyano motto mark" of Registration No. 1,473,925 includes six words of which one is "Miyano".

16.    The stylized Miyano mark of Registration No. 1,527,809 is a design mark and not a word mark.

17.    Japanese trademark registration no. 441256 for the Winged M design was owned by Sumiko Miyano.

18.    Japanese trademark registration no. 1983020 for the Triangle Winged M design was owned by Sumiko Miyano.

19.    Japanese trademark registration no. 2008979 for the Winged M design is indicated as being owned by Sumiko Miyano in the online database of the Japanese trademark office.

20.    Tom Miyano inherited ownership of all trademark rights of Sumiko Miyano.

21.    Neither MMJ nor MMU currently own trademarks in Japan for either the Triangle Winged M design or the Winged M design.

22.    MMJ used the trademarks in Japan for the Triangle Winged M design and the Winged M design under license from Sumiko Miyano and her predecessors.

23.    Tom Miyano filed Japanese trademark application no. 2004-075218 for the Winged M mark on August 13, 2004.  That application is pending.

24.    Tom Miyano filed Japanese trademark application no. 2004-075219 for the Triangle Winged M mark on August 13, 2004.  That application is pending.

25.    Use by MMJ and MMU of the Winged M design that is shown in Registration Nos. 441256 and 2008979 was abandoned by decision of MMJ in 1984.

26.    Use by MMJ and MMU of the Triangle Winged M design that is shown in Registration No. 1983020 was abandoned by decision of MMJ in 1997.

27.    By decision of MMJ in 1997, the stylized Miyano of Registration no. 1,527,809 was selected as the trademark for sale of machines by MMJ and MMU.

28.    Use by MMJ and MMU of the Triangle Winged M or Winged M designs for machines was phased out beginning in 1997.

29.     After the decision to abandon the Triangle M design in 1997, no additional tooling was created to produce machines featuring the Triangle M design.

30.     MMU is under the complete control of MMJ.

31.     MMU phased out use of the Triangle Winged M and Winged M designs at the direction of MMJ.

32.     MMJ and its predecessors were founded by Tom and Steven Miyano's ancestors in 1899.

33.     Tom Miyano began working at MMJ and rose to become President of MMJ.  Tom Miyano was a senior executive at the company founded by his ancestors until his departure in September of 2004.  Tom Miyano, for the vast majority of the time he worked at MMJ and MMU, was a majority shareholder.

34.     Tom Miyano moved to the United States in 1984 and established MMU.

35.     Tom Miyano held the posts of President and Chairman of MMU until June 2004 and September of 2004, respectively.

36.     In 1999, Steven Miyano acquired United States citizenship.

37.     In 1999, Tom Miyano also sought United States citizenship, but was delayed due to travel restrictions imposed as a condition of citizenship.  Tom Miyano became a citizen of the United States in 2005.

38.     Once Tom Miyano acquired United States citizenship, he would have moved the headquarters for MMJ and MMU to the United States, which would have resulted, on information and belief, in the bulk of the income of MMJ and MMU being taxed by the United States instead of Japan.

39.    In order to expand the business of MMJ, Tom Miyano borrowed money from Mitsuisumitomo Bank.  That financing was secured by MMJ stock owned by Tom Miyano.

40.    Payment on these loans to Mitsuisumitomo Bank on the order of $10 million dollars was made in each of the years 2002 and 2003.

41.    In 2004, the Ministry of Finance of the Japanese government recalculated the security for the assets securing the loans made by Mitsuisumitomo Bank to MMJ. The recalculation excluded any value for MMJ's ownership of MMU, MMU's assets or the assets of other MMJ foreign subsidiaries.

42.    The Japanese Minister of Finance subsequently caused a corporation created by the Japanese government called the IRCJ to intervene in MMJ's business affairs.

43.    The IRCJ threatened to cause MMJ to fail if Tom Miyano did not cooperate in the IRCJ take-over of MMJ.  The IRCJ ordered Tom Miyano to pay approximately $1 million dollars cash and surrender 90% of his stock in MMJ.

44.    The IRCJ subsequently took MMJ public on the Tokyo Stock Exchange.

45.    On information and belief, the IRCJ profited from the public listing of MMJ; the present best estimate of that profit to IRCJ exceeds $200 million dollars -- Mitsuisumitomo Bank made tens of millions of dollars from the public listing.

46.    Tom Miyano was pushed out of MMJ and MMU and had his strong family ties to both companies severed by the IRCJ in or around September of 2004.

