**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a Shigemori ) | |
| Miyano, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND

Plaintiff, Miyano Machinery USA Inc. (hereinafter referred to as "plaintiff Miyano USA," "Plaintiff," or "Miyano USA"), through its undersigned counsel, responds to the Motion by MiyanoHitec Machinery, Inc., Tom Miyano, and Steven Miyano (hereinafter referred to as "defendants") to Enlarge Time to Respond.  Defendants have not stated a viable reason as to why additional time is necessary and have presented a one-sided view, which is significant not for what it says but what it doesn't say.  Plaintiff opposes a delay of five weeks, especially when no good cause is articulated.

### Background

On January 24, 2008, plaintiff Miyano USA sued the defendants MiyanoHitec Machinery, Inc., Tom Miyano, and Steven Miyano, (hereinafter referred to as "defendants") for infringement of its trademarks, unfair competition and related claims.  Defendants filed their Answer on February 29, 2008.

On February 1, 2008, plaintiff Miyano USA filed a motion for preliminary injunction (Document #14). On February 7, 2008, this Court set a briefing schedule, giving the Defendants five weeks (until March 12, 2008) to respond and, thereafter, giving Plaintiff until March 27, 2008 to file a reply.

**Plaintiff Has Diligently Cooperated in Response to Defendants' Discovery**

Defendants did not attempt to serve discovery until late on Thursday, February 14, 2008. On that date, without notice, consultation or even follow up to confirm their acceptance, Defendants' counsel Robert Karton emailed Plaintiff's counsel with a Rule 45 Subpoena Duces Tecum directed to Plaintiff's counsel Edward Manzo and Joel Bock. That email also included a Rule 30(b)(6) Deposition Notice of Plaintiff Miyano Machinery USA, Inc. that failed to enumerate or describe with any particularity the matters on which examination was being requested. The subject matter of the Rule 30(b)(6) Notice was defined merely as "relating to the allegations set forth in the Complaint and Motion for Preliminary Injunction filed by MMU in this cause.[1]"

Counsel for Plaintiff --- not Defendants --- initiated discussion between counsel regarding Defendants' written discovery by contacting Defendants' counsel by telephone the very next day on Friday, February 15, 2008. The purpose of the call was to ask Defendants to clarify various requests, which as drafted were overly broad and lacked reasonable particularity. Plaintiff's counsel also pointed out that the Document Subpoena was directed to Plaintiff's <u>counsel</u>, rather than Plaintiff, and accordingly was improper.

---

[1] A party is not required to have its counsel "marshal all of its factual proof" and prepare a witness to be able to testify on a cause of action. *In re Independent Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996).

Defendants in their Motion characterize their document requests as "clearly articulated, narrow and precise" but fail to enclose them with the instant Motion. A review of these requests, which Plaintiff attaches here to as Exhibit 1, reveals that none of these attributes apply.

On Monday, February 18, 2008 (President's Day), Defendants' counsel sent via email a revised Rule 45 Supoena Duces Tecum. [*See* Exhibit 2]. In their revised Document Subpoena, Defendants slightly revised certain terms but also added requests that were not previously served.[2]

Defendants' February 18 Document Subpoena sought production of an extremely broad scope of materials in 6 business days. Plaintiff was prepared to produce responsive materials at the location and on the day specified in their Subpoena, February 26, 2008. Due to a change requested by Defendants' counsel, Plaintiff's produced more than 1,300 documents by sending them via Federal Express on February 26, 2008 to Defendants' counsel's Indiana office for receipt the following day. An additional 8,600 documents were produced shortly thereafter on March 3rd.

Within two weeks of receiving Defendants' February 18 Rule 45 Document Subpoena, Plaintiffs produced nearly 10,000 responsive documents, all of which were organized by request number or accompanied by an index identifying which documents were responsive to which requests.[3] Defendants have yet to provide Plaintiff with any letter, email or other communication

---

[2] Despite the fact that their respective offices are only 5 blocks part, Defendants' counsel never attempted to serve Plaintiff's counsel by hand. Rather, he simply presumed, without notice, consultation or even follow-up, that service of all of the foregoing documents would be effective on the day they were sent via email. Not until Monday February 25, 2008 did counsel for the parties discuss and agree to this method of service.

