# **<u>Exhibit 2</u>**

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |
|---|---|---|

| | |
|---|---|
| MIYANO MACHINERY USA INC.<br>V.<br>MIYANOHITEC MACHINERY, INC., ET AL. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 08 C 526 |

TO: Miyano Machinery USA INC
c/o Edward D. Manzo and Joel H. Bock
200 W. Adams St., Ste. 2850
Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Law Office of Robert M. Karton, Robert M. Karton, Ltd.<br>77 W. Washington St., Ste. 900, Chicago, IL 60602 | DATE AND TIME<br>3/3/2008 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Schedule Attached

| PLACE Law Office of Robert M. Karton, Robert M. Karton, Ltd.<br>77 W. Washington St., Ste. 900, Chicago, IL 60602 | DATE AND TIME<br>2/26/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature] ATTORNEY FOR DEFENDANTS | DATE<br>2/18/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert M. Karton, 77 W. Washington St., Ste. 900, Chicago, IL 60602 (312) 214-0900

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 2/18/2008 | Suite 2850, 200 W. Adams Street, Chicago, IL 60606 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Edward D. Manzo and Joel H. Bock | | U.S. Mail and electronic |
| SERVED BY (PRINT NAME) | | TITLE |
| Robert M. Karton | | Attorney for Defendants |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   2/18/2008
                   DATE

SIGNATURE OF SERVER

77 W. Washington St., Ste. 900
ADDRESS OF SERVER

Chicago, IL  60602

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

<u>Exhibit 2</u>

SCHEDULE OF DOCUMENTS TO BE PRODUCED
IN ACCORDANCE WITH SUBPOENA IN
MIYANO MACHINERY USA INC.
vs
MIYANOHITEC MACHINERY, ETC., ET AL.
CASE NUMBER 08 C 526


DOCUMENTS:

1. Corporate minutes of meetings of directors or action taken of Miyano Machinery Inc, (hereinafter referred to as "MMJ"), the parent corporation of Miyano Machinery USA, (hereinafter referred to as "MMU") relating to the trademarks and servicemarks referenced in the Complaint filed in this cause (hereinafter collectively referred to as the "Marks"), including, but not limited to corporate minutes of a certain meeting of or action taken by the directors in 1997, known as minutes #080.

2. All documents in the possession or control of MMJ in any way relating to the Marks, including, but not limited to, (a) the use of each of the said Marks, (b) the cessation or abandonment of the use of each of the said Marks, and (c) the ownership of each of the said Marks.

3. All documents in the possession or control of MMJ in any way relating to directions or instructions to MMU concerning the development, use, cessation of use, abandonment or maintenance or registration or in any other way concerning the said Marks.

4. All documents in the possession or control of MMU in any way relating to the said Marks, including, but not limited to (a) MMU's use of each of the said Marks, (b) the cessation or abandonment of the use of each of the said Marks by MMU, and (c) the ownership of each of the said Marks.

5. All documents in the possession or control of MMU that describe, discuss or relate to the selection, adoption, development, continued use or resumption of use of any of the said Marks for use by MMU on any product.

6. Documents sufficient to identify the dates of use each of the said Marks, including, but not limited to, first use, continued use, discontinuance of use, and resumption of use for each separate line or category of products on which it has been used.

7. Documents sufficient to identify all of the goods or products upon which or in connection with which MMU used or has used the said Marks.

1

Exhibit 2

8. Documents sufficient to show the geographic area through which MMU sells or has sold any goods or products bearing each of the said Marks.

9. Documents sufficient to identify the channels of trade through which MMU sells or has sold any products bearing each of the said Marks.

10. Documents sufficient to identify and quantify all actual marketing, promotional or advertising efforts or activities, including money spent, with respect to any products bearing each of the said Marks from the date of first use, if any, to the present.

11. Representative samples including the packaging, if any, of each use of each of the said Marks, including for each separate line or category of products on which they have been used.

12. A specimen of each brochure, catalog, advertisement, or other item of promotional material or advertising materials featuring each of the said Marks in connection with each separate line of goods on which each of the said Marks is or has been used.

13. A specimen of each brochure, catalog, advertisement, or other item of promotional material or advertising materials featuring each of the said Marks in connection with each separate line of product.

14. A specimen of each brochure, catalog, advertisement, or other item of promotional material or advertising materials featuring any of the said Marks used in connection with each separate line of Product.

