# <u>Exhibit 3</u>



200 West Adams Street, Suite 2850
Chicago, Illinois 60606

Phone: 312-236-8500
Fax: 312-236-8176

www.cookalex.com
firm@cookalex.com

February 28, 2008

***Via Email (gabaker@dowellbaker.com)***
Mr. Geoffrey A. Baker
Dowell Baker, P.C.
229 Randolph Street
Oak Park, IL 60302

      Re:    Miyano Machinery USA, Inc. v. MiyanoHitec Machinery, Inc. et al.
              Plaintiff's First Set of Requests for the Production of Documents
              and Things

Dear Geoffrey:

      Attached please find Plaintiff's First Set of Requests for the Production of Documents and Things.   In accordance with the parties agreement to permit early discovery, we ask to receive the requested documents and materials in our offices by Monday, March 10, 2008.

                              Sincerely,

                              Louis J. Alex

cc: Anthony Dowell
     Vernon W. Francissen
     Robert M. Karton

---

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | Magistrate Judge Nolan |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a Shigemori | ) | |
| Miyano, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### PLAINTIFF MIYANO MACHINERY USA, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and in accordance with the parties agreement to permit early discovery, Plaintiff Miyano Machinery USA, Inc. requests production by Monday, March 10, 2008 of the following designated documents and things within the possession, custody or control of any of Defendants Thomas Miyano, Steven Miyano, and/or MiyanoHitec Machinery, Inc. at the offices of Cook, Alex, McFarron, Manzo, Cummings and Mehler, Ltd., 200 West Adams Street, Suite 2850, Chicago, Illinois, 60606.

### DEFINITIONS AND INSTRUCTIONS

A.    As used herein, unless otherwise specifically indicated, the term "Plaintiff" refers to and includes Miyano Machinery USA, Inc. (hereinafter "MMU"); all other corporations and business entities (whether or not separate legal entities) which qualify as a predecessor, successor, or subsidiary; and all present and former directors,

1

Exhibit 3

principals, officers, employees, agents, representatives, and consultants thereof.

B.      As used herein, unless otherwise specifically indicated, the term "MMU" refers to and includes Miyano Machinery USA located in Wood Dale, Illinois; all other corporations and business entities (whether or not separate legal entities) which qualify as a predecessor, successor, or subsidiary thereof; and all present and former directors, principals, officers, employees, agents, representatives, and consultants thereof.

C.      As used herein, unless otherwise specifically indicated, the term "MMJ" refers to and includes Miyano Machinery, Inc. located in Japan; all other corporations and business entities (whether or not separate legal entities) which qualify as a predecessor or successor; and all present and former directors, principals, officers, employees, agents, representatives, and consultants thereof.

D.      As used herein, unless otherwise specifically indicated, the term "Defendants" refers to and includes Thomas ("Tom") Miyano, Steven Miyano, and MiyanoHitec Machinery, Inc.; all other corporations and business entities (whether or not separate legal entities) which qualify as a predecessor, successor, parent or subsidiary thereof; and all present and former directors, principals, officers, employees, agents, representatives, and consultants thereof.

E.      As used herein, unless otherwise specifically indicated, the term Defendant Company refers to and includes Hitec Machinery International, Inc. and MiyanoHitec Machinery, Inc.; all other corporations and business entities (whether or not separate legal entities) which qualify as a predecessor, successor, parent or subsidiary thereof; and all present and former directors, principals, officers, employees, agents, representatives, and consultants thereof.

2

Exhibit 3

F.      As used herein, the term "documents" is used in a comprehensive sense and includes, *without limitation*, electronically stored information, emails (including attachments thereto), electronic files and documents (regardless of type), letters, inter- and intra-corporate communications, reports, memoranda, notes, notations, records, minutes, bulletins, circulars, contracts, agreements, pamphlets, instructions, work assignments, notebooks, sketches, drawings, photographs, prints, drafts, work sheets, advertisements, catalogues, invoices, signs, calendars, appointment books, and diaries, regardless of form in which such documents or materials exist. Where any document or item contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document or item.

G.      If a claim of privilege is asserted as to any document or thing requested, identify each document or thing for which a privilege is asserted by stating:

1.      its nature (e.g. letter, telegram, memorandum, chart, report, study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

2.      the identity of each signer to the Document or communication;

3.      the title or heading of the Document or communication;

4.      the particular characteristics of the Document substantiating the claim of privilege;

5.      its present (or, if the present is not known, the last known) location and custodian;

6.      the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (1) you and (2) any

Exhibit 3

other person (naming such other person) who, at the time, either received, transmitted or otherwise disposed of such Document or communication and each copy thereof;

7.      the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

H.      These Requests for the Production of Documents and Things shall be deemed to seek responses as of the date they are served and to be continuing in nature. Any additional responsive information, documents, and things, which become known or come into the possession, custody, or control of any Defendant shall be furnished to Plaintiff promptly thereafter.

Exhibit 3

## REQUESTS

1.      All documents which refer or relate to any allegation set forth in United States Patent and Trademark Office Petition for Cancellation No. 92047422, Petition for Cancellation No. 92048482 or Notice of Opposition No. 91181392.

