# **<u>Exhibit 5</u>**



200 West Adams Street, Suite 2850
Chicago, Illinois 60606
Phone: 312-236-8500
Fax: 312-236-8176
www.cookalex.com
firm@cookalex.com

March 10, 2008

*Via Email (gabaker@dowellbaker.com)*
Mr. Geoffrey A. Baker
Dowell Baker, P.C.
229 Randolph Street
Oak Park, IL 60302

    Re:    Initial Disclosures & Plaintiff's First Set of Requests for the Production of Documents and Things

           Miyano Machinery USA Inc. v. MiyanoHitec Machinery, Inc.
           Our Case No.: 2506-0002

Dear Geoff:

In response to our Monday, March 3 request, we accept your proposal to exchange initial disclosures on Friday, March 21.

With regard to your email of this past weekend regarding Plaintiff's First Set of Requests for the Production of Documents and Things served on Defendants' counsel on Thursday, February 28, we respond as follows.

In the parties' telephone conference on Monday, February 25, we expressed our desire to serve early and expedited written discovery requests. As you well know, Plaintiff's depositions of Tom and Steven Miyano cannot proceed without our having these materials in hand in advance. You and your co-counsel Bob Karton agreed to accept and respond to our written discovery as soon as possible. That understanding was set forth in our February 27 letter, which responded to your February 26 letter which inaccurately summarized the parties' February 25 teleconference. Your letter concluded with "please let us know if we have not accurately recounted the teleconference." We of course did just that in our February 27 letter, which stated in relevant part:

> We all agreed to accept e-mail service and to permit early discovery.
>
>               \* \* \*
>
> . . . you and Mr. Karton agreed that you would reciprocate with as fast a turnaround of our discovery requests as you possibly can.

You neither challenged nor responded to this characterization of the parties' agreement to offer one another early and expedited discovery.

Mr. Geoffrey A. Baker
March 10, 2008
Page 2 of 2

Accordingly, on Thursday, February 28, we served, via email on you and your co-counsel, our First Set of Requests for the Production of Documents and Things. We asked for the requested materials to be produced by Monday, March 10 which was comparable to the turnaround time that you asked for and that we honored in our response to your document requests.

In view of the above, we were surprised to receive your eleventh hour email this past weekend in which you state "we expected that because you moved for a preliminary injunction, you had no need for discovery from our side (e.g., documents and initial disclosures) . . . we are willing to provide you with responses to your written discovery in accord with the federal rules." Consistent with the evasive nature of your responses on other matters, you also fail to clarify what this means or when we can expect to receive our requested discovery. Your change in position on this matter as well as the reasoning that you provide are in direct conflict with the parties' agreement and the written record.

We demand that Defendants immediately begin production of the requested documents and materials that are in your possession and readily accessible. With respect to the remainder of the requested items, we demand a meet and confer with you to discuss when these materials will be forthcoming. On Tuesday, March 4, the Defendants chose to have four attorneys of record attend the deposition of Miyano Machinery USA, Inc. employee Dennis Olczak. Please identify to either Louis Alex or myself which of these attorneys will be available to discuss this matter by telephone either today or tomorrow.

We look forward to your response.

Sincerely,

Edward D. Manzo

LJA/lja
cc: Vernon W. Francissen
    Robert M. Karton

<u>Exhibit 5</u>