# **<u>Exhibit 7</u>**



200 West Adams Street, Suite 2850
Chicago, Illinois 60606

Phone: 312-236-8500
Fax: 312-236-8176
www.cookalex.com
firm@cookalex.com

**Edward D. Manzo**
emanzo@cookalex.com

February 21, 2008

**Via E-Mail and 1st Class Mail**

Robert Karton, Esq.
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804

    Re:    *Miyano Machinery USA Inc. v. MiyanoHitec Machinery Inc. et al.*
            Civil Action No. 08 C 526
            Our Ref.: 2506-0002

Dear Bob:

    We wish to address several issues and objections regarding discovery and the notices of deposition we received on February 19, 2008. We would like to address these initial issues and objections in a timely manner. More formal objections will follow in the time period provided by the Federal Rules of Civil Procedure.

    While we understand that Mr. Baker was responsible for the notices of deposition we received on February 19, 2008, until Mr. Baker remedies any administrative errors within the ARDC, we will direct our communications to you, but we will also provide a copy to Mr. Baker.

**Protective Order**
    As Joel Bock and you discussed on February 15, 2008, the withdrawn subpoenas duces tecum (emailed to us on February 14 and 15) encompass documents protected by Rule 26. You acknowledged this during the conversation. The subpoena duces tecum we received by email on February 18, 2008 includes several additional requests and further expands the scope of production. We object to all the requests in the subpoena duces tecum we received to the extent that the requests require the production of documents protected under Rule 26, such as trade secrets, technical, confidential, attorney-client privileged, attorney work product privileged information and documents.

    To address some of these issues and others we are likely to encounter in the future, we propose submitting to the court the attached Protective Order. Please review the Protective Order and provide us with comments as soon as possible, so that it may be entered by the Court at the earliest possible date.

**Notices of Deposition Emailed on February 19, 2008**
    We object to the Notice of Deposition of Noboru Ichikawa, Toshikatsu Ito, and Satoru Nakagiri. These individuals are not employees, directors, officers or agents of Miyano Machinery USA, Inc. ("Miyano USA") and, furthermore, do not reside within the United States.

Robert Karton, Esq.
February 21, 2008
Page 2

To the extent that these individuals may be employees, directors, officers or agents of Miyano Machinery, Inc. in Japan ("Miyano-Japan"), Miyano-Japan is not a party to this lawsuit, and they still are more than 100 miles from the courthouse so we may have to travel to Japan for their depositions if you have a valid basis to take them. We will not accept service on their behalf. We do not currently represent Miyano-Japan, and Miyano USA does not control or direct the actions of Miyano-Japan.

We object to the Notice of Deposition of Tony Sasaki. Our understanding is that Mr. Sasaki retired some time ago, moved back to Japan, and is no longer affiliated with Miyano USA. Because he is not an employee, he cannot be produced for deposition simply by notice to us.

**Conflicting Deposition Dates**
We object to the three depositions scheduled for March 3, 2008. In the subpoena we received on February 18, 2008, defendants noticed the deposition of Miyano USA for March 3, to be taken at your office at 10 am. On February 19, 2008, the defendants noticed the deposition of Derek Olczak and Henry Marciani [*sic*] for the same date and time, except at our offices. We wonder if this was done in error; nevertheless, we wish to find a mutually acceptable solution. Please contact us so that we may arrange another date and time for the depositions.

**Service by Email**
We object to the service of the Notices of Deposition sent by email on February 19, 2008. According to Rule 5, a paper is properly served by: "sending it by electronic means *if the person consented in writing*..." As far as we can recall, we never discussed service by email. While we are willing to agree to service via email, we have no written agreement, and, thus, the service of all the notices is improper. However, we would like to establish for the future whether defendants agree to service by email. Please advise.

**30(b)(6) Deposition / Corporate Representative**
We object to the deposition of Miyano USA to the extent it does not describe with reasonable particularity the matters for examination. We seek clarification of the specific subject matter, as more than one corporate representative may be required. Please be aware that we may designate non-English speakers as the corporate representatives for some topics.

**Service on George Kobayashi**
Mr. Baker's February 19 email asked if we would accept service on behalf of George Kobayashi. We will not accept service on his behalf.

Exhibit 7

Robert Karton, Esq.
February 21, 2008
Page 3


**Scheduling Conflicts**
  We have several conflicts with the dates scheduled for the depositions. Specifically, we have conflicts on March 3 and 11. Please contact us so that we may arrange other dates and times for the depositions.

**Scheduling Depositions at Our Offices**
  We were startled that your colleague would (1) schedule depositions at our offices without asking us first -- availability of conference rooms is an issue, and (2) propose to double-track or triple-track depositions.

  If you have any question or comments regarding the above, please feel free to contact us.

            Sincerely,

            *Edward*

            Edward D. Manzo

EDM/JS/ca

Enclosure
cc:  Vernon W. Francissen
    Geoffrey Baker

Exhibit 7