UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. **08 C 526** |
| MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, a/k/a Toshiharu Miyano and Steven Miyano, a/k/a Shigemori Miyano, | ) Hon. Virginia Kendall </br> ) Magistrate Judge Nolan |
| Defendants | ) **JURY TRIAL DEMANDED** |
| MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, a/k/a Toshiharu Miyano and Steven Miyano, a/k/a Shigemori Miyano, | ) |
| Counterclaim-Plaintiffs | ) |
| v. | ) |
| Miyano Machinery USA Inc. and Miyano Machinery Inc., | ) |
| Counterclaim-Defendants | ) |

**PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANTS' ANSWERS TO THE COMPLAINT**

Plaintiff, Miyano Machinery USA Inc. (hereinafter referred to as "Plaintiff," "plaintiff Miyano USA," or "Miyano USA"), through its undersigned counsel, moves under Federal Rules of Civil Procedure 12(f) and 8(b) to strike certain of Defendants' responses in their Answer, Affirmative Defenses and Counterclaims (Document #29) and to deem admitted the corresponding allegations set forth in Paragraphs 98-107 and 124-127 of Plaintiff's

Complaint. Plaintiff asserts the responses are evasive and improper, as will be explained below.

## I. Background

Plaintiff filed on January 24 a complaint against defendants MiyanoHitec Machinery, Inc., Tom Miyano, and Steven Miyano (hereinafter referred to as "defendants"). On February 1, 2008, plaintiff Miyano USA filed a motion for preliminary injunction (Document #14) against defendants. The preliminary injunction motion is still pending, with the hearing date currently set for May 9, 2008.

Defendants filed their Answer, Affirmative Defenses and Counterclaims (hereinafter referred to as "Defendants' Answer") on February 29, 2008. [Document #29, the relevant portion of which is attached hereto as Exhibit A]. In their pleading, Defendants provide evasive and improper responses to many allegations set forth in the Complaint. The answers to these allegations were within the knowledge and information available to Defendants. If for any reason further investigation was necessary, such could have been completed with the slightest degree of effort, as required under Rule 8(b) of the Federal Rules of Civil Procedure.

In a letter dated March 7, 2008 addressed to defendants' counsel, plaintiff Miyano USA advised defendants that their responses to ¶¶ 98-107 and 123-127 in their Answer were not responsive and requested that the defendants take corrective actions. [Exhibit B]. Defendants' email response is enclosed as Exhibit C. Defendants have yet to respond substantively to the

matters raised in Plaintiff's March 7 letter and have not corrected their non-compliant responses. Plaintiff Miyano USA seeks to strike these highly improper responses and to deem the corresponding allegations in Plaintiff's Complaint admitted.

## II. Plaintiff's Motion to Strike and Have Deemed Admitted Focuses the Issues

Under *Fed.R.Civ.Pro. 12(f)*, a court may order stricken from any pleading any insufficient defense, or any redundant, immaterial, impertinent or scandalous matter. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to strike under Rule 12(f) serve the purpose of expediting the case by removing clutter, narrowing the issues, and saving time and expense that otherwise would be spent litigating. *Id.*

## III. Defendants' Evasive and Improper Answers

Defendants' answers to ¶¶98-107 and 124-127 of the Complaint are evasive, improper, and untrue. [Defendants' Answer, <u>Exhibit A</u>]. In each of their answers, Defendants provide the same boilerplate averment of ignorance, claiming they are truly "without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same."[1] Contrary

---

[1] By way of illustration, paragraph 106 and 127 of Plaintiff's Complaint and Defendants answer thereto appear below:

    106. In the Combined Declaration under Section 8 and 15, dated June 21, 1994, and made part of the record for the stylized MIYANO trademark, on information and belief, defendant Tom Miyano stated in part:

> *Toshiharu (Tom) Miyano* declares that he is the *chairman of the board* of Miyano Machinery USA Inc. an Illinois corporation, having its principal place of business at 940 North Central Avenue, Wood Dale, Illinois 60191, and is authorized to execute this Declaration on behalf of said

to what Defendants' responses suggest, the allegations set forth in ¶¶98-107 and 124-127 are fact-based and within the scope of Defendant Tom Miyano's and his counsels' knowledge and information. Plaintiff, therefore, requests that the Court strike defendants' answers to ¶¶98-107[2] and 124-127 of the Complaint, and deem these allegations admitted.

