# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., | ) |
| Plaintiff, | ) |
| | ) Civil Action No. **08 C 526** |
| v. | ) |
| | ) Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) |
| Thomas ("Tom") Miyano, | ) Magistrate Judge Nolan |
| a/k/a Toshiharu Miyano and | ) |
| Steven Miyano, a/k/a | ) |
| Shigemori Miyano, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano (hereinafter collectively referred to as "THE MIYANOS") through their attorneys, hereby respond to the Complaint of plaintiff Miyano Machinery USA Inc. (hereinafter "MMU") with an answer, affirmative defenses and counterclaims as follows:

1. Plaintiff Miyano USA is a corporation organized according to the laws of the State of Illinois and having its principal place of business at 940 N. Central Avenue, Wood Dale, Illinois 60191.

**ANSWER:** Admit on information and belief and further state that according to the Miyano USA website the facility at that address "houses Miyano [Machinery Inc.]'s North American service, engineering and sales staff, as well as over 50,000 stock parts."

*See* http://www.miyano-usa.com/about.asp?type=history.

2. Defendant Miyano Hitec Machinery, Inc. is a corporation incorporated under the laws of the State of Illinois having its principal place of business at 50 Dundee Lane, Barrington Hills, Illinois 60010.

**ANSWER:**  Admitted.

94.     Defendants Tom and Steven Miyano alleged that the plain-text MIYANO trademark consists of a name particularly identifying the defendants Tom Miyano and Steven Miyano, who have not given their consent to have their names registered as a trademark.

**ANSWER:**  Admitted.

95.     Plaintiff Miyano USA denies that the allegation that the plain-text MIYANO trademark was registered contrary to 15 U.S.C. §1052(c).

**ANSWER:**  Admit that Plaintiff denies the allegation of fraud.  Otherwise denied.

96.     The Trademark Manual of Examining Procedure ("TMEP")(5th ed. 2007) is published by the United States Patent and Trademark Office to provide trademark examining attorneys, trademark applicants, and attorneys and representatives for trademark applicants with a reference work on the practices and procedures relative to prosecution of applications to register trademarks. The Trademark Manual of Examining Procedure is freely available at the United States Patent and Trademark Office website at www.uspto.gov.

**ANSWER:**  Admit that the Trademark Manual of Examining Procedure is published by

the United States Patent and Trademark Office and is available at the United States Patent

and Trademark Office website at www.uspto.gov. Otherwise, is without knowledge or

information sufficient to form a belief as to the truth of the allegations and, therefore,

denies same.

97.     Section 1206.03(b) of the TMEP states: "When a particular individual identified by matter in a mark is also the person who signed the application, then his or her consent to registration will be presumed." *See* Exhibit 21.

**ANSWER:**  Admit that section 1206.03(b) of the TMEP so states.  Otherwise, denied.

98.     On information and belief, defendant Tom Miyano, while acting as President of plaintiff Miyano USA (or its predecessor), signed on behalf of it the application for registration of stylized MIYANO trademark, Registration No. 1,527,809, and the corresponding declarations. The application filed with the U.S. Patent and Trademark Office for the stylized MIYANO trademark is attached as Exhibit 22.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

99. On information and belief, defendant Tom Miyano's signature appears below the declaration on the application to register the stylized MIYANO trademark. *See* Exhibit 21. On information and belief, defendant Tom Miyano signed the application and declaration on April 7, 1988.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

100. On August 8, 1988, attorneys for plaintiff Miyano USA (or its predecessor) sent a letter to the Commissioner of Patents regarding the application to register the stylized MIYANO trademark. The August 8, 1988 letter to the Commissioner of Patents and Trademarks is attached as Exhibit 23.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

101. The August 8, 1988 letter to the Commissioner of Patents and Trademarks included another declaration concerning the application for the stylized MIYANO trademark.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

102. On information and belief, defendant Tom Miyano's signature appears below the declaration that accompanied the August 8, 1988 letter. *See* Exhibit 23, page 2. On information and belief, Tom Miyano signed the declaration included in Exhibit 23 on behalf of plaintiff Miyano USA (or its predecessor) on August 3, 1988.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

103. In the declaration, dated August 3, 1988, and made part of the application for the registration of the stylized MIYANO trademark, on information and belief, defendant Tom Miyano stated:

> Toshiharu Miyano being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false

> statements may jeopardize the validity of the application or any registration resulting therefrom, declares that the undersigned is President of Applicant corporation and is authorized to execute this instrument on behalf of said corporation; he/she believes said corporation to be the owner of the mark sought to be registered; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use said mark in commerce, either in the identical form or in such near resemblance therto as may be likely, when applied to the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; the facts set forth in this application are true; and all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true. *See* Exhibit 23, page 2.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

