# Exhibit B

**COOK ALEX**
INTELLECTUAL
PROPERTY LAW

200 West Adams Street, Suite 2850
Chicago, Illinois 60606
Phone: 312-236-8500
Fax: 312-236-8176
www.cookalex.com
firm@cookalex.com

March 7, 2008

*Via Email (gabaker@dowellbaker.com)*
Mr. Geoffrey A. Baker
Dowell Baker, P.C.
229 Randolph Street
Oak Park, IL 60302

Re:  Miyano Machinery USA Inc. v. MiyanoHitec Machinery, Inc.
     Our Case No.: 2506-0002

Dear Geoff:

I write to you to address what are clearly inadequate responses in Defendants' Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Complaint. In view of Robert Karton's stated desire to "litigate issues, not discovery," we ask that the following matters be corrected immediately.

First and foremost, paragraphs 98 through 107 and 123 through 127 of Plaintiff's Complaint are directed to basic facts that are within the possession, custody, and control of the Defendants. Is the signature on the cited Declaration for each of the identified trademark applications that of Tom Miyano or not? Copies of the documents being referred to in these paragraphs, which are of public record, were provided to you both as exhibits to the Complaint filed on January 24, 2008 --- more than 6 weeks ago --- and among the documents that Plaintiff timely produced by agreement in response to your February 14, 2008 Subpoena Duces Tecum. Defendants' form denial that they are "without knowledge or information sufficient to form a belief as to the truth of [these] allegations and, therefore, denies same" is unacceptable and a violation of Defendants' obligations under at least Rule 8(b) of the Federal Rules of Civil Procedure. *See Comerica Bank v. Rajeev S. Patil*, 2001 U.S. Dist. LEXIS 16673 (N.D. Ill. October 11, 2001), *Rudzinski v. Metropolitan Life Ins. Co.*, 2007 U.S. Dist. LEXIS 75668 (October 4, 2007), *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276 (N.D. Ill. 2001). Other portions of Defendants' Answer which misuse this form denial include but are not necessarily limited to paragraphs 25 and 53.

Second, Defendants have selectively omitted illustrations in their restatement of Plaintiff's allegations. These omissions render Defendants' restatements of these allegations inaccurate and incomplete. Please include these illustrations in the amended pleading that will be prepared in response to the matters set forth in this letter.

Last, Defendants' insertion of their responses to MMU's allegations "by reference" in paragraph 55 of their Counterclaims is improper and makes that paragraph

Geoffrey A. Baker
March 7, 2008
Page 2 of 2

virtually impossible for Plaintiff to respond to. Please either expressly set forth any allegations you wish to include in this counterclaim, or alternatively, strike this reference from paragraph 55.

      Please advise us of your intent with respect to the above matters no later than the close of business on Tuesday, March 11. We ask that an amended pleading correcting these issues be filed no later than Thursday, March 13.

      Sincerely,

      Edward D. Manzo

cc: Vernon W. Francissen
    Robert M. Karton