# Exhibit E

FOCUS - 6 of 47 DOCUMENTS

**COMERICA BANK, Plaintiff, v. RAJEEV S. PATIL, Defendant.**

**No. 01 C 7156**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2001 U.S. Dist. LEXIS 16673*

**October 11, 2001, Decided
October 12, 2001, Docketed**

**DISPOSITION:**   Defendant's answer was stricken.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff bank sued defendant maker of a promissory note to collect under the terms of the note. The court undertook a sua sponte review of the answer filed by the maker of the note.

**OVERVIEW:** The answer submitted by the maker of the note, in accordance with the language of *Fed. R. Civ. P. 8(b)*, disclaimed sufficient knowledge or information to form a belief concerning numerous allegations of the complaint. The court held that the makers' use of the disclaimers gave the appearance of an effort to delay the bank's collection of a valid obligation, since the maker's admitted execution of the note indicated that he must know the circumstances under which he executed and delivered the note. It was thus questionable whether there were any legitimate bases for the disclaimers.

**OUTCOME:** The maker's answer was struck sua sponte, and the maker's counsel was directed to file a proper amended answer.

**CORE TERMS:** disclaimer, sua sponte, legitimate basis, citizenship, diversity, sentence

**COUNSEL:**  [*1]  For COMERICA BANK, plaintiff: Kurt M. Carlson, Tishler & Wald, Ltd., Chicago, IL.

For RAJEEV S PATIL, defendant: Glenn L. Udell, Brown, Udell & Pomerantz, Ltd., Chicago, IL.

**JUDGES:** Milton I. Shadur, Senior United States District Judge.

**OPINION BY:** Milton I. Shadur

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Rajeev Patil ("Patil") has filed his Answer to the Complaint brought against him by Comerica Bank ("Comerica"), which has invoked diversity of citizenship as the predicate for federal subject matter jurisdiction. This sua sponte memorandum opinion and order is triggered by the seriously problematic nature of Patil's responsive pleading.

This is not the type of situation that frequently occasions such sua sponte opinions, where defense counsel has inexplicably departed from the plain roadmap marked out by the second sentence of *Fed. R. Civ. P. ("Rule") 8(b)* as to the disclaimer required to obtain the benefit of a deemed denial--in that respect, see App. P1 to *State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)*. Instead Patil's lawyers have been literally faithful to the formulation set out in that second sentence, but the assertion of that disclaimer [*2] to some of the Complaint's allegations is more than troublesome.

Most significantly, Patil's answer to Complaint Cause of Action [1] P1 disclaims "sufficient knowledge or information to form a belief as to whether Comerica gave good and valuable consideration in exchange for his promise to pay" under the Promissory Note ("Note") on which Comerica sues. That frankly seems absurd. Patil admittedly signed the Note (Complaint Ex. A) on April 27, 2000, and by definition he must know the circumstances under which and the basis on which he executed

2001 U.S. Dist. LEXIS 16673, *

and delivered the Note. That being so, this Court will only reluctantly maintain an open mind as to whether there can be any legitimate basis for Patil's disclaimer, but the initial impact of the Answer strongly suggests that Patil's counsel ought to read (or reread) both Rule 11 and *28 U.S.C. § 1927*.

> 1   Unlike Illinois state practice, in which "cause of action" is the appropriate terminology, the operative term in the federal courts is a "claim for relief"--a meaningful difference (see *NAACP v. American Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992))*. But for designation purposes only, this opinion adheres to the "Cause of Action" label employed by Comerica's counsel in the Complaint.

**[*3]**   Though they are seemingly somewhat less egregious, much the same may be said of the disclaimers in Patil's answers to Complaint Cause of Action PP4 through 6 and his partial disclaimer in the answer to Complaint Cause of Action P3. In those respects as well as in the most basic answer referred to in the preceding paragraph, Patil's Answer has the appearance of an effort to delay Comerica's collection of a valid and legitimate obligation. [2]

2   There is one respect in which the Answer's use of the *Rule 8(b)* disclaimer language does not pose a problem. In his answers to Complaint Jurisdiction PP1 and 3, Patil has permissibly put Comerica to its proof as to its dual corporate citizenship under *28 U.S.C. § 1332(c)(1)*, and hence as to the existence of diversity jurisdiction.

Accordingly the Answer is stricken in its entirety. Patil's counsel is ordered to file an appropriate and self-contained Amended Answer in this Court's chambers (with a copy of course being sent to Comerica's counsel) **[*4]**   on or before October 22, 2001. If there *is* some legitimate basis for Patil's failing simply to admit most if not all of the Complaint's allegations that have been referred to here, those must be spelled out in the Amended Answer, so that both Comerica's counsel and this Court will be on adequate notice of Patil's basis for contesting this lawsuit.

Milton I. Shadur

Senior United States District Judge

Date: October 11, 2001