## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | Magistrate Judge Nolan |
| Toshiharu Miyano and Steven Miyano, | ) | |
| a/k/a Shigemori Miyano, | ) | |
| | ) | |
| Defendants | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | |
| Toshiharu Miyano and Steven Miyano, | ) | |
| a/k/a Shigemori Miyano, | ) | |
| | ) | |
| Counterclaim-Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Miyano Machinery USA Inc. and | ) | |
| Miyano Machinery Inc., | ) | |
| | ) | |
| Counterclaim-Defendants | ) | |

## PLAINTIFF MIYANO MACHINERY USA INC.'S REPLY TO COUNTERCLAIMS

NOW COMES Plaintiff/Counterclaim-defendant Miyano Machinery USA Inc. (sometimes referred to herein as "MMU") by and through its undersigned counsel and for its Reply to paragraphs 1 through 98 of Counterclaim-plaintiffs' Counterclaims states as follows:

# COUNTERCLAIMS

## THE PARTIES

**COUNTERCLAIM PARAGRAPH** 1. Tom and Steven Miyano are individuals residing in Barrington Hills, Illinois and MiyanoHitec Machinery, Inc., is an Illinois corporation with its principal place of business in Barrington Hills (referred to collectively as "THE MIYANOS").

> **ANSWER:** Admitted.

**COUNTERCLAIM PARAGRAPH** 2. Miyano Machinery Inc. ("MMJ") is, on information and belief, a Japanese Corporation with its principal place of business in Nagano Prefecture in Japan.

> **ANSWER:** As this allegation is not directed to Plaintiff, no answer
>
> is required. However, Miyano Machinery USA Inc. admits this
>
> allegation on behalf of Miyano Machinery USA Inc. only.

**COUNTERCLAIM PARAGRAPH** 3. Miyano Machinery USA Inc. ("MMU") is an Illinois Corporation with its principal place of business in Wood Dale, Illinois. MMU is wholly owned by MMJ.

> **ANSWER:** Admitted.

## JURISDICTION AND VENUE

**COUNTERCLAIM PARAGRAPH** 4. Subject matter jurisdiction for THE MIYANOS' counterclaims are [*sic*] proper under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

> **ANSWER:** Admitted with respect to Miyano Machinery USA Inc.,
>
> only. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 5. This Court has personal jurisdiction over MMU and MMJ. Both MMU and MMJ regularly conduct business throughout the United States, including Illinois, and including this judicial district.

**ANSWER:**  Admitted as to MMU.  Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 6. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400.

**ANSWER:**  Admitted.

**COUNTERCLAIM PARAGRAPH** 7. The TMEP states the following in section §1206.03(a): Consent to use of a mark does not constitute consent to register.

**ANSWER:**  Admitted that §1206.03(a) states "consent to use of a mark does not constitute consent to register" and "consent to register a mark that makes no reference to consent to use is acceptable."  Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 8. The TMEP states the following in section §1206.03(b): The mere incorporation of a business and consent to the business's use of the mark does not constitute implied consent to the registration of the mark.

**ANSWER:**  Admitted that §1206.03(b) states "the mere incorporation of a business and consent to the business's use of the mark does not constitute implied consent to the registration of the mark," and "when a particular individual identified by matter in a mark is also the person who signed the application, then his or her consent to registration will be presumed." Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 9. The stylized Miyano with design mark that is the subject of Registration No. 1,527,809 is a stylized design that is not the same as the word mark MIYANO.

**ANSWER:**  Admitted that Registration No. 1,527,809 is for the stylized Miyano trademark shown below and that the stylized

design is not identical to the plain-text mark that is the subject of

Registration No. 3,328,718.  Otherwise denied.



**COUNTERCLAIM PARAGRAPH** 10. The word "Miyano" is the family name of Tom Miyano and Steven Miyano.

> <u>**ANSWER:**</u>  Admitted that Defendants use that surname; otherwise
>
> denied.

**COUNTERCLAIM PARAGRAPH** 11. The application included in Exhibit 28 of MMU's complaint states that: "MIYANO" is a Japanese family name and has no particular English translation.

> <u>**ANSWER:**</u>  Admitted.

**COUNTERCLAIM PARAGRAPH** 12. Registration No. 1,529,343 for the word mark MIYANO owned by MMU was cancelled on September 18, 1995.

> <u>**ANSWER:**</u>  Admitted that Miyano Machinery USA Inc. ("MMU") did
>
> not renew Registration No. 1,529,343 on September 18, 1995.
>
> Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 13. Tom Miyano did not give his consent to registration of his family name "Miyano" under Registration No. 3,328,718 for the word mark MIYANO filed February 20, 2007.

> <u>**ANSWER:**</u>  Denied.

**COUNTERCLAIM PARAGRAPH** 14. Steven Miyano did not give his consent to registration of his family name "Miyano" under Registration No. 3,328,718 for the word mark MIYANO filed February 20, 2007.

> <u>**ANSWER:**</u>  MMU is without knowledge or information sufficient to

form a belief as to the truth of the allegations and therefore denies

them.

