UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a ) | |
| Shigemori Miyano, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a ) | |
| Shigemori Miyano, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery, Inc. and ) | |
| Miyano Machinery USA Inc., ) | |
| ) | |
| Counterdefendants. ) | |
| ) | |

**DEFENDANTS/COUNTERCLAIMANTS' MOTION TO COMPEL
THE DEPOSITION TESTIMONY OF SATORU NAKAGIRI and MOTION TO
ENLARGE THE BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

Defendants/Counterclaimants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano,

and Steven Miyano ("MIYANOS") (collectively, "Defendants") respectfully move the Court to

compel the deposition testimony of Mr. Satoru Nakagiri of Counterdefendant Miyano Machinery

Inc. (a Japanese company) ("MMJ") the parent company of Plaintiff/Counterdefendant Miyano

Machinery USA Inc.'s ("MMU" or "Plaintiff") and to enlarge the briefing schedule for MMU's motion for preliminary injunction. In support of their motion, Defendants/Counterclaimants state as follows:

1. Plaintiff presented a preliminary injunction motion to the Court on February 7, 2008. At that hearing, Plaintiff represented that it would cooperate with discovery related to its preliminary injunction motion. *See* Ex. A to Doc. 30 at 15:13-16:25.

2. Defendants have sought discovery related to Plaintiff's preliminary injunction motion. Defendants' discovery requests included the individuals of whom depositions were sought, including Mr. Nakagiri. *See* Ex. B to Doc. 30.

3. Plaintiff has confirmed the depositions for Messrs. Ito, Ichikawa and Saito of MMJ, for depositions in Osaka, Japan on or about April 14 through April 17. *See* Ex. 1, March 20, 2008 email from L. Alex to G. Baker.

4. For many weeks, counsel for MMU has stated that it does not represent MMJ. As recently as March 17, 2008, counsel for MMU indicated that it would not represent MMJ in this action. *See* Ex. 2, March 17, 2008email from L. Alex to G. Baker; *see also* Ex. 3, March 14, 2008 letter from L. Alex to G. Baker.

5. In a strange and rapid turn of events, counsel for MMU suddenly became counsel for MMJ, as well.

6. Counsel for MMU clearly new or had reason to believe that it would represent both parties. Counsel for MMU held up the deposition of Mr. Nakagiri for several weeks and should not be heard to complain about the necessity of enlarging the briefing schedule for its motion for preliminary injunction.

7. At one point, counsel MMU informed counsel for Defendants that Mr. Nakagiri would be made available on March 31, 2008 – five days after his retirement from MMJ.

8. Since then, Plaintiff has advised that Mr. Nakagiri will be out of the country (Japan) and will not be available for deposition during the mid April depositions. *Id*. Plaintiff has not provided any alternative dates or places for the deposition of Mr. Nakagiri.

9. Counsel for Plaintiff has also refused extensions of time to respond to its motion for preliminary injunction, yet has not provided a time or place for the deposition of Mr. Nakagiri.

10. The interests of judicial economy favor conducting Mr. Nakagiri's deposition during the time period for the depositions being scheduled for April 14 through April 17. "Highly placed executives are not immune from discovery, and the fact that an executive has a busy schedule cannot shield him or her from being deposed." *New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460, 469 (N.D. Ill. 2007).

11. It is illegal to take a deposition for a United States lawsuit on Japanese soil. All U.S. depositions in Japan must take place in the U.S. Embassy or at a U.S. consulate.

12. Taking depositions in Japan is not a simple process. For each witness Defendants must: 1) contact the consulate in Osaka to determine available dates and there are only two meeting rooms in the consulate with the largest holding fifteen people; 2) make an initial reservation of preferred dates; 3) submit a certified check for

the non-refundable reservation fee; 4) petition the court for a commission or order to take the depositions on the specified date; 5) transmit a certified copy of the commission to the consulate naming all persons to be deposed, and who all will participate; 6) prepay in full the required consular fee; 7) each attorney attending the deposition must obtain a special visa issued by the Japanese government to conduct the deposition in Japan; and 8) arrange for stenographers, videographers and interpreters. These requirements constitute a substantial obstacle to a quick conduct of proceedings.[1]

13. The obstacles of taking depositions in Japan also impair the Court's ability to intervene if there are disputes.

> Obviously, conducting depositions in Japan, over a dozen time zones away and on the other side of the International Dateline, would severely compromise-to put it mildly-the court's ability to intervene should problems arise. This is such a case. Japan is 14 hours ahead of Chicago. Thus, while depositions are going on in Tokyo, Chicago judges-at least most of them-are not conducting judicial business, and the courts are closed.

*New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460, 467 (N.D. Ill. 2007).

14. Plaintiff seeks to benefit both ways - requiring Defendants to respond to its motion for preliminary injunction while not providing Mr. Nakagiri for deposition prior to the date of Defendants' Response.

---

[1] Attached hereto as Ex. 4 is a proposed commission directed to the American consulate in Osaka, Japan. During the morning of March 21, 2008, Defendants provided counsel for MMU and MMJ with a Word version of Ex. 4, but have heard nothing from counsel for MMU and MMJ since then. Defendants respectfully request that the Court sign and enter the commission immediately so that Defendants can continue to comply with the onerous requirements of conducting depositions in Japan.

4

15.    Defendants request that the Court compel the deposition testimony of Mr. Nakagiri in Osaka, Japan during the week of April 14, 2008. Alternatively, Defendants request that the Court compel the deposition testimony of Mr. Nakagiri in Chicago at least one week prior to Defendants' Response to Plaintiff's motion for preliminary injunction.

> The breadth of that discretion has led a number of courts to characterize the presumption [that the deposition of a corporation should be taken at its principal place of business] as merely a kind of general rule that facilitates determination when other relevant factors do not favor one side over the other. But this is not a presumption at all. Indeed, it is the antithesis of a presumption. Courts following this line of reasoning have pointed out that when a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made.

*New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460, 466-467 (N.D. Ill. 2007) (internal citations omitted) (internal quotations omitted).

## CERTIFICATION PURSUANT TO LOCAL RULE 37.2

On several occasions since late February counsel for Defendants has conferred with counsel for MMU and MMJ pursuant to Local Rule 37.2. *See, e.g.,* Ex. 3, February 26, 2008 letter from G. Baker to E. Manzo; *see also* Exs. 1 and 2 *supra*. Ultimately, the parties were unable to resolve the dispute over the time and location of Mr. Nakagiri's deposition.

In an effort to conserve judicial resources and because this motion is time sensitive, Defendants/Counterclaimants are presenting this motion on, March 25, 2008, the same date as MMU's motion to strike.

DATED: March 23, 2008

Respectfully submitted,

/s/ Geoffrey A. Baker
Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312)214-0900 telephone
(312)214-4230 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312)294-9980 telephone
(312)275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile
gabaker@dowellbaker.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANTS / COUNTERCLAIMANTS MOTION TO COMPEL THE DEPOSITION TESTIMONY OF SATORU NAKAGIRI was filed via the Court's ECF system and thus also sent by email on March 23, 2008 to the following:

Edward D. Manzo
COOK, ALEX, MCFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606

Phone: (312) 236-8500
Fax: (312) 236-8176

emanzo@cookalex.com

March 23, 2008                                      /s/Geoffrey A. Baker