

**COOK ALEX**
INTELLECTUAL
PROPERTY LAW

200 West Adams Street, Suite 2850
Chicago, Illinois 60606

Phone: 312-236-8500
Fax: 312-236-8176

www.cookalex.com
firm@cookalex.com

March 14, 2008

<u>*Via Email (gabaker@dowellbaker.com)*</u>
Mr. Geoffrey A. Baker
Dowell Baker, P.C.
229 Randolph Street
Oak Park, IL 60302

    Re:    Miyano Machinery USA Inc. v. MiyanoHitec Machinery Inc. et al.
             <u>Our Reference No.: 2506-0002</u>

Dear Mr. Geoff:

    We'll try to answer all your recent questions as well as address additional outstanding issues. To answer your question concerning document production, our client does not have meeting minutes labeled as "#080." We believe we produced the document that you refer to as "080" at MMU0009392.

    As for certain designations of confidentiality, the service reports and packing slips contain business sensitive information, including but not limited to the identity of Miyano USA's customers, the specific employees of those customers responsible for service related decision making, corresponding contact information, and sensitive pricing information. We decline to produce these documents without an attorneys' eyes only (AEO) designation to a direct competitor, who is actively seeking to sell machine tools, parts and related services. The same is true for the Time Studies, which we also produced under the AEO designation.

    With regard to your request that MMU produce certain executives of Miyano Machinery Inc. (MMJ), for deposition, we reiterate that MMU does not have control over these individuals, and our firm does not currently represent MMJ. However, MMU has been in communication with MMJ and has authorized us to relate the following with regard to Messrs. Nakagiri, Ito, and Ichikawa. This letter is not to be taken as an agreement or acquiescence to make MMJ a party, and MMJ denies that it should be made a party to the suit. There is no obligation on the part of MMJ to participate in the suit and MMU has no authority or ability to compel executives of MMJ to appear.

    In regard to the deposition of individuals located outside the U.S., the following must be agreed to in writing: (1) attorneys for all parties must be present at the deposition, and each party will have equal time to question the witness on that day, (2) Defendants will not attempt to serve process or any other documents on the witnesses, either individually or in their capacity as a representative of MMJ; (3) the deposition transcripts will be admissible in any hearing or trial and will be subject to the protective order; (4) MMU as well as MMJ will have a right to independently designate testimony and exhibits as confidential or as attorneys eyes only; (5) a

Mr. Geoffrey A. Baker, Esq.
March 14, 2008
Page 2 of 3

suitable protective must be entered in the case before the commencement of any of these depositions; and (6) if the MMJ executives incur travel expenses (including lodging and meals) for purposes of being deposed, defendants agree to pay half of those expenses.

If defendants agree to the foregoing, depositions could be scheduled as follows. Mr. Nakagiri will retire from MMJ at the end of March 2008. He will not have an opportunity to leave Japan before his retirement. Accordingly, his deposition will have to be taken in Japan before March 31. If you are going to depose any individual in Japan before March 31, then the depositions of the other gentlemen must also be taken in Japan on successive days. If depositions are not taken in Japan, then Mr. Ichikawa could be made available in Chicago on April 9-16.

MMU and MMJ are still checking into the availability of Mr. Saito and are trying to arrange his schedule so that he will also be available between April 9-16. All of the above dates are currently tentative and could be subject to change.

In view of your email and our telephone conversation of today, we are exploring the possibility of conducting depositions in Osaka. Based on our current understanding, the foregoing individuals, especially Mr. Saito, may prefer Osaka to Chicago. We will have MMU attempt to contact the relevant individuals to discuss this option. However, it is currently the weekend in Japan, these individuals are unavailable. We will try to reach them as soon as possible to discuss their availability with respect to Osaka. If the depositions are to be held in Osaka, the above conditions still apply, and it's the defendants responsibility to arrange such depositions and to ensure that they will be in accordance with applicable regulations .

Mr. Nagasawa is generally available in March and April; however, there may be specific dates that he is unavailable due to a conflict. We should be able to schedule a deposition within 1-2 days of those conflicts. You will need a Japanese translator for his deposition.

Mr. Gentaro Kakumae is available for deposition in Chicago from March 20, 2008, through March 31, excluding March 21 and weekends. You will need a Japanese translator for his deposition. To the extent you seek to depose a 30(b)(6) witness on financial matters, we ask that you notice a separate 30(b)(6) deposition and identify with specificity the financial topics of interest. Once we have this information, we may designate Mr. Kakumae as our 30(b)(6) witness.

We provided you on March 4, 2008 with our latest draft of the protective order. We are awaiting your response. We wish to get something on file as soon as possible.

In accordance with our telephone conversation today, we understand that you will endeavor to begin producing documents and materials responsive to our requests on or before March 21. We ask that you advise us within the next ten days as to when you believe your document production will be reasonably complete. We ask for this projected date with the understanding that limited, additional documents and materials that are not otherwise identified through a reasonable investigation may be forthcoming thereafter pursuant to Rule 26(e).

Mr. Geoffrey A. Baker, Esq.
March 14, 2008
Page 3 of 3

      The parties have discussed some of the matters identified under Rule 26(f) of the Federal Rules. We wish to complete our discussion of any outstanding Rule 26(f) matters as soon as possible but in no event later than Wednesday, March 19. Please advise us of when you or any of your co-counsel are available to have this discussion by telephone.

                                       Sincerely,

                                        Louis J. Alex

cc: Vernon W. Francissen
     Robert M. Karton