**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIYANO MACHINERY USA INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08 C 526 |
| MIYANOHITEC MACHINERY INC., ET AL. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO QUASH THE SUBPOENA OR**
**FOR ENTRY OF PROTECTIVE ORDER**

George H. Kobayashi and Masuda, Funai, Eifert & Mitchell, Ltd., both non-parties to this lawsuit, pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, hereby move this Court to quash the subpoena issued by Plaintiff, or, in the alternative, to modify the subpoena or issue of a protective order pursuant to Rule 26(c)(1), and in support state as follows:

1.     On or about March 17, 2008, Robert M. Karton, an attorney for Defendants/Counterclaimants, issued a subpoena ("Subpoena") addressed to "George H. Kobayashi ("Kobayashi"), Masuda Funai Eifert & Mitchell, Ltd." ("MFEM").     <u>See</u>, Exhibit "A."

2.     The Subpoena was served on a paralegal, who works for MFEM, on March 19, 2008.

3.      The Subpoena requires a response by April 2, 2008 and commands Mr. Kobayashi to appear for deposition on April 2, 2008 and to produce the following:

> "All documents and communications, electronic or otherwise, relating to applications and registrations of trademarks by, for or on behalf of Miyano Machinery USA, Inc., or its predecessors, from and after January 1, 1990."

5.      Mr. Kobayashi has been employed by MFEM as an attorney since approximately May 2001.

6.      Mr. Kobayashi does not have any responsive documents in his personal possession. The only responsive documents are contained in the files of MFEM.

7.      To the extent that the subpoena duces tecum is directed to MFEM, the Firm objects to the Subpoena as being overly broad and unduly burdensome. MFEM has sent various closed files to off-site storage, which it would have to retrieve and review to determine whether they contain any responsive documents. Furthermore, it is believed that many of these documents are subject to the attorney/client privilege or other privilege.

8.      The subpoena requests documents "electronic" or otherwise, which would require MFEM to review back-up files for 18 years, which may not be searched or processed without incurring substantial expense. Production of this data would be overly burdensome.

9.      It does not seem plausible that all of these documents and files are relevant to the underlying dispute, which appears to be focused on a limited number of trademarks.

10.     On March 24, 2008, MFEM sent a letter to Mr. Karton, one of Defendants' attorneys, providing written objections to the Subpoena in a Civil Action pursuant to Rule 45(c)(2)(B). A true and correct copy of the March 24, 2008 letter is attached hereto as Exhibit "B".

11.     Without waiver of its objection, MFEM offered to produce copies of non-privileged documents contained in its files relating to the following trademark applications or registrations:

| Trademark | Serial/Registration Number |
|---|---|
| MIYANO | R. 3,328,718 |
| MIYANO (stylized) | R. 1,527,809 |
| Winged "M" in triangle | R. 1,217,317 |
| Winged "M" in triangle | S. 77/176918 |
| MIYANO THE WORLD LEADER IN PRECISION | R. 1,473,925 |

12.     Mr. Kobayashi, in his capacity as an employee of MFEM, has represented MMU with respect to certain trademarks that are the subject of the underlying litigation and his knowledge results solely from acting in his capacity as an attorney who was retained by MMU. Thus, any such information is subject to the attorney/client privilege and Mr. Kobayashi and MFEM object to his deposition on that basis.

13.     MMU has not waived or communicated a desire to waive the attorney/client privilege with respect to communications made to counsel in connection with any and all trademark matters, including, but not limited to, the above identified marks.

14.    In addition, any discoverable information which may be relevant to Defendant's defenses or claims is publicly available from sources other than Mr. Kobayashi, such as through the U.S. Patent and Trademark Office.

15.    On March 25, 2008, Nancy Sasamoto and Steven Katz of MFEM spoke with Mr. Karton, one of the Defendants' attorneys, concerning the Subpoena and MFEM's objections. Ms. Sasamoto and Mr. Katz urged that Mr. Karton limit the request for documents given its overly broad and burdensome nature. Ms. Sasamoto and Mr. Katz also suggested that the same information could be discovered from other sources, such as the parties. Defendants' counsel agreed to initially accept the non-privileged documents referenced above, but would not agree to withdraw or modify the Subpoena.

