# EXHIBIT B

**MasudaFunai**

CHICAGO   LOS ANGELES   SCHAUMBURG

Steven L. Katz
Attorney at Law
skatz@masudafunai.com
tel 312.245.7518
fax 312.245.7467

March 24, 2008

*Via e-mail and 1st class mail*

Robert M. Karton, Esq.
77 W. Washington Street, Suite 900
Chicago, IL 60602

Re:   Objection to Subpoena – George H. Kobayashi

Dear Mr. Karton:

On behalf of Masuda, Funai, Eifert & Mitchell, Ltd. ("MFEM") and George H. Kobayashi, I am providing written objections to the Subpoena, dated March 17, 2008, which was delivered on March 19, 2008.

Mr. Kobayashi does not have any responsive documents in his personal possession. The only responsive documents are contained in the files of MFEM. As set forth in the objections, MFEM and Mr. Kobayashi object to the subpoena as being overly broad and imposing undue hardship and expense on the Firm. Without waiver of its objections, MFEM will produce copies of non-privileged documents contained in its files relating to the following trademark applications or registrations:

| Trademark | Serial/Registration Number |
| --- | --- |
| MIYANO | R. 3,328,718 |
| MIYANO (stylized) | R. 1,527,809 |
| Winged "M" in triangle | R. 1,217,317 |
| Winged "M" in triangle | S. 77/176918 |
| MIYANO THE WORLD LEADER IN PRECISION | R. 1,473,925 |

We also object to Mr. Kobayashi's deposition on April 2, 2008. Mr. Kobayashi has represented MMU with respect to certain trademarks that are the subject of the underlying litigation and his

Robert M. Karton, Esq.
March 24, 2008
Page 2 of 2

knowledge results solely from acting in his capacity as an attorney who was retained by MMU. Any information relating to Mr. Kobayashi's involvement with the parties and any issue in the underlying litigation is subject to the attorney/client privilege.

As you know, the attorney/client privilege belongs to the client and MMU has not waived the privilege including with respect to the subject trademarks. Therefore, the deposition of MMU's legal counsel will only result in the assertion of the attorney/client privilege and proceeding with the deposition will only cause MMU to incur unnecessary expense.

We request your written confirmation that you will accept the production of the above-identified non-privileged documents and a privilege log in satisfaction of the subpoena and you will not proceed with the deposition of George H. Kobayashi on April 2, 2008. Please contact the undersigned or Nancy E. Sasamoto if you would like to discuss this further. If we do not receive your requested confirmation by March 25, 2008, we will file a Motion to Quash or Modify the subpoena pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure.

Very truly yours,

Masuda, Funai, Eifert & Mitchell, Ltd.

Steven L. Katz

Enclosure

cc: George H. Kobayashi, Esq.
Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd.

SLK:NES:mk
N:\SYS12\2260\ltrs\01990002.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIYANO MACHINERY USA INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 526 |
| | ) |
| MIYANOHITEC MACHINERY INC., ET AL. | ) |
| | ) |
| Defendants. | ) |

**OBJECTIONS TO SUBPOENA**

George H. Kobayashi and Masuda, Funai, Eifert & Mitchell, Ltd., both non-parties to this lawsuit, hereby make the following objections to the Subpoena in a Civil Action pursuant to Rule 45(c)(2)(B):

1. On or about March 17, 2007, Robert M. Karton, an attorney for Defendants in the above litigation, issued a subpoena ("Subpoena") addressed to "George H. Kobayashi ("Kobayashi"), Masuda Funai Eifert & Mitchell, Ltd. ("MFEM")" See, Exhibit "A."

2. The Subpoena was served on a paralegal, who works for MFEM, on March 19, 2008.

3. The Subpoena requires a response by April 2, 2008 and commands Mr. Kobayashi to appear for deposition on April 2, 2008 and to produce the following:

> "All documents and communications, electronic or otherwise, relating to applications and registrations of trademarks by, for or

on behalf of Miyano Machinery USA, Inc., or its predecessors, from and after January 1, 1990."

