**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Miyano Machinery USA Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a/ | ) | Magistrate Judge Nolan |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a/ | ) | |
| Shigemori Miyano | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
| MiyanoHitec Machinery, Inc. | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Miyano Machinery, Inc. and | ) | |
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Counterdefendants. | ) | |
| | ) | |

**RESPONSE OF MIYANO MACHINERY, INC.**
**TO MOTION TO DISQUALIFY**

Miyano Machinery, Inc., by and through its attorneys, Nancy E. Sasamoto, Steven

L. Katz and George H. Kobayashi of Masuda, Funai, Eifert & Mitchell, Ltd., hereby

submits     its     Response     to     the     Motion     of     Thomas     ("Tom")     Miyano

Defendant/Counterclaimant to Disqualify Masuda, Funai, Eifert & Mitchell, Ltd., as Counsel for Counterdefendant Miyano Machinery, Inc., and in support states as follows:

1.      On March 24, 2008, Robert M. Karton, an attorney for Defendants/Counterclaimants, filed the Motion of Thomas ("Tom") Miyano Defendant/Counterclaimant to Disqualify Masuda, Funai, Eifert & Mitchell, Ltd., as Counsel for Counterdefendant Miyano Machinery, Inc. (the "Motion"), for presentment on March 25, 2008 at 9:00 a.m., with no notice to Masuda, Funai, Eifert & Mitchell, Ltd. ("MFEM"). See, Notice of Motion and Certificate of Service attached hereto Exhibit "A."

2.      In a telephone call on March 25, 2008, at approximately 2:45 p.m., Mr. Karton told Steven Katz and Nancy Sasamoto of MFEM that he had filed the Motion. He stated that he would serve the Motion electronically and by first class mail. MFEM was served electronically at approximately 10:36 p.m. on March 25, 2008 with the Motion and an Amended Notice of Motion.

3.      MFEM has represented Plaintiff Miyano Machinery USA Inc. ("MMU") as general outside counsel for more than 30 years. MMU is a wholly-owned subsidiary of Miyano Machinery, Inc. ("MMJ"), a corporation organized and existing under the laws of the country of Japan. MMU is in the business of distributing lathes and machine tools. During MFEM's representation of MMU, at various times Tom Miyano was the President and/or Chairman of the Board of MMU. See, Declaration of Mary W. Shellenberg, par. 4, attached hereto and incorporated herein as Exhibit "B."

4.      In 2005 and earlier, MFEM provided legal services to Tom Miyano, personally, with respect to: immigration, estate planning, personal loans and other

miscellaneous personal and family matters. MFEM has also assisted Tom Miyano with respect to traffic and real estate tax matters which were referred to outside counsel. <u>See</u>, Shellenberg Declaration, par. 5.

5.    Prior to undertaking any new representation of Tom Miyano, personally, MFEM reviewed whether its representation of Tom Miyano was directly adverse to its representation of MMU and whether there was any reason to believe that its representation of MMU would be materially limited by the representation of Tom Miyano. With respect to each matter that MFEM personally represented Tom Miyano, the firm determined that it was not precluded from doing so. Likewise, prior to undertaking any new representation of MMU, MFEM reviewed whether its representation of MMU was directly adverse to its representation of Tom Miyano and whether there was any reason to believe that its representation of Tom Miyano would be materially limited by the representation of MMU. With respect to each matter that MFEM represented MMU, the firm determined that it was not precluded from doing so. <u>See</u>, Shellenberg Declaration, par. 6.

6.    The burden is on the moving party to show facts necessitating disqualification. It is well settled that disqualification is a drastic measure which courts should hesitate impose except where absolutely necessary. *Crowe v. Kearin*, 2008 WL 630479 (N.D. IL. 2008), citing *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993). Unwarranted disqualifications can create unnecessary delays and deprive parties of their chosen legal advisor. In the instant case, disqualification of MFEM would put MMJ at great disadvantage especially considering the expedited nature of these proceedings

(including the depositions in Osaka, Japan scheduled for April 14 to 17, 2008) and the Japanese language capabilities of MFEM.

7.      The Seventh Circuit has repeatedly stated that the relevant test in disqualification matters where an attorney represents a party in a matter in which the adverse party is that attorney's former client is whether the subject matter of the two representations are *"substantially related." Westinghouse Electric Corporation v. Gulf Oil Corporation,* 588 F.2d 221, 223 (7th Cir. 1978).

> Essentially then, disqualification questions require three levels of inquiry. Initially, the trial judge must make a factual reconstruction of the scope of the prior legal representation. Second, it must be determined whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters. Finally, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client.

*Westinghouse Electric Corporation,* 588 F.2d at 225.

