# EXHIBIT B

Case 1:08-cv-00526   Document 62-3   Filed 03/31/2008   Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a/ ) | Magistrate Judge Nolan |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a/ ) | |
| Shigemori Miyano ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |
| MiyanoHitec Machinery, Inc. ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a ) | |
| Shigemori Miyano, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery, Inc. and ) | |
| Miyano Machinery USA Inc., ) | |
| ) | |
| Counterdefendants. ) | |
| ) | |

### DECLARATION OF MARY W. SHELLENBERG

I, Mary W. Shellenberg, hereby make the following declaration:

1. I make this declaration in support of Miyano Machinery, Inc.'s Response to the Motion of Thomas ("Tom") Miyano Defendant/Counterclaimant to Disqualify Masuda, Funai, Eifert & Mitchell, Ltd., as Counsel for Counterdefendant Miyano Machinery, Inc. ("MMJ") in this case.

EXHIBIT "B"

2.  I am of legal age and am competent to testify to the matters contained herein. If called to do so, I would testify as to their truthfulness. I have personal knowledge of the facts contained in this declaration.

3.  I am an attorney with the law firm of Masuda, Funai, Eifert & Mitchell, Ltd. ("MFEM") and have been since 1974. I am licensed to practice law in the State of Illinois. I am a Principal of MFEM, one of its Managing Directors and serve as its First Executive Vice President. MFEM is a firm of over 40 attorneys with many areas of practice.

4.  MFEM has represented Plaintiff Miyano Machinery USA Inc. ("MMU") as general outside counsel for more than 30 years. MMU is a wholly-owned subsidiary of MMJ, a corporation organized and existing under the laws of the country of Japan. MMU is in the business of distributing lathes and machine tools. During MFEM's representation of MMU, at various times Tom Miyano was the President and/or Chairman of the Board of MMU.

5.  In 2005 and earlier, MFEM provided legal services to Tom Miyano, personally, with respect to: immigration, estate planning, personal loans and other miscellaneous personal and family matters. MFEM has also assisted Tom Miyano with respect to traffic and real estate tax matters which were referred to outside counsel.

6.  I was the primary relationship attorney with respect to representation of Tom Miyano on his personal matters. Prior to undertaking any new representation of Tom Miyano, personally, MFEM reviewed whether its representation of Tom Miyano was directly adverse to its representation of MMU and whether there was any reason to believe that its representation of MMU would be materially limited by the representation

of Tom Miyano. With respect to each matter that MFEM personally represented Tom Miyano, the firm determined that it was not precluded from doing so. Likewise, prior to undertaking any new representation of MMU, MFEM reviewed whether its representation of MMU was directly adverse to its representation of Tom Miyano and whether there was any reason to believe that its representation of Tom Miyano would be materially limited by the representation of MMU. With respect to each matter that MFEM represented MMU, the firm determined that it was not precluded from doing so.

7. According to the records of MFEM, the firm only worked on one trademark application where the applicant was Tom Miyano: on or about November 16, 1984, an application was filed to register the trademark NINJA-MAX for use with portable cable rescue systems consisting of a cable and mechanism for lowering persons from buildings to ground level. The file was in the name of MMU and all billings were to MMU and not to Tom Miyano, personally. The NINJA-MAX mark was unrelated to the lathes, machine tools or other products at issue in this case.

8. The personal matters worked on for Tom Miyano by MFEM are not substantially related to the issues at dispute in Complaint and Counterclaims in this case. To the best of my knowledge, no confidences were disclosed by Tom Miyano in the course of his personal matters that are relevant to the trademark issues asserted against MMJ. MFEM has determined that the firm's representation of MMJ is not precluded.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: March 31, 2008

Mary W. Shellenberg