**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. **08 C 526** |
| ) | |
| MiyanoHitec Machinery, Inc., ) | Hon. Virginia Kendall |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and Steven ) | Magistrate Judge Nolan |
| Miyano, a/k/a Shigemori Miyano, ) | |
| ) | |
| Defendants ) | **JURY TRIAL DEMANDED** |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and Steven ) | |
| Miyano, a/k/a Shigemori Miyano, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| vs ) | |
| ) | |
| Miyano Machinery, Inc., and ) | |
| Miyano Machinery USA, Inc., ) | |
| ) | |
| Counterdefendants. ) | |

### **DECLARATION OF TOHMAS MIYANO**

I, Thomas Miyano, hereby make the following declaration:

1. I make this declaration in support of my Motion to Disqualify Masuda Funai as attorneys for MMJ in this litigation.

2. Prior to 2003, my family and I were the owners of MMJ and MMU, its wholly owned subsidiary.

3. Prior to 2003, I had retained the law firm of Masuda Funai to represent the interests of MMU as well as my own, which interests were wholly in harmony.

4.   At all times pertinent, Masuda Funai provided legal representation to MMU and, indirectly for the benefit of MMJ, in connection with trademark applications.

5.   Prior to 2005, Masuda Funai provided legal advice to me in connection with MMU's development of suppliers for MMU and my potential relationships to those suppliers.

6.   Prior to 2005, Masuda Funai, at my request, created an Illinois corporation to be used by me to effectuate investment strategies which I discussed with Masuda Funai.

7.   Prior to 2005, I sought and Masuda Funai provided me with general legal counsel in connection with my business relationship with MMU and, by implication, MMJ.

8.   Prior to 2005, every document I signed in connection with trademark applications which benefitted MMU was prepared by Masuda Funai, many without prior discussion with me.

9.   Prior to 2005, I placed complete trust in Masuda Funai as both counsel for MMU, which I considered as my company, and for me, personally, and discussed aspects of company and personal affairs with attorneys with Masuda Funai.

10.  I believe that Masuda Funai, during the time they represented MMU and me, became aware of confidential information concerning the ownership of MMJ, MMU, my intent for development of business relationships with MMU, and my activities and performance as President and/or CEO.

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED:   March 31, 2008        /s/ *signature*
_____
                                    Thomas Mivan