UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a/ ) | Magistrate Judge Nolan |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a/ ) | |
| Shigemori Miyano ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |
| MiyanoHitec Machinery, Inc. ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a ) | |
| Shigemori Miyano, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery, Inc. and ) | |
| Miyano Machinery USA Inc., ) | |
| ) | |
| Counterdefendants. ) | |
| ) | |

**SUR-REPLY OF MIYANO MACHINERY, INC. IN OPPOSITION
TO MOTION TO DISQUALIFY**

Miyano Machinery, Inc., by and through its attorneys, Nancy E. Sasamoto, Steven L. Katz and George H. Kobayashi, hereby submits its Sur-Reply in Opposition to Motion of Thomas ("Tom") Miyano Defendant/Counterclaimant to

Disqualify Masuda, Funai, Eifert & Mitchell, Ltd., as Counsel for Counterdefendant Miyano Machinery, Inc., and in support states as follows:

1. Miyano Machinery, Inc. ("MMJ"), sought and was granted leave to file this Sur-Reply because (i) Defendant Tom Miyano's Reply was served at approximately 11:40 p.m., the evening before the April 1, 2008 hearing, and (ii) the Reply seeks to introduce arguments/evidence not raised in the Motion to Disqualify.

2. Notwithstanding Defendant's attempt to submit new arguments and a new Declaration with his Reply, Defendant has failed to satisfy *or even address* the legal standard required for the drastic remedy of disqualification.

3. The Seventh Circuit has repeatedly stated that disqualification should not be imposed except where absolutely necessary, and first requires the court to determine whether the <u>subject matter</u> of the prior representation and the current representation are "**substantially related**". The burden is on the moving party to show such facts. *Crowe v. Kearin*, 2008 WL 630479 (N.D. IL. 2008), citing *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993).

4. If the court determines that a substantial relationship exists between the subject matter of the prior and present representations, it must then ascertain whether the presumption of shared confidences with respect to the prior representation has been rebutted. If this presumption has not been rebutted, the court must then determine

2

whether the presumption of shared confidences has been rebutted with respect to the present representation. *Cromley v. Board of Education,* 17 F.3d 1059, 1064 (7th Cir. 1994); *Schiessle v. Stephens,* 717 F.2d 417, 420 (7th Cir. 1983); *LaSalle National Bank. v. County of Lake,* 703 F.2d 252, 255 (7th Cir. 1983).

5.　　In the instant case, Defendant has not demonstrated that there is any relationship between Masuda, Funai, Eifert & Mitchell, Ltd.'s ("MFEM") prior representation of Defendant Tom Miyano on personal matters and MFEM's representation of MMJ concerning the pending trademark and unfair trade counterclaims brought against MMJ. In failing to prove a substantial relationship between the prior personal matters and the current trademark litigation, there can be no presumption that relevant confidences were shared with MFEM prejudicial to Defendant in this case.

6.　　Instead, Defendant seems to argue that MFEM's corporate representation of Plaintiff Miyano Machinery USA Inc. ("MMU") and Stephen Fairchild, Inc. should be deemed personal engagements on behalf of Defendant because Defendant Tom Miyano was an officer or shareholder of these corporate entities.

7.　　Defendant's argument that MFEM somehow abandoned "its fiduciary relationship with Tom Miyano" is wholly without merit.. "A lawyer employed or retained by a corporation or a similar entity owes his allegiance to the entity and not

to a stockholder, director, officer, employee, representative or other person connected with the entity." Even where the corporation is a small closely-held corporation with only a few shareholders and directors, representing such a corporation does not inherently mean the lawyer is also acting as counsel to the individual director/shareholders. *Bobbitt v. Victorian House, Inc.*, 545 F.Supp. 1124, 1126 (N.D. Ill. 1982, J. Shadur) (citing EC 5-18 of the Code of Professional Responsibility).

8. In *Bobbitt*, the movant, Bobbitt, sued Victorian House and sought to disqualify Victorian House's corporate counsel from representing Victorian House in the litigation. Bobbitt had owned one-half of Victorian House's outstanding shares since its formation and was a member of its board of directors. To support his motion to disqualify corporate counsel for Victorian House from representing the corporation in the litigation, Bobbitt asserted, *inter alia*:

- The lead litigation attorney for Victorian House and his firm had represented Bobbitt, personally, before the Victorian House corporation was formed.
- Bobbitt contended through an affidavit that he gave personal confidential information to the corporate attorney concerning the finances and economic goals of Bobbitt and that the corporate attorney had access to his other confidential information.
- After Victorian House was formed, Bobbitt also engaged the corporate attorney to assist with personal matters: general estate tax, a medical insurance claim and a lease.

