## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 08 C 526 | **DATE** | 4/21/2008 |
| **CASE TITLE** | Miyano Machinery USA Inc. Vs. MiyanoHitec Machinery, Inc. Et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the parties' Stipulated Protective Order Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is denied without prejudice to reassertion if and when a party seeks to file protected material under seal.

■[ For further details see text below.]      Notices mailed by Judicial staff.

### STATEMENT

    The parties seek entry of a Stipulated Protective Order. The proposed protective order defines Confidential information as "any material that a producing party claims in good faith contains or discloses information relating to, reference or pertaining to trade secrets or other confidential research, development, or commercial information within the meaning of the Federal Rules, including technical information; internal business documents; certain customer, licensee, supplier and vendor information; past, present, and future pricing; costs; other financial or marketing information; current (within the last four years) and future business plans or competitive strategies; information related to research development of future products; information relating to pending or abandoned patent applications which have not been made available to the public; and any other information, as agreed that a party believes in good faith constitutes highly proprietary or sensitive business information which could be used by a competitor to harm its business." Paragraph 24 of the proposed protective order provides that Protected Materials will only be used for purposes of preparing for or conducting this litigation, and paragraph 3 limits the persons to whom Confidential information may be disclosed. Further, paragraph 9 of the proposed protective order states that Protected Materials or any document which discloses the substance or content of Protected Materials shall be filed under seal.

    Parties to a lawsuit may agree amongst themselves that information they exchange during discovery will be kept confidential before it is filed with the court. See <u>Baxter International, Inc. v. Abbott Laboratories</u>, 297 F.3d 544, 545 (7th Cir. 2002) (stating "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record"); <u>In re Bridgestone/Firestone, Inc. v. Bridgestone/Firestone Inc., et. al.</u>, 198 F.R.D. 654, 657 (S.D. Ind. 2001) (noting "[a]ccess to discovery materials when those materials have been presented to the court is one issue and quite another issue when the parties are exchanging the materials amongst themselves."). The Seventh

**STATEMENT**

Circuit has recognized that "[a]bsent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." Jepson, Inc. v. Makita Electric Works, Limited, 30 F.3d 854, 858 (7th Cir. 1994). "In other words, if they do not see fit to disseminate discovery information, the parties need not do so." In re Bridgestone/Firestone, Inc., 198 F.R.D. at 657.

     Here, the parties have agreed to limit disclosure of certain discovery material to specified persons involved in the litigation. A confidentiality agreement amongst the parties regarding the categories of information they seek to protect from public disclosure will address the parties' confidentiality concerns at this stage of the case and there is no need for court approval or intervention regarding such an agreement. See Taffinger v. Bethlehem Steel Corp., 2001 WL 1287625, at *3 (E.D. Pa. Oct. 24, 2001). With respect to filing confidential matter under seal, the Court will make a good cause determination for filing under seal if and when a party seeks to file documents or information under seal. Counsel shall consult this Court's judicial home page (http://www.ilnd.uscourts.gov/JUDGE/NOLAN/nrnpage.htm) for specific information concerning the Court's procedures for seeking approval to file material under seal.