# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a Toshiharu ) | Magistrate Judge Nolan |
| Miyano and ) | |
| Steven Miyano, a/k/a Shigemori Miyano, ) | |
| ) | |
| Defendants ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a Toshiharu ) | |
| Miyano and Steven Miyano, a/k/a Shigemori ) | |
| Miyano, ) | |
| ) | |
| Counterclaim-Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery USA Inc. ) | |
| ) | |
| Counterclaim-Defendant ) | |
| ) | |
| and ) | |
| ) | |
| Miyano Machinery, Inc. ) | |
| ) | |
| Third-Party Defendant ) | |
| ) | |

# STIPULATED PROTECTIVE ORDER
## PURSUANT TO RULE 26(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE

WHEREAS this case involves claims of trademark infringement and unfair competition

in connection with the development and sale of products and discovery will include requests for

business, pricing, sales and profit information and other information that the parties consider

confidential. Plaintiff and defendants are direct competitors in a highly competitive industry and a party's disclosure of confidential customer, technical, advertising, sales and profit information could provide the other party with unfair competitive advantage.

WHEREAS the parties believe that good cause exists for the entry of a Protective Order to prevent serious injury or competitive disadvantage to the party disclosing its confidential information and it is in their best interests and in the interest of third parties to conduct discovery under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In light of the foregoing, the parties, through their respective counsel of record, requests the entry of this Protective Order, subject to the Court's approval thereof.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby Ordered that:

## Applicability of This Protective Order

1. This Protective Order (hereinafter referred to as "Order") shall be applicable to and govern all depositions, documents, answer to interrogatories, responses to request for admission, all other discovery taken pursuant to the Federal Rules of Civil Procedure (or otherwise), testimony adduced at hearings (provided that the such hearing is not open to the public), any motion, and post-trial proceedings (provided that any such proceeding is not open to the public), any other material or information furnished directly or indirectly in this matter after the execution date hereof and shall apply to all information, and documents and things within the scope of discovery in this action that are in the custody, possession, or control of:

    a. Plaintiff and Counterclaim Defendant: Miyano Machinery USA, Inc., and its shareholders and their respective predecessors, directors, officers, representatives, agents and employees;

    b.  Defendants: MiyanoHitec Machinery, Inc., and its predecessors, directors, officers, representatives, agents and employees; Thomas ("Tom") Miyano, a/k/a Toshiharu Miyano; and Steven Miyano, a/k/a Shigemori Miyano;

    c.  Third-Party Defendant: Miyano Machinery, Inc. of Japan, and its shareholders and their respective predecessors, directors, officers, representatives, agents and employees; and

    d.  any third party that agrees to be bound under the terms of this Order,

which, in the good faith of the party producing such discovery ("the producing party"), constitutes Protected Materials, as that term is hereinafter defined, of the party producing the information, documents or things.

## Definition of Protected Materials

2. The term "Protected Materials" shall include all information, documents, things and other materials revealed or disclosed at any proceeding or hearing of the above matter (provided that any such hearing or proceeding is not open to the public) or during discovery, including without limitation, deposition testimony, answers to request for admissions, answers to interrogatories, and documents or things tendered pursuant to requests to produce, and that are designated as either "Confidential" or "Attorney's Eyes Only" in the manner provided herein.

    a.  "Confidential" shall encompass any material that a producing party claims in good faith contains or discloses information relating to, reference or pertaining to trade secrets or other confidential research, development, or commercial information within the meaning of the Federal Rules, including technical information; internal business documents; certain customer, licensee, supplier and

    vendor information; past, present, and future pricing; costs; other financial or marketing information; current (within the last four years) and future business plans or competitive strategies; information related to research development of future products; information relating to pending or abandoned patent applications which have not been made available to the public; and any other information, as agreed that a party believes in good faith constitutes highly proprietary or sensitive business information which could be used by a competitor to harm its business. Such information, as specified in the preceding sentence, is not generally known and the producing party would normally not disclose to third parties, or if disclosed such third parties would normally be required to maintain such information in confidence.

    b. "Attorneys' Eyes Only" information is Confidential Information, as set forth herein, which in the reasonable judgment of the producing party is too sensitive, valuable, or difficult to protect from misuse to allow a wider circulation.

