UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. **08 C 526** |
| v. | ) |
| | ) Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) |
| Thomas ("Tom") Miyano, a/k/a | ) Magistrate Judge Nolan |
| Toshiharu Miyano and Steven Miyano, | ) |
| a/k/a Shigemori Miyano, | ) |
| | ) |
| Defendants | ) **JURY TRIAL DEMANDED** |
| | ) |
| MiyanoHitec Machinery, Inc., | ) |
| Thomas ("Tom") Miyano, a/k/a | ) |
| Toshiharu Miyano and Steven Miyano, | ) |
| a/k/a Shigemori Miyano, | ) |
| | ) |
| Counterclaim-Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| Miyano Machinery USA Inc. | ) |
| | ) |
| Counterclaim-Defendants | ) |
| | ) |
| and | ) |
| | ) |
| Miyano Machinery, Inc. | ) |
| | ) |
| Third-Party Defendant | ) |

## THIRD-PARTY DEFENDANT MIYANO MACHINERY INC.'S REPLY TO COUNTERCLAIMS

NOW COMES Third-party Defendant Miyano Machinery, Inc. sometimes referred to herein as "MMJ") by and through its undersigned counsel and for

its Reply to paragraphs 1 through 54 and 88 through 98 of Counterclaim-plaintiffs' Counterclaims states as follows:

## COUNTERCLAIMS

### THE PARTIES

**COUNTERCLAIM PARAGRAPH** 1. Tom and Steven Miyano are individuals residing in Barrington Hills, Illinois and MiyanoHitec Machinery, Inc., is an Illinois corporation with its principal place of business in Barrington Hills (referred to collectively as "THE MIYANOS").

**ANSWER:**  Admitted.

**COUNTERCLAIM PARAGRAPH** 2. Miyano Machinery Inc. ("MMJ") is, on information and belief, a Japanese Corporation with its principal place of business in Nagano Prefecture in Japan.

**ANSWER:**  Admitted.

**COUNTERCLAIM PARAGRAPH** 3. Miyano Machinery USA Inc. ("MMU") is an Illinois Corporation with its principal place of business in Wood Dale, Illinois. MMU is wholly owned by MMJ.

**ANSWER:**  Admitted.

### JURISDICTION AND VENUE

**COUNTERCLAIM PARAGRAPH** 4. Subject matter jurisdiction for THE MIYANOS' counterclaims are [*sic*] proper under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

**ANSWER:**  Admitted with respect to MMJ.  Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 5. This Court has personal jurisdiction over MMU and MMJ. Both MMU and MMJ regularly conduct business throughout the United States, including Illinois, and including this judicial district.

**ANSWER:**  Admitted as to MMJ.  Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 6. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400.

    **ANSWER:**  Admitted.

**COUNTERCLAIM PARAGRAPH** 7. The TMEP states the following in section §1206.03(a): Consent to use of a mark does not constitute consent to register.

    **ANSWER:**  Admitted that §1206.03(a) states "consent to use of a mark does not constitute consent to register" and "consent to register a mark that makes no reference to consent to use is acceptable."  Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 8. The TMEP states the following in section §1206.03(b): The mere incorporation of a business and consent to the business's use of the mark does not constitute implied consent to the registration of the mark.

    **ANSWER:**  Admitted that §1206.03(b) states "the mere incorporation of a business and consent to the business's use of the mark does not constitute implied consent to the registration of the mark," and "when a particular individual identified by matter in a mark is also the person who signed the application, then his or her consent to registration will be presumed." Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 9. The stylized Miyano with design mark that is the subject of Registration No. 1,527,809 is a stylized design that is not the same as the word mark MIYANO.

    **ANSWER:**  Admitted that Registration No. 1,527,809 is for the stylized Miyano trademark shown below and that the stylized

design is not identical to the plain-text mark that is the subject of Registration No. 3,328,718.  Otherwise denied.



