**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a Shigemori ) | |
| Miyano, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants ) | |
| ) | |
| ──────────────────── ) | |
| ) | |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and Steven ) | |
| Miyano, a/k/a Shigemori Miyano, ) | |
| ) | |
| Counterclaim-Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery USA Inc. ) | |
| ) | |
| Counterclaim-Defendant ) | |
| ) | |
| and ) | |
| ) | |
| Miyano Machinery, Inc. ) | |
| ) | |
| Third-Party Defendant ) | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF WRITTEN DECLARATIONS**
**OF KENICHI HARADA, SHOJI TAKAMORI AND JISABURO NAKAJIMA**

1.    Defendants took the depositions of executives of Third-Party Defendant Miyano Machinery Inc. on Tuesday, Wednesday, and Thursday of the week of April 14, 2008 at the U.S. Consulate in Osaka, Japan. These depositions were the result of extensive planning and effort undertaken by both parties and their counsel.

2.    On Monday, April 21 – the very next business day after counsel for the parties returned from Japan, Defendants' counsel Geoffrey Baker revealed that he intended to include the declarations of three witnesses in support of Defendants' Response to Plaintiff's Motion for a Preliminary Injunction.[1]  Defendant's counsel further noted these witnesses are located in Japan and would be made available for deposition in Osaka, the location from which six attorneys of record in this litigation had just returned.

3.    Defendants did not reveal the existence of these declarations or even the general subject matter of this testimony at any time prior to or during the trip to Japan.

4.    By agreement, the parties exchanged their Rule 26 Initial Disclosures on March 21.  *See Exhibits A & B.*  Defendants' Rule 26(a)(1) Initial Disclosures omitted all required information concerning these witnesses, including "the address and telephone number of each of the individual likely to have discoverable information – along with the subjects of that information" if called to testify.  F.R.C.P. 26(a)(1)(A)(i). Defendants omitted the information required under Rule 26 despite it being known to them prior to their trip to Japan.  Both then and still now, the only information that Defendants provide for these witnesses is that they are "available through counsel for Defendants/Counterclaimants."  *Exhibit B.*

---

[1] These witnesses are Kenichi Harada, Shoji Takamori and Jisaburo Nakajima.  Based on recent discussions between counsel for the parties, Plaintiff's counsel has no reason to believe that these witnesses will be available for cross-examination at the Preliminary Injunction hearing scheduled for June 13.

5.     On Wednesday, March 26 --- three weeks before the parties' counsel traveled to Japan to take depositions in Osaka --- Plaintiff's counsel notified Defendants' counsel of the foregoing deficiencies in their Rule 26(a)(1) disclosures.   Defendants' counsel Vern Francissen advised Plaintiff's counsel that Defendants' Rule 26 Initial Disclosures would be supplemented accordingly.   No supplementation was ever made and still has not been made as of the filing date of this Motion.

6.     Defendants' now refuse to produce these declarations to Plaintiff until Friday, May 23 when Defendants' submit them in support of their Response to Plaintiff's Motion for a Preliminary Injunction. Defendants' efforts to avoid or postpone the examination of these witnesses have dramatically and unnecessarily increased the time, money, and effort involved in obtaining their deposition testimony.

7.     Furthermore, receiving the declarations on May 23 does not leave time to arrange for depositions of these non-party witnesses whose depositions can only be taken in Japan, according to the Defendants. Deposition rooms at the U.S. Consulate in Osaka are limited and need to be reserved, which Plaintiff has done provisionally.  A signed order from this Court will be required to authorize the Consulate to proceed and flight arrangements must be made to go to Osaka, Japan.   Further, unless they are Japanese citizens, all counsel present at the deposition will need special deposition visas to attend.   The visas may only be obtained from the Japanese Consulate once the order and travel arrangements have been made.

