# EXHIBIT E



200 West Adams Street, Suite 2850
Chicago, Illinois 60606

Phone: 312-236-8500
Fax: 312-236-8176

www.cookalex.com
firm@cookalex.com

Louis J. Alex
lalex@cookalex.com

May 1, 2008

Mr. Robert M. Karton
Robert M. Karton, Ltd.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804

Dear Bob:

In accordance with our oral agreement of yesterday, I provide you with Plaintiff and Counterdefendant Miyano Machinery USA, Inc.'s Response to Interrogatory No. 1 of Counterclaimant's First Set of Interrogatories.

Sincerely,

*Louis J. Alex*

Louis J. Alex

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Miyano Machinery USA Inc.,   ) | |
|     ) | |
| Plaintiff,     ) | |
|     ) | Civil Action No. **08 C 526** |
|     v.     ) | |
|     ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc.,   ) | |
| Thomas ("Tom") Miyano, a/k/a   ) | Magistrate Judge Nolan |
| Toshiharu Miyano and     ) | |
| Steven Miyano, a/k/a Shigemori   ) | |
| Miyano,     ) | |
|     ) | **JURY TRIAL DEMANDED** |
| Defendants     ) | |
|     ) | |
| —————————————— ) | |
|     ) | |
| MiyanoHitec Machinery, Inc.,   ) | |
| Thomas ("Tom") Miyano, a/k/a   ) | |
| Toshiharu Miyano and Steven   ) | |
| Miyano, a/k/a Shigemori Miyano,   ) | |
|     ) | |
| Counterclaim-Plaintiffs     ) | |
|     ) | |
|     v.     ) | |
|     ) | |
| Miyano Machinery USA Inc.   ) | |
|     ) | |
| Counterclaim-Defendant     ) | |
|     ) | |
| and     ) | |
|     ) | |
| Miyano Machinery, Inc.     ) | |
|     ) | |
| Third-Party Defendant   ) | |

**PLAINTIFF & COUNTERDEFENDANT MIYANO MACHINERY USA,**
**INC.'S RESPONSE TO INTERROGATORY NO. 1 OF**
**COUNTERCLAIMANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure, Plaintiff and Counterdefendant Miyano Machinery USA, Inc.

1

(hereinafter referred to as "Plaintiff" or "Counterdefendant" or "MMU") hereby answers and objects to Counterclaimants' First Set of Interrogatories to Miyano Machinery USA, Inc. dated April 10, 2007, as follows:

### General Objections

A.    Plaintiff objects to these Interrogatories to the extent the instructions, definitions, or demands attempt to alter the plain meaning or understanding of any term, or attempt to impose obligations inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.

B.    Plaintiff objects to the definition of "MMU" or "Plaintiff" or "Counterdefendant(s)" as overly broad and unduly burdensome to the extent that it seeks to encompass third parties.

C.    Plaintiff objects to the definition of "MMJ" or "Counterdefendant(s)" as overly broad and unduly burdensome to the extent that it seeks to encompass third parties. Plaintiff also objects to "MMJ" being referred to as a "Counterdefendant" rather than as a Third-Party Defendant.

D.    Plaintiff objects to these Interrogatories to the extent that they call for information or documents not within the current possession, custody, or control of Plaintiff.

2

E.    Plaintiff objects to these Interrogatories to the extent that they call for information that is protected by the attorney-client, work-product, or other applicable privileges. Plaintiff does not waive and intends to preserve the attorney-client privilege, the work-product privilege, and every other applicable privilege with respect to information otherwise responsive to these Interrogatories that is protected by such a privilege.

F.    Plaintiff objects to these Interrogatories to the extent they are overly broad, vague, ambiguous, oppressive, or would require an unreasonable investigation by Plaintiff. Plaintiff further objects to these Interrogatories to the extent they impose an undue burden upon Plaintiff. Plaintiff further objects to these Interrogatories to the extent that they exceed 25 in number, including discrete subparts, in violation of the limitations set forth in Rule 33(a).

G.    Plaintiff objects to these Interrogatories to the extent they call for information contained in communications between Plaintiff and its counsel or for the identification of documents created by its counsel.

