# EXHIBIT H

**Subject:** Re: Response to Interrogatory #1
**From:** "Robert M. Karton" <robert@karton.us>
**Date:** Thu, 08 May 2008 22:25:43 -0500
**To:** Louis Alex <lalex@cookalex.com>
**CC:** 'Edward Manzo' <emanzo@cookalex.com>, 'Steven Katz' <skatz@masudafunai.com>, 'Nancy Sasamoto' <NSasamoto@masudafunai.com>, 'George Kobayashi' <GKobayashi@masudafunai.com>, 'Jason Smalley' <jsmalley@cookalex.com>, 'Geoffrey Baker' <gabaker@dowellbaker.com>, 'Vernon Francissen' <vern@francissenpatentlaw.com>

Dear Louis,

Judge Nolan gave us considerable guidance when she told us that she would apply the test delineated in *Allendale Mutual Insurance Company v. Bull Data Systems*, 145 F.R.D. 84, when determining whether or not you have sustained your burden of establishing all of the elements entitling you to the protection of attorney-client privilege. I remind you that the elements are: (1) legal advice being sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

We discussed at length during our telephone conferences on May 6 the fact that the information we were seeking was MMU's documents containing the information and beliefs relevant to the fact set forth in the declarations signed by Mr. Kobayashi in the applications signed by him and submitted to the PTO in connection with the subject marks.

The discussion and recommendation of the Master that you offered as controlling in *Suh v. Yang*, 1997 U.S. Dist.. LEXIS 20077, are not supportive of your attempted blanket application of the attorney-client privilege. The Master observed, at page 13 of the recommendation that neither a trademark application to the PTO nor its factual underpinnings are privileged. The fact that MMU chose to use an attorney to make declarations of fact to the PTO cannot be used to frustrate discovery of the underlying facts as MMU and you are attempting to do.

Of the 91 entries o the Masuda Funai privilege log, 90 are communications in which at least one of the parties was an attorney with Masuda Funai. The entire privilege log is a smokescreen. You would have us believe that MMU has no factual information, data, documents relevant to the facts contained in the declarations that does not meet the privilege test of *Allendale Mutual Insurance Company v. Bull Data Systems*. Unless MMU has no factual data relevant to the factual declarations made in the applications, MMU's response to Interrogatory #1 and its document production are woefully inadequate if not entirely disingenuous.

We do not have the luxury of time in which to engage in philosophical or theoretical discussions. We are not asking for documents that fit the *Allendale Mutual Insurance Company v. Bull Data Systems* test. We are looking for the factual underpinnings of the trademark applications, which you have consistently refused and continue to refuse to provide.

Your continued dilatory tactics belie your professed desire to work with us. You have left us no viable alternative but to seek an Order compelling a meaningful response to Interrogatory #1, production of the documents relating to the subject applications, and your production of Mr. Kobayashi so that we may take his deposition next week concerning the factual underpinnings of the declarations he signed.

Yours truly,

Bob

**Robert M. Karton**
Attorney at Law

Robert M. Karton, Ltd.
Suite 900
77 W. Washington Street
Chicago, IL 60602

Telephone (312) 263-6300
Facsimile (312) 263-0004
rkarton@4securemail.com

Louis Alex wrote:

Dear Bob:

We write to respond to the last email you sent yesterday concerning Interrogatory No. 1. As we discussed during our Tuesday afternoon conference call, we believe that this Interrogatory, as Defendants are construing it, is contrary to the case law concerning attorney client privilege and the suggestions made by Magistrate Judge Nolan. She spoke of "very limited interrogatories." She also suggested the parties could be both "creative" and "practical" in their approach.

Following receipt of your request for a meet and confer, we sent you an email which further elaborated on the disagreement the parties are now having. In our email, we asked that you explain in detail the basis for your position, which as we understand it, is that you are entitled to "the specific information and beliefs relied upon by George Kobayashi" in filing certain declarations. Further to this point, your most recent email of last evening which unilaterally attempts to revoke the parties agreement of yesterday, states:

> . . . the case law holding that the information and beliefs he obtained on which his declarations are based, regardless of the source of the information and beliefs or how he obtained it, are relevant and are not privileged.

We believe you are mistaken in this view of attorney client privilege and we take your declining to provide any case law support for your position, despite our multiple requests up to and including our email of yesterday, as an indication that, as of yet, you have found none.

We also emphasize that the party propounding an interrogatory has an obligation to set forth the information it seeks with reasonable particularity. You appear to take a one-sided approach to how a party should be obligated to supplement an answer to a particular interrogatory when its response is deemed to be deficient. We again ask you to set forth in writing a clear explanation of your position and examples of the types of information that you believe we should have included in our response but did not and which do not invade the attorney client privilege.

We again state our desire to work with you on this matter and our intent to comply with the agreement that the parties reached at their meet and confer held at 4 pm on Tuesday May 6.

Sincerely,

Louis

-----Original Message-----
From: rkarton@4securemail.com [mailto:rkarton@4securemail.com] On Behalf Of Robert M. Karton
Sent: Wednesday, May 07, 2008 5:55 PM
To: Edward Manzo; Louis Alex; Steven Katz; Nancy Sasamoto; George Kobayashi; Jason Smalley
Cc: Geoffrey Baker; Vernon Francissen
Subject: Response to Interrogatory #1

In view of case law on the subject, the paucity of time

before our response to your Motion for Preliminary

Injunction is due, the amount of time you've already had to

gather information, and the fact that it is now six days after you provided your insufficient response; your offer to supplement your response to Interrogatory #1 by May 13 is unacceptable.

If I have not received your supplement providing me with all MMU's information and beliefs relating to or bearing on the declarations made by Mr. Kobayashi in the applications in issue by 5:00 p.m. on Thursday, May 8, I will promptly proceed with a Motion to Compel, including pursuing the subpoena to take Mr. Kobayashi's deposition.

We have made every effort to comply with Judge Nolan's suggestion to seek relevant information from you rather than deposing Mr. Kobayashi despite the case law holding that the information and beliefs he obtained on which his declarations are based, regardless of the source of the information and beliefs or how he obtained it, are relevant and are not privileged.  You, on the other hand, have not provided us with anything other than that which constititues public records, and you are continuing to delay a full response.  Such action is simply not acceptable.

Bob

Robert M. Karton, Ltd.

77 W. Washington St., Ste. 900

Chicago, IL  60602

robert@karton.us;

(312) 214-0900 - bus

(815) 301-9114 - fax

(312) 543-2654 - cell

--Certified Virus Free by 4SecureMail.com ICSA-Certified Scanner--

05/14/08 2:57 PM