## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, | ) | Magistrate Judge Nolan |
| a/k/a Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## MOTION FOR AN ORDER REQUIRING PLAINTIFF TO DISCLOSE ALL LIVE WITNESSES TO BE CALLED AT HEARING ON PRELIMINARY INJUNCTION MOTION AND TO ENLARGE TIME TO RESPOND

Defendants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano ("MIYANOS") respectfully move for an order requiring Plaintiff Miyano Machinery USA Inc.'s ("MMU" or "Plaintiff") to disclose all live witnesses to be called at the hearing of Plaintiff's motion for preliminary injunction and to provide specific dates (well in advance of MIYANOS' response date) on which witnesses who have not yet been deposed will be produced for deposition. MIYANOS also respectfully request additional time to respond to Plaintiff's motion for preliminary injunction and state as follows:

1.      Plaintiff filed this trade mark infringement action in late January 2008;

2.      Following the filing of their complaint, Plaintiff moved for a preliminary injunction;

3.    Plaintiff presented its preliminary injunction motion to the Court on February 7, 2008. At that hearing, Plaintiff represented that it would cooperate with discovery related to its preliminary injunction motion;

4.    The MIYANOS promptly sought discovery related to Plaintiff's preliminary injunction motion;[1]

5.    MIYANOS' response to Plaintiff's motion for preliminary injunction is presently due May 23, 2008. The hearing on Plaintiff's motion is set for June 13, 2008;

6.    On May 6, 2008, MIYANOS asked Plaintiff to disclose live witnesses that Plaintiff would call at the hearing on June 13, 2008. *See* Ex. A, email exchange between counsel, at 6.

7.    On May 8, 2008, as counsel continued to confer on the subject, MIYANOS also asked Plaintiff to propose potential dates for depositions of any witnesses that would appear live at the preliminary injunction hearing (and that had not yet been deposed). *Id.* at 4. MIYANOS specifically asked for depositions so that they could have an opportunity to cross-examine those live witnesses in advance of the due date for MIYANOS' response in opposition to Plaintiff's motion for preliminary injunction. *Id.*;

8.    Specifically, counsel for MIYANOS asked counsel for Plaintiff:

> Why the delay in supplying us with the names of potential live witnesses? Why the cat and mouse game? Just tell us the names and provide potential deposition dates so that we can prepare our response. You have asked the Court for one of the most extreme remedies provided for by our system and yet you continually delay and continually attempt to thwart our ability to reasonably prepare our response to your motion.

---

[1] That discovery is proceeding, although Magistrate Judge Nolan's guidance has been required and continues to be required. Presently pending before Judge Nolan are a number of motions related to Plaintiff's fraudulent conduct before the United States Patent and Trademark Office.

*Id.* at 3.

9.      Plaintiff's still refuse, including after an in-person request at the most recent deposition in the case on Thursday, May 15, 2008, to identify any live witnesses and to supply MIYANOS with an opportunity to cross-examine those witnesses (again, who have not already been deposed) well in advance of MIYANOS' response date on Plaintiff's motion for preliminary injunction.  Plaintiff has even gone so far as to say "we will present whomever we see fit."  *Id.* at 1;

10.     Plaintiff is, again, impeding MIYANOS' ability to prepare a response in opposition to Plaintiff's motion for preliminary injunction and impeding MIYANOS ability to prepare for the hearing of that motion;

11.     Accordingly, MIYANOS respectfully request the Court to order Plaintiff to immediately identify all live witnesses that it intends to call at the hearing on Plaintiff's motion for preliminary injunction and to provide dates on which those witnesses (who have not yet been deposed) are available for deposition;

12.     MIYANOS also ask the Court to continue the present briefing and hearing schedule, setting MIYANOS' response for two weeks from the date of the last deposition, Plaintiff's reply for one week after that date and the hearing approximately one week after the reply date.

DATED:  May 16, 2008

                              Respectfully submitted,

                              /s/ Geoffrey A. Baker
                              Robert M. Karton
                              ROBERT M. KARTON, LTD.
                              77 W. Washington St., Suite 900

Chicago, Illinois 60602-2804
(312)214-0900 telephone
(312)214-4230 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312)294-9980 telephone
(312)275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile

gabaker@dowellbaker.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing MOTION FOR AN ORDER REQUIRING PLAINTIFF TO DISCLOSE ALL LIVE WITNESSES TO BE CALLED AT HEARING ON PRELIMINARY INJUNCTION MOTION AND TO ENLARGE TIME TO RESPOND was filed via the Court's ECF system and thus also sent by email on May 16, 2008 to the following:


Edward D. Manzo
COOK, ALEX, MCFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606

Phone:  (312) 236-8500
Fax:  (312) 236-8176

emanzo@cookalex.com


May 16, 2008                                            /s/Geoffrey A. Baker