# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08 C 526 |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | Magistrate Judge Nolan |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Miyano Machinery, Inc. and | ) | |
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Counterdefendants. | ) | |
| | ) | |

**COUNTERCLAIMANTS' FIRST SET OF
INTERROGATORIES TO MIYANO MACHINERY USA, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants /

Counterclaimants, MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano

("MIYANOS") (collectively, "Defendants") direct the following interrogatories to Plaintiff /

Counterdefendant Miyano Machinery USA, Inc.'s ("MMU" or "Plaintiff"), and requests that

they be answered in accordance with the Federal Rules of Civil Procedure and the definitions and instructions set forth herein.

To the extent MMU's answers to any of these interrogatories may at any time be changed by information acquired by MMU after filing its answer, Defendants request that MMU promptly thereafter serve supplemental answers reflecting such changes.

## DEFINITIONS AND INSTRUCTIONS

a. "MMU" or "Plaintiff" or "Counterdefendant(s)" means the named Plaintiff Miyano Machinery USA Inc. and any affiliated business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of, Miyano Machinery USA Inc.

b. "MMJ" or "Counterdefendant(s)" means Miyano Machinery, Inc. and any affiliated business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of, Miyano Machinery, Inc.

c. "Document" is used in the broadest sense consistent with the definition set forth in the Fed. R. Civ. P. 34(a). The term "document" includes, without limitation, physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies of computer software, computer files and electronic mail (email). A draft, translation or non-identical copy is a separate document within the meaning of this term.

d. The term "communication" means any exchange or transfer, known to Counterdefendants, of information between two or more persons, whether written, oral, or in any other form.

  e. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

  f. The term "all" means "any and all" and the term "any" means "any and all."

  g. The phrase "state the basis" calls for Counterdefendants to:

    1. identify all facts and reasons that support or relate to Counterdefendants' contentions referred to in the interrogatory;

    2. identify all documents and things that support or relate to Counterdefendants' contentions referred to in the interrogatory;

    3. identify all communications that support or relate to Counterdefendants' contentions referred to in the interrogatory.

  h. The term "identify," in the case of a document or thing, means to provide a specific identification of each document or thing in Counterdefendants' possession, custody or control, irrespective of whether it is claimed to be privileged, including a brief description of such document or thing sufficient to support a request for production and consisting of at least:

    1. the type of document or thing;

    2. its date;

    3. its general subject matter; and

    4. an identification of the author, designated addressee(s), designated recipient(s), and all persons who received or saw copies of the document or thing.

  i. The term "trademarks in suit" refers to any and all trademarks alleged by Counterdefendants to be infringed by Defendants in the present action including United States

Trademark Registration Nos. 3,328,718; 1,527,809; 1,217,317; 1,473,925; and United States Trademark Application No. 77/176,918.

j.  If Counterdefendants object to a portion or an aspect of any Interrogatory, state the grounds of Counterdefendants' objection with specificity and respond to the remainder of the Interrogatory.

k.  Where a claim of privilege is asserted in responding or objecting to any discovery requested in these Interrogatories and information is not provided on the basis of such assertion, Counterdefendants shall, in its response or objection, identify the nature of the privilege (including work product) which is being claimed.

l.  The use of a word or term in any tense shall be construed as use of the word or term in all other tenses.

m.  The use of a word or term in the singular form shall be deemed to include the plural, and vice-versa.

n.  The use of a word or term in the masculine, feminine or neuter form shall include each of the other genders.

o.  If, in responding to these interrogatories, Counterdefendants elect to avail itself of the procedure authorized by Federal Rule of Civil Procedure 33(d), Defendants request that for each interrogatory so answered, Counterdefendants specify the particular document or documents by production number from which the answer may be derived or ascertained.

p.  If Counterdefendants do not answer any interrogatory in full, please state the precise reason for failing to do so. If a legal objection is made, please set forth the specific nature of the grounds for that objection.

q.   If only a portion of any interrogatory will not be answered, please provide a complete answer to the remaining portion of the interrogatory and state the reasons or grounds for Counterdefendants' inability or refusal to complete the answer. If an interrogatory can be answered only in part on the basis of information available at the time of the response, please provide an answer on the basis of that information, indicate that Counterdefendants' answer is so limited and provide a further response when further information becomes available.

r.   If Counterdefendants learn at any time that any response to any of these interrogatories is incomplete or incorrect, Defendants request that Counterdefendants immediately serve amended responses that are complete and correct pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

s.   If Counterdefendants find the meaning of any term in these interrogatories is unclear, Counterdefendants shall assume a reasonable meaning, state what the assumed meaning is and respond to the interrogatory according to the assumed meaning.

