UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. **08 C 526** |
| v. | )<br>) Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc.,<br>Thomas ("Tom") Miyano, a/k/a<br>Toshiharu Miyano and Steven Miyano,<br>a/k/a Shigemori Miyano, | )<br>) Magistrate Judge Nolan<br>)<br>) |
| Defendants | )<br>) **JURY TRIAL DEMANDED** |
| MiyanoHitec Machinery, Inc.,<br>Thomas ("Tom") Miyano, a/k/a<br>Toshiharu Miyano and Steven Miyano,<br>a/k/a Shigemori Miyano, | )<br>)<br>) |
| Counterclaim-Plaintiffs | ) |
| v. | ) |
| Miyano Machinery USA Inc. and | ) |
| Counterclaim-Defendants | ) |
| Miyano Machinery Inc., | ) |
| Third-Party Defendants | ) |

**PLAINTIFF'S CROSS-MOTION FOR AN ORDER COMPELLING THE**

**RETURN OF PRIVILEGED DOCUMENTS AND A PROTECTIVE ORDER**

1.  Plaintiff, Miyano Machinery USA Inc. (hereinafter referred to as "Plaintiff" or "plaintiff Miyano USA"), through its undersigned counsel, seeks relief regarding the issues presented in Defendants' Motion to Compel Production, To Pierce Claimed Attorney-Client and Work Product Privilege and

1

to Enforce Subpoena for Deposition (Docket No. 84, filed May, 14, 2008). Plaintiff Miyano USA moves under Federal Rule of Civil Procedure 26(b)(5)(B) and 26(c) to recover inadvertently produced document protected by the attorney-client and work-product privileges. Plaintiff also seeks a protective order prohibiting further use of the privileged document. The document in question, MMU0017647-49, comprises a January 2008 email exchange between attorneys and Plaintiff concerning this lawsuit.

### **Background**

2. Plaintiff filed this suit on January 24, 2008. Defendants filed their Answer on February 29, 2008.

3. Defendants initiated discovery on February 14, 2008. On that date, without notice, consultation or even follow up to confirm Plaintiff's acceptance, Defendants' counsel Robert Karton emailed Plaintiff's counsel with a Rule 45 Subpoena Duces Tecum directed to Plaintiff's counsel Edward Manzo and Joel Bock.

4. Counsel for Plaintiff --- not Defendants --- initiated discussion between counsel regarding Defendants' written discovery by contacting Defendants' counsel by telephone the very next day on Friday, February 15, 2008. The purpose of the call was to ask Defendants to clarify various requests, which as drafted were overly broad and lacked reasonable particularity. Plaintiff's counsel also pointed out that the Document Subpoena was directed to Plaintiff's counsel, rather than Plaintiff, and accordingly was improper.

5. On Monday, February 18, 2008 (President's Day), Defendants' counsel sent via email a revised Rule 45 Supoena Duces Tecum. In their revised Document Subpoena, Defendants slightly revised certain terms but also added requests that were not previously served.

6. Defendants' February 18 Document Subpoena sought production of an extremely broad scope of materials in **6 business days**. Plaintiff was prepared to produce responsive materials at the location and on the day specified in their Subpoena, February 26, 2008. Due to a change requested by Defendants' counsel, Plaintiff produced more than 1,300 documents by

2

sending them via Federal Express on February 26, 2008 to Defendants' counsel's Indiana office for receipt the following day. An additional 8,600 documents were produced shortly thereafter on March 3rd. Within two weeks of receiving Defendants' February 18 Rule 45 Document Subpoena, Plaintiffs produced nearly 10,000 pages of responsive documents, all of which were organized by request number or accompanied by an index identifying which documents were responsive to which requests.

7. Plaintiff Miyano USA has to date produced over 22,000 pages of documents, all of which have been organized by request number and/or accompanied by an index identifying which documents where responsive to which requests.

8. Between February 26, 2008 and March 8, 2008, the parties have conducted 9 depositions. Three of those depositions occurred at the U.S. Consulate in Osaka, Japan during the week of April 14, 2008.

9. Plaintiff has also provided 124 pages (174 pages including exhibits) of responses to Interrogatories propounded by the Defendants, which, including subparts, exceeded 25 in number.

10. On May 7, 2008, counsel for Plaintiff first learned that they had inadvertently produced a document (totaling 3 pages) protected by attorney-client and work-product privileges. This document was produced electronically on a CD-ROM disk on April 4, 2008. The CD included the document labeled MMU0017647-17649 ("**the Privileged Document**") (submitted as Defendants' Exhibit L, filed in connection with Defendants' Motion to Compel, Document No. 84). As indicated on the index accompanying the CD, the Privileged document was inadvertently produced with along with advertising documents responsive to at least Defendants' document request #10. (Exhibit 1).

