**EXHIBIT H**

Westlaw.

Slip Copy
Slip Copy, 2007 WL 1346578 (D.Colo.)
(Cite as: 2007 WL 1346578 (D.Colo.))

Page 1

HPrince Lionheart, Inc v. Halo Innovations, Inc.
D.Colo.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Colorado.
PRINCE LIONHEART, INC., Plaintiff(s),
v.
HALO INNOVATIONS, INC., Defendant (s).
**Civil Action No. 06-cv-00324-WDM-PAC.**

May 7, 2007.

Ryan A. Williams, Lasater & Martin, P.C., Highlands Ranch, CO, for Plaintiffs.
Kirstin L. Stoll-Debell, Peter Attila Gergely, Merchant & Gould, P.C., Denver, CO, for Defendants.

ORDER

O. EDWARD SCHLATTER, United States Magistrate Judge.

*1 Plaintiff, Prince Lionheart, Inc., sues the defendant, Halo Innovations, Inc., for trademark infringement, trademark dilution and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1115(c), 1125(a), and asserts various state law claims, arising out of defendant's alleged unauthorized use of the phrase "Back to Sleep" in connection with its sales of infant care products. Defendant has counterclaimed against plaintiff for false designation of origin and for cancellation of plaintiff's U.S. Trademark Registration No. 2,139,780 under the Lanham Act, at 15 U.S .C. 1051, et seq., and § 1125(a), common law trademark infringement, and asserts other counterclaims relating to plaintiff's alleged unauthorized use of defendant's "SleepSack" trademark. Defendant also seeks a declaration that it has not violated that Lanham Act or state law.

This action was referred to former United States Magistrate Judge Patricia A. Coan to conduct pretrial proceedings. Upon Magistrate Judge Coan's retirement, I assumed her caseload temporarily. The matter before me at this time is Halo Innovations, Inc's Second Motion to Amend Its Answer and Counterclaims Pursuant to Fed.R.Civ.P. 15(a) [Doc. # 28; filed January 5, 2007]. Defendant seeks leave of court to assert a counterclaim and related defenses that plaintiff and counterclaim defendant Prince Lionheart committed fraud in connection with its U.S. Trademark Registration No. 2,139, 780 for the "BACK TO SLEEP" mark for "infant positioners consisting of flexible belts attached to diaper covers with hook-and-loop fasteners."Defendant's Motion, at 1.

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Viernow v. Euripides Devel. Corp., 157 F.3d 785, 799 (10th Cir.1998). Amendment under the rule has been freely granted.Castleglenn, Inc. v. Resolution Trust Company, 984 F.2d 1571 (10th Cir.1993) (internal citations omitted)."Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith ordilatory motive, failure to cure deficiencies by amendments previously allowed, orfutility of amendment."Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.1993).

The Scheduling Order deadline to amend the pleadings was September 5, 2006. See Scheduling Order (Doc. # 11), filed June 5, 2006. However, "[l]ateness does not of itself justify the denial of the amendment."Minter v. Prime Equipment Co., 451 F.3d 1196, 1205 (10th Cir.2006)(citing R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir.1975)). Instead, I focus on the reasons for the delay.[FN1]Denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay."Frank, 3 F.3d at 136566;see, also, Durham v. Xerox Corp., 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision"); Fed. Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir.1987)("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.")

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN1. The federal district court has required "good cause," under Fed.R.Civ.P. Rule 16(b), to amend a complaint after the Scheduling Order's deadline has passed. See Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 688 (D.Colo.2000) (M.J.Boland) (denying motion to amend complaint for failure to show good cause and defining "good cause" as demonstrating that the scheduling deadlines cannot be met despite a party's diligent efforts). If Rule 16(b)'s good cause requirement is met, the court then considers whether leave to amend should be permitted under Rule 15(a).Pumpco, Inc. v. Schenker International, Inc., 204 F.R.D. 667, 668 (D.Colo.2001)(M.J.Boland).

In *Minter,* the Tenth Circuit declined to decide whether a party seeking to amend its pleadings after the scheduling order deadline must show "good cause" for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements, in part, because of the "rough similarity" between the Rule 16(b) standard and the "undue delay analysis" under Rule 15.*Minter,* 451 F.3d at 1205 n. 4.

**\*2** Defendant represents that it did not receive the documents necessary to support its fraud counterclaim until October 18, 2006. Defendant further states that it put plaintiff on notice on October 31, 2006 that it would seek to assert the fraud counterclaim if the parties were unable to reach a settlement agreement. See Defendant's Motion, Exs. A, B.

Plaintiff does not argue that the proposed amended counterclaim should be denied on the basis of undue delay, nor does plaintiff assert that it will be prejudiced by the amendment.

I find that defendant was not dilatory in moving to amend. Moreover, the plaintiff will not be prejudiced by the proposed amendment. The current discovery deadline in this case is July 16, 2007 and no trial date has been set.

