**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and Steven ) | |
| Miyano, a/k/a Shigemori Miyano, ) | |
| ) | |
| Defendants ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and Steven ) | |
| Miyano, a/k/a Shigemori Miyano, ) | |
| ) | |
| Counterclaim-Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery USA Inc. and ) | |
| ) | |
| Counterclaim-Defendants ) | |
| ) | |
| Miyano Machinery Inc., ) | |
| ) | |
| Third-Party Defendants ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RESET**
**BRIEFING AND HEARING SCHEDULE ON PRELIMINARY INJUNCTION**

Defendants' latest Motion asking for <u>even more time</u> than the grace period awarded by the Court reflects the disdain which Mr. Baker has for orders and procedures of this Court. Defendants' motion does not deserve presentment. The Court should deny it forthwith.

By way of background, an earlier briefing schedule set by the Court called for defendants to file their responsive brief to plaintiff's preliminary injunction motion on May 23.[1] The Court has indulged defendants with time for what has amounted to an expensive fishing expedition. Defendants persuaded the Court that they required depositions in Japan of the Chief Executive Officer of plaintiff's parent company and other witnesses. Meanwhile, defendants are brazenly using Plaintiff's trademarks, service marks, and trade name on the MiyanoHitec website. Their strategy has been to request one extension after another and avoid answering plaintiff's motion for a preliminary injunction at all costs.

Shortly before Defendants' second to last Response due date, Defendants filed a motion (without any notice of motion) for an order to require *only* Plaintiff to disclose all live witnesses that it would call at the preliminary injunction hearing, and further, to enlarge the time for them to respond to Plaintiff's Motion for a Preliminary Injunction.[2] The motion sought more time because defendants wanted to know who plaintiff would call at the hearing (while refusing to a *mutual* exchange of witness lists). They would have gotten that information from plaintiff if they would have agreed to a mutual exchange of witness lists, which plaintiff offered repeatedly, all to no avail. Instead of simply agreeing to that, defendants took the long route – a needless motion. That was their pretext *du jour* for demanding more time.

This Court heard defendants on the above Motion on Tuesday, May 27 and thankfully ordered a *mutual* exchange of witness lists (on May 29). Plaintiff has complied with that order. The Court also gave defendants until May 30 to file their answering brief to the preliminary injunction motion (document 14 filed February 1, 2008). That **four month period** to respond to a motion for

---

[1] The initial date on which Defendants' were to respond to Plaintiff's Motion for a Preliminary Injunction was set for March 14. This date was later changed to April 4, and then to May 23. As a result of Defendants' May 16 Motion, this response date was last extended to May 30.

[2] Plaintiff's Response to that Motion is attached hereto as Exhibit A.

urgent relief is beyond question a satisfactory if not indulgent amount of time for defendants to explain their defense(s) to the motion. Moreover, this Court set May 30 as defendants' due date in contemplation of a revised hearing date in mid-July (which has been scheduled for July 18 at 10:00).

With no further discovery to use as an excuse, defendants determined that their next excuse would be that defendant Tom Miyano will be out of the country until June 1 and therefore defendants (somehow) could not adhere to the schedule this Court had set that very morning. They asked the undersigned counsel for plaintiff to agree to another one week, although they were unable to articulate why a full week additional was needed. Defendants' proffered "reason" is bewildering.

First, this Court set May 30 as the date for defendants to file their answering brief to plaintiff's February 1 motion. When this Court chose the May 30 date, it knew that the hearing date would be pushed back to mid-July.

Second, the sworn testimony from <u>both</u> Tom and Steven Miyano in this case is that Tom Miyano is neither an officer nor shareholder of the corporate infringer MiyanoHitec. If defendants are to be believed, Tom Miyano has virtually nothing to do with the case (although plaintiff does not believe this testimony). (See Exhibit B, Transcript of Deposition of Tom Miyano, p. 38, line 11-22; p. 47, lines 4-16). Therefore, Tom Miyano should have no interest in whether or not MiyanoHitec be enjoined from trading on the goodwill of plaintiff Miyano Machinery USA and from stealing its trademarks.

Third, defendants offered utterly no excuse why Steven Miyano, the proclaimed founder, sole owner, and president of MiyanoHitec, could not review and approve the brief regarding the activities of the company he solely controls, along with his own actions and those of his father.

