# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., <br><br> Plaintiff, <br><br> v. <br><br> MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, a/k/a Toshiharu Miyano and Steven Miyano, a/k/a Shigemori Miyano, <br><br> Defendants <br><br>―――――――――――――――――――― <br><br> MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, a/k/a Toshiharu Miyano and Steven Miyano, a/k/a Shigemori Miyano, <br><br> Counterclaim-Plaintiffs <br><br> v. <br><br> Miyano Machinery USA Inc. and <br><br> Counterclaim-Defendants <br><br> Miyano Machinery Inc., <br><br> Third-Party Defendants | Civil Action No. **08 C 526** <br><br> Hon. Virginia Kendall <br><br> Magistrate Judge Nolan <br><br><br><br> **JURY TRIAL DEMANDED** |

### Plaintiff's Motion to strike portions of Defendants' Memorandum in Response to Plaintiff's motion for Preliminary Injunction

1.   Plaintiff, Miyano Machinery USA Inc. (hereinafter referred to as "Plaintiff" or "plaintiff MMU"), through its undersigned counsel, respectfully requests that this Court strike certain statements in Defendants' Response Memorandum to Plaintiff's Preliminary Injunction (Doc. 117, hereinafter referred to as "Defendants' Memorandum in Response" or "Defendants'

Response Memorandum") which (i) disclose and misrepresent <u>further</u> details of Plaintiff's privileged communication which are not of public record in this case, and (ii) make use of the document in violation of Magistrate Judge Nolan's June 6 Memorandum Opinion and Order.

2.  Plaintiff respectfully requests that the Document No. 117 be removed the Court's CM/ECF system and replaced with an exact duplicate which redacts or strikes the offending sentences identified herein, including the citations that follow thereafter.[1]

**Background**

3.  On March 26, 2008, this Court referred all discovery matters to Magistrate Judge Nolan, including any future discovery motions. (Docs. 57 and 59).

4.  On May 7, 2008, Plaintiff first learned that it had inadvertently produced a document protected by attorney-client privilege and work-product doctrine. These documents were produced electronically on a CD-ROM disk on April 4, 2008. The CD included the document labeled MMU0017647-17649 ("the Privileged Document") (<u>submitted as Defendants' Exhibit L, filed with Magistrate Judge Nolan in connection with Defendants' Motion to Compel, Document 84</u>).

5.  On May 8, and again on May 13, 2008, Plaintiff's counsel notified Defendant's counsel in writing of the inadvertent production of these documents, and requested their destruction and/or return as set forth by Federal Rule of Civil Procedure Rule 26(b)(5)(B) and the proposed Protective Order, under which the parties agreed to operate. Defendants' counsel declined to honor the requests set forth in Plaintiff's written correspondence. (Exhibit 1).

---

[1] The sentence at issue in Defendants' Memorandum (Doc. 117) are as follows: (i) the first two sentences of the 2nd full paragraph on page 23 and (ii) the last sentence of the 1st full paragraph on page 36.

If this Court deems it necessary, Plaintiff is agreeable to having this matter referred to Magistrate Judge Nolan for a decision or recommendation.

6.  On May 14, 2008, Defendants filed a Motion to Compel Production, To Pierce Claimed Attorney-Client and Work Product Privilege and to Enforce Subpoena for Deposition (Document No. 84, hereinafter referred to as "Defendants Motion to Compel").  In their Motion, Defendants alleged that *in camera* review of Exhibit L would reveal evidence that the crime fraud exception applied therefore denying the document protection under the attorney client privilege and work product doctrine.[2]

7.  On June 6, 2008 at 9:30 a.m., Magistrate Judge Nolan held a status hearing and issued a Memorandum Opinion and Order (Document No. 111) regarding Defendants' Motion to Compel and Plaintiff's Motion for Protective Order.  Magistrate Nolan's Memorandum Opinion and Order is attached as <u>Exhibit 2</u>.

8.  In her June 6 Order, Judge Nolan granted both the Motion to Quash the Subpoena or for Entry of Protective Order (Doc. 45) and Plaintiff's Cross-Motion for an Order Compelling the Return of Privileged Documents and a Protective Order (Doc. 92).  Judge Nolan denied in its entirety Defendants' Motion to Compel Production and to Pierce the Attorney Client Privilege (Doc. 84).

9.  In response to the Defendants' argument that *in camera* review of the of Exhibit L reveals *prima facie* evidence that the crime-fraud exception applies, Magistrate Judge Nolan stated unequivocally that "**actual review of the specific contents of Exhibit L reveals no such thing**."   (Ex. 2 at pg. 12)(emphasis added).  Magistrate Judge Nolan also determined that the Exhibit

---

[2] Shortly after Defendants' filed their May 14 Motion to Compel (Doc. 84), Plaintiff on May 21 filed a motion to compel return of the privileged document and for entry of a protective order prohibiting further use of the document (Doc. 92).  Also pending before Magistrate Judge Nolan was a third Motion (Doc. 45) which had been filed back on March 25 to quash the subpoena which had been served on attorney George Kobayashi (author of Exhibit L) or for entry a protective order.  All three of these Motions (Docs. 45, 84 and 92) were ruled on by Magistrate Judge Nolan in her June 6, 2008 Memorandum Opinion and Order (Doc. 111).