47.    Steven Miyano established Hitec Machinery International, Inc., on March 25, 2005.

48.    Steven Miyano changed the name of Hitec Machinery International, Inc., to MiyanoHitec Machinery, Inc., on November 3, 2006.

49.    THE MIYANOS began using the Winged M mark on the MiyanoHitec website starting in November 2006.

50.    On information and belief, MMJ and MMU did not begin to use the Triangle Winged M design with respect to repair services until after MMJ and MMU learned that THE MIYANOS were using the Winged M design starting in November 2006.

51.    On information and belief, MMJ and MMU began to use the Triangle Winged M after MMJ and MMU learned that THE MIYANOS were using the Winged M design.    Starting in November 2006, with the intent to deceive customers regarding the source of goods associated with the Winged M design, MMJ and MMU began to use the Triangle Winged M.

52.    On information and belief, MMU, at the direction of MMJ, filed for Registration no. 3,328,718 for the MIYANO word mark after MMU and MMJ learned that THE MIYANOS were using their family name "Miyano".

53.    On December 13, 2007, Tom Miyano filed trademark application no. 77/351,695 for the Winged M mark under 15 U.S.C. §1126(e) based on ownership of Japanese registration no. 2008979 as heir to Sumiko Miyano.

54.    On information and belief, Tom Miyano is entitled to registration of the Winged M mark under 15 U.S.C. §1126(e).

### COUNT I – DECLARATION CANCELING REGISTRATION OF THE MIYANO NAME
### (Against MMU)

55.    THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

56.    THE MIYANOS seek a declaratory judgment canceling Registration No. 3328718 for the standard character mark MIYANO on the grounds that the mark was obtained contrary to the provisions of 15 U.S.C. §1052(c) in that the mark identifies Defendants Tom and Steven Miyano who are living individuals who have not given consent to have their surname registered as a trademark.

### COUNT II – DECLARATION CANCELING REGISTRATION OF THE MIYANO WORD MARK FOR FRAUD
### (Against MMU)

57.    THE MIYANOS reallege and incorporates herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

58.    In February 20, 2007, George Kobayashi filed a Declaration in trademark application no. 77/111,956 for the word mark MIYANO on behalf of MMU stating that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her that all statements made on information and belief are believed to be true."

59.    At the time that the declaration described in paragraph 9 was signed, MMU knew of the existence of Tom and Steven Miyano and that Defendants were using their surname in connection with goods falling within MMU's description of goods/services.

60.    At the time that the declaration described in paragraph 9 was signed, MMU knew that its use of the Mark was likely to cause confusion, mistake or to deceive the relevant public for the described goods.

61.    The Declaration on behalf of Plaintiff being knowingly false, Registration No. 3328718 for the standard word mark MIYANO was obtained through fraud on the Trademark Office.

62.    THE MIYANOS seek a declaratory judgment canceling Registration No. 3328718 for the standard character mark MIYANO for fraud on the trademark office.

## COUNT III – DECLARATION CANCELING REGISTRATION OF THE TRIANGLE FLYING M MARK FOR GOODS
### (Against MMU)

63.    THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

64.    On information and belief, Plaintiff abandoned use of the TRIANGLE WINGED M Mark that is the subject of Registration No. 1,217,317 in 1997 with no intent to resume use.

65.    In 2002, George Kobayashi filed a required Section 8 Declaration of Continued Use in connection with Registration No. 1,217,317 stating that the owner was

using or was using through a related company the mark in commerce on or in connection with the goods/services.

66.    On information and belief, the TRIANGLE WINGED M Mark was not in use in connection with the goods/services listed in the existing registration at the time the Respondent filed the required Section 8 Declaration of Continued Use in connection with Registration No. 1,217,317.

67.    The Declaration on behalf of Plaintiff being knowingly false, Registration No. 3328718 for the standard word mark MIYANO was obtained through fraud on the Trademark Office.

68.    The allegations of use set forth in the Section 8 Declaration of Continued Use were fraudulent allegations made to deceive the Patent and Trademark Office into maintaining Registration No. 1,217,317 when the registration should properly have been canceled for nonuse.

69.    The Triangle Winged M mark having been abandoned and Registration No. 1,217,317 having been maintained through fraud, THE MIYANOS seek a declaratory judgment ordering Registration No. 1,217,317 canceled.

## COUNT IV – DECLARATION THAT APPLICATION FOR REGISTRATION OF THE TRIANGLE FLYING M MARK FOR SERVICES IS INVALID (Against MMU)

70.    THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

71.     On information and belief, any trademark rights relating to or incorporating the Winged M mark that plaintiff may have obtained had been abandoned prior to Defendants adoption of the Winged M mark in November 2006.