[3] In stark contrast to Plaintiff's initiative, cooperation, and diligence in responding to Defendants' overly broad requests, Defendants' have ignored Plaintiff's requests for documents and materials despite the parties' reciprocal agreement to permit early and expedited discovery. Defendants have not produced a single document in response to Plaintiff's document requests and having been repeatedly advised that

that identifies a single deficiency in its document production, whether it be by request number or even by subject matter. Had Defendants provided Plaintiff with any such letter, email or other communication, it would have been attached to their Motion, or if conveyed orally, that communication would have been specifically identified in their Motion. Accordingly, the "key documents" that Defendants refer to for the very first time in their Motion have absolutely no antecedent basis in this litigation. Plaintiff is simply left to guess which of the 43 requests in Defendants Document Subpoena they are referring to.

As explained herein, Plaintiff was willing to provide an extension of a few days, not over five weeks, as requested by Defendants in their Motion. Defendants' claim that Plaintiff has failed to timely or fully respond to their discovery requests is without merit.

### Plaintiff Quickly Produced Its Witnesses for Deposition

On February 19, 2008, defendants sent six notices of deposition using email rather than the methods prescribed in the Rules. [Exhibit 6]. At the time, this service was improper under Fed.R.Civ.Pro. 5(b)(2). Of the six notices, only two were directed to individuals residing within the United States (Marchionne and Olczak) and within the control of plaintiff Miyano USA. The other four were directed to individuals living in Japan and outside the custody and control of plaintiff Miyano USA.

Within two days, counsel for Plaintiff sent defendants counsel a letter objecting to the notices of the four individuals located in Japan, stating that they were beyond its custody or

---

Plaintiff must receive these documents and materials before it deposes the Defendants. Plaintiff's counsel served a First Set of Document Requests on Plaintiff's counsel on February 28, requesting production by Monday, March 10, which was comparable to the response time which Defendants provided Plaintiff. [Exhibit 3] On Saturday March 8 – two days before Defendants were to begin producing responsive documents – Defendant's counsel advised Plaintiff's counsel, for the first time, that he was under the belief that Plaintiff "had no need for discovery," and that he would respond "in accord with the federal rules" without any further clarification. [Exhibit 4]. Defendants' counsel refused to meet and confer regarding Plaintiff's discovery requests. [Exhibit 5].

control. [Exhibit 7]. Thereafter, Plaintiff's attorneys repeatedly advised defendants that Miyano Machinery Inc. in Japan is not a party to this litigation, that Miyano USA does not control its parent, and that Plaintiff's attorneys do not represent Miyano Machinery Inc. in Japan. Nevertheless, Plaintiff's counsel has in good faith actively inquired as to the availability of these witnesses. That inquiry is still pending.[4]

Even though service of the notices of deposition was improper, Plaintiff produced Hank Marchionne and Derek Olszak for deposition, as requested by the defendants. These depositions were conducted on March 3 and March 4. A portion of Mr. Marchionne's deposition was attached to the defendants' Motion.

Plaintiff's attorneys have repeatedly requested reasons as to why the four individuals located in Japan are needed. These requests by Plaintiff have been met with such non-responses as "our views have been confirmed" and "our answer and counterclaims should clarify this for you." [Exhibit 8 and Exhibit 9, respectively]. Defendants have never indicated why they need these non-party depositions or what they expect to prove through them. Plaintiff believes that there is no good cause to depose these individuals residing in Japan and that defendants' motives for seeking these depositions are dilatory, for purposes of harassment, and ultimately that defendants will seek to avoid answering Plaintiff's motion for a Preliminary Injunction altogether.

---

[4] Defendants suggest in Paragraph 7 of Defendants' Motion to Enlarge Time to Respond there were other representations made with regard to witnesses residing in Japan. Paragraph 7 mischaracterizes the statements made during the February 7, 2008 presentment hearing. Plaintiff's counsel did not represent that he "would check with his client to determine what Japanese documents *and witness he would produce."* The statements during the hearing were regarding whether defendants would have to serve Miyano Machinery Inc. in Japan with document requests. (Def. Ex. A, page 15, line 17- page 16, line 8). The first time plaintiff was made aware that defendants sought the depositions of individuals living in Japan was on February 19, 2008.

### Defendants Do Not Need More Time to Develop Positions Already Presented

Beginning in May of 2007, Defendants filed several Petitions for Cancellation (with the Trademark Trial and Appeals Board of the U.S. Patent and Trademark Office) regarding the trademarks and service marks at issue in this litigation. The positions set forth in those petitions are largely <u>legal</u> and can be decided in the motion for preliminary injunction. Defendants have admitted or alleged that the marks at issue are likely to cause confusion. (*See, e.g.,* ¶120 of Defendants' Answer, Document #29, Page 27 of 57). Additional time is, therefore, unwarranted.