15. All documents that contain, describe, discuss or relate to any communications between MMU and any advertising agency, public relations firm, consultant, or other third party that MMU has employed in connection with advertising, marketing or promotion with respect to each of the said Marks.

16. All documents that describe, discuss, relate to, or mention Defendants in this litigation or any business name or trademark of Defendants or any of them, including, but not limited to, Thomas and/or Steven Miyano's family name and the flying M design.

17. All documents relating to any opinion that MMU received concerning MMU's right to adopt, use and/or register or prevent others from adopting, using and/or registering each of the said Marks.

18. All documents that contain, discuss, describe, or relate to any communications concerning Thomas and/or Steven Miyano's business name, family name or trademarks, including, but not limited to, communications between MMU and MMJ, any third person and intra-office memoranda.

2

Exhibit 2

19. All documents that describe, discuss or relate to any changes, modifications or variations in each of the said Marks since MMU first adopted them.

20. All documents that describe, discuss or relate to any assignment of each of the said Marks.

21. All documents that describe, discuss or relate to any licensing agreement with respect to the sale of any product under or using each of the said Marks.

22. All documents that describe, discuss or relate to the decision to file applications for registration of any of the said Marks, including, but not limited to, Trademark Application no. 77/111,956.

23. All documents that embody, refer or relate to any declaration filed by MMU or on MMU's behalf with the PTO for any of the said Marks, including, but not limited to Trademark Application no. 77/111,956 and any declaration filed claiming continued use of any of the said Marks.

24. Documents sufficient to describe any document retention policy or policies that govern or would govern the documents requested herein, and that would identify the custodian(s) of such documents.

25. Documents that describe, discuss or relate to any allegation by MMU that Thomas and/or Steven Miyano gave consent to register each of the said Marks as a trademark.

26. Documents that describe, discuss or relate to any allegation by MMU that Thomas and/or Steven Miyano are not known in the industry of machinery and machine tools.

27. Documents that describe, discuss or relate to any allegation by MMU that the relevant public does not identify the name "Miyano" with Thomas and/or Steven Miyano.

28. Documents that describe, discuss or relate to any allegation by MMU that Thomas and/or Steven Miyano will not be harmed by MMU's maintenance of a registration of Tom and/or Steven Miyano's surname.

29. Documents that describe, discuss or relate to any allegation by MMU that the name "Miyano" is not primarily a surname.

30. Documents that describe, discuss or relate to whether George Kobayashi or MMU knew of the existence of Thomas and/or Steven Miyano on or before February 20, 2007.

3

Exhibit 2

31. Documents that describe, discuss or relate to MMU's knowledge of Thomas and/or Steven Miyano's activities relating to the design or sale of machine tools on or before February 20, 2007.

32. Documents in any way relating to the terms under which MMU purchases and/or receives delivery of machinery from MMJ, including, but not limited to place of delivery.

33. Documents in any way relating to the relationship between MMU and MMJ.

34. Any and all other documents relied upon in preparing the Answer to the Petition for Cancellation filed in Cancellation No. 92048482.

35. Any and all other documents relied upon in preparing the letter sent on behalf of MMU by Edward Manzo to Miyanohitec Machinery, Inc. on March 30, 2007 regarding "Miyano Machinery USA Inc.'s Valuable Rights."

36. Any and all documents related to any valuation of Plaintiff's alleged good will established in the said Marks.

37. Any and all documents showing or supporting any allegation by Plaintiff that the plain text mark MIYANO has the same overall commercial impression as any other mark owned by Plaintiff.

38. Any and all documents showing or supporting the alleged strength of any of the said Marks.

39. Any and all documents showing or supporting any allegation that the winged M design is the dominant portion of any of the said Marks.

40. Any and all documents specifically mentioning or relating to any valuation of Plaintiff's alleged "good will" established in any of the said Marks.

41. Any and all documents relating to any allegation of a likelihood of confusion relating to any of the said Marks including, but not limited to, all consumer surveys for any of the said marks.

42. Any and all documents showing or tending to show any actual confusion resulting from the use of the winged M or the name "Miyano" in any activity by Defendants.

43. All documents showing, concerning, evidencing, relating or referring to a likelihood of confusion between the names and marks of Defendants and the name and the said Marks of Plaintiff or MMJ.

Exhibit 2