2.      The file history of any trademark or service mark application that any Defendant filed in the United States or in Japan.

3.      All documents and materials, including but not limited to all correspondence, emails, and letters that discuss, refer or relate to any trademark or service mark application that any Defendant filed in the United States or in Japan.

4.      All documents and materials which refer or relate to any claim that any Defendant has a right, to register or use anywhere any trade name, trademark, or service mark that has been registered or used by Plaintiff or MMJ.

5.      All documents and materials which refer or relate to any claim that Plaintiff does not have a right to register or use any trade name, trademark, or service mark that it has registered or used in the United States.

6.      All documents and materials which refer or relate to any claim that MMJ does not have a right to register or use any trade name, trademark, or service mark that it has registered or used in Japan.

7.      All documents that discuss, describe, refer or relate to any instance in which any Defendant has expressed, either orally or in writing, his view regarding the validity, ownership or right to use any trade name, trademark, or service mark that has been registered or used by Plaintiff or by MMJ.

8.      All documents and materials that refer or relate to the validity, ownership or right to use any trade name, trademark, or service mark that has been registered or used by Plaintiff or by MMJ.

9.      All documents and materials that refer or relate to whether Plaintiff or MMJ has abandoned any of their respective rights in any trade name, trademark, or service mark used since 1990 and at issue in this litigation.

10.     Documents sufficient to identify any individual or organization that any Defendant has contacted to manufacture or supply any product or assist in rendering any service on its behalf for sale to customers.

11.     Documents sufficient to identify any customer or potential customers that any Defendant has contacted to sell or offer for sale its products or services.

Exhibit 3

12.     All documents and materials that any Defendant has sent to or has received from any customer or potential customer of Defendant Company's products or services.

13.     Documents sufficient to identify the channels of trade through which any Defendant sold, offered for sale, or intends to sell products or services.

14.     All documents which discuss, describe, identify or relate to any product or service which any Defendant sold, offered for sale or intends to sell in connection with any company or product name, trade name, trademark, service mark, including but not limited to Hitec Machinery International or MiyanoHitec Machinery.

15.     All owners manuals and instructional materials associated with any product or service which any Defendant intends to sell, offer for sale, or has sold in connection with any company name, trade name, trademark, or service mark, including but not limited to Hitec Machinery International or MiyanoHitec Machinery.

16.     Documents sufficient to identify any company name, trade name, trademark and service mark that any Defendant has used or intends to use.

17.     All documents which discuss, describe, refer or relate to the selection by any Defendant of any company name, trade name, trademark, or service mark identified in document request #16.

18.     All documents and materials that discuss, describe, refer or relate to any likelihood or instance of actual confusion or mistake as to the origin, sponsorship or approval of any of Defendant's products, services or commercial activities by Plaintiff or MMJ.

19.     All documents and materials the discuss, describe, refer or relate to any likelihood or instance of actual confusion or mistake as to an affiliation, connection, or association between any Defendant (including Defendant Company) and Plaintiff.

20.     All documents referring or relating to any survey, opinion poll, marketing study or other research concerning any matter relating to the issues of likelihood of confusion, use of a disclaimer, or any other issues raised in this litigation.

21.     All documents that contain, describe, discuss or relate to any communications between any Defendant and any advertising agency, public relations firm, consultant or other third party that any Defendant has employed in connection with advertising, marketing, or promotion of Defendant company, its products or services, or any company or trade name, trademark, service mark used or intended for use by any Defendant, including but not limited to Hitec Machinery International, Inc. and MiyanoHitec Machinery, Inc.

6

Exhibit 3

22.    All advertising and promotional documents and materials, including but not limited to all brochures, catalogs, bulletins, solicitations, advertisements, displays, sell sheets, business cards, circulars, product manuals, letterhead, stationary, and envelopes that have been prepared for or used by any Defendant.

23.    Documents sufficient to identify each individual or company involved in the creation or production of any of the documents or materials identified in previous document request #22.

24.    Documents sufficient to identify any trade show that any Defendant has attempted to register to attend for the exhibition or promotion of Defendant company's products or services.

25.    All documents and materials that any Defendant has submitted to any person or organization involved in the administration, operation, or management of any trade show or similar event for the exhibition or promotion of Defendant Company's products or services.

26.    Documents sufficient to identify all variant forms of any trademark, service mark, trade name, logo or other source indicia that any Defendant has used or proposes to use.

27.    All documents and materials that depict any trademark, service mark, trade name, logo, or other source indicia that any Defendant has used or proposes to use.

28.    Documents sufficient to identify any individual or organization that participated in the creation of any material displayed at any time on any web page associated with www.hitecmachinery.com or www.miyanohitec.com.

29.    All documents and materials, including but not limited to any electronic files, that refer or relate to the creation, selection, arrangement or display of any material displayed on any web page associated with www.hitecmachinery.com or www.miyanohitec.com.

30.    All articles of incorporation, operating agreements and other documents that discuss, describe, refer or relate to the formation, maintenance, operation or standing of Hitec Machinery International, Inc. and Miyano HitecMachinery, Inc.