---

> corporation; that Miyano Machinery USA Inc. owns the above-identified registration issued on March 7, 1989, as shown by records in the Patent and Trademark Office...
>
> I declare further that all statements made herein are true and that these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this document and the registration to which it relates. *See* Exhibit 24.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

\* \* \*

127.   On information and belief, defendant Tom Miyano made the declaration attached as Exhibit 29. On information and belief, defendant Tom Miyano's signature appears at the end of the Combined Declaration under Section 8 and 15. On information and belief, defendant Tom Miyano signed the Combined Declaration under Section 8 and 15 on February 8, 1993. On information and belief, defendant Tom Miyano declared in the Combined Declaration under Section 8 and 15 that that Miyano USA (or its predecessor) owns the Miyano motto mark registration. *See* Exhibit 30.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

---

[2] Plaintiff acknowledges that a typographical error appears in the discretionary reference ("*See* Exhibit 21"), which should read "*See* Exhibit 22." However, Plaintiff believes that the first and second sentences of Paragraph 99 are complete in their reference to the initial declaration submitted with the stylized Miyano trademark application.

98.   On information and belief, defendant Tom Miyano, while acting as President of plaintiff Miyano USA (or its predecessor), signed on behalf of it the application for registration of stylized MIYANO trademark, Registration No. 1,527,809,

### *A. Defendants Have Knowledge and Information Regarding ¶¶ 98-107 and 124-127, But Stated Otherwise*

The central or common issue presented in the subject paragraphs is whether the signature on the declarations and affidavits executed in connection with the trademark registrations referred to is that of Defendant Tom Miyano. Not once do Defendant's acknowledge or even admit to recognizing Defendant Tom Miyano's signature in ¶¶ 98-107 and 124-127.

Each one of the subject declarations and affidavits is a public record and was also included as an exhibit to the Complaint (*i.e.* Exhibits 22-24 and Exhibits 28-30) (collectively attached as Exhibit D). The Complaint and exhibits were served on Defendants counsel Robert M. Karton and Vernon William Francissen on January 24, 2008 -- more than five weeks prior to the date on which Defendants filed their Answer. Plaintiff also produced to Defendants complete copies of the file histories of the corresponding trademark applications before Defendants filed their Answer. The particular copies of these materials that Plaintiff provided to Defendants would have been in addition to any copies of these materials obtained previously and independently by Defendants.

---

and the corresponding declarations. The application filed with the U.S. Patent and Trademark Office for the stylized MIYANO trademark is attached as Exhibit 22.

99. On information and belief, defendant Tom Miyano's signature appears below the declaration on the application to register the stylized MIYANO trademark. *See* Exhibit 21. On information and belief, defendant Tom Miyano signed the application and declaration on April 7, 1988.

The signatures that are the subject of the foregoing discussion are replicated in the right column of the chart below. The particular trademark applications, the Exhibit No. in which the signature appeared, and the types of document they appear in are noted respectively in the first and second columns of the chart.

| Trademark and Corresponding Registration No. | Exhibit No. (Paragraph No. in Complaint) | Signature of Affiant |
|---|---|---|
| **Miyano** Stylized Miyano U.S. Reg. No. 1,527,809 | Exhibit 22 Oath/Declaration Submitted with Application (¶P98, 99) | MIYANO MACHINERY USA, INC. BY: _[signature]_ Toshiharu Miyano, President DATED: April 7, 1988, 1988 |
| | Exhibit 23 Supplemental Oath/Declaration Submitted During Prosecution of Application (¶100-103) | Miyano Machinery USA Inc. (Name of Corporation) By _[signature]_ President (Signature of Officer of Corporation, and Official Title of Officer) August 3, 1988 (Date) |
| | Exhibit 24 §§ 8 & 15 Affidavit (¶104-107) | MIYANO MACHINERY USA INC. BY: _[signature]_ TITLE: CHAIRMAN OF THE BOARD Print or Type Name and Title: TOSHIHARU (TOM) MIYANO, CHAIRMAN OF THE BOARD Dated: JUNE 21, 1994 |
| **MIYANO** Standard Character Mark U.S. Reg. No. 1,529,343 | Exhibit 28 Oath/Declaration Submitted with Application (¶124) | MIYANO MACHINERY USA, INC. BY: _[signature]_ Toshiharu Miyano, President DATED: April 7, 1988 |
| **MIYANO THE WORLD LEADER IN PRECISION** U.S. Reg. No. 1,473,925 | Exhibit 29 Oath/Declaration Submitted with Application (¶125) | MIYANO MACHINERY USA INC. BY: _[signature]_ Toshiharu Miyano, President DATED: March 11, 1987 |
| | Exhibit 30 §§ 8 & 15 Affidavit (¶126, 127) | MIYANO MACHINERY USA INC. BY: _[signature]_ TITLE: PRESIDENT Dated: Feb. 8, 1993 |

In the public record declarations attached to Plaintiff's Complaint as Exhibit Nos. 22, 23, 28, and 29, Defendant Tom Miyano swore under oath that, *inter alia,* the applicant, Plaintiff Miyano Machinery USA, was the "owner of the trademark" being applied for, and further, that "no other person, firm, corporation or association [including Tom Miyano himself] had the right to use said mark in commerce." In Exhibit Nos. 24 and 30, Defendant Tom Miyano also personally executed Section 8 and 15 Affidavits, which under Section 33(b) of the Lanham Act, rendered Plaintiff's corresponding registrations incontestable as a matter of law.  By virtue of Defendant Tom Miyano's signature on those affidavits, Plaintiff's corresponding trademark registrations became <u>conclusive</u> evidence both of the validity and of Plaintiff's ownership of the registered mark.