104.   On July 12, 1994, attorneys for Miyano USA (or its predecessor) submitted to the U.S. Patent and Trademark Office a Combined Declaration under Sections 8 and 15 indicating that the stylized MIYANO trademark, Registration No. 1,527,809, had been in continuous use in interstate commerce for five consecutive years from the date of registration on the goods recited in the registration. The Combined Declaration under Sections 8 and 15 and accompanying letter which were sent to the U.S. Patent a Trademark Office and made part of the trademark's record are attached as Exhibit 24.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

105.   On information and belief, defendant Tom Miyano made the declaration on behalf of plaintiff Miyano USA (or its predecessor) attached as Exhibit 24. On information and belief, defendant Tom Miyano's signature appears at the end of the Combined Declaration under Section 8 and 15. *See* Exhibit 24, page 4. On information and belief, defendant Tom Miyano signed the Combined Declaration under Section 8 and 15 on June 21, 1994.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

106. In the Combined Declaration under Section 8 and 15, dated June 21, 1994, and made part of the record for the stylized MIYANO trademark, on information and belief, defendant Tom Miyano stated in part:

> *Toshiharu (Tom) Miyano* declares that he is the *chairman of the board* of Miyano Machinery USA Inc. an Illinois corporation, having its principal place of business at 940 North Central Avenue, Wood Dale, Illinois 60191, and is authorized to execute this Declaration on behalf of said corporation; that Miyano Machinery USA Inc. owns the above-identified registration issued on March 7, 1989, as shown by records in the Patent and Trademark Office…
>
> I declare further that all statements made herein are true and that these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this document and the registration to which it relates. *See* Exhibit 24.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

107. In the Combined Declaration under Section 8 and 15, defendant Tom Miyano declared that plaintiff Miyano USA (or its predecessor) is the owner of the stylized MIYANO trademark, Registration No. 1,527,809.

**ANSWER:** without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

108. The stylized MIYANO trademark and the Miyano motto trademark consist of or comprise in whole or in part of the word "Miyano."

**ANSWER:** Admit that the stylized Miyano with design and Miyano motto include the family name, Miyano. Otherwise, denied.

109. Section 1206.03(b) of the TMEP also states that "[a]n applicant does not have to submit a new consent if a consent to register is already part of the record in the file of a valid registration for a mark comprised in whole or in part of the same name, portrait or signature for the same goods or services. In this situation, the applicant only has to claim ownership of that existing registration." *See* Exhibit 21.

**ANSWER:** Admit that section 1206.03(b) of the TMEP so states.  Otherwise, denied.

110.   Defendant Tom Miyano gave his consent to plaintiff Miyano USA (or its predecessor) to register the stylized MIYANO trademark, Registration No. 1,527,809, by signing the application and the declarations which accompanied the application. The application and declarations were part of the record of the stylized MIYANO trademark file. The registration of the plain-text MIYANO trademark, at issue in the cancellation proceeding, claimed common ownership of the existing registration for the stylized MIYANO trademark (Registration No. 1,527,809), as reflected in the registration certificate. *See* Exhibit 1. Therefore, plaintiff Miyano USA did not have to obtain defendants' consent to register the plain-text MIYANO trademark, and defendants' alleged claim that such registration is contrary to §1052(c) is baseless. *See* TMEP

**ANSWER:**  Denied.

111.   On December 19, 2007, defendant Tom Miyano filed with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office a Notice of Opposition (Opposition No. 91181392) opposing the federal registration of the Triangle Winged M service mark (Application Serial No. 77/176,918). Defendant Tom Miyano's Notice of Opposition is application attached as Exhibit 25.

**ANSWER:**  Admitted.

112.   In the Notice of Opposition, defendant Tom Miyano alleged that he has filed an application with the U.S. Patent and Trademark Office to register the mark as shown below:

**ANSWER:**  Admitted.

113.   On December 13, 2007, defendant Tom Miyano filed a trademark application with the U.S. Patent and Trademark Office (Trademark Application No. 77/351,695) to register in the United States the Winged M illustrated in paragraph 112. The trademark application filed by Tom Miyano on December 13, 2007 is attached as Exhibit 26.

**ANSWER:**  Admitted.

114.   Defendant Tom Miyano's application to register the mark illustrated in paragraph 112 is based on 15 U.S.C. 1126(e) (Lanham Act §44(e)) and Japanese Registration No. 2008979.

**ANSWER:**  Admitted.

115.   In the trademark Application No. 77/351,695 attached as Exhibit 26, defendant Tom Miyano stated that he is owner of Japanese registration no. 2008979 as the legal heir to Sumiko Miyano.

**ANSWER:** Admitted.

116. On its face Japanese Registration No. 2008979 is assigned to Sumiko Miyano.

**ANSWER:** Admitted.

117. Accompanying Tom Miyano's trademark application to register the mark illustrated in paragraph 112 is an "Inheritance tax report." The Inheritance tax report and a translation of the inheritance tax report submitted by defendant Tom Miyano are included in Exhibit 26.

**ANSWER:** Admitted.

118. On information and belief, the Inheritance tax report accompanying defendant Tom Miyano's trademark application was prepared by an accountant.