**COUNTERCLAIM PARAGRAPH** 15. The "Miyano motto mark" of Registration No. 1,473,925 includes six words of which one is "Miyano".

    **ANSWER:**  Admitted.  The full text of Miyano motto mark is shown

below.

## MIYANO THE WORLD LEADER IN PRECISION

**COUNTERCLAIM PARAGRAPH** 16. The stylized Miyano mark of Registration No. 1,527,809 is a design mark and not a word mark.

    **ANSWER:**  Denied. The stylized Miyano mark is shown below.



**COUNTERCLAIM PARAGRAPH** 17. Japanese trademark registration no. 441256 for the Winged M design was owned by Sumiko Miyano.

    **ANSWER:**  MMU is without knowledge or information sufficient to

form a belief as to the truth of the allegations and therefore denies

them.

**COUNTERCLAIM PARAGRAPH** 18. Japanese trademark registration no. 1983020 for the Triangle Winged M design was owned by Sumiko Miyano.

    **ANSWER:**  MMU is without knowledge or information sufficient to

form a belief as to the truth of the allegations and therefore denies

them.

**COUNTERCLAIM PARAGRAPH** 19. Japanese trademark registration no. 2008979 for the Winged M design is indicated as being owned by Sumiko Miyano in the online database of the Japanese trademark office.

> **ANSWER:** Admitted that the online database of the Japanese trademark office indicates that Japanese trademark registration no. 2008979 for the Winged M design is owned by Sumiko Miyano. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 20. Tom Miyano inherited ownership of all trademark rights of Sumiko Miyano.

> **ANSWER:** Plaintiff, Miyano Machinery USA Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 21. Neither MMJ nor MMU currently own trademarks in Japan for either the Triangle Winged M design or the Winged M design.

> **ANSWER:** Admitted that MMU owns no trademark registrations in Japan for the Triangle Winged M design or the Winged M design. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 22. MMJ used the trademarks in Japan for the Triangle Winged M design and the Winged M design under license from Sumiko Miyano and her predecessors.

> **ANSWER:** MMU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 23. Tom Miyano filed Japanese trademark application no. 2004-075218 for the Winged M mark on August 13, 2004. That application is pending.

**ANSWER:** Admitted.

**COUNTERCLAIM PARAGRAPH** 24. Tom Miyano filed Japanese trademark application no. 2004-075219 for the Triangle Winged M mark on August 13, 2004. That application is pending.

**ANSWER:** Admitted.

**COUNTERCLAIM PARAGRAPH** 25. Use by MMJ and MMU of the Winged M design that is shown in Registration Nos. 441256 and 2008979 was abandoned by decision of MMJ in 1984.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 26. Use by MMJ and MMU of the Triangle Winged M design that is shown in Registration No. 1983020 was abandoned by decision of MMJ in 1997.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 27. By decision of MMJ in 1997, the stylized Miyano of Registration no. 1,527,809 was selected as the trademark for sale of machines by MMJ and MMU.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 28. Use by MMJ and MMU of the Triangle Winged M or Winged M designs for machines was phased out beginning in 1997.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 29. After the decision to abandon the Triangle M design in 1997, no additional tooling was created to produce machines featuring the Triangle M design.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 30. MMU is under the complete control of MMJ.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 31. MMU phased out use of the Triangle Winged M and Winged M designs at the direction of MMJ.

>**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 32. MMJ and its predecessors were founded by Tom and Steven Miyano's ancestors in 1899.

>**ANSWER:** Admitted, on information and belief, that Miyano Machinery Inc. was established by Toshimori Miyano in 1929 in Japan. Otherwise, MMU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 33. Tom Miyano began working at MMJ and rose to become President of MMJ. Tom Miyano was a senior executive at the company founded by his ancestors until his departure in September of 2004. Tom Miyano, for the vast majority of the time he worked at MMJ and MMU, was a majority shareholder.

>**ANSWER:** Admitted that defendant Tom Miyano worked for and at some time was President of Miyano Machinery Inc. Admitted that certain records indicate that defendant Tom Miyano owned shares of Miyano Machinery USA Inc. stock from August 1987 until December 2004. Denied that Tom Miyano was a majority shareholder of Miyano Machinery USA Inc. Otherwise, MMU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 34. Tom Miyano moved to the United States in 1984 and established MMU.

**ANSWER:**  Admitted that Tom Miyano moved to the U.S.  Admitted that Plaintiff, Miyano Machinery USA Inc., was incorporated in Illinois in 1975.  Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 35. Tom Miyano held the posts of President and Chairman of MMU until June 2004 and September of 2004, respectively.

**ANSWER:**  Admitted that Tom Miyano held the posts of President and Chairman of Miyano Machinery USA, Inc. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 36. In 1999, Steven Miyano acquired United States citizenship.

**ANSWER:**  MMU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 37. In 1999, Tom Miyano also sought United States citizenship, but was delayed due to travel restrictions imposed as a condition of citizenship. Tom Miyano became a citizen of the United States in 2005.

**ANSWER:**  MMU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 38. Once Tom Miyano acquired United States citizenship, he would have moved the headquarters for MMJ and MMU to the United States, which would have resulted, on information and belief, in the bulk of the income of MMJ and MMU being taxed by the United States instead of Japan.