16.    On March 25, Ms. Sasamoto and Mr. Katz also asked Mr. Karton the topics he intended to cover at a deposition of Mr. Kobayashi. Mr. Karton said that he desired to ask questions concerning: (1) the trademark applications Mr. Kobayashi executed; (2) the information he put in such applications; (3) from whom the instructions came; and (4) the basis for the representations contained in such applications. Ms. Sasamoto and Mr. Katz urged that the same information could be discovered from other sources, such as the parties, and that in any event interrogatories would be a more appropriate vehicle should Defendants insist on seeking such discovery from MFEM, especially in light of the sensitivities created in deposing counsel for an adverse party. Defendants' counsel refused to withdraw or modify the Subpoena.

17.    The attorney-client privilege is one of the oldest confidential communication privileges known to the common law. Upjohn Co. v. United States, 449 U.S. 383 (1981). Under federal law, attorney-client privilege protects communications

made in confidence by client to his or her lawyer for purpose of obtaining legal advice; privilege further protects lawyer's communications with client , at least if they would tend to disclose client's confidential communications. Texaco, Inc. v. Louisiana Land & Exploration Co., 805 F.Supp. 385 (M.D.La. 1992).

18.     Neither a subpoena duces tecum, nor any other procedure in a civil action, may be used by a party to obtain privileged documents. Canuso v. City of Niagara Falls, 7 F.R.D. 162 (D.C.N.Y. 1945).   Where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relevant to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal advisor except the protection be waived. Wonneman v. Stratford See. Co., 23 F.R.D. 281 (D.C.N.Y. 1959).

19.     MMU has not waived the attorney/client privilege by asserting claims or defenses that put its attorney's advice at issue in the litigation.  See *Atlantic Investment Management, LLC v. Millennium Fund I, Ltd.*, 212 F.R.D. 395, 399 (N.D. IL 2002); *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor*, 162 F.R.D. 539, 541 (N.D. IL 1995).  An attorney's advice is not placed at issue "merely because it is relevant;" rather, the "at issue" exception is created where "the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing an attorney client communication." *Atlantic Investment Management, LLC v. Millennium Fund I, Ltd.*, 212 F.R.D. at 399, citing *Garcia v. Zenith Electronics Corp.,*  58 F.3d 1171, 1175 n. 1 (7th Cir. 1995).

20.     Deposing an opponent's attorney is a drastic measure.  Because deposition of a party's attonrey is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a protective order under

Rule 26(c), unless the party seeking the deposition can show both the propriety and need for the deposition. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987); *M & R Amusements Corp.*, 142 F.R.D. 304, 305-306 (N.D. IL 1992). The party seeking the deposition of an attorney must establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome.

21.     The party seeking the deposition must show: (1) whether the information sought is relevant to a major issue in the case; (2) no other means for obtaining the relevant information exists; (3) the need for the information outweighs the inherent risks of deposing opposition counsel; and (4) the information sought is not privileged. *M & R Amusements Corp.*, 142 F.R.D. at 305-306.   Defendants have made no showing with regards to any of these factors, nor were any articulated on March 25 during the conference call with Mr. Karton.   Moreover, it seems the information sought, to the extent it is non-privileged, is more appropriately sought from the parties themselves or via other means.

22.     Rule 45(c)(3)(A) of Federal Rules of Civil Procedure provides that a court shall quash a subpoena if, among other things, it requires disclosure of privileged or protected material or subjects a person to an undue burden.

23.     Moreover, to prevent creating a side show and diverting attention from the merits of the case, a protective order is appropriate directing that the deposition of Mr. Kobayashi not proceed on April 2, 2008 and not be taken in the absence of Defendants' establishing that such deposition is the only practical means available of obtaining

relevant information and that the need for such information is outweighed by the disadvantages inherent in deposing a party's attorney.

**WHEREFORE**, George Kobayashi and Masuda, Funai, Eifert & Mitchell, Ltd. move this Court for an order quashing the subpoena in its entirety or limiting the firm's response to production of the documents specified above, and for entry of a protective order forbidding the deposition of Plaintiff's attorneys or in the alternative, limiting discovery to Plaintiff's attorneys to written interrogatories and providing any other relief this Court deems fair.

Dated: March 25, 2008

                    **GEORGE H. KOBAYASHI and**
                    **MASUDA FUNAI EIFERT & MITCHELL, LTD.**

                    By:_____Nancy E. Sasamoto_____
                            One of Their Attorneys

Nancy E. Sasamoto, Esq.
Steven L. Katz, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
312-245-7500

N:\SYS12\2260\LITG\Miyanohitec_subpoena.doc