4. MFEM has represented Plaintiff Miyano Machinery USA Inc. ("MMU"), or its predecessors, as general outside counsel for more than 30 years.

5. Mr. Kobayashi has been employed by MFEM as an attorney since approximately May 2001.

6. Mr. Kobayashi does not have any responsive documents in his personal possession. The only responsive documents are contained in the files of MFEM.

7. To the extent that the subpoena duces tecum is directed to MFEM, the Firm objects to the Subpoena as being overly broad and unduly burdensome. MFEM has sent various closed files to off-site storage, which it would have to retrieve and review to determine whether they contain any responsive documents. Furthermore, it is believed that many of these documents are subject to the attorney/client privilege or other privilege.

8. The subpoena requests documents "electronic" or otherwise, which would require MFEM to review back-up files for 18 years, which may not be searched or processed without incurring expense. Production of this data would be overly burdensome.

9. Without waiver of its objection, MFEM will produce copies of non-privileged documents contained in its files relating to the following trademark applications or registrations:

| Trademark | Serial/Registration Number |
|---|---|
| MIYANO | R. 3,328,718 |
| MIYANO (stylized) | R. 1,527,809 |
| Winged "M" in triangle | R. 1,217,317 |

| | |
|---|---|
| Winged "M" in triangle | S. 77/176918 |
| MIYANO THE WORLD LEADER IN PRECISION | R. 1,473,925 |

10. Mr. Kobayashi, in his capacity as an employee of MFEM, has represented MMU with respect to certain trademarks that are the subject of the underlying litigation and his knowledge results solely from acting in his capacity as an attorney who was retained by MMU. Thus, any such information is subject to the attorney/client privilege and Mr. Kobayashi and MFEM object to his deposition on that basis.

11. MMU has not waived or communicated a desire to waive the attorney/client privilege with respect to communications made to counsel in connection with any and all trademark matters, including, but not limited to, the above identified marks.

12. In addition, any discoverable information which may be relevant to Defendant's defenses or claims is publicly available from sources other than Mr. Kobayashi, such as through the U.S. Patent and Trademark Office.

Dated: March 24, 2008

GEORGE H. KOBAYASHI and
MASUDA FUNAI EIFERT & MITCHELL, LTD.

By: _____
One of his Attorneys

Nancy E. Sasamoto, Esq.
Steven L. Katz, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
312-245-7500
N:\SYS12\2260\LITG\Objectionsto subpoena.doc

⸺AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

MIYANO MACHINERY USA INC.

V.

MIYANOHITEC MACHINERY, INC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 C 526

TO: George H. Kobayashi
Masuda Funai Eifert & Mitchell, Ltd.
203 N. LaSalle St., Suite 2500
Chicago, IL 60601-1262

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Office of Robert M. Karton, Robert M. Karton, Ltd. 77 W. Washington St., Suite 900, Chicago, IL 60602 | 4/1/2008 10:00 am  4-2-08 |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents and communications, electronic or otherwise, relating to applications and registrations of trademarks by, for or on behalf of Miyano Machinery USA, Inc., or its predecessors, from and after January 1, 1990.

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Robert M. Karton, Robert M. Karton, Ltd. 77 W. Washington St., Suite 900, Chicago, IL 60602 | 4/1/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Robert M. Karton   ATTORNEY FOR DEFS | 3/17/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert M. Karton, 77 W. Washington St., Ste. 900, Chicago, IL 60602 (312) 214-0900

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 3/17/2008 | Masuda Funai Eifert & Mitchell, Ltd.<br>203 N. LaSalle St., Suite 2500, Chicago, IL 60601 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| George H. Kobayashi | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| ~~Robert M. Karton~~ | ~~Attorney for Defendants~~ |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    3/17/2008
               DATE

SIGNATURE OF SERVER

77 W. Washington St., Ste. 900
ADDRESS OF SERVER

Chicago, IL 60602

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).