8.      If the court determines that a substantial relationship exists between the subject matter of the prior and present representations, it must then ascertain whether the presumption of shared confidences with respect to the prior representation has been rebutted.   If this presumption has not been rebutted, the court must then determine whether the presumption of shared confidences has been rebutted with respect to the present representation. *Cromley v. Board of Education,* 17 F.3d 1059, 1064 (7th Cir. 1994); *Schiessle v. Stephens,* 717 F.2d 417, 420 (7th Cir. 1983); *LaSalle National Bank. v. County of Lake,* 703 F.2d 252, 255 (7th Cir. 1983).

9.      In this case, Defendant/Counterclaimant Tom Miyano seeks to disqualify MFEM based solely on the conclusory assertions of his attorneys.  The Motion is not supported by any evidence or legal authority and is insufficient on its face.

10.    In the Motion, counsel for Defendant/Counterclaimant Tom Miyano claims that MFEM provided legal services to Tom Miyano, personally, in connection with at least one trademark application, transfer of direct or indirect ownership interests by Tom Miyano, tax matters and other legal issues. Defendant/Counterclaimant Tom Miyano's Motion at par. 5.  These assertions are vague and do not support the finding of a substantial relationship between MFEM's prior representation of Tom Miyano and the issues at dispute regarding MFEM's representation of MMJ in this case.

11.    According to the records of MFEM, the firm only worked on only one trademark application where the applicant was Tom Miyano: on or about November 16, 1984, an application was filed to register the trademark NINJA-MAX for use with portable cable rescue systems consisting of a cable and mechanism for lowering persons from buildings to ground level.  The NINJA-MAX mark was not for use with lathes, machine tools or any products that relate to the claims in the Complaint or Counterclaims in this case.  Furthermore, the file was in the name of MMU and all billings were to MMU and not to Tom Miyano, personally.  See, Shellenberg Declaration, par. 7.

12.    The current litigation involves claims brought by Plaintiff MMU to protect its rights in its registered trademarks and other intellectual property rights, including the mark MIYANO used with machines tools and as a service mark.  MFEM has been engaged to represent MMJ in defending against the "Counterclaims"[1] asserted by Defendants/Counterclaimants for common law unfair competition, deceptive trade practices and false designation based on the use of certain marks used with machinery or

---

[1] MFEM understands that the Court's clerk has suggested that the parties bring an agreed order at a future date to strike MFEM's erroneous appearance for Plaintiff MMU and to amend the case caption to reflect that MMJ is not a true Counterdefendant.

machine tools and service of such goods. The marks at issue are referred to as the Triangle Winged M mark and the Flying M mark.

13.    None of the claims in the Complaint or Counterclaims relate in any way to the NINJA-MAX mark or portable cable rescue systems consisting of a cable and mechanism for lowering persons from buildings to ground levels. Similarly, the other Tom Miyano personal matters worked on by MFEM do not relate to the claims in the Complaint or Counterclaims, as set forth above. See, Shellenberg Declaration, par. 7, 8.

14.    Defendant/Counterclaimant Tom Miyano claims that "there exists the possibility, or appearance thereof, that confidential information which might have been given members of the law firm of Masuda Funai has a relationship to the subject matter of the pending litigation." Defendant/Counterclaimant Tom Miyano's Motion at par. 7.

15.    As is evident, Defendant/Counterclaimant Tom Miyano has provided no factual or legal basis to establish any such "substantial relationship" or for the imposition of the drastic measure of disqualifying MFEM and thereby depriving MMJ of representation of its own choosing. The matters worked on for Tom Miyano by MFEM are *not* substantially related to the issues at dispute in this case. As set forth in Exhibit "B," no confidences were disclosed by Tom Miyano in the course of his personal matters that are relevant to the trademark issues asserted against MMJ, and MFEM has determined that the firm's representation of MMJ is not precluded. See, Shellenberg Declaration, par. 8.

16.    Should it aide in this Court's decision, MFEM is willing to impose a "Chinese Wall" to separate those particular attorneys who provided representation to Tom Miyano on his personal matters from participating in MFEM's representation of

MMJ in this case. In all, MFEM is a firm of over 40 attorneys with many areas of practice. <u>See</u>, Shellenberg Declaration, par. 3. None of the MFEM attorneys that have filed appearances for MMJ herein worked on Tom Miyano's personal matters.

**WHEREFORE**, Miyano Machinery, Inc. moves this Court to enter an order denying the Motion of Thomas ("Tom") Miyano Defendant/Counterclaimant to Disqualify Masuda, Funai, Eifert & Mitchell, Ltd., as Counsel for Counterdefendant Miyano Machinery, Inc. and for any other relief this Court deems fair.

Dated: March 31, 2008

**MIYANO MACHINERY, INC.**

By: /s/ Steven L. Katz
One of Its Attorneys

Nancy E. Sasamoto, Esq.
Steven L. Katz, Esq.
George H. Kobayashi, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
312-245-7500

N:\SYS12\2260\LITG\Response to Motion to Disqualify.doc