The court denied the motion to disqualify, as Bobbitt failed to show that he discussed with the corporate counsel matters relevant to the subject litigation or that Bobbitt had a reasonable expectation of confidentiality. In denying the motion to disqualify, Judge Shadur noted that it is not uncommon for litigants to use disqualification motions as a tactic to divert the litigation from attention to the merits. *Bobbitt*, 545 F.Supp. 1127, 1128.

9.  *Bobbitt* is instructional in the instant case. MFEM's representation of MMU or Stephen Fairchild, Inc. does not serve as a basis to disqualify MFEM from representing MMJ in this case. Normally, a corporate stock holder or director communicating with corporate counsel should understand that anything he told that attorney was "known by the corporation." See *Bobbitt*, 545 F.Supp. 1126. "Indeed, the general rule is that corporate counsel does not become counsel for the corporation's individual shareholders and directors." *Hoban v. Strata Marketing, Inc.*, 1991 WL 204965 (N.D. Ill. 1991, J. Conlon). Moreover, Defendant Tom Miyano is not asserting that he alone dealt with MFEM on behalf of such corporate entities.

10. Defendant's Reply and the vague and general assertions contained in the Declaration of Thomas Miyano do not support disqualification. Even assuming, *arguendo*, that Defendant's vague assertions are true, i.e., that MFEM became aware of confidential information of Defendant while MFEM represented MMU and during Defendant's activities as President and/or CEO of MMU, Defendant had no

expectation of confidentiality concerning such communications with regards to MMU, and, by implication, MMJ. Instead, they are deemed corporate communications. See *Bobbitt*, 545 F.Supp. 1126; *Hoban*, 1991 WL 204965.

11. Significantly, Defendant has also failed to come forward with any evidence that MFEM's representation of Defendant on personal matters or even the corporate representation of Stephen Fairchild, Inc. is substantially related to the representation of MMJ in the instant trademark litigation.

12. Instead, Defendant tries to confuse the issues by asserting that MFEM and one of its attorneys, George Kobayashi, worked on trademark issues for *Plaintiff MMU*. It is undisputed that the client in such engagements was MMU, not Tom Miyano, especially concerning the marks at issue in this litigation. There is no legal basis for Defendant to assert that when MFEM provided legal counsel to MMU with respect to trademarks or other matters that it was doing so as Defendant's personal attorney or that MFEM owed any duty to Defendant with respect to those matters.

13. Also, to the extent Defendant is trying to blur the issues by suggesting that MFEM's corporate representation of MMU and the personal representation of Defendant were one in the same, Defendant's request for disqualification of MFEM likewise is without merit. Even assuming, *arguendo*, that MFEM's representation of MMU and Defendant were one in the same, Defendant

could have no expectation of confidentiality especially to the extent other corporate directors, officers and employees of MMU were involved in the engagement and communications. See *Bobbitt*, 545 F.Supp. 1126; *Hoban*, 1991 WL 204965.

14. All assertions of conflict in the Motion to Disqualify were fully rebutted in MMJ's Response to said Motion. Even with the new argument in Defendant's Reply and Declaration, Defendant has failed to demonstrate with specificity, or even generally, any representation of him personally by MFEM that substantially relates to MFEM's representation of MMJ in defending the claims in the current trademark case.

15. Moreover, Defendant has failed to address or respond to the arguments and evidence submitted by MMJ in its Response to the Motion to Disqualify, rebutting any presumption that <u>relevant</u> confidences were shared. Additionally, Defendant has failed to address why attorneys at MFEM that never worked on his unrelated personal matters should be disqualified from appearing for MMJ in this distinct action.

16. It is well settled that disqualification is a drastic measure which courts should hesitate to impose except where absolutely necessary. *Crowe v. Kearin*, 2008 WL 630479 (N.D. Ill. 2008) (citing *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993)). In the instant case, the court should not entertain

disqualification of MFEM, thereby prejudicing MMJ, based on the vague and unsubstantiated assertions of Defendant in his Motion and Reply.

**WHEREFORE**, Miyano Machinery, Inc. respectfully requests that this Court enter an order denying the Motion of Thomas ("Tom") Miyano Defendant/Counterclaimant to Disqualify Masuda, Funai, Eifert & Mitchell, Ltd., as Counsel for Counterdefendant Miyano Machinery, Inc., and for any other relief this Court deems fair.

Dated: April 4, 2008        **MIYANO MACHINERY, INC.**

By: __/s/_Steven L. Katz_____
    One of its Attorneys

Nancy E. Sasamoto, Esq.
Steven L. Katz, Esq.
George H. Kobayashi, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
203 North LaSalle Street, Suite 2500
Tel: (312) 245-7500
Fax: (312) 245-7467

N:\SYS25\2260\Pleadings\00119001.doc