3. Information designated as "Confidential," by any named party to this lawsuit or any third-party may only be disclosed to the following persons:

    a. Outside Counsel of record for any party to this action and the law firm of Mori, Hamada and Matsumoto, who is serving as outside counsel to Third-Party Defendant Miyano Machinery, Inc. for this action (including the professional, paralegal, clerical, secretarial, assistants, or other employees of the foregoing attorneys and law firms)

    b. Up to three (3) employees, officers, or directors of the parties, or in the case of an individual party, the individual may be designated to be permitted to receive

        Classified Information designated as "Confidential," subject to the terms of this order and, especially, Paragraph 11;

    c. Consultants or experts, including their normal employees and assistants who are not otherwise an employee, agent or representative of a party to this lawsuit, who are expressly retained by an attorney described in paragraph 3(a) to assist in preparation for trial in this litigation, provided that the terms of Paragraph 11 are satisfied;

    d. Witnesses in any deposition or other proceeding of this action who (i) at the time of the deposition or proceeding, are employees of the producing party and would have access to such information in the ordinary course of their employment, (ii) are an author or recipient of the information or material marked "Confidential" or "Attorneys' Eyes Only," or (iii) had accessed the information or material marked "Confidential" or "Attorneys' Eyes Only" in the past;

    e. Court stenographers, outside copying or exhibit preparation services, interpreters or translators whose functions require them to have access confidential information; and

    f. The Court, the Court's personnel, and the trier of fact.

4. Information designated as "Attorneys' Eyes Only" by any named party to this lawsuit or any third-party may only be disclosed to individuals identified in Paragraph 3, EXCEPT that no individual identified in paragraph 3(b) above shall be allowed access to Attorneys' Eyes Only materials, except by order of the Court or if paragraph 3(d)(iii) applies.

5. This Order has been entered to facilitate discovery in these actions. Neither the entry of this Order nor designation of any information, document, or the like as "Confidential" or

"Attorneys Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in these actions.

6. Nothing herein shall be construed as an agreement or admission; that any information, document or the like designated as Protected Materials is in fact confidential or a trade secret; or as to the competency, relevance or materiality of any such information, document, or the like.

## Procedures for Designating Protected Materials

7. Any information produced at any time in this litigation, either voluntarily pursuant to a discovery request, or pursuant to order, which is asserted by the producing party to be Protected Materials, shall be protected as follows:

   a. If Protected Materials are contained in a deposition transcript, trial transcript (to the extent that the trial was conducted outside of the public domain) or other transcript or testimony, the transcript may be designated as either "Confidential" or "Attorneys' Eyes Only" in accordance with this Order by notifying the other party on the record at the time of the testimony, or in writing within seven (7) days of receipt of the transcript, of the specific pages and lines of the transcript which contain information considered by the party as "Confidential" or "Attorneys' Eyes Only" as defined herein. All deposition transcripts, provided that a designation of confidentiality was made on the record, shall be treated as "Attorneys' Eyes Only" and subject to this Protective Order until after seven (7) days after a transcript of the deposition is received, or until receipt of the notice referred to in this paragraph, which occurs sooner.

b. Documents and things which are Protected Materials shall be clearly and prominently marked on their face, initial page and the page or pages on which any Protected Material appears with legend: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or a legend substantially similar thereto.

c. Any original document produced for inspection that contains Protected Material may, prior to inspection, be orally designated as such thereby making such document subject to this Order; however, any copies of such documents must be marked with the appropriate confidentiality designation by the producing party at the time copies are provided. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver in whole or in part of confidentiality, privilege, work product or other ground of immunity from discovery as to any other information provided that a timely designation is made in accord with this Order.

d. In the case of responses to interrogatories, requests for admission, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, information contained therein may be designated as Protected Materials by prominently marking such paper with the appropriate confidentiality designation or legend from (b) above.

8. Inspection of documents or things by any party to this agreement shall be conducted only by persons eligible under paragraph 3(a) above.