**COUNTERCLAIM PARAGRAPH** 10. The word "Miyano" is the family name of Tom Miyano and Steven Miyano.

**ANSWER:**  Admitted that Defendants use that surname.

Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 11. The application included in Exhibit 28 of MMU's complaint states that: "MIYANO" is a Japanese family name and has no particular English translation.

**ANSWER:**  Admitted.

**COUNTERCLAIM PARAGRAPH** 12. Registration No. 1,529,343 for the word mark MIYANO owned by MMU was cancelled on September 18, 1995.

**ANSWER:**   Admitted that according to the file history for Registration No. 1,529,343, Miyano Machinery USA Inc. ("MMU") did not renew that Registration No. 1,529,343 on September 18, 1995. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 13. Tom Miyano did not give his consent to registration of his family name "Miyano" under Registration No. 3,328,718 for the word mark MIYANO filed February 20, 2007.

**ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 14. Steven Miyano did not give his consent to registration of his family name "Miyano" under Registration No. 3,328,718 for the word mark MIYANO filed February 20, 2007.

**ANSWER:** MMJ is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 15. The "Miyano motto mark" of Registration No. 1,473,925 includes six words of which one is "Miyano".

**ANSWER:** Admitted. The full text of Miyano motto mark is shown below.

MIYANO THE WORLD LEADER IN PRECISION

**COUNTERCLAIM PARAGRAPH** 16. The stylized Miyano mark of Registration No. 1,527,809 is a design mark and not a word mark.

**ANSWER:** Denied. The stylized Miyano mark is shown below.



**COUNTERCLAIM PARAGRAPH** 17. Japanese trademark registration no. 441256 for the Winged M design was owned by Sumiko Miyano.

**ANSWER:** MMJ has been registered as an owner of a right of use of the Winged M Mark that is the subject of Japanese trademark registration no. 441256. Sumiko Miyano was an owner of this Japanese trademark registration. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 18. Japanese trademark registration no. 1983020 for the Triangle Winged M design was owned by Sumiko Miyano.

**ANSWER:** Admitted that Sumiko Miyano was an owner of

Japanese trademark registration no. 1983020.  Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 19. Japanese trademark registration no. 2008979 for the Winged M design is indicated as being owned by Sumiko Miyano in the online database of the Japanese trademark office.

> **ANSWER:** Admitted that the online database of the Japanese trademark office indicates that Japanese trademark registration no. 2008979 for the Winged M design is owned by Sumiko Miyano. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 20. Tom Miyano inherited ownership of all trademark rights of Sumiko Miyano.

> **ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 21. Neither MMJ nor MMU currently own trademarks in Japan for either the Triangle Winged M design or the Winged M design.

> **ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 22. MMJ used the trademarks in Japan for the Triangle Winged M design and the Winged M design under license from Sumiko Miyano and her predecessors.

> **ANSWER:** At one time, MMJ used in Japan the Triangle Winged M design and the Winged M design which are the subject of certain Japanese trademark registrations under a licensing arrangement with Sumiko Miyano, an owner of the foregoing registrations.  MMJ is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 23. Tom Miyano filed Japanese trademark application no. 2004-075218 for the Winged M mark on August 13, 2004. That application is pending.

    **ANSWER:**  Admitted.

**COUNTERCLAIM PARAGRAPH** 24. Tom Miyano filed Japanese trademark application no. 2004-075219 for the Triangle Winged M mark on August 13, 2004. That application is pending.

    **ANSWER:**  Admitted.

**COUNTERCLAIM PARAGRAPH** 25. Use by MMJ and MMU of the Winged M design that is shown in Registration Nos. 441256 and 2008979 was abandoned by decision of MMJ in 1984.

    **ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 26. Use by MMJ and MMU of the Triangle Winged M design that is shown in Registration No. 1983020 was abandoned by decision of MMJ in 1997.

    **ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 27. By decision of MMJ in 1997, the stylized Miyano of Registration no. 1,527,809 was selected as the trademark for sale of machines by MMJ and MMU.