8.     In a telephone conference on the morning of Monday, April 28, Plaintiff's counsel Edward D. Manzo, Louis J. Alex, and Jason R. Smalley conferred with Defendant's counsel Jeff Baker and requested the production of these declarations.[2]  Mr. Baker did not agree to produce the declarations but only that he would "consider it," noting that he had no

---

[2] This telephone conference was in satisfaction of Movant's obligations under Local Rule 37.2.

no obligation to produce this evidence prior to May 23. After this telephone conference, Defendants' counsel confirmed via email that he would not produce these declarations until May 23. *See Exhibit C.*

9.      Given the circumstances of this case, it is blatantly unfair and, in our view, unconscionable, that Defendants should have withheld the existence and subject matter of these declarations when the witnesses could have been deposed during the parties' first trip to Japan in April. As just one example of the opportunity the parties had to address these depositions then, the deposition room at the U.S. Consulate was available the entire week of April 14, despite the parties having used it for only Tuesday through Thursday of that week. In view of the Defendants' clearly appreciation for their failure to comply with their obligations under Rule 26, to now permit them to delay producing these declarations which are necessary to decide whether to proceed with depositions in Japan is contumacious.

10.     Under Rule 37(c), a court has broad discretion in selecting the form of relief that it may award a party that has been harmed by virtue of a blatant violation of Rule 26(a)(1) and (e)(1), unless the violation was substantially justified or is harmless in effect, neither of which apply in the current instance.

11.     For these reasons, Plaintiff moves the court for an order compelling defendants to produce the declarations of Kenichi Harada, Shoji Takamori and Jisaburo Nakajima immediately. Furthermore, in view of the fact that Defendants have dramatically increased the cost, time, and effort involved in obtaining the deposition testimony of these witnesses, Plaintiff requests reimbursement for the travel costs associated with obtaining their oral deposition testimony in Japan.

Respectfully Submitted,

Dated: April 28, 2008

*s/Edward D. Manzo*
Edward D. Manzo
Joel Bock
Louis J. Alex
Jason R. Smalley
Attorneys for Plaintiff

Edward D. Manzo   I.D. # 03124728
Joel Bock         I.D. # 00239984
Louis J. Alex     I.D. # 06274458
Jason R. Smalley    I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone:  (312) 236-8500
Fax:  (312) 236-8176
emanzo@cookalex.com

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of **Plaintiff's Motion to Compel Production of Written Declarations of Kenichi Harada, Shoji Takamori, and Jisaburo Nakajima** foregoing with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

Geoffrey A. Baker
Geoffrey D. Smith
DOWELL BAKER, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile
gabaker@dowellbaker.com

Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312)214-0900 telephone
(312)214-4230 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd.,
Suite 1320
Chicago, Illinois 60604
(312)294-9980 telephone
(312)275-8772 facsimile
vern@francissenpatentlaw.com

Nancy E. Sasamoto
Steven L. Katz
George H Kobayashi
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 N. LaSalle St.
Suite 2500
Chicago, IL 60601
312-245-7500 telephone
nsasamoto@masudafunai.com
skatz@masudafunai.com
gkobayashi@masudafunai.com

  X   (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

  X   (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Nancy Sasamoto, Steven Katz, George H Kobayashi, Geoffrey A. Baker, Geoffrey D. Smith and Robert M. Karton at the address shown above, pursuant to LR 5.9.

Executed on April 28, 2008 at Chicago, Illinois.

Signed: *    /s Edward Manzo*

# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | Magistrate Judge Nolan |
| Toshiharu Miyano and Steven Miyano, | ) | |
| a/k/a Shigemori Miyano, | ) | |
| | ) | |
| Defendants | ) | **JURY TRIAL DEMANDED** |
| _____ | ) | |
| | ) | |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | |
| Toshiharu Miyano and Steven Miyano, | ) | |
| a/k/a Shigemori Miyano, | ) | |
| | ) | |
| Counterclaim-Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Miyano Machinery USA Inc. and | ) | |
| Miyano Machinery Inc., | ) | |
| | ) | |
| Counterclaim-Defendants | ) | |

## PLAINTIFF'S DISCLOSURES UNDER
## RULE 26(a)(1) OF THE FEDERAL RULE OF CIVIL PROCEDURE

Plaintiff, Miyano Machinery USA Inc., submits the following statement of

initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil

Procedure.  Plaintiff's disclosures are preliminary and based upon an

investigation conducted so far. Plaintiff reserves may modify and/or

supplement their disclosures as Plaintiff deems necessary and will modify and

supplement the disclosures in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

Nothing in this statement shall be construed as or deemed to be an admission of the relevance of any information, testimony, documents, or tangible things, to any facts or issues that are, or will be, disputed or contested in this litigation. Plaintiff reserves the right to object to the identification, disclosure, or production of any information, testimony, documents or tangible things on the basis of the attorney-client privilege, attorney work-product immunity, or on any other bases permitted to be asserted by Plaintiff under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other rules or law that may be applicable to this litigation, including lack of relevance or that its relevance is outweighed by the burden or expense of production.