H.    By responding to these Interrogatories, Plaintiff does not concede the relevancy, materiality, or admissibility of any response or the subject to which it relates. Plaintiff's responses are made subject to and without waiving any objections as to relevancy, materiality, or admissibility.

3

I.      These responses and objections are based upon the information currently available to Plaintiff. Plaintiff therefore may modify and/or supplement these responses and objections in accordance with its obligations under Rule 26(e).

J.      Plaintiff objects to these Interrogatories on the ground that Defendants have failed in many instances to identify any time limitation that governs the Interrogatories, rendering them overly broad and unduly burdensome.

K.      By responding to these Interrogatories, Plaintiff does not adopt any of the characterizations made by Defendants in any of their Interrogatories.

L.      The applicable foregoing general objections are incorporated into each of the specific objections and responses that follow. The stating of a specific objection or response shall not be construed as a waiver of Plaintiff's general objections.

M.      Without waiving any objections herein, Plaintiff states that it is willing to meet and confer in good faith with the Defendants regarding the Interrogatories and the responses and objections herein to resolve any matters in dispute with respect thereto. In particular, where an objection is made on the grounds that a specific Interrogatory is overly broad or unduly burdensome or seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, Plaintiff is willing to meet and confer regarding reasonable limitations on the scope

4

of the Interrogatory, and where the objection is made on the ground that a specific Interrogatory is confusing, vague and/or ambiguous, Plaintiff is willing to meet and confer regarding the meaning of the Interrogatory.

5

**Objections & Responses**

Interrogatory No. 1

State in detail the circumstances surrounding any declaration filed on behalf of MMU in the prosecution, application or registration for each of the trademarks in suit including, but not limited to setting forth the specific information and belief(s) relied upon by George Kobayashi in filing any such declaration and identifying the person(s) and/or document(s) that are the source(s) of each such information and belief, and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

Objections/Response:

Counterdefendant MMU objects to this Interrogatory as vague and ambiguous to the extent it refers to the "circumstances surrounding any declaration" without providing any definition.

MMU further objects to this interrogatory to the extent that it seeks **"specific information and belief(s) relied upon by [attorney] George Kobayashi"** in filing declarations and prosecuting applications and registrations, which information and beliefs are protected by the attorney client privilege and work product doctrine. *See Mendenhall v. Barber Greene Co.*, 531 F. Supp. 948 (N.D. Ill. 1981)(court denied on grounds of attorney client privilege defendant's motion to compel plaintiff's patent attorney "to testify as to his knowledge of claimed prior art" including "certain contract work" performed by the plaintiff more than one year before the asserted patent was filed); *See also, In Hyuk Suh v. Choon Sik Yang et al.*, 1997 U.S. Dist. LEXIS 20077 (N.D. Cal. Nov. 18, 1997)(applying attorney privilege in context of patent applications to trademark applications). Similarly, this Interrogatory's request for the

6

identification of the **"persons and/or documents that are the source(s) of each such information and belief"** relied upon by attorney George Kobayashi also seeks to disclose communications and/or information that are protected by the attorney client privilege and/or work product doctrine.

Subject to and without waving its objections, MMU answers as follows.

Circumstances surrounding the declarations filed on behalf of MMU for the four trademark registrations and one service mark application in suit are set forth below:

**U.S. Reg. No. 1,217,317 – Triangle Winged M Trademark**

An application was filed on September 21, 1981 to register the Triangle Winged M trademark for use in connection with "power lathes and bar feeders and programmable controllers therefor." A drawing of the mark sought to be registered appears below:



A declaration submitted with this trademark application was signed on or around September 14, 1981 by Goro Yamaguhi as Executive Vice

7

President of Miyano Machinery USA, Inc.    The declaration stated the following:

> The undersigned, Goro Yamaguchi, declares that:
>
> He is Executive Vice President of the Applicant corporation and is authorized to execute this declaration on behalf of said corporation; he believes said corporation to be the owner of the mark sought to be registered; to the best of his knowledge and belief, no other person, firm, corporation or association has the right to use said mark in commerce, either in the identical form or in such near resemblance thereto so as to be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or to deceive; all statements made herein of his own knowledge are true and all statements made on information and belief are believed to be true; and further these statements were made with the knowledge that willful, false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United states Code and such willful, false statements may jeopardize the validity of this application or document or any registration resulting therefrom.