**INTERROGATORY NO. 1**

State in detail the circumstances surrounding any declaration filed on behalf of MMU in the prosecution, application or registration for each of the trademarks in suit including, but not limited to, setting forth the specific information and belief(s) relied upon by George Kobayashi in filing any such declaration and identifying the person(s) and/or document(s) that are the source(s) of each such information and belief, and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

## INTERROGATORY NO. 2

State the circumstances surrounding MMU's use of each of the trademarks in suit, namely:

1. The date each of the trademarks in suit was first used on the goods or services in commerce.

2. The product or service in connection with which each of the trademarks in suit was first used.

3. The product or service in connection with which each of the trademarks in suit is currently used.

4. The manner in which each of the trademarks in suit is affixed to the goods or services.

5. The three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the use of each of the trademarks in suit.

6. Identify all documents relating to such first use of each of the trademarks in suit.

7. Identify all documents relating to current use of each of the trademarks in suit.

## INTERROGATORY NO. 3

State whether use of each of the trademarks in suit has ever been discontinued in the United States for any length of time since the date of first use and, if so, indicate the dates of each such discontinuance, whether the discontinuance was temporary or permanent, the reasons for such discontinuance, the identity of all documents relating to or referring to each such discontinuance, and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about each discontinuance.

## INTERROGATORY NO. 4

State in detail all bases for MMU's allegations in the letter sent on behalf of MMU by Edward Manzo to Miyanohitec Machinery, Inc. on March 30, 2007 regarding "Miyano Machinery USA Inc.'s Valuable Rights." and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations

## INTERROGATORY NO. 5

State in detail the circumstances surrounding Counterdefendants' selection, adoption, development, continued use or resumption of use of each of the trademarks in suit for use by you on

any product and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 6**

State in detail the circumstances surrounding any allegation by Counterdefendants that Counterdefendants have the right to adopt, use and/or register or prevent others from adopting, using and/or registering each of the trademarks in suit and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 7**

State in detail the circumstances surrounding any allegation by Counterdefendants that Counterclaimants do not have the right to use Counterclaimants' business name, family name or marks and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 8**

State in detail the circumstances surrounding any decision to use, continue to use, abandon use, or resume use of each of the trademarks in suit and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 9**

State in detail the circumstances surrounding Counterdefendants' actual marketing, promotional or advertising efforts or activities, including money spent and dates of the efforts or activities, with respect to any products or services bearing each of the trademarks in suit from the date of first use, if any, to the present and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 10**

State in detail the circumstances surrounding any allegation by Counterdefendants that the Counterclaimants gave consent to register any of the trademarks in suit as a trademark and identify

the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 11**

State in detail the circumstances surrounding any allegation by Counterdefendants that Counterclaimants are not known in the industry of machinery and machine tools and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 12**

State in detail the circumstances surrounding any allegation by Counterdefendants that the relevant public for the industry of machinery and machine tools does not identify the name "Miyano" with the Counterclaimant Tom Miyano and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 13**

State in detail the circumstances surrounding any allegation by Counterdefendants that the name "Miyano" is not primarily a surname or that Counterclaimants Tom and Steven Miyano will not be harmed by MMU's maintenance of a registration of Tom and Steven Miyano's family name as a mark and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 14**

State in detail the circumstances surrounding Counterdefendants' knowledge of Counterclaimants' activities relating to the design or sale of machine tools on or before February 20, 2007 and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about same.

8

DATED: April 10, 2008

Respectfully submitted,

/s/ Vernon W. Francissen
Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312) 214-0900 telephone
(815) 301-9114 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312) 294-9980 telephone
(312) 275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile
gabaker@dowellbaker.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing COUNTERCLAIMANTS' FIRST SET OF INTERROGATORIES TO MIYANO MACHINERY USA, INC. was electronically served by email on April 10, 2008 to the following:

>Edward D. Manzo
>Louis Alex
>Jason Smalley
>Joel Bock
>COOK, ALEX, MCFARRON, MANZO,
>CUMMINGS & MEHLER, LTD.
>200 West Adams Street, Suite 2850
>Chicago, IL 60606
>
>Phone: (312) 236-8500
>Fax: (312) 236-8176
>
>emanzo@cookalex.com
>
>Nancy E. Sasamoto
>Steven L. Katz
>Masuda, Funai, Eifert & Mitchell, Ltd.
>203 N. LaSalle St., Suite 2500
>Chicago IL 60601-1262
>
>Phone: (312)245-7500
>
>skatz@masudafunai.com

/s/Vernon W. Francissen