11. On May 8, 2008, counsel for Plaintiff sent via Fed-Ex next-day delivery and emailed a letter indicating the inadvertent production of these documents and requesting their destruction and/or return as set forth by Federal Rule of Civil Procedure Rule 26(b)(5)(B) and the proposed Protective

3

Order, under which the parties agreed to operate. (Exhibit 2).  In response, Defendants' counsel neither agreed nor disagreed, but cryptically stated "We will take your request under advisement." (Exhibit 3).

12. On May 13, 2008, counsel for Plaintiff sent another letter again requesting that the Defendants comply with Rule 26(b)(5)(B) and the proposed Protective Order and return and/or destroy the inadvertently produced documents. (Exhibit 4).  <u>Defendants' again declined to answer whether they would comply with Rule 26(b)(5)(B)</u>. (Exhibit 5).  In a face-to-face discussion between counsel on May 15, 2008 at roughly 4:00pm, <u>Defendants' counsel expressly refused</u> to abide by Rule 26(b)(5)(B) with respect to the inadvertently produced documents.

13. Late on May 14, 2008, Defendants filed a Motion to Compel Production, To Pierce Claimed Attorney-Client and Work Product Privilege and to Enforce Subpoena for Deposition, noticing it for presentment for this Court the following day at 9 a.m.

14. In connection with their Motion to Compel, Defendants submitted *in camera* the Privileged Document labeled MMU0017647-17649 (<u>Defendants' Exhibit L</u>).

15. In their Motion, Defendants do not challenge the attorney client privilege or work product protected status of Exhibit L, except on the basis of unsupported argument set forth in ¶29 of their Motion that *in camera* review of the Exhibit L is justified, and if performed, would establish at least a prima facie case for the crime fraud exception to apply to Exhibit L.  Plaintiff rejects both the facts and argument set forth in their Motion.  Nonetheless, Plaintiff requests that, unless Exhibit L is reviewed by the Court and upon review, is determined to justify piercing the attorney client privilege, an Order be issued as set forth in ¶27 of this motion.

## Discussion

16. The Privileged Document is protected by both attorney-client and work-product privileges. The general principles of the attorney client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal

4

adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 476 F. Supp. 2d 913, 944 (N.D. Ill. 2007)(J. Castillo)

17. The Privileged Document is attorney-client privileged. The originating communication is from attorney George Kobayashi from the Masuda Funai law firm to Plaintiff and clearly bears a legend at the top stating ATTORNEY-CLIENT PRIVILEGED COMMUNICATION[1]. A quick review of the Privileged Document demonstrates that the communication is made in connection with legal advice sought by Plaintiff regarding the filing of the Complaint and Preliminary Injunction (as indicated at the bottom of the page labeled MMU0017647 and in the third paragraph on page MMU0017648). George Kobayashi's communication is preceded by a response from the client regarding the originating email.

18. The Privileged Document is also protected by the work-product privilege. "A document may be protected by work-product privilege if it is created by an attorney in anticipation of litigation." *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 237 F.R.D. 176, 180 (N.D. Ill. 2006) (J. Nolan). The communications reflected in the Privileged Document were made by an attorney clearly in connection with the filing of the Complaint and Preliminary Injunction in this case. Therefore, the Privileged Document is also protected by the work-product privilege.

---

[1] "The [attorney-client] privilege applies to communications by a client to a lawyer and from a lawyer to a client." *Harmony Gold U.S.A. v. FASA Corp.*, 169 F.R.D. 113, 115 (N.D. Ill. 1996) citing United States v. Defazio, 899 F.2d 626, 635 (7th Cir. 1990). *See also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 476 F. Supp. 2d 913, 943-944 (N.D. Ill. 2007) "The memorandum was prepared by Seyfarth Shaw attorneys for Defendants and it has ATTORNEY CLIENT PRIVILEGED across every page... The Seyfarth Shaw memorandum, therefore, fits within the Seventh Circuit's definition of privileged information. Accordingly, we find that this document is protected by the attorney client privilege.")(internal citations omitted)

19. Defendants argue in their Motion to Compel that the Privileged Document is not attorney-client or work-product privileged because it "concerns requests for factual information…" (Document No. 84, ¶¶ 29-31). No such basis for refusing attorney-client and work-product privileges is articulated in the case law. Rather "the mere fact that [the documents in question] contain some factual information as well is not sufficient to exclude them from the purview of the work product doctrine." *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 237 F.R.D. 176, 183 (N.D. Ill. 2006)(J. Nolan). Moreover, the communications from the client to the attorney regarding those facts are privileged. *In Hyuk Suh v. Choon Sik Yang*, 1997 U.S. Dist. LEXIS 20077, *13 (N.D. Cal. Nov. 18, 1997) ("[A]lthough neither a trademark application to the PTO nor its factual underpinnings are privileged, ***the attorney-client dialectic which gave it birth should be***.")(emphasis added).