Plaintiff objects to the proposed amended counterclaim as futile. The court may deny an amendment as futile. *Frank,* 3 F.3d at 1365 (citing *Foman,* 371 U.S. at 182) An amendment is not futile if it would survive a motion to dismiss. See *Fisher v. Roberts,* 125 F.3d 974, 978 (6th Cir.1997); *Miller v. RykoffSexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

Defendant makes the following allegations in support of its counterclaim for cancellation of U.S. Trademark Registration No. 2,139,780 based on fraud:

On February 20, 2004, [plaintiff's attorney] filed a declaration with the Trademark Office averring that '[t]he mark has been in continuous use in commerce forfive consecutive years after the date of registration ... and is still in use in commerce or in connection with all goods [listed in the existing registration].' This statement was false. The mark was registered on February 24, 1998, yet [plaintiff] made NO sales of the BACK TO SLEEP sleep positioner after August of 1999, other than a couple questionable sales a month before [plaintiff] filed this declaration.

In its application for registration, [plaintiff's President] swore that 'no other person, firm, corporation or association has the right to use said mark [BACK TO SLEEP] ...' This statement was false. [Plaintiff] admits that in 1994, two years before it signed this declaration, the American Academy of Pediatrics ('AAP'), and National Institute of Child Health and Human Development ('NICHD'), and the SIDS Alliance joined to launch 'BACK TO SLEEP,' a national public education campaign whose goal was to communicate the single most critical risk reduction factor for SIDS: putting babies on their backs to sleep. It is undisputed that the NICHD, the AAP, and SIDS Alliance's use of the'Back to Sleep' phrase predates [plaintiff's] use of this mark by several years.

*Tendered* Second Amended Answer and Counterclaims, at ¶ 53.

Defendant further alleges that the above statements were material, that plaintiff knew that statements were material at the time they were made, and that plaintiff made the statements with the intent to induce the Trademark Office to first register the "BACK TO SLEEP" mark, and later, to avoid cancellation of Registration No. 2,139,780 and to improperly obtain incontestable status for Registration No. 2,139,780.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00526    Document 105-5    Filed 05/29/2008    Page 4 of 5

Slip Copy                                                                                           Page 3
Slip Copy, 2007 WL 1346578 (D.Colo.)
(Cite as: 2007 WL 1346578 (D.Colo.))

*Id.* at ¶ 54. Defendant alleges that the Trademark Office first relied on plaintiff's false statements to issue Registration No. 2,139,780, and later, to refrain from canceling the trademark registration and giving it incontestable status. *Id.* at ¶ 55. Defendant asks the court to award damages for the injuries it has suffered as a result of plaintiff's alleged fraud, and seeks cancellation of Registration No. 2,139,780. *Id.* at ¶¶ 56, 57.

**\*3** Plaintiff argues that defendant's proposed counterclaim based on fraud is futile because the case cited by defendant in support of its motion to amend, *Pilates, Inc. v. Current Concepts, Inc.,* 120 F.Supp.2d 286, 312 (S.D.N.Y.2000), is factually distinguishable.

Trademark rights arise and are maintained through continuous use of a mark on goods in commerce. Lanham Act § 1, 15 U.S.C. § 1051. The Trademark Office requires registration owners to periodically submit affidavits proving continuous use of the mark in commerce on the goods as registered. Lanham Act, § 8, 15 U.S.C. § 1058(b). Continuous use of a mark in commerce for five years after registration may entitle it to status as an "inconstestable mark." Lanham Act § 15, 15 U.S.C. § 1065. A trademark registration, even if incontestable, is invalid if it was fraudulently obtained. 15 U.S.C. § 1115(b)(1).

To prove a claim of fraud in the procurement of a federal trademark, plaintiff must demonstrate: "(1) the false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false (scienter); (3) the intention to induce action or refraining from action in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from such reliance." *Stanfield v. Osborne Indust., Inc.,* 52 F.3d 867, 874 (10th Cir.1995)(quoting *San Juan Prods., Inc. v. San Juan Pools,* 849 F.2d 468,473 (10th Cir.1988)). Similarly, a party seeking cancellation of an incontestable registered trademark on grounds of fraud must show a false representation of a material fact made with a deliberate attempt to mislead the Trademark Office. See *Pilates, Inc.,* 120 F.Supp.2d at 312 (citing *Orient Express Trading Co. v. Federated Dep't Stores, Inc.,* 842 F.2d 650, 653 (2d Cir.1988)).