Fourth, defendants' attorneys surely must have been working diligently for many weeks on the brief. Why can they not conclude it?

While plaintiff's undersigned counsel wanted to avoid the specter of defendants filing this further motion for a fourth extension of time, it is clear

3

that defendants have no palpable reason for yet another extension. This Court (and plaintiff) have been more than patient already. Nevertheless, we sought to avoid court intervention and suggested that since Tom Miyano – whose absence was the stated reason for the requested additional week -- was to return to the U.S. on Sunday, June 1 (as expressly represented orally by attorney Robert Karton in his telephone conversation with the undersigned), he would not need more than one day, maybe two, to read and approve the brief. Therefore, June 2 or 3 might be acceptable as a date for defendants to file their brief.

However, instead of accepting this suggestion, defendants' counsel rejected it and inexplicably insisted on having a full week. They gave no reasons why seven more days are required and filed the instant motion.

Sadly, instead of confining himself to facts supported by the record,[3] defendants' counsel Mr. Baker now takes to *ad hominem* attacks on the undersigned, alleging that the undersigned counsel acts out of spite instead of reason. This tactic of demeaning opposing counsel goes beyond being discourteous and it is <u>simply intolerable in the federal courts</u>.

In conclusion, plaintiff's counsel acts not out of spite but instead to discharge his duties to this Court and his client MMU, which has waited a <u>very</u> long time for the hearing on a critical motion in this infringement case.

Defendants' motion should be denied, and the Court should enter an injunction <u>forthwith</u> based on the evidence of record and defendants' willful refusal (twice) to file a brief in opposition. Plaintiff is prepared to prove up its case at the Court's pleasure.

Dated: May 30, 2008                    Respectfully Submitted,


                                       <u>/s/ Edward D. Manzo</u>

---

[3] Defendants offer no supporting declaration explaining why they have not complied and cannot comply with the Court's scheduling order.

4

                    Edward D. Manzo
                    Joel Bock
                    Louis J. Alex
                    Jason R. Smalley
                    Attorneys for Plaintiff

Edward D. Manzo    I.D. # 03124728  
Joel Bock    I.D. # 00239984  
Louis J. Alex    I.D. # 06274458  
Jason R. Smalley    I.D. # 06287426  
COOK, ALEX, McFARRON, MANZO,  
CUMMINGS & MEHLER, LTD.  
200 West Adams Street, Suite 2850  
Chicago, IL 60606  
Phone: (312) 236-8500  
Fax: (312) 236-8176  
emanzo@cookalex.com

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Plaintiff's Response to Defendants' Motion to Reset Briefing and Hearing Schedule on Preliminary Injunction** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | | |
|---|---|---|
| Geoffrey A. Baker<br>Geoffrey D. Smith<br>DOWELL BAKER, P.C.<br>201 Main Street, Suite 710<br>Lafayette, Indiana 47901<br>(765) 429-4004 telephone<br>(765) 429-4114 facsimile<br>gabaker@dowellbaker.com | Robert M. Karton<br>ROBERT M. KARTON, LTD.<br>77 W. Washington St., Suite 900<br>Chicago, Illinois 60602-2804<br>(312)214-0900 telephone<br>(312)214-4230 facsimile<br>robert@karton.us | Vernon W. Francissen<br>FRANCISSEN PATENT LAW, P.C.<br>53 W. Jackson Blvd.,<br>Suite 1320<br>Chicago, Illinois 60604<br>(312)294-9980 telephone<br>(312)275-8772 facsimile<br>vern@francissenpatentlaw.com |

Nancy E. Sasamoto
Steven L. Katz
George H Kobayashi
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 N. LaSalle St.
Suite 2500
Chicago, IL 60601
312-245-7500 telephone
nsasamoto@masudafunai.com
skatz@masudafunai.com
gkobayashi@masudafunai.com

  X   (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

  X   (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Nancy Sasamoto, Steven Katz, George H Kobayashi, Geoffrey A. Baker, Geoffrey D. Smith and Robert M. Karton at the address shown above, pursuant to LR 5.9.

Executed on May 30, 2008 at Chicago, Illinois.


Signed:     */s/ Edward Manzo*