L was "protected under both attorney-client and work product privileges." (Ex. 2 at pg. 7). Judge Nolan therefore directed the Defendants as follows:

> Defendants are ordered to return the original CD-ROM containing Exhibit L to MMU. MMU, in turn, will produce to Defendants a revised version of the disk without the privileged document. Defendants are ordered to destroy all copies of Exhibit L in its possession, whether in paper or electronic format, and **they may not use or disseminate the document in any manner.**

(Ex. 2 at pg. 13)(emphasis added).

10. Twelve (12) hours after receiving Magistrate Judge Nolan's Memorandum Opinion and Order, Defendants' counsel Geoffrey Baker filed with this Court their Memorandum in Response to Plaintiff's Motion for Preliminary Injunction.

# REDACTED

11. In their filings prior to Judge Nolan's ruling, Defendants undoubtedly appreciated the obligation to address Exhibit L without disclosing its contents.[3] None of Defendants' pleadings directed to this issue disclosed the details of this communication. *See* Docs. 84, 90 and 105. All of Defendants' filings which addressed Exhibit L simply requested *in camera* examination of the document, which had been filed under seal.

12. On Tuesday, June 10, Plaintiff's counsel sent Defendants' counsel the email attached hereto as <u>Exhibit 3</u>. In this email, Plaintiff's counsel asked Defendants to take steps to comply with Magistrate Judge Nolan's Order and to minimize any further prejudice and other harm caused by Defendants' counsel's actions. Plaintiff's counsel requested that Defendants remove their

---

[3] Documents 84, 90 and 105 were all filed by one of Defendants' other counsels, Robert Karton.

Memorandum from the Court's CM/ECF system and file a revised Memorandum which redacts or strikes the three offending sentences, including the citations that follow thereafter. Plaintiff's counsel also asked that Defendants comply with Magistrate Judge Nolan's Order by returning the original CD-ROM containing Exhibit L and confirm the destruction of all copies of Exhibit L in their possession, whether in paper or electronic form. If Defendants were not in agreement with any of the foregoing, Plaintiff's counsel asked to be advised which of the attorneys representing the Defendants would be available to meet and confer on this matter between 11 a.m. and 5 p.m. on Wednesday, June 11.

13. Defendants' counsel Geoffrey Baker declined to affirm he would abide by Judge Nolan's Order or even acknowledge that the content of a protected communication had been disclosed as the result of his actions. Defendants' counsel even declined to identify any of the attorneys of record for Defendants to participate in a meet and confer over this matter.

14. Accordingly, Plaintiff's counsel has been left with no other option than to seek the assistance of the Court to avoid further prejudice and to ensure Defendants' compliance with Judge Nolan's Order.

## Discussion

15. Federal Rule of Civil Procedure 72(a) states that a magistrate judge may hear and decide non-dispositive matters and issue written orders stating the decision. Such authority is provided under 28 U.S.C. § 636(b)(1)(A) of the Federal Magistrates Act.

16. Orders by a magistrate judges pursuant to § 636(b)(1)(A) "are 'self-operating' and thus valid when entered." *United States v. Brown*, 79 F.3d 1499, 1503 (7th Cir. 1996) *cert. denied*, 136 L. Ed. 2d 133, 117 S. Ct. 196 (1996) citing *United States v. Ecker*, 923 F.2d 7, 9 (1st Cir. Mass. 1991)(self-operating means that the order did not require district court affirmance in order to take effect).

17. Magistrate Judge Nolan's Memorandum Opinion and Order was entered at the status hearing held on the morning of June 6, 2008 under the

authority Fed.R.Civ.Pro 72(a) and 28 U.S.C. §636(b)(1)(A). Magistrate Judge Nolan's ordered the Defendants "not to use or disseminate the document [Exhibit L] in any manner." (Ex. 2 at pg. 12)

18. Nothing condones Defendants' public disclosure and misrepresentation of <u>further</u> details of an attorney client privileged and work product protected communication. In point of fact, no order was necessary to appreciate the impropriety of Defendants' counsel's actions.

19. Defendants cannot have it both ways. Even if they intend to file objections to Judge Nolan's ruling under the erroneous position that in the interim, her order is to have no effect, then under the Federal Rules of Civil Procedure, Defendants "**must not use or disclose the information until the** [privilege] **claim is resolved**." Fed. R. Civ. P. 26(b)(5)(B)(emphasis added). While Defendants may file objections seeking review of Magistrate Judge Nolan's Memorandum Opinion and Order by this Court, those objections do not stay the order. Unless and until Magistrate Judge Nolan's order is reversed or amended, Defendants are bound by its terms.

20. For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order that would include the following:

> i. An instruction to the Clerk for the Northern District of Illinois to delete from the Case Management / Electronic Case Files system (CM/ECF system) Defendants' Memorandum in Response to Plaintiff's Preliminary Injunction (Document No. 117);
>
> ii. An Order directing the Defendants to file an exact duplicate of Defendants' Memorandum in Response to Plaintiff's Preliminary Injunction except for the deletion of (a) the first two sentences of the 2nd full paragraph on page 23 and (b) the last sentence of the 1st full paragraph on page 36, including the citations that follow thereafter; and
>
> iii. Any additional relief that this Court deems appropriate in view of the facts and circumstances set forth herein.

Dated: June 12, 2003                                Respectfully Submitted,


                                                    /s/ Louis J. Alex
                                                    Edward D. Manzo
                                                    Joel Bock
                                                    Louis J. Alex
                                                    Jason R. Smalley
                                                    Attorneys for Plaintiff


Edward D. Manzo       I.D. # 03124728
Joel Bock             I.D. # 00239984
Louis J. Alex         I.D. # 06274458
Jason R. Smalley      I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176
emanzo@cookalex.com