72.     On information and belief, George Kobayashi filed a Declaration in trademark application no. 77/176,918 for the word mark MIYANO on behalf of Plaintiff MMU stating that Plaintiff is using the mark in commerce, that the Mark was first used at least as early as January 1, 1970 and first used in commerce at least as early as January 1, 1970.

73.     On information and belief, Plaintiff did not use the TRIANGLE WINGED M Mark in connection with the services described in Plaintiff's Trademark application no. 77/176,918 at any time from January 1, 1970, until at least as late as September of 2006.

74.     On information and belief, George Kobayashi further stated in the Declaration filed May 9, 2007, in trademark application no. 77/176,918 on behalf of Plaintiff MMU that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her that all statements made on information and belief are believed to be true."

75.     On information and belief, at the time the declaration was made on Plaintiff's behalf, Plaintiff knew that Defendant Tom Miyano owned rights to the Winged M mark in Japan.

76.     On information and belief, Plaintiff knew of THE MIYANOS use of the Winged M mark at least as early as February of 2007.

77.     Defendant Tom Miyano owns the rights to the Winged M mark in Japan.

78.     Defendant Tom Miyano filed Trademark Application no. 77/351,695 to register the Winged M mark in the United States under 15 U.S.C. §1126(e).

79.     On information and belief, Defendant Tom Miyano is entitled to registration of the winged M mark in the United States pursuant to 15 U.S.C. §1126(e).

80.     THE MIYANOS seek a declaratory judgment that Plaintiff's Trademark application no. 77/176,918 is invalid for fraud on the trademark office.

## COUNT V – DECLARATION THAT TOM MIYANO'S APPLICATION FOR REGISTRATION OF THE FLYING M MARK IS VALID
### (Against MMU)

81.     THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

82.     On information and belief, any trademark rights relating to or incorporating the Winged M mark that plaintiff may have obtained had been abandoned prior to Defendants adoption of the Winged M mark in November 2006.

83.     On information and belief, Defendant Tom Miyano owns rights to the Winged M mark in Japan.

84.     Defendant Tom Miyano filed Trademark Application no. 77/351,695 to register the Winged M mark in the United States under 15 U.S.C. §1126(e) based on the rights to the Flying M mark owned in Japan.

85.    On information and belief, Defendant Tom Miyano is entitled to registration of the winged M mark in the United States pursuant to 15 U.S.C. §1126(e).

86.    On information and belief, the rights of Defendant Tom Miyano and his licensee, Defendant MiyanoHitec Machinery, Inc., to use the Winged M mark in the United States are superior to those of Plaintiff.

87.    THE MIYANOS seek a declaratory judgment that Trademark Application no. 77/351,695 is valid and that the rights of Defendant Tom Miyano and his licensee, Defendant MiyanoHitec Machinery, Inc., to use the Winged M mark in the United States are superior to those of Plaintiff.

<u>COUNT III – COMMON LAW UNFAIR COMPETITION</u>
<u>(Against MMU and MMJ)</u>

88.    THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

89.    On information and belief, MMU and MMJ have advertised, promoted, offered for sale and sold in the state of Illinois machinery or machine tools or provided services relating to machinery or machine tools under the Triangle Winged M mark with full knowledge of THE MIYANOS' prior use of its Flying M mark in the same area and for the same products.

90.    On information and belief, in so doing, MMU and MMJ have unfairly competed with THE MIYANOS by attempting to create the impression among relevant consumers that the machines and machine tools or services sold by MMU and MMJ are licensed by, sponsored by, originated with and/or otherwise affiliated with THE MIYANOS, or that the source of the machinery or machine tools sold by MMU and

MMJ under the Triangle Winged M mark is affiliated, connected with or associated with THE MIYANOS, when neither MMU nor MMJ nor their machinery or machine tools have any connection with or authorization from THE MIYANOS

91.    MMU and MMJ have misappropriated THE MIYANOS valuable goodwill and public recognition of the Winged M mark, which has been developed over a long period of time by Defendant Tom Miyano and his predecessors in the state of Illinois, nationally, and internationally, and MMU and MMJ have unlawfully benefited and been unjustly enriched by such activities.

92.    The use, by MMU and MMJ, of the Flying M mark in connection with machinery and machine tools constitutes unfair competition under the common law of the state of Illinois.  This use has injured the business reputation of THE MIYANOS and will cause irreparable harm, damage, and injury to THE MIYANOS unless MMU and MMJ are restrained and enjoined by this Court.