### Defendants' Argument and Assertions

Paragraphs 10 through Paragraphs 16 of Defendants' Motion consist of assertions regarding personal jurisdiction and defenses to which Defendants believe they are entitled. Plaintiff disagrees with these assertions and their alleged relevance to Defendant's Motion. Plaintiff also takes issue with the defendants' mischaracterization of witness testimony, such as that of Mr. Hank Marchionne, in paragraph 14 of their Motion.

A premise of defendants' argument is the "Plaintiff has known of the MIYANOS use of their surname since approximately May 2006." (Def. Motion, paragraph 14). Defendants selectively choose a portion from Mr. Marchionne's rough, uncertified and unsigned deposition transcript **without including the related testimony on the next page in which the witness clarified the answer in a manner that directly contradicts the proposition for which it is cited by Defendants. As is self evident from a review of the testimony that Defendants exclude, Mr. Marchionne clarified that he believed that Defendants were operating as Hitech Machinery International, Inc. – not MiyanoHitec as suggested by Defendants – in May 2006.** (<u>Exhibit 10</u>, Dep. Tr. of Henry Marchionne at 91:18 through 92:19). Defendants' blatant mischaracterization of this testimony combined with their omission of the portion of the

transcript that clarifies the matter is unacceptable and denies the reader the opportunity to examine the accuracy of their representation.

## Conclusion

Defendants were incorrect when they asserted that Plaintiff was not agreeable to an extension of time. In a phone conference on February 25, 2008, Plaintiff indicated that it would be agreeable to an extension of no more than a week. However, based on the lack of reasons set forth in defendants Motion to Enlarge Time to Respond, plaintiff Miyano USA opposes defendants' request of five weeks. Defendants have not stated any reason as to why they need the depositions of individuals in Japan or specifically what discovery is lacking. Moreover, the issues in the preliminary injunction are largely legal in nature, with need for discovery being limited. For these reasons, Plaintiff opposes granting defendants five weeks of additional time to respond to its Motion for Preliminary Injunction.

Dated: March 12, 2008

Respectfully submitted,

_s/ Edward D. Manzo_____
Edward D. Manzo
Joel Bock
Louis J. Alex
Jason R. Smalley
Attorneys for Plaintiff

Edward D. Manzo    I.D. # 03124728
Joel Bock          I.D. # 00239984
Louis J. Alex      I.D. # 06274458
Jason R. Smalley   I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176
emazo@cookalex.com

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Memorandum in Opposition to Defendants' Motion to Enlarge the Time to Respond** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| Geoffrey A. Baker | Robert M. Karton | Vernon W. Francissen |
|---|---|---|
| Geoffrey D. Smith | ROBERT M. KARTON, LTD. | FRANCISSEN PATENT LAW, P.C. |
| DOWELL BAKER, P.C. | 77 W. Washington St., Suite 900 | 53 W. Jackson Blvd., |
| 201 Main Street, Suite 710 | Chicago, Illinois 60602-2804 | Suite 1320 |
| Lafayette, Indiana 47901 | (312)214-0900 telephone | Chicago, Illinois 60604 |
| (765) 429-4004 telephone | (312)214-4230 facsimile | (312)294-9980 telephone |
| (765) 429-4114 facsimile | robert@karton.us | (312)275-8772 facsimile |
| gabaker@dowellbaker.com | | vern@francissenpatentlaw.com |

____    (BY MAIL) by placing for collection and deposit in the United States mail true copies of the documents at Chicago, Illinois in a sealed envelope with postage thereon fully prepaid, to the Chicago, Illinois addressee(s) shown above at the address(es) shown above.

____    (BY HAND DELIVERY) I caused each such document to be personally delivered by hand to the Chicago, Illinois addressee(s) shown above.

____    (BY FACSIMILE) I caused each such document to be sent by facsimile to the addressee(s) shown above.

____    (BY OVERNIGHT COURIER) I caused this document to be sent by overnight courier for next day delivery, with all charges pre-paid, to the addressee(s) shown above at the address(es) shown above.

_X_    (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

_X_    (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Geoffrey A. Baker et al and Robert M. Karton at the address shown above, pursuant to LR 5.9.

Executed on March 12, 2008 at Chicago, Illinois.


Signed:    _s/ Edward D. Manzo_____