31.    All documents which identify any shareholder, employee, officer, or director of Hitec Machinery International, Inc. or MiyanoHitec Machinery, Inc.

32.    All documents which discuss, describe, refer or relate to any formal or informal name change that has occurred involving any Defendant company, including but but not limited to the name change from Hitec Machinery International, Inc. to Miyano MitecMachinery, Inc. which occurred in or around November 2006.

7

Exhibit 3

33.     Documents sufficient to identify all business directories that any Defendant has contacted for listing purposes.

34.     All documents and materials that any Defendant has sent to or received from the publisher of any business directory.

35.     All documents that any Defendant sent to or received from the IRCJ, the Ministry of Economy, Trade, and Industry in Japan (METI), or any other agency or division of the Japanese government, that refers or relates to the financial assistance that MMJ received under the business revitalization plan approved by the IRCJ in 2004.

36.     All documents and materials that any Defendant sent to or received from any individual or organization, including but not limited to the Sumitomo Mitsui Banking Corporation, that refers or relates to the financial assistance that MMJ received under the business revitalization plan approved by the IRCJ in 2004.

37.     All documents and materials that refer or relate to any representation, express or implied, that Defendant Tom Miyano made, whether on behalf of himself, another individual, MMJ, or MMU, regarding any right, title, or interest that Defendant Tom Miyano, MMU, or MMJ would have in any intellectual property right, including but not limited to any right in any trade name, trademark, service mark, or other source indicia as a result of MMJ receiving financial assistance under the business revitalization plan approved by the IRCJ in 2004.

38.     All documents that refer or relate to any domain name that includes the term "miyano" or any term confusingly similar thereto anywhere in the domain name and that has been registered, owned, or used by any Defendant since January 1, 2000.

39.     All video recordings and photographs (including any existing in print or as an electronic .jpg or other file) taken at the International Manufacturing Technology Show ("IMTS"), Miyano Expo, or any other trade show or machine tool educational event since the year 2000 at which Plaintiff exhibited its products or services or offered instruction or advice regarding any aspect of its products for customers and other members of the machine tools trade.

40.     All video recordings and photographs (including any existing in print or as an electronic .jpg or other file) in which any company name, trade name, trademark, or service mark of MMU appears or is displayed (e.g. on clothing worn by individuals appearing in such photographs, on inanimate objects such as buildings or trade show displays, etc.).

41.     Any article of clothing or other material item not otherwise requested herein in the possession, custody or control of any Defendant that bears or displays any company name, trade name, trademark or service mark used at any time by Plaintiff in the United States.

Exhibit 3

42.    Documents sufficient to identify each computer owned or controlled by any Defendant that has been used in connection with the activities of MMJ, MMU, Hitec International, Inc., MiyanoHitec Machinery, Inc. or Stephen Fairchild, Inc.

43.    Documents sufficient to identify each email address used by any Defendant since the year 2000.

44.    All documents which refer or relate to the sale or transfer of any MMU, MMJ, or affiliate company stock that such Defendant owned or controlled for any period of time after the year 2000.

45.    All communications, including but not limited to all correspondence, letters and emails that any Defendant has sent to or received from any employee, manager, officer or director of MMU or MMJ since December 1, 2005.

46.    All communications, including but not limited to all correspondence, letters and emails that any Defendant has sent to or received from any employee, manager, officer or director of MMU or MMJ involving the registration, use, or discontinuation of use of any company or product name, trade name, trademark or service mark that has been used by Plaintiff since the year 1990.

47.    All documents filed by any party in any proceeding in which Tom Miyano is claiming ownership of or a right to inherit any right previously held by Sumiko Miyano or any other member of the Miyano family, whether living or deceased, in any trade name, trademark, service mark, or other intellectual property right, or corresponding registration thereof.

Dated February 28, 2008        By: _Louis J. Alex_____

Edward D. Manzo
Joel Bock
Louis J. Alex
Jason R. Smalley
COOK, ALEX, MCFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176

Attorneys for Plaintiff Miyano Machinery USA, Inc.

Exhibit 3

## CERTIFICATE OF SERVICE

On the date listed below, I caused the service of Plaintiff's **First Set of Requests for the Production of Documents and Things** on the individuals indicated below via email to the email addresses located below.

| | | |
|---|---|---|
| Geoffrey A. Baker | Robert M. Karton | Vernon W. Francissen |
| Anthony E. Dowell | ROBERT M. KARTON, LTD. | FRANCISSEN PATENT LAW, P.C. |
| DOWELL BAKER, P.C. | 77 W. Washington St., Suite 900 | 53 W. Jackson Blvd., Suite 1320 |
| 201 Main Street, Suite 710 | Chicago, Illinois 60602-2804 | Chicago, Illinois 60604 |
| Lafayette, Indiana 47901 | (312)214-0900 telephone | (312)294-9980 telephone |
| (765) 429-4004 telephone | (312)214-4230 facsimile | (312)275-8772 facsimile |
| (765) 429-4114 facsimile | robert@karton.us | vern@francissenpatentlaw.com |
| gabaker@dowellbaker.com | | |

Executed on February 28, 2008

Signed: _____

Exhibit 3