While these legally binding and sworn statements made by Defendant Tom Miyano are dispositive of critical issues in this case, their significance does not permit Defendants to refuse to answer properly.  Defendants' averments of ignorance, claiming to be without knowledge or information, even as to whether the signature on the document in question is that of Defendant Toshihrau (Tom) Miyano himself , are simply untrue and a sham.

### B. When the Assertion of Ignorance is Obviously a Sham, the Facts Alleged in the Complaint Stand Admitted

The Seventh Circuit has reprimanded such attempts to evade answering by stating a lack of information or knowledge.  In A*merica Photocopy Equipment Co. v. Rovico, Inc.*, the Seventh Circuit held that the parties failure "to frankly reply on a matter, which it… **must have had** within its knowledge, exhibits a

lack of fairness which completely discredits its statement that it is without knowledge or information sufficient to form a belief as to the truth of said averment." 359 F.2d 745, 746-747 (7th Cir. 1966)(emphasis added). The Seventh Circuit cited with approval the Ninth Circuit's 1964 opinion in *Harvey Aluminum Inc. v. N.L.R.B.* that such baseless assertions do not serve as denials.

> Under comparable provisions of the Federal Rules of Civil Procedure, an answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously a sham. **In such circumstances the facts alleged in the complaint stand admitted.** *Id.* at 747, citing *Harvey Aluminum Inc. v. N.L.R.B.*, 335 F.2d 749, 758 (9th Cir. 1964) (emphasis added).

When documents are attached to the complaint, courts in this district have *sua sponte* stricken attempts to evade answering related allegations. In *Commerica Bank v. Patil*, the Court found "frankly absurd" defendants' attempts to disclaim "knowledge and information" of the circumstances regarding a promissory note attached to the complaint, which the defendant admitted signing. *Case No. 01 C 7156*, 2001 U.S. Dist. LEXIS 16673, at *2 (N.D. Ill. October 11, 2001)(Judge M. Shadur)(Exhibit E).

For the foregoing reasons, Plaintiff Miyano USA respectfully requests that this Court strike defendants' answers to ¶¶ 98-107 and 123-127 and deem admitted the corresponding allegations in Plaintiff's complaint.

                                                       Respectfully submitted,

Dated: March 20, 2008                    *s/ Edward Manzo*
                                              Edward D. Manzo
                                              Joel Bock
                                              Louis Alex
                                              Jason Smalley
                                              Attorneys for Plaintiff

Edward D. Manzo   I.D. # 03124728
Joel Bock        I.D. # 00239984
Louis Alex      I.D. # 06274458
Jason Smalley       I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176
emanzo@cookalex.com

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing Plaintiff's Motion to Strike with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| Geoffrey A. Baker | Robert M. Karton | Vernon W. Francissen |
|---|---|---|
| Geoffrey D. Smith | ROBERT M. KARTON, LTD. | FRANCISSEN PATENT LAW, P.C. |
| DOWELL BAKER, P.C. | 77 W. Washington St., Suite 900 | 53 W. Jackson Blvd., |
| 201 Main Street, Suite 710 | Chicago, Illinois 60602-2804 | Suite 1320 |
| Lafayette, Indiana 47901 | (312)214-0900 telephone | Chicago, Illinois 60604 |
| (765) 429-4004 telephone | (312)214-4230 facsimile | (312)294-9980 telephone |
| (765) 429-4114 facsimile | robert@karton.us | (312)275-8772 facsimile |
| gabaker@dowellbaker.com | | vern@francissenpatentlaw.com |

____ (BY MAIL) by placing for collection and deposit in the United States mail true copies of the documents at Chicago, Illinois in a sealed envelope with postage thereon fully prepaid, to the Chicago, Illinois addressee(s) shown above at the address(es) shown above.

____ (BY HAND DELIVERY) I caused each such document to be personally delivered by hand to the Chicago, Illinois addressee(s) shown above.

____ (BY FACSIMILE) I caused each such document to be sent by facsimile to the addressee(s) shown above.

____ (BY OVERNIGHT COURIER) I caused this document to be sent by overnight courier for next day delivery, with all charges pre-paid, to the addressee(s) shown above at the address(es) shown above.

__X__ (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

__X__ (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Geoffrey A. Baker, Geoffrey D. Smith and Robert M. Karton at the address shown above, pursuant to LR 5.9.

Executed on March 20, 2008 at Chicago, Illinois.

Signed:   _s/ Edward Manzo_