**ANSWER:** Admitted.

119. The Inheritance tax report does not transfer legal and equitable title from Sumiko Miyano to defendant Tom Miyano.

**ANSWER:** Defendants are unable to respond to this incomprehensible allegation and object to it as such.

120. Defendant Tom Miyano alleged in his Notice of Opposition that the Winged M illustrated above in paragraph 112 and the subject of his federal trademark application (Trademark Application No. 77/351,695) is likely to cause confusion with plaintiff Miyano USA's Triangle Winged M which is the subject of Miyano USA's U.S. Trademark Application No. 77/176,918.

**ANSWER:** Admitted.

121. Defendant Tom Miyano also alleged in his Notice of Opposition that Miyano USA has not used the Triangle Winged M mark in commerce for the services described in plaintiff Miyano USA's trademark Application 77/176,918. Defendant Tom Miyano alleged that Miyano USA's allegations of use made in its application were knowingly false and that the allowance of the application was obtained through fraud on the Trademark Office.

**ANSWER:** Admitted.

122. Plaintiff Miyano USA denies defendant Tom Miyano's allegation of fraud.

Miyano USA has used the mark for services as set forth in its U.S. Trademark Application No. 77/176,918. For example, service personnel wear shirts bearing the mark in U.S. Trademark Application No. 77/176,918 when responding to service calls and repairing and refurbishing machine tools for the its customers. The mark also appears as a watermark on invoices for repair and refurbishment services performed by Miyano USA. *See* Exhibit 27.

**ANSWER:**  Admit that Plaintiff denies the allegation of fraud.  Otherwise, denied.

123.     In addition to the declarations identified above, defendant Tom Miyano made several other declarations on behalf of plaintiff Miyano USA or its predecessors in which defendant Tom Miyano declared that plaintiff Miyano USA (or its predecessor) was the owner or that he believed plaintiff Miyano USA (or its predecessor) to be the owner of the registration for the mark which incorporated the term "Miyano."

**ANSWER:**  Defendants are unable to respond to this incomprehensible allegation

and object to it as such.

124.     For example, on information and belief, defendant Tom Miyano on behalf of plaintiff Miyano USA (or its predecessor) made the declaration which accompanied a prior application for registration of the plain-text "Miyano" trademark. On information and belief, defendant Tom Miyano's signature appears on the application for registration of the plain-text "Miyano" trademark below the declaration as shown in Exhibit 28. On information and belief, defendant Tom Miyano signed the application for the registration of the prior plain-text "Miyano" trademark on April 7, 1988.

**ANSWER:**  Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations and, therefore, denies same.

125.     On March 16, 1987, plaintiff Miyano USA (or its predecessor) submitted to the U.S. Patent and Trademark Office an application for registration of the plain-text word mark MIYANO THE WORLD LEADER IN PRECISION ("Miyano motto mark"). This application attached hereto as Exhibit 29. On information and belief, defendant Tom Miyano made the declaration which accompanied the application for registration of the Miyano motto mark. On information and belief defendant Tom Miyano's signature appears on the application for registration of the Miyano motto mark. On information and belief, defendant Tom Miyano signed the application for the registration of the Miyano motto mark on March 11, 1987. On information and belief, in the declaration that accompanied the application for the registration of the Miyano motto mark defendant Tom Miyano declare that he believed plaintiff Miyano USA (or its predecessor) to be the owner of the mark sought to be registered.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

126. On February 18, 1993, attorneys for Miyano USA (or its predecessor) submitted to the U.S. Patent and Trademark Office a Combined Declaration under Sections 8 and 15 indicating that the Miyano motto mark had been in continuous use in interstate commerce for five consecutive years from the date of registration on the goods recited in the registration. The Combined Declaration under Sections 8 and 15 and accompanying letter which were sent to the U.S. Patent and Trademark Office and made part of the trademark's record are attached as Exhibit 30.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

127. On information and belief, defendant Tom Miyano made the declaration attached as Exhibit 29. On information and belief, defendant Tom Miyano's signature appears at the end of the Combined Declaration under Section 8 and 15. On information and belief, defendant Tom Miyano signed the Combined Declaration under Section 8 and 15 on February 8, 1993. On information and belief, defendant Tom Miyano declared in the Combined Declaration under Section 8 and 15 that that Miyano USA (or its predecessor) owns the Miyano motto mark registration. *See* Exhibit 30.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

## COUNT I

128. Plaintiff Miyano USA realleges the allegations of paragraphs 1 - 127 of this complaint as though fully repeated herein.

**ANSWER:** Defendants incorporate their responses to paragraphs 1-127 above.

129. Defendants' aforesaid acts are likely to cause confusion, mistake, or deception as to the source of defendants' products.

**ANSWER:** Denied.

130. Defendants' use of MIYANO and the dominant portion of plaintiff Miyano USA's Triangle Winged M mark is likely to cause purchasers and others to believe mistakenly that defendants' products are legitimately connected with, sponsored by, or approved by Miyano USA, or that Miyano USA's products are connected with, sponsored by, or approved by defendants.