**ANSWER:**  MMU is without knowledge or information sufficient to

form a belief as to the truth of the allegations and therefore denies

them.

**COUNTERCLAIM PARAGRAPH** 39. In order to expand the business of MMJ, Tom Miyano borrowed money from Mitsuisumitomo Bank. That financing was secured by MMJ stock owned by Tom Miyano.

**ANSWER:**  Admitted that Sumitomo Mitsui Banking Corporation is

a Japanese bank based in Tokyo, Japan.   MMU is without

knowledge or information sufficient to form a belief as to the truth

of the remaining allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 40. Payment on these loans to Mitsuisumitomo Bank on the order of $10 million dollars was made in each of the years 2002 and 2003.

**ANSWER:**  MMU is without knowledge or information sufficient to

form a belief as to the truth of the allegations and therefore denies

them.

**COUNTERCLAIM PARAGRAPH** 41. In 2004, the Ministry of Finance of the Japanese government recalculated the security for the assets securing the loans made by Mitsuisumitomo Bank to MMJ. The recalculation excluded any value for MMJ's ownership of MMU, MMU's assets or the assets of other MMJ foreign subsidiaries.

**ANSWER:**  MMU is without knowledge or information sufficient to

form a belief as to the truth of the allegations and therefore denies

them.

**COUNTERCLAIM PARAGRAPH** 42. The Japanese Minister of Finance subsequently caused a corporation created by the Japanese government called the IRCJ to intervene in MMJ's business affairs.

**ANSWER:** Admitted that the IRCJ (Industrial Revitalization Corporation of Japan) existed in Japan. MMU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 43. The IRCJ threatened to cause MMJ to fail if Tom Miyano did not cooperate in the IRCJ take-over of MMJ. The IRCJ ordered Tom Miyano to pay approximately $1 million dollars cash and surrender 90% of his stock in MMJ.

**ANSWER:** Plaintiff, MMU, is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 44. The IRCJ subsequently took MMJ public on the Tokyo Stock Exchange.

**ANSWER:** Admitted that Miyano Machinery Inc. in Japan became public traded on the Tokyo Stock Exchange. Otherwise, MMU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 45. On information and belief, the IRCJ profited from the public listing of MMJ; the present best estimate of that profit to IRCJ exceeds $200 million dollars -- Mitsuisumitomo Bank made tens of millions of dollars from the public listing.

**ANSWER:** MMU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 46. Tom Miyano was pushed out of MMJ and MMU and had his strong family ties to both companies severed by the IRCJ in or around September of 2004.

>    **ANSWER:** Admitted that Tom Miyano departed from MMU and MMJ. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 47. Steven Miyano established Hitec Machinery International, Inc., on March 25, 2005.

>    **ANSWER:** Admitted that Hitec Machinery International, Inc. was incorporated on March 25, 2005, according to records obtained from the Illinois Secretary of State's Office. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 48. Steven Miyano changed the name of Hitec Machinery International, Inc., to MiyanoHitec Machinery, Inc., on November 3, 2006.

>    **ANSWER:** Admitted that the name changed to MiyanoHitec Machinery Inc.  Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 49. THE MIYANOS began using the Winged M mark on the MiyanoHitec website starting in November 2006.

>    **ANSWER:** Admitted that the Winged M mark appeared on the MiyanoHitec website (www.miyanohitec.com) by early 2007. Otherwise, MMU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

**COUNTERCLAIM PARAGRAPH** 50. On information and belief, MMJ and MMU did not begin to use the Triangle Winged M design with respect to repair services until after MMJ and MMU learned that THE MIYANOS were using the Winged M design starting in November 2006.

**ANSWER:** Denied as to Miyano Machinery USA Inc., which has been using the Triangle Winged M mark continuously with respect to repair services for many years. MMU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

**COUNTERCLAIM PARAGRAPH** 51. On information and belief, MMJ and MMU began to use the Triangle Winged M after MMJ and MMU learned that THE MIYANOS were using the Winged M design. Starting in November 2006, with the intent to deceive customers regarding the source of goods associated with the Winged M design, MMJ and MMU began to use the Triangle Winged M.

**ANSWER:** Denied as to MMU. MMU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations (regarding Miyano Machinery Inc. in Japan) and therefore denies the same.

**COUNTERCLAIM PARAGRAPH** 52. On information and belief, MMU, at the direction of MMJ, filed for Registration no. 3,328,718 for the MIYANO word mark after MMU and MMJ learned that THE MIYANOS were using their family name "Miyano".

**ANSWER:** Admit that MMU filed the application on February 20, 2007 that matured into Registration No. 3,328,718. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 53. On December 13, 2007, Tom Miyano filed trademark application no. 77/351,695 for the Winged M mark under 15 U.S.C. §1126(e) based on ownership of Japanese registration no. 2008979 as heir to Sumiko Miyano.