**Procedures for Filing Protected Materials with the Court**

9. Protected Materials (including confidential portions of documents or transcripts) or any document which discloses the substance or content of Protected Materials used in connection with any motion other written submission, hearing or trial in this action, shall be filed under seal for the Court's in camera inspection, or shall be submitted to the Court in such other manner as the parties and the Court may agree to protect the confidentiality of such information. To assist the Clerk, any document or object placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" or the like and a statement substantially in the following form:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
> ENTERED IN CIVIL ACTION NO.: 08 CV 0526
> This envelope, containing documents that are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court.

**Non-Attorney Recipients of Protected Materials**

10. The recipient of any Protected Materials hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order. To the extent that the recipient is not within the scope of paragraph 3(a), (d), (e), or (f) above, each recipient agrees that it will execute an **Undertaking to Protective Order** in the form attached to this Order as Exhibit A prior to receiving Protected Materials.

11. At least five (5) business days prior to the disclosure of any information designated as "Confidential" to an individual as set forth in paragraph 3(b) (*i.e.*, if that individual is a party or

employee, officer, or director of a party), the party disclosing the information to the individual must serve all other parties with a copy of the attached acknowledgement, **Undertaking to Protective Order,** signed by the individual and a written identification of the individual's titles and responsibilities. Within five (5) business days of the disclosure, the other parties may object to the designation of that individual.  Failure to object within five (5) business days shall be deemed approval, but shall not preclude objections to continued access to classified information where facts suggest a basis for such an objection are subsequently learned.

12. Consultants or experts, including their normal employees and assistants who are not otherwise an employee, agent or representative of a party to this lawsuit, who are expressly retained by an attorney described in paragraph 3(a) must agree in advance, to be bound by the this Order by executing an **Undertaking to Protective Order** in the form attached to this Order as Exhibit A. If any party desires to disclose information or material marked "Confidential" or "Attorneys Eyes Only" to a proposed consultant or expert, it shall provide to every other party written notice of its intent to do so, including by providing the consultant or expert's curriculum vitae (including a list of all prior cases in which the proposed consultant or expert rendered any opinion or provided testimony) and a copy of the executed Exhibit A.  Prior to a consultant or expert receiving any information or material marked "Confidential" or "Attorneys' Eyes Only" every party  in this lawsuit, and every producing party whose Protected Materials would be disclosed to the consultant or expert, shall have ten (10) days after such notice is given to object in writing. No information or material marked confidential shall be disclosed to such consultant(s) or expert(s) until the expiration of the foregoing notice period and resolution of any objections.  If, during the ten-day notice period, the party retaining the consultant(s) or expert(s) receives an objection from an opposing party in this lawsuit, there shall be no disclosure of

information or materials marked "Confidential" or "Attorneys' Eyes Only" to such consultant(s) or expert(s) except by further order of the Court. If any party objects to disclosure of information or material marked "Confidential" or "Attorneys' Eyes Only," it shall provide an explanation of the basis of its objection in writing. Consent to the disclosure of material or information marked "Confidential" or "Attorneys' Eyes Only" to a proposed consultant(s) or expert(s) shall not be unreasonably withheld.

### Inadvertent Disclosure of Confidential or Privileged Materials

13. The inadvertent or unintentional failure by a producing party to designate specific Protected Materials as "Confidential" or "Attorneys' Eyes Only" **shall not** be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon prompt, written notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice, including the return of the originals and all copies of the Protected Materials so that the producing party may designate them appropriately. The non-producing party shall not be responsible for the disclosure of belated designated Protected Materials as to such disclosure or distribution that may occur before the receipt of such notification or a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

14. If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production **shall not** be deemed a waiver of any privilege. The producing party shall give prompt written notice to the receiving party upon discovery of the inadvertent production, and therein require the return of the inadvertently produced materials.

Upon receipt of such written notice, the receiving party shall promptly gather the original and all copies of the document or information of which the receiving party is aware and shall return the original and all such copies to the producing party. The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned document(s) and/or information. Within a reasonable time after return, the producing party shall provide a privilege log listing the inadvertently produced material.

15. Nothing in this Protective Order shall be deemed a waiver of any right that any party might otherwise have under the Federal Rules, the doctrines of attorney-client privilege, or attorney work product or a waiver of any procedure as recognized by the Local Rules, Federal Rules, or federal common law.