    **ANSWER:**  MMJ and MMU were using the stylized Miyano trademark that is the subject of Japan Reg. No. 2103861 and U.S. Reg. No. 1,527,809 on machines at least as early as October 1, 1985.  Otherwise, denied.

**COUNTERCLAIM PARAGRAPH** 28. Use by MMJ and MMU of the Triangle Winged M or Winged M designs for machines was phased out beginning in 1997.

    **ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 29. After the decision to abandon the Triangle M design in 1997, no additional tooling was created to produce machines featuring the Triangle M design.

    **ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 30. MMU is under the complete control of MMJ.

    **ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 31. MMU phased out use of the Triangle Winged M and Winged M designs at the direction of MMJ.

    **ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 32. MMJ and its predecessors were founded by Tom and Steven Miyano's ancestors in 1899.

    **ANSWER:**  According to the deposition testimony of Tom Miyano, MMJ and its predecessors were founded by the stepfather of Tom Miyano's father.  Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 33. Tom Miyano began working at MMJ and rose to become President of MMJ. Tom Miyano was a senior executive at the company founded by his ancestors until his departure in September of 2004. Tom Miyano, for the vast majority of the time he worked at MMJ and MMU, was a majority shareholder.

    **ANSWER:**  Admitted that defendant Tom Miyano worked for and at some time was President of Miyano Machinery Inc.  Admitted that defendant Tom Miyano owned shares of MMJ stock.  Denied that Tom Miyano was a majority shareholder of Miyano Machinery USA Inc.  Otherwise, MMJ is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 34. Tom Miyano moved to the United States in 1984 and established MMU.

**ANSWER:** Admitted that Tom Miyano moved to the U.S. Admitted that Plaintiff, Miyano Machinery USA Inc., was incorporated in Illinois in 1975. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 35. Tom Miyano held the posts of President and Chairman of MMU until June 2004 and September of 2004, respectively.

**ANSWER:** Admitted that Tom Miyano held the posts of President and Chairman of Miyano Machinery USA, Inc. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 36. In 1999, Steven Miyano acquired United States citizenship.

**ANSWER:** MMJ is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 37. In 1999, Tom Miyano also sought United States citizenship, but was delayed due to travel restrictions imposed as a condition of citizenship. Tom Miyano became a citizen of the United States in 2005.

**ANSWER:** MMJ is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 38. Once Tom Miyano acquired United States citizenship, he would have moved the headquarters for MMJ and MMU to the United States, which would have resulted, on information and belief, in the bulk of the income of MMJ and MMU being taxed by the United States instead of Japan.

**ANSWER:** MMJ is without knowledge or information sufficient to

form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 39. In order to expand the business of MMJ, Tom Miyano borrowed money from Mitsuisumitomo Bank. That financing was secured by MMJ stock owned by Tom Miyano.

> **ANSWER:** Admitted that Sumitomo Mitsui Banking Corporation is a Japanese bank based in Tokyo, Japan and that Defendant Tom Miyano was a guarantor of various bank loans to MMJ. MMJ is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 40. Payment on these loans to Mitsuisumitomo Bank on the order of $10 million dollars was made in each of the years 2002 and 2003.

> **ANSWER:** MMJ is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 41. In 2004, the Ministry of Finance of the Japanese government recalculated the security for the assets securing the loans made by Mitsuisumitomo Bank to MMJ. The recalculation excluded any value for MMJ's ownership of MMU, MMU's assets or the assets of other MMJ foreign subsidiaries.

> **ANSWER:** MMJ is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 42. The Japanese Minister of Finance subsequently caused a corporation created by the Japanese government called the IRCJ to intervene in MMJ's business affairs.

> **ANSWER:** Admitted that the IRCJ (Industrial Revitalization Corporation of Japan) existed in Japan and that at the direction of Tom Miyano, MMJ made application for financial relief via the IRCJ. MMJ is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 43. The IRCJ threatened to cause MMJ to fail if Tom Miyano did not cooperate in the IRCJ take-over of MMJ. The IRCJ ordered Tom Miyano to pay approximately $1 million dollars cash and surrender 90% of his stock in MMJ.