## A. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION SUPPORTING PLAINTIFF'S CLAIMS

The following table identifies individuals that are believed to have discoverable information that Plaintiff may use to support each of its claims. The table also identifies the subject of the information pertaining to each of the identified individuals.

| Name<br>Position/Current Title<br>Address and Telephone Number | General Subject Matter of Information |
|---|---|
| Akihiko Minemura<br>Miyano Machinery USA Inc.<br>940 N. Central Ave.<br>Wood Dale, IL 60191<br>630-766-4141 | Plaintiff's trade name, trademarks and service marks, such as ownership and use; advertising; infringement of Plaintiff's trade name, trademarks and service marks; corporate structure of Plaintiff; sales and marketing data; competitors; and information to rebut defendants' counterclaims. |
| Gentaro Kakumae<br>Miyano Machinery USA Inc.<br>940 N. Central Ave.<br>Wood Dale, IL 60191<br>630-766-4141 | Accounting; Plaintiff's trade name, trademarks and service marks; corporate structure of Plaintiff; sales and marketing data; and competitors. |
| Henry Marchionne<br>Miyano Machinery USA Inc.<br>940 N. Central Ave.<br>Wood Dale, IL 60191<br>630-766-4141 | Plaintiff's trade name, trademarks and service marks, such as ownership and use; advertising; infringement of Plaintiff's trade name, trademarks and service marks; corporate structure of Plaintiff; sales and marketing data; competitors; and information to rebut defendants' counterclaims. |

| | |
|---|---|
| Imad Tsay<br>Miyano Machinery USA Inc.<br>940 N. Central Ave.<br>Wood Dale, IL 60191<br>630-766-4141 | Plaintiff's trade name, trademarks and service marks, such as ownership and use; advertising; infringement of Plaintiff's trade name, trademarks and service marks; competitors; and information to rebut defendants' counterclaims. |
| Derek Olszack<br>Miyano Machinery USA Inc.<br>940 N. Central Ave.<br>Wood Dale, IL 60191<br>630-766-4141 | Plaintiff's trade name, trademarks and service marks; repair/rebuilding services; and information to rebut defendants' counterclaims. |

## B. DOCUMENTS AND THINGS SUPPORTING PLAINTIFF'S CLAIMS

The following tables identify documents and things in the possession, custody, or control of Plaintiff that Plaintiff may use to support their claims or defenses. Other documents or things may be identified during discovery. Plaintiff will supplement and modify their disclosure as deemed necessary and to the extent required under Rule 26(e) of the Federal Rules of Civil Procedure. These documents and things, to the extent they are not privileged, are available for inspection, or will be copied and produced at defendants' request. Many of these documents and thing have been produced and made available to the defendants already.

1. **Documents and Things Relating to the Plaintiff's Trade Name, Trademark and Service Mark**

| Category | Location |
|---|---|
| Documents and things relating to Plaintiff's Trade Name, Trademarks and Service Mark. | Miyano Machinery USA Inc. 940 N. Central Ave. Wood Dale, IL |
| Invoices and records | Miyano Machinery USA Inc. 940 N. Central Ave. Wood Dale, IL |
| Data compilation – Navision System | Miyano Machinery USA Inc. 940 N. Central Ave. Wood Dale, IL |

## C. COMPUTATION OF DAMAGES

Plaintiff, Miyano Machinery USA Inc., has and continues to be irreparably harmed. Plaintiff seeks a permanent injunction. Plaintiff will supplement and modify its computation of damages as deemed necessary and to the extent required under Rule 26(e) of the Federal Rules of Civil Procedure.

**Attorney's Fees:** $150,000 (additional fees to be assessed as litigation continues)

**Unjust Enrichment to Defendants:** To be determined.

**Costs:** To be determined

**Punitive damages:** any additional fees or damages the Court sees fit to grant

## D. INSURANCE AGREEMENT

Plaintiff is unaware of any insurance agreement related to the claim of relief set forth in Plaintiff's Complaint or defendants' counterclaims.