During the course of the prosecution of this application, the description of goods and the mark were amended.    The goods description was amended to read as follows:  power lathes, and bar feeders therefor.  The description of the mark was amended to read as follows:  [t]he Mark is composed of the word Miyano with the double winged letter "M" superimposed in a triangle."    The application was approved for publication and thereafter issued as a Certificate of Registration on November 23, 1982.

A Combined Section 8 and 15 Affidavit was signed on or around April 7, 1988 by Toshiharu Miyano as President of Miyano Machinery USA, Inc., whose signature was notarized by Henry R. Marchionne.  The

8

Combined Section 8 and 15 Affidavit that was signed on or around April

7, 1988 stated as follows:

> TOSHIHARU MIYANO declares and states that he is the President of Miyano Machinery (U.S.A.) Inc., an Illinois corporation, having its principal place of business at 940 North Central Avenue, Wood Dale, Illinois 60191, and is authorized to execute this affidavit on behalf of said corporation; that Miyano Machinery (U.S.A.) Inc. owns the above-identified registration issued November 23, 1982; that the mark shown herein has been in continuous use in interstate commerce for five consecutive years from the date of the registration or the date of publication under Section 12(c) (4) to the present, on the following goods identified in the registration:

> POWER LATHES;
> BAR FEEDERS;

> that such mark is still in use in commerce as evidenced by the specimens included herewith showing the mark as currently used; that there has been no final decision adverse to registrant's claim of ownership of such mark for such goods, or to registrant's right to register the same or to keep the same on the register, and that there is no proceeding involving said rights pending and not disposed of either in the Patent and Trademark Office or in the courts.
> A check for two hundred dollars ($200.00) is enclosed.
> Registrant hereby appoints Masru Funai, Helmut Eifert, Mary W. Shellenberg, Joseph S. Parisi and Edward J. Underhill, all members of the Bar of the State of Illinois and practicing under the firm name of MASUDA, FUNAI, EIFERT & MITCHELL, LTD., 134 North LaSalle, Street, Suite 1700, Chicago, Illinois, 60602, either individually or collectively, attorneys for said registrant, with full power of substitution and revocation, to file this declaration and to transact all business in the Patent and Trademark Office in connection therewith.

The specimen filed in connection with Combined Section 8 and 15

Affidavit is pictured below:

9



The Combined Section 8 and 15 Affidavit and at least a letter signed by Edward Underhill and dated April 19, 1988 were sent to the United States Patent and Trademark Office. These documents were subsequently received by United States Patent and Trademark Office on May 1, 1988 and determined to satisfy the corresponding statutory requirements on October 11, 1988.

A Combined Section 8 and 9 Affidavit was electronically signed and submitted on November 5, 2002 by attorney George Kobayashi on behalf of Miyano Machinery USA, Inc. This declaration stated:

> The owner is using or is using through a related company the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce.
> The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner;

10

and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

The registrant requests that the registration be renewed for the goods and/or services identified above.

The specimen which accompanied the filing of the Combined Section 8 and 9 Affidavit is pictured below:



United States Patent and Trademark Office correspondence dated February 20, 2003 notified registrant's attorney that the Affidavit was approved for purposes of trademark renewal under Section 9 of the Lanham Act. With regard to the Section 8 portion of the Affidavit, the United States Patent and Trademark Office stated in its February 20, 2003 letter:

Office records indicate the registration is owned by MIYANO MACHINERY (U.S.A.) INC. not MIYANO MACHINERY INC., the party who filed the Section 8 Affidavit.

On March 20, 2003, following a telephone conference with the examining attorney, attorney George Kobayashi submitted to the United States Patent and Trademark Office a Certificate of Name Change verifying that Miyano Machinery USA, Inc. had changed its name to Miyano Machinery, Inc., pursuant to an amendment to the articles of

11

incorporation filed with the Illinois Secretary of State on January 3, 1995. The Section 8 Affidavit was approved on November 3, 2003.