20. Defendants in their Motion to Compel (Document No. 84) do not contend that the production by Plaintiff was anything other than <u>inadvertent</u>. Courts in the Northern District of Illinois consider five factors when finding that a disclosure was inadvertent. These factors are: (1) the reasonableness of the precautions taken to protect the document; (2) the time taken to rectify the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness. *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 237 F.R.D. 176, 183 (N.D. Ill. 2006)(J. Nolan).

21. Plaintiff has produced over 22,000 pages of documents. Defendants have demanded that such production and other discovery take place on an expedited schedule (*See* Defendants' Motion to Compel, Document No. 84, page 3, footnote 1). Plaintiff has provided documents, responses and witnesses within this expedited schedule. In the production, Plaintiff took reasonable precautions to prevent the disclosure of privileged information. These precautions include having an attorney of record in this case initially review and organize the documents to remove privileged documents and to

6

separate the documents according to Defendants' document requests. After the documents were scanned and bates stamped, an attorney again reviewed the documents and created an index identifying which documents are responsive to which of the Defendants' requests. (*See* Declaration of Jason Smalley, Exhibit 6).

    22.    In this case, Plaintiff notified Defendants within 5 weeks after the inadvertent production[2]. The Privileged Document was not a complete document, consisting of three pages, and was inadvertently comingled with advertising documents.

    23.    Defendants were likely unaware of the Privileged Document prior to Plaintiff's letter dated May 8, 2008. Thereafter, it took Defendants one week to file a Motion to Compel. Defendants in their Motion to Compel offer only conclusory statements as to the Privileged Document's significance. Defendants would not be prejudiced by the Court granting this motion for a Protective Order, thereby preventing the dissemination and use the Privileged Document identified in counsel's letter of May 8, 2008 and May 13, 2008.

    24.    Federal Rule of Civil Procedure 26(b)(5)(B) sets forth the procedure for recovering inadvertently produced documents. Rule 26(b)(5)(B) states:

> (B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. <u>After being notified, a party **must** promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved;</u> must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. (emphasis added).

---

[2] During this one month period, attorneys for both parties were in Japan for depositions concerning this case. Plaintiffs' counsel was in Japan for some two weeks.

25. Notwithstanding the mandatory language set forth in this Rule, Defendants have rebuffed requests by Plaintiff to comply or indicate that they are complying with Rule 26.

26. The issues that form the basis of this Motion for a Protective Order are also presented in Defendants' Motion to Compel (Document No. 84) and Plaintiff's Response thereto (Document No. 89).

27. In addition to denying Defendants' Motion to Compel, Plaintiff requests the following relief under Federal Rules of Civil Procedure 26(b) and 26(c):

   1. Order Defendants to return the CD produced to them by Plaintiff containing Privileged Document;
   2. Order Defendants to destroy any copies, including both paper and electronic, of the Privileged Document in their possession; and
   3. Enter a Protective Order which prevents further any dissemination, use of or reliance on the Privileged Document by Defendants.

Respectfully Submitted,

Dated: May 21, 2008

/s Edward Manzo
Edward D. Manzo
Joel Bock
Louis J. Alex
Jason R. Smalley
Attorneys for Plaintiff

Edward D. Manzo       I.D. # 03124728
Joel Bock             I.D. # 00239984
Louis J. Alex         I.D. # 06274458
Jason R. Smalley      I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850

Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176
emanzo@cookalex.com

9

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Plaintiff's Cross-Motion for an Order Compelling the Return of Privileged Document and a Protective Order** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | | |
|---|---|---|
| Geoffrey A. Baker | Robert M. Karton | Vernon W. Francissen |
| Geoffrey D. Smith | ROBERT M. KARTON, LTD. | FRANCISSEN PATENT LAW, P.C. |
| DOWELL BAKER, P.C. | 77 W. Washington St., Suite 900 | 53 W. Jackson Blvd., |
| 201 Main Street, Suite 710 | Chicago, Illinois 60602-2804 | Suite 1320 |
| Lafayette, Indiana 47901 | (312)214-0900 telephone | Chicago, Illinois 60604 |
| (765) 429-4004 telephone | (312)214-4230 facsimile | (312)294-9980 telephone |
| (765) 429-4114 facsimile | robert@karton.us | (312)275-8772 facsimile |
| gabaker@dowellbaker.com | | vern@francissenpatentlaw.com |

Nancy E. Sasamoto
Steven L. Katz
George H Kobayashi
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 N. LaSalle St.
Suite 2500
Chicago, IL 60601
312-245-7500 telephone
nsasamoto@masudafunai.com
skatz@masudafunai.com
gkobayashi@masudafunai.com

  X   (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

  X   (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Nancy Sasamoto, Steven Katz, George H Kobayashi, Geoffrey A. Baker, Geoffrey D. Smith and Robert M. Karton at the address shown above, pursuant to LR 5.9.

Executed on May 21, 2008 at Chicago, Illinois.

                Signed:      */s Edward Manzo*