In *Pilates, Inc.,* the defendants claimed that the PILATES equipment mark was invalid because it was procured by fraud. 120 F.Supp.2d at 313. In support of their claim, the defendants relied on: statements made by the president of Pilates, Inc. in an application for the PILATES equipment mark submitted to the Trademark Office in September 1992, in which the president affirmed that he owned the PILATES equipment mark and that no other person or business had the right to use the mark in commerce; and, the president's supplemental submission filed with the Trademark Office in August 1994, in response to the Trademark Office's denial of the original application, in which he stated that the PILATES equipment mark had been used in commerce continuously and exclusively since 1923 and specifically for five consecutive years prior to the registration application. *Id.* The district court found that both statements were false. As to the second, the court found that the former holder of the mark did not use the mark to sell any equipment between 1989 and 1992. *Id.* at 313 14. The court further found that the president of Pilates, Inc. had consciously avoided making any inquiries that would have in evidence showing a lack of use. *Id.* at 314. The court thus held that the resulted application for registration of the PILATES equipment mark contained material and knowing misrepresentations and was therefore invalid. *Id.*

**\*4** As noted by Prince Lionheart in its response brief, there are some differences between the facts alleged by defendant in support of its proposed counterclaim and the facts found by the court in *Pilates, Inc.* It is uncontested here that plaintiff has an original right of enforcement in the Registration No. 2,139,780. In addition, there is evidence that plaintiff sold a couple of the BACK TO SLEEP sleep positioners during the relevant five year period. However, those factual distinctions are not critical to the viability of defendant's counterclaim.

The *Pilates* court did not require two false statements to support its finding of **fraud**. A single false statement of material fact, made with a deliberate attempt to mislead the Trademark Office, and which would have affected the Trademark Office's action on a registration, constitutes **fraud**. *See, e.g., General Car and Truck Leasing Systems, Inc. v. General RentACar, Inc.,* 17 U.S.P.Q.2D (BNA) 1398,1990 U.S. Dist. LEXIS 12749 (S.D.Fla.1990)(attached as Ex. 3 to Reply)(finding that registration for

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"General" mark was fraudulently procured and maintained because application and continuing use affidavits falsely stated that mark was used in connection with leasing aircrafts and boats); _J.E.M. Int'l, Inc. v. Happy Rompers Creations Corp., 74 U.S.P.Q.2D (BNA) 1526, 2005 TTAB LEXIS 74 (T.T.A.B.2005)_ (attached as Ex. 1 to Reply) (finding **fraud** in the procurement of a registration based on affidavit asserting use of mark on 150 items of clothing when mark had not been used on over 100 of the items); _Medinol Ltd. v. Neuro Vasx, Inc., 67 U.S.P. Q.2D (BNA) 1205, 2003 TTAB LEXIS 227 (T.T.A.B.2003)_ (attached as Ex. 2 to Reply) (finding **fraud** in the procurement of a registration where affidavit asserted use of the mark on medical catheters and stents when the mark had not been used on stents). Further, although there is some evidence that plaintiff made a few sales of its registered BACK TO SLEEP sleep positioners in January 2004, one month before plaintiff filed its combined §§ 8 and 15 affidavit, _see_ Ex. 6 to Reply, a few sales in four years may be insufficient to show continuous trademark use as required to maintain a federal trademark registration under Section 8 of the Lanham Act or to obtain incontestable status under Section 15 of that Act. _See, e.g., S. Indust. Inc. v. Ecolab, Inc.,_ 1999 U.S. Dist. LEXIS 3484, at *1718 (N.D.Ill.1999) (attached as Ex. 4 to Reply)(finding that sale of two bug zappers in 1987, followed by three sales five years later, was insufficient to support a finding that plaintiff engaged in continuous use of the STEALTH mark since the mid 1980's in an effort to sell pest elimination devices); _Continental Grain Co. v. Strongheart Products, Inc., 9 U.S.P.Q.2D (BNA) 1238, 1240 (T.T.A.B.1988)_ (Ex. 5 to Reply)("We believe that petitioner has demonstrated that respondent has abandoned its trademark rights and that respondent's nominal use of its trademark on annual shipments of cat food for the past 14 years is insufficient to rebut the prima facie case of abandonment due to nonuse for over two consecutive years")(internal citations omitted); _Exxon Corp. v. Humble Exploration Co., Inc., 695 F.2d 96, 99 101 (5th Cir.1983)_ (holding that periodic sales of nominal amounts of product bearing mark are not sufficient uses to avoid a prima facie proof of abandonment; Lanham Act does not allow the preservation of a mark solely to prevent use by others).

*5 Defendant is not required to present proof in support of each element of its counterclaim at this stage of the proceedings. It appears that defendant has alleged sufficient facts in support of its fraud counterclaim to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6). I thus find that defendant's proposed amendment is not futile. Accordingly, it is

HEREBY **ORDERED** that Halo Innovations, Inc's Second Motion to Amend Its Answer and Counterclaims Pursuant to Fed.R.Civ.P. 15(a) (Doc. # 28), filed January 5, 2007, is **GRANTED**.It is

FURTHER **ORDERED** that the _tendered_ Second Amended Answer and Counterclaims, attached to Halo Innovation, Inc's Second Motion to Amend ... as Ex. F, **shall be filed this date.**

D.Colo.,2007.
Prince Lionheart, Inc v. Halo Innovations, Inc.
Slip Copy, 2007 WL 1346578 (D.Colo.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.