## COUNT IV – DECEPTIVE TRADE PRACTICES
### (Against MMU and MMJ)

93.    THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

94.    MMU and MMJ's use of the Triangle Winged M mark in connection with the offering for sale, advertising, promotion and sale of machinery and machine tools or the repair of same tends falsely to represent or designate that the machinery and machine tools or the repair of same sold by MMU and MMJ are licensed by, sponsored by and/or otherwise affiliated with THE MIYANOS, or tends falsely to represent or designate that the source of the machinery and machine tools or the repair services sold by MMU and

MMJ under the Triangle Winged M mark is affiliated, connected with or associated with THE MIYANOS, when neither MMU nor MMJ nor their machinery and machine tools or their repair services have any connection with or authorization from THE MIYANOS, and are likely to cause confusion or mistake, or to deceive relevant consumers, as to the origin, sponsorship, association or approval of the machinery and machine tools or the repair services sold by MMU and MMJ.

95.     The acts of MMU and MMJ complained of herein constitute a violation of the Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1 *et seq*), and have caused and are causing irreparable harm and damage to THE MIYANOS for which there is no adequate remedy at law.

## COUNT V – FALSE DESIGNATION
### (Against MMU and MMJ)

96.     THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

97.     MMU and MMJ's, conduct as described herein, violates 15 U.S.C. §43(a) and (b).

98.     MMU and MMJ's conduct, if not restrained and enjoined, will cause THE MIYANOS irreparable harm and damage for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues properly triable to a jury in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment in their favor and against MMU and MMJ and respectfully requests the following relief:

1.    Judgment in favor of Defendants on each Count of MMU's Complaint;

2.    A declaratory judgment that Defendants are entitled to use their family name in connection with their business, including domain names;

3.    A declaratory judgment that Plaintiff MMU abandoned use of the Triangle Winged M mark with the intent not to resume.

4.    A declaratory judgment, pursuant to 15 U.S.C. §1119, directing the Commissioner of Patent and Trademarks to cancel Registration No. 3328718 for the MIYANO word mark;

4.    A declaratory judgment, pursuant to 15 U.S.C. §1119, directing the Commissioner of Patent and Trademarks to cancel Registration No. 1,217,317 for the Triangle Winged M for goods;

6.    An order that Plaintiff MMU's abandon Trademark Appl. No. 77/176,918 for the Triangle Winged M for services;

7.    A declaratory judgment that Plaintiff MMU committed fraud in connection with Registration No. 3328718 for the MIYANO word mark;

8.    A declaratory judgment that Plaintiff MMU committed fraud in connection Registration No. 1,217,317 for the Triangle Winged M for goods;

9.    A declaratory judgment that Plaintiff MMU's committed fraud in connection with Trademark Appl. No. 77/176,918 for the Triangle Winged M for services;

10.     A declaratory judgment that Defendant Tom Miyano has rights to the Winged M mark that are superior to Plaintiff MMU's rights;

11.     A declaratory judgment that Defendant Tom Miyano's Trademark Appl. No. 77/351,695 is valid and that the mark is entitled to registration;

12.     An order permanently enjoining Plaintiff MMU from registering or maintaining any registration of the Miyano name or Winged M mark;

13.     An order permanently enjoining MMU and MMJ from using any designations or symbols consisting of or incorporating in whole or part, the Winged M mark;

14.     An order awarding Defendants their costs in this action and reasonable attorneys fees under 15 U.S.C. §§1117(a) and 1125(c)(2), and the Illinois Deceptive Trade Practices Act, 815 ILCS §§510/3.

15.     Awarding Defendants damages sufficient to compensate it for the infringement and other violative conduct by MMU and MMJ, with pre-judgment and post-judgment interest;

16.     Such other and further relief as the Court deems just, legal and equitable and warranted by the proofs, including enhanced and/or punitive damages.

DATED:  February 29, 2008

Respectfully submitted,

/s/ Geoffrey A. Baker
Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312) 214-0900 telephone
(312) 214-4230 facsimile

robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312) 294-9980 telephone
(312) 275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile
gabaker@dowellbaker.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 29, 2008 the foregoing Answer, Affirmative Defenses and Counterclaims was filed via the Court's ECF system, which in turn served Plaintiff's counsel via email as follows:

Edward D. Manzo
Joel Bock
Louis J. Alex
Jason R. Smalley
COOK, ALEX, MCFARRON, MANZO, CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606

Phone:  (312) 236-8500
Fax:  (312) 236-8176
emanzo@cookalex.com

                                                      /s/ Geoffrey A. Baker