**ANSWER:** Admitted that on December 13, 2007, Tom Miyano filed trademark application no. 77/351,695 for the Winged M mark

under 15 U.S.C. §1126(e) based on his alleged ownership of Japanese registration no. 2008979 as heir to Sumiko Miyano. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 54. On information and belief, Tom Miyano is entitled to registration of the Winged M mark under 15 U.S.C. §1126(e).

**ANSWER:** Denied.

### COUNT I – DECLARATION CANCELING REGISTRATION OF THE MIYANO NAME
### (Against MMU)

**COUNTERCLAIM PARAGRAPH** 55. THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

**ANSWER:** Plaintiff adopts its responses to Paragraphs 1 to 54 of the Counterclaims. Plaintiff denies that MIYANOS can properly incorporate "their responses to MMU's allegations" because such pleading is compound, prolix and seeks to incorporate hundreds of spurious allegations as to which plaintiff has no opportunity or right to respond under the Federal Rules of Civil Procedure. However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 56. THE MIYANOS seek a declaratory judgment canceling Registration No. 3328718 for the standard character mark MIYANO on the grounds that the mark was obtained contrary to the provisions of 15 U.S.C. §1052(c) in that the mark identifies Defendants Tom and Steven Miyano who are living individuals who have not given consent to have their surname registered as a trademark.

**ANSWER:** Admitted that THE MIYANOS seek such a declaratory judgment, but denied they are entitled to such relief. Otherwise denied.

### COUNT II – DECLARATION CANCELING REGISTRATION OF THE MIYANO WORD MARK FOR FRAUD
### (Against MMU)

**COUNTERCLAIM PARAGRAPH** 57. THE MIYANOS reallege and incorporates [*sic*] herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

**ANSWER:** Plaintiff adopts its responses to Paragraphs 1 to 54 of the Counterclaims. Plaintiff denies that MIYANOS can properly incorporate "their responses to MMU's allegations" because such pleading is compound, prolix and seeks to incorporate hundreds of spurious allegations as to which plaintiff has no opportunity or right to respond under the Federal Rules of Civil Procedure. However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 58. In [*sic*] February 20, 2007, George Kobayashi filed a Declaration in trademark application no. 77/111,956 for the word mark MIYANO on behalf of MMU stating that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her that all statements made on information and belief are believed to be true."

**ANSWER:** Admitted that George Kobayashi, an attorney at law in Chicago, Illinois, filed on February 20, 2007 a declaration in

trademark application no. 77/111,956 for the word mark MIYANO

on behalf of Plaintiff, Miyano Machinery USA Inc., stating:

> "to the best of his/her knowledge and belief no other
> person, firm, corporation, or association has the right to
> use the mark in commerce, either in the identical form
> thereof or in such near resemblance thereto as to be likely,
> when used on or in connection with the goods/services of
> such other person, to cause confusion, or to cause mistake,
> or to deceive; and that all statements made of his/her own
> knowledge are true; and that all statements made on
> information and belief are believed to be true."

Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 59. At the time that the declaration described
in paragraph 9 was signed, MMU knew of the existence of Tom and Steven
Miyano and that Defendants were using their surname in connection with
goods falling within MMU's description of goods/services.

> **ANSWER:** Admitted that Plaintiff, Miyano Machinery USA Inc.,

> knew of the existence of defendants Tom and Steven Miyano.

> Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 60. At the time that the declaration described
in paragraph 9 was signed, MMU knew that its use of the Mark was likely to
cause confusion, mistake or to deceive the relevant public for the described
goods.

> **ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 61. The Declaration on behalf of Plaintiff being
knowingly false, Registration No. 3328718 for the standard word mark MIYANO
was obtained through fraud on the Trademark Office.

> **ANSWER:** Admitted that Plaintiff Miyano Machinery USA Inc.

> obtained U.S. Registration No. 3,328,718 for the word mark

> "Miyano." Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 62. THE MIYANOS seek a declaratory judgment canceling Registration No. 3328718 for the standard character mark MIYANO for fraud on the Trademark Office.

> **ANSWER:** Admitted that THE MIYANOS seek such a declaratory
>
> judgment, but denied they are entitled to such relief. Otherwise
>
> denied.

### COUNT III – DECLARATION CANCELING REGISTRATION OF THE TRIANGLE FLYING M MARK FOR GOODS (Against MMU)

**COUNTERCLAIM PARAGRAPH** 63. THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

> **ANSWER:** Plaintiff adopts its responses to Paragraphs 1 to 54 of
>
> the Counterclaims.   Plaintiff denies that MIYANOS can properly
>
> incorporate "their responses to MMU's allegations" because such
>
> pleading is compound, prolix and seeks to incorporate hundreds of
>
> spurious allegations as to which plaintiff has no opportunity or
>
> right to respond under the Federal Rules of Civil Procedure.
>
> However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 64. On information and belief, Plaintiff abandoned use of the TRIANGLE WINGED M Mark that is the subject of Registration No. 1,217,317 in 1997 with no intent to resume use.

> **ANSWER:**   Admitted that the Triangle Winged M Mark is the
>
> subject of Registration No. 1,217,317, which is owned by MMU and
>
> shown below.  Otherwise, denied.