### Production by a Nonparty

16. If any Protected Materials are produced by a nonparty to this litigation, for example, a nonparty responding to subpoena, such a nonparty shall be considered a "producing party" within the meaning of that term as it is used in the context of this Order, and all parties to this Order who receive such Protected Materials shall be treated as "receiving parties." If the Protected Materials are covered by a confidentiality obligation to a third person, the party possessing such information shall identify the information with sufficient particularity as to enable the receiving party to understand the subject of such information and the identity of said third person, and shall seek permission from the third person to produce such information. If the third person refuses to consent to production of this information, the receiving party may request an Order from the Court compelling such production.

17. If any Protected Materials of a nonparty corporate affiliate of a party are produced, such a nonparty corporate affiliate shall be considered a "producing party" within the meaning of that term as it is used in the context of this Order.

## Production and Maintenance

18. All documents and things produced for inspection by party to this litigation are to be numbered by the producing party.

19. All Protected Materials of a party shall be maintained under the direct control or supervision of outside counsel for the receiving party. Protected Materials may be provided temporarily to retained experts, copying and litigation service personnel, and any other person as defined or designated herein.

20. The recipient of any Protected Materials that is provided under this Order shall, in good faith, maintain such information in a safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information, but in no case less than a reasonable standard of care.

**Destruction of Protected Materials**

21. Within one-hundred eighty (180) days after the conclusion of this action, including any appeal from such conclusion, all documents, things, and other materials produced or designated as "Confidential" or "Attorneys' Eyes Only," and all reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option of counsel in possession of such copies. Each party's outside counsel may retain copies of pleadings, briefs, motions and the like actually filed with the Court that may contain Protected Materials, as well as one complete copy of outside counsel work files containing Protected Materials.  Insofar as the provision of this and any other protective order entered in this action restrict the communication and use of information produced thereunder, such Order shall survive the final conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such protective order.

**Rights to Seek Relief or Modification**

22. This Order is without prejudice to the right of any party to this agreement to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

23. A party or an interested member of the public can challenge the confidential designation of particular documents by filing an objection or otherwise moving before the Court. A party shall not be obligated to challenge the propriety of a Protected Materials designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Any party who

objects to the designation of any information as "Confidential" or "Attorneys' Eyes Only" shall so notify the producing party in writing. The parties shall meet and confer within ten (10) days in an attempt to resolve the issue. In the event that the issue remains unresolved or the parties do not meet, the objecting party may apply to this Court for a ruling that the information or material shall not be so designated. The burden shall be on the party arguing that designation is improper to establish, upon a showing of good cause, that the information does not constitute or contain proprietary or confidential information or trade secrets. Unless and until such a showing is made to the satisfaction of the Court, the information shall continue to be treated as either "Confidential" or "Attorneys' Eyes Only."

### Restrictions on Disclosing and Using Protected Materials

24. **Except as specifically authorized by this Protective Order or as authorized by this Court, Protected Materials and the information contained or disclosed by said Protected Materials shall not be disclosed or revealed to anyone. Every individual, firm, business, or organization receiving Protected Materials pursuant to this Protective Order shall use said Protected Materials solely for purposes of preparing for or conducting this litigation. Every individual, firm, business, or organization receiving Protected Materials <u>shall not</u> use said Protected Materials for any business, commercial, or competitive purpose.**

25. Nothing in this Protective Order shall prevent outside counsel from discussing generally all aspects of this action with their client(s), so long as such discussions do not specifically reveal or disclose information contained in Protected Materials that did not originate from their client.

26. Nothing herein shall prevent disclosure beyond the terms of this Order if the producing party of Protected Materials consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

27. Nothing in this Order shall prevent a producing party from using or disclosing any of its own Protected Materials in any manner in which it sees fit.

28. Nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery from another party in this action, whether or not such material is also obtained through discovery in this action.

29. Nothing herein shall be construed as preventing any party to this agreement from using or continuing to use any information that, at the time of disclosure, is publicly known though no unauthorized act of such party, or preventing a party from continuing to use any information known or used by it if such information was lawfully obtained by the party other than through discovery of the producing party.

### Effective Term

30. This Order shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive the termination of this action.  The Court shall have continuing jurisdiction to enforce, modify, amend or rescind this Order, notwithstanding the termination of this litigation.