> **ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 44. The IRCJ subsequently took MMJ public on the Tokyo Stock Exchange.

> **ANSWER:** Admitted that Miyano Machinery Inc. in Japan became public traded on the Tokyo Stock Exchange. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 45. On information and belief, the IRCJ profited from the public listing of MMJ; the present best estimate of that profit to IRCJ exceeds $200 million dollars -- Mitsuisumitomo Bank made tens of millions of dollars from the public listing.

> **ANSWER:** MMJ is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNTERCLAIM PARAGRAPH** 46. Tom Miyano was pushed out of MMJ and MMU and had his strong family ties to both companies severed by the IRCJ in or around September of 2004.

> **ANSWER:** Admitted that Tom Miyano departed from MMU and MMJ. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 47. Steven Miyano established Hitec Machinery International, Inc., on March 25, 2005.

> **ANSWER:** Admitted that Hitec Machinery International, Inc. was incorporated on March 25, 2005, according to records obtained from the Illinois Secretary of State's Office. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 48. Steven Miyano changed the name of Hitec Machinery International, Inc., to MiyanoHitec Machinery, Inc., on November 3, 2006.

> **ANSWER:** Admitted that the name changed to MiyanoHitec Machinery Inc. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 49. THE MIYANOS began using the Winged M mark on the MiyanoHitec website starting in November 2006.

> **ANSWER:** Admitted that the Winged M mark appeared on the MiyanoHitec website (www.miyanohitec.com) by early 2007. Otherwise, MMJ lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

**COUNTERCLAIM PARAGRAPH** 50. On information and belief, MMJ and MMU did not begin to use the Triangle Winged M design with respect to repair services until after MMJ and MMU learned that THE MIYANOS were using the Winged M design starting in November 2006.

**ANSWER:** MMJ and MMU have been continuously using the Triangle Winged M design with respect to repair services for decades. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 51. On information and belief, MMJ and MMU began to use the Triangle Winged M after MMJ and MMU learned that THE MIYANOS were using the Winged M design. Starting in November 2006, with the intent to deceive customers regarding the source of goods associated with the Winged M design, MMJ and MMU began to use the Triangle Winged M.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 52. On information and belief, MMU, at the direction of MMJ, filed for Registration no. 3,328,718 for the MIYANO word mark after MMU and MMJ learned that THE MIYANOS were using their family name "Miyano".

**ANSWER:** Admitted that MMU filed an application on February 20, 2007 that matured into U.S. Registration No. 3,328,718 for the word mark "MIYANO'". Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 53. On December 13, 2007, Tom Miyano filed trademark application no. 77/351,695 for the Winged M mark under 15 U.S.C. §1126(e) based on ownership of Japanese registration no. 2008979 as heir to Sumiko Miyano.

**ANSWER:** Admitted that on December 13, 2007, Tom Miyano filed trademark application no. 77/351,695 for the Winged M mark under 15 U.S.C. §1126(e) based on his alleged ownership of Japanese registration no. 2008979 as heir to Sumiko Miyano. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 54. On information and belief, Tom Miyano is entitled to registration of the Winged M mark under 15 U.S.C. §1126(e).

**ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPHS 55 to 87 are not directed to MMJ, and no answer is therefore required of MMJ. However, to the extent any answer is required, MMJ adopts as its answer the reply by MMU to the same allegeations.**

### COUNT III [*sic*, VI]– COMMON LAW UNFAIR COMPETITION
### (Against MMU and MMJ)

**COUNTERCLAIM PARAGRAPH** 88. THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

>**ANSWER:**  MMJ adopts its responses to Paragraphs 1 to 54 of the Counterclaims.  MMJ denies that MIYANOS can properly incorporate "their responses to MMU's allegations" because such pleading is compound, prolix and seeks to incorporate hundreds of spurious allegations as to which MMJ has no opportunity or right to respond under the Federal Rules of Civil Procedure.  However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 89. On information and belief, MMU and MMJ have advertised, promoted, offered for sale and sold in the state of Illinois machinery or machine tools or provided services relating to machinery or machine tools under the Triangle Winged M mark with full knowledge of THE MIYANOS' prior use of its Flying M mark in the same area and for the same products.