Respectfully submitted,

Dated: March 21, 2008

Edward D. Manzo
Joel Bock
Louis Alex
Jason Smalley
Attorneys for Plaintiff

Edward D. Manzo   I.D. # 03124728
Joel Bock         I.D. # 00239984
Louis Alex        I.D. # 06274458
Jason Smalley     I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Plaintiff's Disclosures under Rule 26(a)(1)** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | | |
|---|---|---|
| Geoffrey A. Baker | Robert M. Karton | Vernon W. Francissen |
| Geoffrey D. Smith | ROBERT M. KARTON, LTD. | FRANCISSEN PATENT LAW, P.C. |
| DOWELL BAKER, P.C. | 77 W. Washington St., Suite 900 | 53 W. Jackson Blvd., |
| 201 Main Street, Suite 710 | Chicago, Illinois 60602-2804 | Suite 1320 |
| Lafayette, Indiana 47901 | (312)214-0900 telephone | Chicago, Illinois 60604 |
| (765) 429-4004 telephone | (312)214-4230 facsimile | (312)294-9980 telephone |
| (765) 429-4114 facsimile | robert@karton.us | (312)275-8772 facsimile |
| gabaker@dowellbaker.com | | vern@francissenpatentlaw.com |

_____ (BY MAIL) by placing for collection and deposit in the United States mail true copies of the documents at Chicago, Illinois in a sealed envelope with postage thereon fully prepaid, to the Chicago, Illinois addressee(s) shown above at the address(es) shown above.

_____ (BY HAND DELIVERY) I caused each such document to be personally delivered by hand to the Chicago, Illinois addressee(s) shown above.

_____ (BY FACSIMILE) I caused each such document to be sent by facsimile to the addressee(s) shown above.

_____ (BY OVERNIGHT COURIER) I caused this document to be sent by overnight courier for next day delivery, with all charges pre-paid, to the addressee(s) shown above at the address(es) shown above.

__X__ (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to the addresses shown above.

_____ (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to addressee(s) shown above.

Executed on March 21, 2008 at Chicago, Illinois.

Signed:

Exhibit A

# Exhibit B

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, | ) | Magistrate Judge Nolan |
| a/k/a Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### DEFENDANTS' AND COUNTERCLAIMANTS' INITIAL DISCLOSURES

Defendants and Counterclaimants' MiyanoHitec Machinery, Inc., Thomas

("Tom") Miyano, and Steven Miyano ("MIYANOS") respectfully submit their initial

disclosures pursuant to Fed.R.Civ.P. 26(a)(1) and state as follows:

**Individuals with Knowledge**

1. Toshiharu Miyano – available through counsel for Defendants/Counterclaimants;
2. Shigemori Miyano – available through counsel for Defendants/Counterclaimants;
3. Ken-Ichi Harada – available through counsel for Defendants/Counterclaimants;
4. Shoji Takamori – available through counsel for Defendants/Counterclaimants;
5. Jisaburo Nakajima – available through counsel for Defendants/Counterclaimants;
6. Toshikatsu Ito – presumably available through MMU and/or MMJ counsel;
7. Yoshiharu Saito – presumably available through MMU and/or MMJ counsel;
8. Mr. Ichikawa – presumably available through MMU and/or MMJ counsel;
9. Satoru Nakagiri – presumably available through MMU and/or MMJ counsel;

10. Tony Sasaki – former President of MMU, presently believed to be living in Japan;
11. Toshiyuki Nagasawa – present President of MMU, presently believed to be living in the greater Chicago area;
12. Henry Marchionne – presumably available through MMU and/or MMJ counsel;
13. Derek Olczak – presumably available through MMU and/or MMJ counsel;
14. Other present and former Directors and Officers of counterdefendant Miyano Machinery, Inc.
15. George Kobayashi – Masuda, Funai, Eifert and Mitchell, Ltd., Chicago, IL
16. Gentaro Kakumae – presumably available through counsel for MMU and/or MMJ;
17. other not yet identified employees and former employees of MMU and MMJ.

**Relevant Documents**

1. Documents and things relating to Defendants'/Counterclaimants' trade name and trademarks (in the process of being produced to Plaintiffs);
2. documents and things relating to the IRCJ takeover of Miyano Machinery, Inc. (in the process of being produced to Plaintiffs).