## U.S. Reg. No. 1,473,925 - MIYANO THE WORLD LEADER IN PRECISION

An application was filed on or around March 19, 1987 to register the trademark "MIYANO THE WORLD LEADER IN PRECISION" for use in connection with "machines and machine tools – namely, turning centers, lathes, vertical machining centers and all parts, attachments and accessories thereto."    A declaration submitted with this trademark application was signed on or around March 11, 1987 by Toshiharu Miyano as President of Miyano Machinery USA, Inc.    That declaration stated the following:

> Toshiharu Miyano states that he is the President of applicant corporation and is authorized to execute this affidavit on behalf of said corporation; he believes said corporation to be the owner of the trademark sought to be registered; to the best of his knowledge and belief no other person, firm, corporation or association has the right to use said mark in commerce, either in the identical form or in such near resemblance thereto as to be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake or to deceive; and the facts set forth in this application are true; and further, these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and such willful false statements may jeopardize the validity of the application or document or any, registration resulting therefrom.

12

During the course of the prosecution of this application, the description of the goods was amended.  The goods description was amended to read as follows:  machines and machine tools – namely, turning centers, lathes, vertical machining centers and all parts therefor.  The application was approved for publication and thereafter issued as a Certificate of Registration on January 26, 1988.

A Combined Section 8 and 15 Affidavit was signed on or around February 8, 1993 by Toshiharu Miyano as President of Miyano Machinery USA, Inc.  The Combined Section 8 and 15 Affidavit stated:

> *Toshiharu (Tom) Miyano* declares that he is the *President* Miyano Machinery USA Inc. an Illinois corporation, having its principal place of business at 940 North Central Avenue, Wood Dale, Illinois 60191, and is authorized to execute this Declaration on behalf of said corporation; that Miyano Machinery USA Inc. owns the above-identified registration issued on January 26, 1988, as shown by records in the Patent and Trademark Office; that the mark shown herein has been in continuous use in interstate commerce for five consecutive years from the date of the registration to the present on all of the goods specified in the Certificate of Registration:
>
> **MACHINE AND MACHINE TOOLS – NAMELY TURNING CENTERS, LATHES, VERTICAL MACHINING CENTERS AND ALL PART THEREFORE.**
>
> that such mark is still in use in commerce as evidenced by the specimens included herewith showing the mark as currently used on the goods and on point of purchase displays; and there has been no final decision adverse to the Registrant's claim of ownership of such mark for such goods, or to the Registrant's right to register the same or to keep the same on the Principal Register, and that there are no proceedings involving said rights pending and not disposed of either in the Patent and Trademark Office or in the Courts.
>
> I declare further that all statements made herein are true and that these statements were made with the

13

knowledge that willful false statements and the like are punishable by fine or imprisonment, or both under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this document and the registration to which it relates.

Registrant hereby appoints Rebecca B. Lederhouse, Nancy E. Sasamoto and Joseph S. Parisi, all members of the Bar of the State of Illinois and practicing under the firm name Masuda, Funai, Eifert & Mitchell, Ltd., One East Wacker Drive, Suite 3200, Chicago, Illinois 60601-1802, either individually or collectively, attorneys for said registrant with full power of substitute and revocation to file this declaration and to transact all business in the Patent and Trademark Office in connection therewith.

At least the Combine Section 8 and 15 Affidavit and an accompanying letter signed by Rebecca B. Lederhouse are indicated as being received by the United States Patent and Trademark Office on February 18, 1993. The specimens which accompanied the Combined Section 8 and 15 Affidavit are pictured below:



A Combined Section 8 and 9 Affidavit was electronically signed and filed on March 22, 2007 by attorney George Kobayashi on behalf of

14

Miyano Machinery USA Inc. The Affidavit was determined to satisfy the corresponding statutory requirements on April 23, 2007. This Combined Section 8 and 9 Affidavit stated:

> Section 8: Declaration of Use in Commerce
> Unless the owner has specifically claimed excusable non-use, the owner, or its related company, is using the mark in commerce on or in connection with the goods and/or services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce.
>
> Section 9: Application for Renewal
> The registrant requests that the registration be renewed for the goods and/or services identified above.
>
> The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C.
> Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

The specimens which accompanied the filing of the Combined Section 8 and 9 Affidavit are pictured below:



15

**U.S. Reg. No. 1,527,809 – Stylized Miyano**

An application was filed on or around May 2, 1988 to register the trademark, a drawing of which is pictured below, for use in connection with "machines and machine tools – namely, turning centers, lathes, vertical machining centers and all parts therefor."