**COUNTERCLAIM PARAGRAPH** 65. In 2002, George Kobayashi filed a required Section 8 Declaration of Continued Use in connection with Registration No. 1,217,317 stating that the owner was using or was using through a related company the mark in commerce on or in connection with the goods/services.

    <u>**ANSWER:**</u>  Admitted.

**COUNTERCLAIM PARAGRAPH** 66. On information and belief, the TRIANGLE WINGED M Mark was not in use in connection with the goods/services listed in the existing registration at the time the Respondent filed the required Section 8 Declaration of Continued Use in connection with Registration No. 1,217,317.

    <u>**ANSWER:**</u>  Denied.

**COUNTERCLAIM PARAGRAPH** 67. The Declaration on behalf of Plaintiff being knowingly false, Registration No. 3328718 for the standard word mark MIYANO was obtained through fraud on the Trademark Office.

    <u>**ANSWER:**</u>  Denied.

**COUNTERCLAIM PARAGRAPH** 68. The allegations of use set forth in the Section 8 Declaration of Continued Use were fraudulent allegations made to deceive the Patent and Trademark Office into maintaining Registration No. 1,217,317 when the registration should properly have been canceled for nonuse.

    <u>**ANSWER:**</u>  Denied.

**COUNTERCLAIM PARAGRAPH** 69. The Triangle Winged M mark having been abandoned and Registration No. 1,217,317 having been maintained through fraud, THE MIYANOS seek a declaratory judgment ordering Registration No. 1,217,317 canceled.

**ANSWER:**  Admitted that THE MIYANOS seek such a declaratory judgment, but denied they are entitled to such relief.  Otherwise denied.

## COUNT IV – DECLARATION THAT APPLICATION FOR REGISTRATION OF THE TRIANGLE FLYING M MARK FOR SERVICES IS INVALID (Against MMU)

**COUNTERCLAIM PARAGRAPH** 70. THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

**ANSWER:**  Plaintiff adopts its responses to Paragraphs 1 to 54 of the Counterclaims.  Plaintiff denies that MIYANOS can properly incorporate "their responses to MMU's allegations" because such pleading is compound, prolix and seeks to incorporate hundreds of spurious allegations as to which plaintiff has no opportunity or right to respond under the Federal Rules of Civil Procedure. However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 71. On information and belief, any trademark rights relating to or incorporating the Winged M mark that plaintiff may have obtained had been abandoned prior to Defendants adoption of the Winged M mark in November 2006.

**ANSWER:**   Admitted that MMU has trademark rights to the Triangle Winged M. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 72. On information and belief, George Kobayashi filed a Declaration in trademark application no. 77/176,918 for the word mark MIYANO on behalf of Plaintiff MMU stating that Plaintiff is using the mark in commerce, that the Mark was first used at least as early as January 1, 1970 and first used in commerce at least as early as January 1, 1970.

**ANSWER:** Admitted George Kobayashi filed a declaration in U.S.

trademark application no. 77/176,918 on behalf of Plaintiff,

Miyano Machinery USA Inc. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 73. On information and belief, Plaintiff did not use the TRIANGLE WINGED M Mark in connection with the services described in Plaintiff's Trademark application no. 77/176,918 at any time from January 1, 1970, until at least as late as September of 2006.

**ANSWER:**   Denied. MMU's use has been continuous for years

beginning long prior to September 2006.

**COUNTERCLAIM PARAGRAPH** 74. On information and belief, George Kobayashi further stated in the Declaration filed May 9, 2007, in trademark application no. 77/176,918 on behalf of Plaintiff MMU that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her that all statements made on information and belief are believed to be true."

**ANSWER:** Admitted that George Kobayashi filed a declaration on

May 9, 2007, in trademark application no. 77/176,918 on behalf of

Plaintiff, Miyano Machinery USA Inc., which included the clause

"to the best of his/her knowledge and belief no other person, firm,

corporation, or association has the right to use the mark in

commerce, either in the identical form thereof or in such near

resemblance thereto as to be likely, when used on or in connection

with the goods/services of such other person, to cause confusion,

or to cause mistake, or to deceive; and that all statements made of

his/her own knowledge are true; and that all statements made on

information and belief are believed to be true." Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 75. On information and belief, at the time the declaration was made on Plaintiff's behalf, Plaintiff knew that Defendant Tom Miyano owned rights to the Winged M mark in Japan.

    **ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 76. On information and belief, Plaintiff knew of THE MIYANOS use of the Winged M mark at least as early as February of 2007.

    **ANSWER:**  Admitted Plaintiff (MMU) knew of THE MIYANOS use of

the Winged M mark on business cards and on a website at least as

early as February of 2007. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 77. Defendant Tom Miyano owns the rights to the Winged M mark in Japan.

    **ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 78. Defendant Tom Miyano filed Trademark Application no. 77/351,695 to register the Winged M mark in the United States under 15 U.S.C. §1126(e).

    **ANSWER:**  Admitted.

**COUNTERCLAIM PARAGRAPH** 79. On information and belief, Defendant Tom Miyano is entitled to registration of the winged M mark in the United States pursuant to 15 U.S.C. §1126(e).