SIGNED AND ENTERED this _____ day of _____, 2008:

_____
**Honorable Virginia Kendall**
**United States District Judge**

**STIPULATED AND AGREED:**
**DATED: APRIL 14, 2008**

|  | Respectfully submitted, |
|---|---|
| For Plaintiff, Counterclaim Defendant, and Third-Party Defendant: | For Defendants and Counterclaim-Plaintiffs: |
| /s/ Edward D. Manzo<br>Edward D. Manzo<br>Joel Bock<br>Louis J. Alex<br>Jason R. Smalley<br>COOK, ALEX, MCFARRON, MANZO,<br>CUMMINGS & MEHLER, LTD.<br>200 West Adams Street, Suite 2850<br>Chicago, IL 60606<br>(312) 236-8500 telephone<br>(312) 236-8176 facsimile<br>emanzo@cookalex.com<br>jbock@cookalex.com<br>lalex@cookalex.com<br>jsmalley@cookalex.com | /s/ Geoffrey A. Baker<br>Robert M. Karton<br>ROBERT M. KARTON, LTD.<br>77 W. Washington St., Suite 900<br>Chicago, Illinois 60602-2804<br>(312)214-0900 telephone<br>(312)214-4230 facsimile<br>robert@karton.us<br><br>Vernon W. Francissen<br>FRANCISSEN PATENT LAW, P.C.<br>53 W. Jackson Blvd., Suite 1320<br>Chicago, Illinois 60604<br>(312)294-9980 telephone<br>(312)275-8772 facsimile<br>vern@francissenpatentlaw.com |
| For Third-Party Defendant<br><br>/s/ Nancy E. Sasamoto<br>Nancy E. Sasamoto<br>Steven Louis Katz<br>George H. Kobayashi<br>Masuda, Funai, Eifert & Mitchell, Ltd.<br>203 N. LaSalle<br>Suite 2500<br>Chicago, IL 60601<br>(312) 245-7500 telephone<br>(312) 245-7467 facsimile<br>nsasamoto@masudafunai.com<br>skatz@masudafunai.com<br>gkobayashi@masudafunai.com | Geoffrey A. Baker<br>DOWELL BAKER, P.C.<br>201 Main Street, Suite 710<br>Lafayette, Indiana 47901<br>(765) 429-4004 telephone<br>(765) 429-4114 facsimile<br>gabaker@dowellbaker.com |

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. **08 C 526** |
| v. | ) |
| | ) Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) |
| Thomas ("Tom") Miyano, a/k/a Toshiharu | ) Magistrate Judge Nolan |
| Miyano and | ) |
| Steven Miyano, a/k/a Shigemori Miyano, | ) |
| | ) |
| Defendants | ) **JURY TRIAL DEMANDED** |
| | ) |
| MiyanoHitec Machinery, Inc., | ) |
| Thomas ("Tom") Miyano, a/k/a Toshiharu | ) |
| Miyano and Steven Miyano, a/k/a Shigemori | ) |
| Miyano, | ) |
| | ) |
| Counterclaim-Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| Miyano Machinery USA Inc. | ) |
| | ) |
| Counterclaim-Defendant | ) |
| | ) |
| and | ) |
| | ) |
| Miyano Machinery, Inc. | ) |
| | ) |
| Third-Party Defendant | ) |

### UNDERTAKING TO PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is _____

_____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in the above-entitled action, and signed by Honorable Judge Kendall or any judge sitting in her stead on _____, 2008.

5. I have carefully read and understand the provisions of the Protective Order.

6. I certify that I am eligible to have access to Protected Materials under the terms of the Protective Order; and if necessary thereunder, my curriculum vitae is attached hereto.

7. I will comply with all provisions of the Protective Order.

8. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Protect Materials disclosed to me.

9. I shall maintain any Protected Materials I receive in a safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information and at a minimum shall exercise reasonable care.

10. Within one-hundred eighty days (180) from the final termination of this action or at any time requested by counsel, I will return all Protected Materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am retained.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action. I further acknowledge that I understand that I may be subject

to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with the Protective Order.

_____
(Signature)

_____
(Title)

_____
(Date)