>**ANSWER:**  Admitted that Miyano Machinery USA Inc. has advertised, promoted, offered for sale and sold in the State of Illinois machinery or machine tools and provided services relating to machinery or machine tools under the Triangle Winged M. Admitted that Miyano Machinery USA Inc. and THE MIYANOS

advertise and either sell or intend to sell the same types of products in the same area. Admitted that MMJ has provided the machinery and machine tools offered for sale and which are serviced in Illinois, and that MMJ has provided trade literature for product descriptions and promotions. Admitted that on occasion, employees of MMJ have attended trade shows in the State of Illinois and that other employees of MMJ have provided repair or maintenance services in the State of Illinois. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 90. On information and belief, in so doing, MMU and MMJ have unfairly competed with THE MIYANOS by attempting to create the impression among relevant consumers that the machines and machine tools or services sold by MMU and MMJ are licensed by, sponsored by, originated with and/or otherwise affiliated with THE MIYANOS, or that the source of the machinery or machine tools sold by MMU and MMJ under the Triangle Winged M mark is affiliated, connected with or associated with THE MIYANOS, when neither MMU nor MMJ nor their machinery or machine tools have any connection with or authorization from THE MIYANOS.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 91. MMU and MMJ have misappropriated THE MIYANOS valuable goodwill and public recognition of the Winged M mark, which has been developed over a long period of time by Defendant Tom Miyano and his predecessors in the state of Illinois, nationally, and internationally, and MMU and MMJ have unlawfully benefited and been unjustly enriched by such activities.

**ANSWER:** Denied.

**COUNTERCLAIM PARAGRAPH** 92. The use, by MMU and MMJ, of the Flying M mark in connection with machinery and machine tools constitutes unfair competition under the common law of the state of Illinois. This use has injured the business reputation of THE MIYANOS and will cause irreparable harm, damage, and injury to THE MIYANOS unless MMU and MMJ are restrained and enjoined by this Court.

**ANSWER:**  Denied.

### COUNT IV [*sic*, VII] – DECEPTIVE TRADE PRACTICES
### (Against MMU and MMJ)

**COUNTERCLAIM PARAGRAPH** 93. THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

> **ANSWER:**  MMJ adopts its responses to Paragraphs 1 to 54 of the Counterclaims.  MMJ denies that MIYANOS can properly incorporate "their responses to MMU's allegations" because such pleading is compound, prolix and seeks to incorporate hundreds of spurious allegations as to which MMJ has no opportunity or right to respond under the Federal Rules of Civil Procedure.  However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 94. MMU and MMJ's use of the Triangle Winged M mark in connection with the offering for sale, advertising, promotion and sale of machinery and machine tools or the repair of same tends falsely to represent or designate that the machinery and machine tools or the repair of same sold by MMU and MMJ are licensed by, sponsored by and/or otherwise affiliated with THE MIYANOS, or tends falsely to represent or designate that the source of the machinery and machine tools or the repair services sold by MMU and MMJ under the Triangle Winged M mark is affiliated, connected with or associated with THE MIYANOS, when neither MMU nor MMJ nor their machinery and machine tools or their repair services have any connection with or authorization from THE MIYANOS, and are likely to cause confusion or mistake, or to deceive relevant consumers, as to the origin, sponsorship, association or approval of the machinery and machine tools or the repair services sold by MMU and MMJ.

> **ANSWER:**  Admitted that MMU and MMJ have longstanding use of the Triangle Winged M mark in connection with the offering for sale, advertising, promotion and sale of machinery and machine

tools in various jurisdictions.  Admitted that unauthorized use by THE MIYANOS of the Winged M mark is likely to cause confusion or mistake or to deceive relevant consumers as to the origin, sponsorship, association or approval of the machinery and machine tools which may be sold or offered for sale by THE MIYANOS. Otherwise denied.