**Computation of Damages**

Defendants/Counterclaimants are in the process of determining their damages. Due to the early stage of discovery that the case is now in, Plaintiffs/Counterclaimants are not presently in a position to elaborate further on their computation of damages. As information becomes available, and at an appropriate time, the computation will be made available to Plaintiffs.

**Insurance Agreement**

No such agreement exists.

DATED: March 21, 2008

Respectfully submitted,

/s/ Geoffrey A. Baker

Exhibit B

Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312)214-0900 telephone
(312)214-4230 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312)294-9980 telephone
(312)275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile

gabaker@dowellbaker.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANTS' AND COUNTERCLAIMANTS' INITIAL DISCLOSURES was served by email on March 21, 2008 to the following:

Edward D. Manzo
Cook, Alex, McFarron, Manzo,
Cummings & Mehler, Ltd.
200 West Adams Street, Suite 2850
Chicago, IL 60606

Phone:  (312) 236-8500
Fax:  (312) 236-8176

emanzo@cookalex.com

March 21, 2008                                          /s/Geoffrey A. Baker

Exhibit B

# Exhibit C

| | |
|---|---|
| **From:** | Geoff Baker [gabaker@dowellbaker.com] |
| **Sent:** | Monday, April 28, 2008 2:17 PM |
| **To:** | emanzo@cookalex.com |
| **Cc:** | 'Vernon Francissen'; 'Steven L. Katz'; 'George H. Kobayashi'; 'Nancy E. Sasamoto'; 'Joel Bock'; 'Louis Alex'; 'Jason Smalley'; 'Bob Karton'; GDSmith@dowellbaker.com |
| **Subject:** | RE: Tom Miyano and other depositions |

Ed,

Further to our phone conversation this morning, we will provide you with copies of the declarations of Messrs. Takamori, Harada and Nakajima on May 23, 2008 in accord with the present briefing schedule on your motion for a preliminary injunction. Similarly, we will continue to cooperate with you in scheduling the declarants' depositions in Osaka on or about May 28-30.
This allows you ample time to prepare for the depositions.

If you provide us with a proposed consular commission this afternoon, we will return it quickly with our comments. Please note that our cooperation is primarily, if not solely, based on the difficulties in scheduling depositions in Japan. If these declarants were US citizens, we would not have notified you of our intent to rely on their declarations; we would have simply attached them to our opposition. You would then have even less information than you do now. Moreover, had we operated under the former schedule and disclosed the declarants on April 25, 2008, we could have relied on these declarants and you would have had no chance of deposing them by May 2, 2008. There can be no question that we are fully cooperating.
There can also be no question that you have no basis in the rules or otherwise to ask us to cooperate any more than we have -- essentially, you are asking for a sneak peak at our opposition, something no rule or decision calls for. If you are aware of such a rule or decision, please provide it at your earliest convenience. As you can imagine, we believe that our approach is eminently fair and reasonable, as well as being in accord with the federal rules. We are committed to continuing to be fair, reasonable and to abide by the federal rules.

As I reiterated this morning, these witnesses are formerly under the control of your client - two of them are former directors of MMJ and the other has done trademark work for MMJ (although he now works for Tom Miyano).
Moreover, Mr. Ichikawa testified about Mr. Harada and related documents.
You have known about these witnesses longer than we have. Additionally, we identified these witnesses on March 21 as part of our initial disclosures.
Thus, even discounting your clients' knowledge of these witnesses, you have known of them for approximately five weeks. Further, during that time, we notified you that we intended to rely on these witnesses' declarations in opposing your preliminary injunction motion. Again, we did so because we wanted to ensure that you had an opportunity to cross-examine them. The only thing standing in the way of your cross-examining them appears to be your willingness and/or desire to do so.

Please let us know if there are any further steps that we need to take to facilitate these depositions.

Geoff

Geoffrey A. Baker
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
Phone:  708-660-1413
Fax:     312-873-4466
Mobile: 708-707-8778
www.dowellbaker.com

This message is intended only for the named recipient(s) and may contain a confidential attorney-client communication and/or attorney work product. If you receive this message in error, please contact the sender listed above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

Exhibit C