A declaration submitted with this trademark application was signed on or around April 7, 1988 by Toshiharu Miyano as President of Miyano Machinery USA, Inc. The application was approved for publication and thereafter issued as a certification of registration on March 7, 1989.

On July 1, 1988, the United States Patent and Trademark Office issued an office action stating in part the following:

> The affidavit signed by Toshiharu Miyano is not notarized. Though it does contain some language that would satisfy the declaration requirements of 37 C.F.R. Section 2.20, it does not contain all the statements required of declarations submitted in lieu of notarized affidavits. A comparison of the original affidavit form with the attached model declaration should illustrate the deficiencies.

The examining attorney included a declaration for execution by the applicant. That declaration was executed by Toshiharu Miyano, President of Miyano Machinery, USA, Inc., on or around August 3, 1988 and is indicated as being received in the United States Patent and Trademark Office on August 10, 1988. That declaration stated:

16

Toshiharu Miyano being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any registration resulting therefrom, declares that the undersigned is President of Applicant corporation and is authorized to execute this instrument on behalf of said corporation; he/she believes said corporation to be the owner of the mark sought to be registered; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use said mark in commerce, either in the identical form or in such near resemblance therto as may be likely, when applied to the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; the facts set forth in this application are true; and all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

A Combined Section 8 and 15 Affidavit was signed on or around June 21, 1994 by Toshiharu Miyano as Chairman of the Board of Miyano Machinery USA, Inc. This Affidavit is indicated as being received by the United States Patent and Trademark Office on July 12, 1994, and determined to satisfy the corresponding statutory requirements on February 13, 1995. This Affidavit stated:

Toshiharu (Tom) Miyano declares that he is the chairman of the board of Miyano Machinery USA Inc. an Illinois corporation, having its principal place of business at 940 North Central Avenue, Wood Dale, Illinois 60191, and is authorized to execute this Declaration on behalf of said corporation; that Miyano Machinery USA Inc. owns the above-identified registration issued on March 7, 1989, as shown by records in the Patent and Trademark Office; that the mark shown herein has been in continuous use in interstate commerce for five consecutive years from the date of the registration to the present on all of the goods specified in the Certificate of Registration:

17

**Machines and machine tools - namely, turning centers, lathes, vertical machining centers and all parts therefor**

that such mark is still in use in commerce as evidenced by the specimens included herewith showing the mark as currently used on the goods and on point of purchase displays; and there has been no final decision adverse to the Registrant's claim of ownership of such mark for such goods, or to the Registrant's right to register the same or to keep the same on the Principal Register, and that there are no proceedings involving said rights pending and not disposed of either in the Patent and Trademark Office or in the courts.

I declare further that all statements made herein are true and that these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this document and the registration to which it relates.

Registrant hereby appoints Amy L. Kurland, Nancy E. Sasamoto and Joseph S. Parisi, all members of the Bar of the State of Illinois and practicing under the firm name of Masuda, Funai, Eifert & Mitchell, Ltd., One East Wacker Drive, Suite 3200, Chicago, Illinois 60601-1802, either individually or collectively, attorneys for said registrant with full power of substitution and revocation to file this declaration and to transact all business in the Patent and Trademark Office in connection therewith.