    **ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 80. THE MIYANOS seek a declaratory judgment that Plaintiff's Trademark application no. 77/176,918 is invalid for fraud on the trademark office.

    **ANSWER:**  Admitted THE MIYANOS seek such a declaratory judgment,

but denied they are entitled to such relief. Otherwise denied.

**COUNT V – DECLARATION THAT TOM MIYANO'S APPLICATION FOR
REGISTRATION OF THE FLYING M MARK IS VALID
(Against MMU)**

**COUNTERCLAIM PARAGRAPH** 81. THE MIYANOS reallege and incorporate
herein by reference the allegations contained in paragraphs 1 through 54 of the
Counterclaims, as well as their responses to MMU's allegations.

> **ANSWER:** Plaintiff adopts its responses to Paragraphs 1 to 54 of
>
> the Counterclaims. Plaintiff denies that MIYANOS can properly
>
> incorporate "their responses to MMU's allegations" because such
>
> pleading is compound, prolix and seeks to incorporate hundreds of
>
> spurious allegations as to which plaintiff has no opportunity or
>
> right to respond under the Federal Rules of Civil Procedure.
>
> However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 82. On information and belief, any trademark
rights relating to or incorporating the Winged M mark that plaintiff may have
obtained had been abandoned prior to Defendants adoption of the Winged M
mark in November 2006.

> **ANSWER:** Admitted that MMU has trademark rights to the
>
> Triangle Winged M. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 83. On information and belief, Defendant Tom
Miyano owns rights to the Winged M mark in Japan.

> **ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 84. Defendant Tom Miyano filed Trademark
Application no. 77/351,695 to register the Winged M mark in the United States
under 15 U.S.C. §1126(e) based on the rights to the Flying M mark owned in
Japan.

> **ANSWER:** Admitted defendant Tom Miyano filed Trademark
>
> Application no. 77/351,695 to register the Winged M mark in the

United States under 15 U.S.C. §1126(e) based on alleged rights to the Flying M mark in Japan. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 85. On information and belief, Defendant Tom Miyano is entitled to registration of the winged M mark in the United States pursuant to 15 U.S.C. §1126(e).

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 86. On information and belief, the rights of Defendant Tom Miyano and his licensee, Defendant MiyanoHitec Machinery, Inc., to use the Winged M mark in the United States are superior to those of Plaintiff.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 87. THE MIYANOS seek a declaratory judgment that Trademark Application no. 77/351,695 is valid and that the rights of Defendant Tom Miyano and his licensee, Defendant MiyanoHitec Machinery, Inc., to use the Winged M mark in the United States are superior to those of Plaintiff.

**ANSWER:** Admitted they seek such a declaratory judgment, but denied they are entitled to such relief. Otherwise denied.

### COUNT III [*sic*, VI]– COMMON LAW UNFAIR COMPETITION
### (Against MMU and MMJ)

**COUNTERCLAIM PARAGRAPH** 88. THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

**ANSWER:** Plaintiff adopts its responses to Paragraphs 1 to 54 of the Counterclaims. Plaintiff denies that MIYANOS can properly incorporate "their responses to MMU's allegations" because such pleading is compound, prolix and seeks to incorporate hundreds of spurious allegations as to which plaintiff has no opportunity or

right to respond under the Federal Rules of Civil Procedure. However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 89. On information and belief, MMU and MMJ have advertised, promoted, offered for sale and sold in the state of Illinois machinery or machine tools or provided services relating to machinery or machine tools under the Triangle Winged M mark with full knowledge of THE MIYANOS' prior use of its Flying M mark in the same area and for the same products.

> **ANSWER:**    Admitted that Miyano Machinery USA Inc. has advertised, promoted, offered for sale and sold in the State of Illinois machinery or machine tools and provided services relating to machinery or machine tools under the Triangle Winged M. Admitted that Miyano Machinery USA Inc. and THE MIYANOS advertise and promote the same types of products in the same area. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 90. On information and belief, in so doing, MMU and MMJ have unfairly competed with THE MIYANOS by attempting to create the impression among relevant consumers that the machines and machine tools or services sold by MMU and MMJ are licensed by, sponsored by, originated with and/or otherwise affiliated with THE MIYANOS, or that the source of the machinery or machine tools sold by MMU and MMJ under the Triangle Winged M mark is affiliated, connected with or associated with THE MIYANOS, when neither MMU nor MMJ nor their machinery or machine tools have any connection with or authorization from THE MIYANOS.

> **ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 91. MMU and MMJ have misappropriated THE MIYANOS valuable goodwill and public recognition of the Winged M mark, which has been developed over a long period of time by Defendant Tom Miyano and his predecessors in the state of Illinois, nationally, and internationally, and MMU and MMJ have unlawfully benefited and been unjustly enriched by such activities.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 92. The use, by MMU and MMJ, of the Flying M mark in connection with machinery and machine tools constitutes unfair competition under the common law of the state of Illinois. This use has injured the business reputation of THE MIYANOS and will cause irreparable harm, damage, and injury to THE MIYANOS unless MMU and MMJ are restrained and enjoined by this Court.