**COUNTERCLAIM PARAGRAPH** 95. The acts of MMU and MMJ complained of herein constitute a violation of the Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1 *et seq*), and have caused and are causing irreparable harm and damage to THE MIYANOS for which there is no adequate remedy at law.

**ANSWER:**  Denied.

### COUNT V [*sic*, VIII]– FALSE DESIGNATION
### (Against MMU and MMJ)

**COUNTERCLAIM PARAGRAPH** 96. THE MIYANOS reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 of the Counterclaims, as well as their responses to MMU's allegations.

**ANSWER:**  MMJ adopts its responses to Paragraphs 1 to 54 of the Counterclaims.  Plaintiff denies that MIYANOS can properly incorporate "their responses to MMU's allegations" because such pleading is compound, prolix and seeks to incorporate hundreds of spurious allegations as to which MMJ has no opportunity or right to respond under the Federal Rules of Civil Procedure.  However, to the extent an answer as to those is required, denied.

**COUNTERCLAIM PARAGRAPH** 97. MMU and MMJ's, conduct as described herein, violates 15 U.S.C. §43(a) and (b).

**ANSWER:**  Denied.

**COUNTERCLAIM PARAGRAPH** 98. MMU and MMJ's conduct, if not restrained and enjoined, will cause THE MIYANOS irreparable harm and damage for which there is no adequate remedy at law.

**ANSWER:** Denied.

Respectfully submitted,

Dated: April 23, 2008

*s/ Edward Manzo*
Edward D. Manzo
Joel Bock
Louis Alex
Jason Smalley
Attorneys for Plaintiff

Edward D. Manzo  I.D. # 03124728
Joel Bock          I.D. # 00239984
Louis Alex         I.D. # 06274458
Jason Smalley      I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone:  (312) 236-8500
Fax:  (312) 236-8176
emanzo@cookalex.com

**CERTIFICATE OF SERVICE**

  The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

  On the date listed below, I caused the filing of the foregoing **Third-party Defendant Miyano Machinery Inc.'s Reply to Counterclaims** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | | |
|---|---|---|
| Geoffrey A. Baker<br>Geoffrey D. Smith<br>DOWELL BAKER, P.C.<br>201 Main Street, Suite 710<br>Lafayette, Indiana 47901<br>(765) 429-4004 telephone<br>(765) 429-4114 facsimile<br>gabaker@dowellbaker.com | Robert M. Karton<br>ROBERT M. KARTON, LTD.<br>77 W. Washington St., Suite 900<br>Chicago, Illinois 60602-2804<br>(312)214-0900 telephone<br>(312)214-4230 facsimile<br>robert@karton.us | Vernon W. Francissen<br>FRANCISSEN PATENT LAW, P.C.<br>53 W. Jackson Blvd.,<br>Suite 1320<br>Chicago, Illinois 60604<br>(312)294-9980 telephone<br>(312)275-8772 facsimile<br>vern@francissenpatentlaw.com |

Nancy E. Sasamoto
Steven L. Katz
George H Kobayashi
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 N. LaSalle St.
Suite 2500
Chicago, IL 60601
312-245-7500 telephone
nsasamoto@masudafunai.com
skatz@masudafunai.com
gkobayashi@masudafunai.com

 ____ (BY HAND DELIVERY) I caused each such document to be personally delivered by hand to the Chicago, Illinois addressee(s) shown above.

 _X_ (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

 _X_ (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Nancy Sasamoto, Steven Katz, George H Kobayashi, Geoffrey A. Baker, Geoffrey D. Smith and Robert M. Karton at the addresses shown above, pursuant to LR 5.9.

Executed on April 23, 2008 at Chicago, Illinois.

     Signed:  */s Edward Manzo*