The specimens which accompanied the Combined Section 8 and 15

Affidavit are pictured below:

18





**U.S. Reg. No. 3,328,718 – MIYANO (Standard Character Mark)**

An application was filed on November 6, 2007 to register the term MIYANO as a trademark for use in connection with "machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefor."    A declaration submitted with this trademark application was electronically signed and filed on February 20, 2007 by attorney George Kobayashi on behalf of the Applicant, Miyano Machinery USA, Inc.  This declaration stated:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

The specimen submitted with the application and declaration is pictured below:



This trademark application was approved for publication in the Official Gazette on August 21, 2007 and issued as a Certificate of Registration on November 6, 2007.

**<u>Application Serial No. 77/176,918 – Triangle Winged M Service Mark</u>**

An application was filed on May 9, 2007 to register the Triangle Winged M service mark for use in connection with "repair and refurbishing services in connection with machines and machine tools, namely, turning centers, lathes, vertical machining centers and all parts therefor." A drawing of the service mark being registered which was submitted with the application is pictured below:



A declaration submitted with this service mark application was electronically signed and filed on May 9, 2007 by attorney George Kobayashi on behalf of the Applicant, Miyano Machinery USA, Inc. This declaration stated:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of

22

such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

The specimen submitted with the application and declaration is pictured below:



At the request of the Patent and Trademark Office, a second declaration was submitted with this service mark application. The specimen submitted with this second declaration is pictured below:



23

The second declaration was electronically signed and filed on September 13, 2007 by attorney George Kobayashi on behalf of Miyano Machinery USA, Inc. This second declaration stated:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. § 1051 (b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; that if the original application was submitted unsigned, that all statements in the original application and this submission made of the declaration signer's knowledge are true; and all statements in the original application and this submission made on information and belief are believed to be true.

The second declaration was accepted by the United States Patent and Trademark Office, and the trademark identified in the application was published in the Official Gazette on November 20, 2007.

Persons knowledgeable about the circumstances surrounding the declarations associated with the applications identified above include George Kobayashi, Tom Miyano, Hank Marchionne, Derek Olczak, Gentaro Kakumae, and Goro Yamaguchi.

24

DATED this _____ day of May, 2008

As to objections:   By:_____

                      Edward D. Manzo
                      Joel Bock
                      Louis Alex
                      Jason R. Smalley
                      **COOK, ALEX, McFARRON, MANZO,**
                      **CUMMINGS & MEHLER, LTD.**
                      200 W. Adams Street, Suite 2850
                      Chicago, Illinois 60606
                      (312) 236-8500
                      Attorneys for Miyano Machinery USA, Inc.

Answers By:   Miyano Machinery USA, Inc.

              By: _____
                      Hank Marchionne

              _____
                            Title

25

DATED this _1_ day of May, 2008

As to objections:    By: _Louis J. Alex_

Edward D. Manzo
Joel Bock
Louis Alex
Jason R. Smalley
**COOK, ALEX, McFARRON, MANZO,**
**CUMMINGS & MEHLER, LTD.**
200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
(312) 236-8500
Attorneys for Miyano Machinery USA, Inc.

Answers By:    Miyano Machinery USA, Inc.

By: _Hank Marchionne 5-1-2008_
Hank Marchionne

_Corporate Advisor_
Title

25

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of **Plaintiff and Counterdefendant Miyano Machinery USA, Inc.'s Response to Interrogatory No. 1 of Counterclaimants' First Set of Interrogatories** foregoing with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

Geoffrey A. Baker
Geoffrey D. Smith
DOWELL BAKER, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile
gabaker@dowellbaker.com

Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312)214-0900 telephone
(312)214-4230 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd.,
Suite 1320
Chicago, Illinois 60604
(312)294-9980 telephone
(312)275-8772 facsimile
vern@francissenpatentlaw.com

Nancy E. Sasamoto
Steven L. Katz
George H Kobayashi
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 N. LaSalle St.
Suite 2500
Chicago, IL 60601
312-245-7500 telephone
nsasamoto@masudafunai.com
skatz@masudafunai.com
gkobayashi@masudafunai.com

   X   (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

      (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Nancy Sasamoto, Steven Katz, George H Kobayashi, Geoffrey A. Baker, Geoffrey D. Smith and Robert M. Karton at the address shown above, pursuant to LR 5.9.

Executed on May 1, 2008 at Chicago, Illinois.

Signed:       */s Louis J Alex*