**ANSWER:** Denied.

### COUNT IV [*sic*, VII] – DECEPTIVE TRADE PRACTICES
### (Against MMU and MMJ)

**COUNTERCLAIM PARAGRAPH** 93. THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

**ANSWER:** Plaintiff adopts its responses to Paragraphs 1 to 54 of the Counterclaims. Plaintiff denies that MIYANOS can properly incorporate "their responses to MMU's allegations" because such pleading is compound, prolix and seeks to incorporate hundreds of spurious allegations as to which plaintiff has no opportunity or right to respond under the Federal Rules of Civil Procedure. However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 94. MMU and MMJ's use of the Triangle Winged M mark in connection with the offering for sale, advertising, promotion and sale of machinery and machine tools or the repair of same tends falsely to represent or designate that the machinery and machine tools or the repair of same sold by MMU and MMJ are licensed by, sponsored by and/or otherwise affiliated with THE MIYANOS, or tends falsely to represent or designate that the source of the machinery and machine tools or the repair services sold by MMU and MMJ under the Triangle Winged M mark is affiliated, connected with or associated with THE MIYANOS, when neither MMU nor MMJ nor their machinery and machine tools or their repair services have any connection with

or authorization from THE MIYANOS, and are likely to cause confusion or mistake, or to deceive relevant consumers, as to the origin, sponsorship, association or approval of the machinery and machine tools or the repair services sold by MMU and MMJ.

> **ANSWER:**   Admitted that Miyano Machinery USA Inc. uses the
>
> Triangle Winged M mark in connection with the offering for sale,
>
> advertising, promotion and sale of machinery and machine tools
>
> and has done so for decades.   Admitted that unauthorized use by
>
> THE MIYANOS of the Winged M mark is likely to cause confusion
>
> or mistake or to deceive relevant consumers as to the origin,
>
> sponsorship, association or approval of the machinery and
>
> machine tools which may be sold or offered for sale by THE
>
> MIYANOS. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 95. The acts of MMU and MMJ complained of herein constitute a violation of the Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1 *et seq*), and have caused and are causing irreparable harm and damage to THE MIYANOS for which there is no adequate remedy at law.

> **ANSWER:**   Denied.

### COUNT V [*sic*, VIII]– FALSE DESIGNATION
### (Against MMU and MMJ)

**COUNTERCLAIM PARAGRAPH** 96. THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

> **ANSWER:**   Plaintiff adopts its responses to Paragraphs 1 to 54 of
>
> the Counterclaims.   Plaintiff denies that MIYANOS can properly
>
> incorporate "their responses to MMU's allegations" because such
>
> pleading is compound, prolix and seeks to incorporate hundreds of

spurious allegations as to which plaintiff has no opportunity or right to respond under the Federal Rules of Civil Procedure. However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 97. MMU and MMJ's, conduct as described herein, violates 15 U.S.C. §43(a) and (b).

    **<u>ANSWER:</u>**  Denied.

**COUNTERCLAIM PARAGRAPH** 98. MMU and MMJ's conduct, if not restrained and enjoined, will cause THE MIYANOS irreparable harm and damage for which there is no adequate remedy at law.

    **<u>ANSWER:</u>**  Denied.

## <u>COUNTERCLAIM-DEFENDANT\PLAINTIFF</u>
## <u>MIYANO MACHINERY USA INC.'S AFFIRMATIVE DEFENSES</u>

**COUNTERCLAIM-DEFENDANT MIYANO MACHINERY USA INC.'S FIRST**

**AFFIRMATIVE DEFENSE –**

**ESTOPPEL WITH REGARD TO THE WINGED M MARK**

1.  On April 7, 1988, counterclaim-plaintiff/defendant Tom Miyano, as President of counterclaim-defendant/plaintiff Miyano Machinery USA Inc., signed a declaration that was filed in connection with U.S. Registration No. 1,217,317 (Triangle Winged M trademark). The declaration stated that Miyano Machinery USA Inc. is the owner of the M MIYANO trademark (Triangle Winged M trademark) pictured below.



2.  At the time that U.S. Registration No. 1,217,317 (Triangle Winged M trademark) was renewed in 2002, counterclaim-plaintiff/defendant Tom Miyano was President and a shareholder of Miyano Machinery USA Inc. (counterclaim-defendant/plaintiff).

3.  In 2002, Tom Miyano caused U.S. Registration No. 1,217,317 to be renewed.  Miyano Machinery USA Inc. reasonably relied on Tom Miyano's actions and renewed U.S. Registration No. 1,217,317.

4.  From 1988 until his departure in 2006, Tom Miyano, as an officer and shareholder of Miyano Machinery USA Inc., benefitted from Miyano Machinery USA Inc.'s U.S. Registration No. 1,217,317 (Triangle Winged M trademark).

5.  Counterclaim-plaintiff/defendant Tom Miyano is currently the CEO and Director of Counterclaim-plaintiff/defendant MiyanoHitec Machinery, Inc., and now seeks to compete against Miyano Machinery USA Inc.

6.  Counterclaim-plaintiffs/defendants, including Tom Miyano, have asserted that the renewal of U.S. Registration No. 1,217,317 in 2002 was fraudulent and seek to cancel Plaintiff's U.S. Registration No. 1,217,317.

7.  Counterclaim-plaintiffs/defendants are estopped from challenging the validity of U.S. Registration 1,217,317 (Winged M Mark), from asserting that U.S. Registration No. 1,217,317 was fraudulently renewed or procured, and from cancelling U.S. Registration No. 1,217,317.


**COUNTERCLAIM DEFENDANT MIYANO MACHINERY USA INC.'S SECOND**

**AFFIRMATIVE DEFENSE –**

**ESTOPPEL WITH REGARD TO THE MIYANO MARKS**

8.  Counterclaim-plaintiff/defendant Tom Miyano, as President of counterclaim-defendant/plaintiff Miyano Machinery USA Inc., signed declarations and applications for the MIYANO trademarks. The declarations stated that Tom Miyano believed Miyano Machinery USA Inc. to be the owner of the MIYANO trademarks and that no other person, firm, corporation, or association has the right to use the MIYANO trademarks in commerce.

9.  By signing the applications and declarations for the MIYANO trademarks, counterclaim-plaintiff/defendant Tom Miyano consented to the registration of the MIYANO trademark and ownership of the mark by Miyano Machinery USA Inc.

10.    In registering the MIYANO trademark, Miyano Machinery USA Inc. relied on the applications, declarations, and the statements made therein and Tom Miyano's consent in filing the applications.

11.    Counterclaim-plaintiff/defendants now seek to cancel Miyano Machinery USA Inc.'s registration for the MIYANO trademark on the grounds that the mark was obtained contrary to the provisions of 15 U.S.C. §1052(c) in that Tom Miyano has not given consent to register the trademark.

12.    Counterclaim-plaintiffs/defendants are estopped from cancelling Miyano Machinery USA Inc.'s U.S. Registration for the MIYANO trademark because counterclaim-plaintiff Tom Miyano stated that Miyano Machinery USA Inc. owns the MIYANO mark and he gave his consent to register the MIYANO mark.

## COUNTERCLAIM DEFENDANT MIYANO MACHINERY USA INC.'S THIRD

## AFFIRMATIVE DEFENSE –

## WAIVER

13.    Counterclaim-plaintiff/defendant Tom Miyano, as President of counterclaim-defendant/plaintiff Miyano Machinery USA Inc., intentionally signed multiple declarations regarding trademarks utilized by Miyano

Machinery USA Inc., including the MIYANO and M MIYANO (Winged M) trademarks. The declarations stated that Miyano Machinery USA Inc. is owner of these trademarks and that no other person or entity has the right to use the marks or similar marks in commerce.  Counterclaim-plaintiff/defendant Tom Miyano intentionally relinquished any right to own, use in commerce, or assert the MIYANO, M MIYANO (Winged M), or any other similar name or trademark.

Respectfully submitted,

Dated: March 20, 2008

_s/ Edward Manzo_____
Edward D. Manzo
Joel Bock
Louis Alex
Jason Smalley
Attorneys for Plaintiff

Edward D. Manzo  I.D. # 03124728
Joel Bock          I.D. # 00239984
Louis Alex         I.D. # 06274458
Jason Smalley      I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone:  (312) 236-8500
Fax:  (312) 236-8176
emanzo@cookalex.com

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Plaintiff's Reply to Counterclaims** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | | |
|---|---|---|
| Geoffrey A. Baker | Robert M. Karton | Vernon W. Francissen |
| Geoffrey D. Smith | ROBERT M. KARTON, LTD. | FRANCISSEN PATENT LAW, P.C. |
| DOWELL BAKER, P.C. | 77 W. Washington St., Suite 900 | 53 W. Jackson Blvd., |
| 201 Main Street, Suite 710 | Chicago, Illinois 60602-2804 | Suite 1320 |
| Lafayette, Indiana 47901 | (312)214-0900 telephone | Chicago, Illinois 60604 |
| (765) 429-4004 telephone | (312)214-4230 facsimile | (312)294-9980 telephone |
| (765) 429-4114 facsimile | robert@karton.us | (312)275-8772 facsimile |
| gabaker@dowellbaker.com | | vern@francissenpatentlaw.com |

_____ (BY MAIL) by placing for collection and deposit in the United States mail true copies of the documents at Chicago, Illinois in a sealed envelope with postage thereon fully prepaid, to the Chicago, Illinois addressee(s) shown above at the address(es) shown above.

_____ (BY HAND DELIVERY) I caused each such document to be personally delivered by hand to the Chicago, Illinois addressee(s) shown above.

_____ (BY FACSIMILE) I caused each such document to be sent by facsimile to the addressee(s) shown above.

_____ (BY OVERNIGHT COURIER) I caused this document to be sent by overnight courier for next day delivery, with all charges pre-paid, to the addressee(s) shown above at the address(es) shown above.

  X   (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

  X   (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Geoffrey A. Baker, Geoffrey D. Smith and Robert M. Karton at the address shown above, pursuant to LR 5.9.

Executed on March 20, 2008 at Chicago, Illinois.

Signed:       */s Edward Manzo*