# Exhibit 57

| | |
|---|---|
| To: | Hitec Machinery International Inc (vern@francissenpatentlaw.com) |
| Subject: | TRADEMARK APPLICATION NO. 78671380 - H HITEC - HTC05-001TM |
| Sent: | 2/12/2006 6:27:20 PM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/671380

**APPLICANT:** Hitec Machinery International Inc.

**\*78671380\***

**CORRESPONDENT ADDRESS:**
VERNON W. FRANCISSEN
VERNON W. FRANCISSEN
53 W. JACKSON BLVD. SUITE 656
CHICAGO, IL 60604

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:** H HITEC

**CORRESPONDENT'S REFERENCE/DOCKET NO:** HTC05-001TM

**CORRESPONDENT EMAIL ADDRESS:**
vern@francissenpatentlaw.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

MMU0022153

**MAILING/E-MAILING DATE INFORMATION**: If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number 78/671380

The assigned examining attorney has reviewed the referenced application and determined the following.

**Section 2(d) - Likelihood of Confusion Refusal**

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified goods, so resembles the mark in U.S. Registration No. 2838194 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 *et seq.* See the enclosed registration.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978).

Applicant seeks to register the proposed mark "H HITEC and design". The cited registration is for the mark "HITEC". These marks contain the HITEC thereby rendering them quite similar in appearance, sound, and connotation, and they create confusingly similar commercial impressions. The test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side#by#side comparison. The issue is whether the marks create the same overall impression. *Visual Information Institute, Inc. v. Vicon Industries Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP section 1207.01(b). When the applicant's mark is compared to a registered mark, "the points of similarity are of greater importance than the points of difference." *Esso Standard Oil Co. v. Sun Oil Co.*, 229 F.2d 37, 108 USPQ 161 (D.C. Cir.), *cert. denied*, 351 U.S. 973, 109 USPQ 517 (1956).

Furthermore, it is well established that the mere addition of a term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d). *In re Chatam International Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) ("GASPAR'S ALE and "JOSE GASPAR GOLD"); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"); TMEP §1207.01(b)(iii).

If the marks of the respective parties are identical or highly similar, the examining attorney must consider the commercial relationship between the goods or services of the respective parties carefully to determine whether there is a likelihood of confusion. *In re Concordia International Forwarding Corp.*, 222 USPQ 355 (TTAB 1983).

Applicant seeks to register its mark for "Machines and machine tools." Registrant's goods are "SAUSAGE PRODUCING MACHINES, NAMELY, SAUSAGE MEAT PUMPING MACHINES, SAUSAGE MEAT STUFFING MACHINES, SAUSAGE LINKING MACHINES, SAUSAGE SEPARATING MACHINES, SAUSAGE SUSPENDING MACHINES, SAUSAGE CONVEYING MACHINES AND SAUSAGE TRANSFERRING MACHINES." Likelihood of confusion is determined on the basis of the goods or services as they are identified in the application and the registration. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); *In re Shell Oil Co.*, 992 F.2d 1204, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991); *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990). Since the identification of the applicant's goods is very broad, it is presumed that the application encompasses all goods of the type described, including those in the registrant's more specific identification, that they move in all normal channels of trade and that they are available to all potential customers. TMEP §1207.01(a)(iii).

The examining attorney must resolve any doubt as to the issue of likelihood of confusion in favor of the registrant and against the applicant who has a legal duty to select a mark which is totally dissimilar to trademarks already being used. *Burroughs Wellcome Co. v. Warner#Lambert Co.*, 203 USPQ 191 (TTAB 1979). Since the marks and the goods are confusingly similar, there is a likelihood that purchasers would confuse the sources of the applicant's goods.

For the foregoing reasons, the marks must be considered confusingly similar.

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

The applicant should also note the following additional potential ground for refusal.

**Prior Pending Application**

Information regarding pending Application Serial No. 78442796 is enclosed. The filing date of the referenced application precedes applicant's filing date. There may be a likelihood of confusion between the two marks under Trademark Act Section 2(d), 15 U.S.C. §1052(d). If the referenced application registers, registration may be refused in this case under Section 2(d). 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon entry of a response to this Office action, action on this case may be suspended pending final disposition of the earlier-filed application.

If applicant believes there is no potential conflict between this application and the earlier-filed application, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informalities.

**Identification of Goods**

The identification of goods is unacceptable as indefinite because the precise nature of the goods is not clear. The applicant may adopt the following identification, if accurate: "Machines and machine tools {specify use, e.g., for the cutting and

MMLI0022155

forming of materials}" in International Class 7. TMEP §1402.01.

Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, the applicant may not amend to include any goods that are not within the scope of goods set forth in the present identification.

For assistance with identifying and classifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identifications of Goods and Services* at http://tess2.uspto.gov/netahtml/tidm.html.

**Disclaimers**

The applicant must disclaim the descriptive wording "HITEC" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a). Please note, "HITEC" must appear in its correct spelling – i.e., "HI-TECH" – in the disclaimer statement. *See In re Omaha National Corp.*, 819 F.2d 1117, 2 USPQ2d 1859 (Fed. Cir. 1987); *In re Newport Fastener Co. Inc.*, 5 USPQ2d 1064, 1067 n. 4 (TTAB 1987); TMEP §1213.08(c).
The applicant's goods are "Machines and machine tools" and the wording HITEC, would therefore describe a feature, purpose or use of the goods, namely, machines and machine tools that feature high technology. *See* Attached dictionary definitions. A novel spelling of a merely descriptive term is also merely descriptive if purchasers would perceive the different spelling as the equivalent of the descriptive term. Here the spelling of "hi-tech" is "hitec" and would be perceived as the equivalent of the descriptive term. *Andrew J. McPartland, Inc. v. Montgomery Ward & Co., Inc.*, 164 F.2d 603, 76 USPQ 97 (C.C.P.A. 1947), *cert. denied*, 333 U.S. 875, 77 USPQ 676 (S. Ct. 1948) ("KWIXTART," phonetic spelling of "quick start," is descriptive of electric storage batteries); *In re Hercules Fasteners, Inc.*, 203 F.2d 753, 97 USPQ 355 (C.C.P.A. 1953) ("FASTIE," as phonetic spelling of "fast tie," connotes that which unites or joins quickly, and hence the notation is descriptive of the function and character of tube sealing machines); *C-Thru Ruler Co. v. Needleman*, 190 USPQ 93 (E.D. Pa. 1976) (C-THRU held to be the equivalent of "see-through" and therefore merely descriptive of transparent rulers and drafting aids); *In re Hubbard Milling Co.*, 6 USPQ2d 1239 (TTAB 1987) (MINERAL-LYX held generic for mineral licks for feeding livestock); *In re State Chemical Manufacturing Co.*, 225 USPQ 687 (TTAB 1985) ("FOM," equivalent to word "foam," is descriptive for foam rug shampoo); TMEP §1209.03(j).
Applicant must therefore amend the disclaimer to read as follows:

> No claim is made to the exclusive right to use "HI-TECH" apart from the mark as shown.


*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

A disclaimer does *not* physically remove the disclaimed matter from the mark, but rather is a written statement that applicant does not claim exclusive rights to the disclaimed wording and/or design separate and apart from the mark as shown in the drawing.

**Description Needed**

The applicant must submit a concise description of the mark. 37 C.F.R. §2.37; TMEP §§808 *et seq.* The statement may be in the following form:

> The mark consists of the letter H with stylized wings and the wording HITEC within a triangle design.

### Specimen

Applicant must submit (1) a substitute specimen showing the mark as it is used in commerce on the goods or on packaging for the goods, and (2) a statement that "the substitute specimen was in use in commerce at least as early as the filing date of the application," verified with a notarized affidavit or a signed declaration under 37 C.F.R. §2.20. 37 C.F.R. §§2.56 and 2.59(a); TMEP §§904.01 *et seq.* and 904.09.

Applicant states that the current specimen of record comprises a "JPEG file showing an image including the mark as used on the goods" and is unacceptable as evidence of actual trademark use because the nature of the specimen is unclear. Examples of acceptable specimens for goods are tags, labels, instruction manuals, containers, photographs that show the mark on the goods or packaging, or displays associated with the goods at their point of sale. TMEP §§904.04 *et seq.*

### Substituting Filing Basis

If the applicant cannot comply with the requirement for a specimen of use for the Section 1(a) basis asserted, the applicant may substitute a different basis for filing if the applicant can meet the requirements for the new basis. See TMEP §§806.03 *et seq.*

In this case, the applicant may wish to amend the application to assert a Section 1(b) basis.

The applicant must submit the following statement:

> The applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application since the filing date of the application.

Trademark Act Section 1(b), 15 U.S.C. §1051(b). This statement must be verified with an affidavit or a declaration under 37 C.F.R. §2.20. Trademark Act Section 1(b), 15 U.S.C. §1051(b); 37 C.F.R. §2.34(a)(2)(i); TMEP §§806.01(b) and 804.02.

### Signed Declaration Required

Applicant must submit a statement attesting to the facts set forth in the application, dated and signed by a person authorized to sign under 37 C.F.R. §2.33(a), and verified with a notarized affidavit or signed declaration under 37 C.F.R. §2.20. 37 C.F.R. §§2.32(b) and 2.33. No signed verification was provided with the application.

If the application is based on use in commerce under Trademark Act Section 1(a), 15 U.S.C. §1051(a), *the verified statement must include an allegation that "the mark is in use in commerce and was in use in commerce on or in connection with the goods or services listed in the application as of the application filing date."* 15 U.S.C. §1051(a)(3)(C); 37 C.F.R. §2.34(a)(1)(i); TMEP §§804.02, 806.01(a) and 901.

If the application is based on Trademark Act Section 1(b) or 44, 15 U.S.C. §1051(b) or §1126, *the verified statement must include an allegation that "applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date."* 15 U.S.C. §1051(b)(3)(B); 37 C.F.R. §§2.34(a)(2)(i), 2.34(a)(3)(i) and 2.34(a)(4)(ii); TMEP §§804.02, 806.01(b), 806.01(c), 806.01(d) and 1101.

MMU0022157

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Barbara Rutland/

Barbara Rutland

Trademark Attorney

Law Office 101

571-272-9311

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action has been issued via email, you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

MMU0022159

http://www.bartleby.com/61/9/H0220900.html    02/12/2006 04:37:37 PM






MMU0022160

http://www.bartleby.com/61/8/H0200650.html    02/12/2006 04:38:11 PM



MMU0022161

**Print: Feb 12, 2006**                    76518258

**DESIGN MARK**

**Serial Number**
76518258

**Status**
REGISTERED

**Word Mark**
HITEC

**Standard Character Mark**
No

**Registration Number**
2838194

**Date Registered**
2004/05/04

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
HITEC CO., LTD. CORPORATION JAPAN 2565-8 NAGATSUTA-CHO MIDORI-KU, YOKOHAMA 227 JAPAN

**Goods/Services**
Class Status -- ACTIVE. IC 007. US 013 019 021 023 031 034 035. G & S: SAUSAGE PRODUCING MACHINES, NAMELY, SAUSAGE MEAT PUMPING MACHINES, SAUSAGE MEAT STUFFING MACHINES, SAUSAGE LINKING MACHINES, SAUSAGE SEPARATING MACHINES, SAUSAGE SUSPENDING MACHINES, SAUSAGE CONVEYING MACHINES AND SAUSAGE TRANSFERRING MACHINES. First Use: 1978/09/25. First Use In Commerce: 1996/01/00.

**Prior Registration(s)**
2444074

**Filing Date**
2003/05/30

**Examining Attorney**
BLOHM, LINDA E.

**Attorney of Record**

-1-

MMU0022162

Print: Feb 12, 2006                    76518258

William H. Holt

-2-

MMU0022163

HITEC

MMU0022164

**Print: Feb 12, 2006**               **78442796**

**DESIGN MARK**

**Serial Number**
78442796

**Status**
FINAL REFUSAL - MAILED

**Word Mark**
HITEC

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
National-Oilwell, L.P. LIMITED PARTNERSHIP DELAWARE 10000 Richmond Avenue, Suite 400 Houston TEXAS 77042

**Goods/Services**
Class Status -- ACTIVE. IC 007. US 013 019 021 023 031 034 035. G & S: Remotely operated machinery for drilling and other oilfield activities, namely, handling and hoisting systems comprised of draw works, vertical pipe racking systems comprised of pipe rackers, stabber arms, pipe handling systems, and pipe dopers, horizontal pipe handling systems comprised of tubular conveyor belts, pipe tail-in systems and pipedeck machine, horizontal-to-vertical handling systems such as pipe shuttles and pipe tail-in systems, all for use in the oil and gas industry. First Use: 1986/01/01. First Use In Commerce: 1989/03/00.

**Goods/Services**
Class Status -- ACTIVE. IC 009. US 021 023 026 036 038. G & S: Identification systems for monitoring personnel and equipment in hazardous environments comprised of data recorders, personnel and equipment mounted transponders, collision avoidance software, computer operating software, and video monitors, control and monitoring systems for drilling and other oilfield activities comprised of operator stations, display screens, LCD monitors, joysticks, hand controls, and control panels,, instrumentation systems, namely, hardware and software for data logging, retrieval, and analysis and operation of remote support systems (therefore) comprised of data recorders, logging tools, computers, communications equipment, load cells,

MMU0022165

**Print: Feb 12, 2006**                    **78442796**

pressure gauges, and position sensors, computer systems and software for well management, drilling control software, and pressure control software, software for remote access, monitoring and support, all for controlling, monitoring, and standardization of work products and methods used in drilling and other oilfield activities in the oil and gas industry. First Use: 1986/01/01. First Use In Commerce: 1989/03/00.

**Filing Date**
2004/06/29

**Examining Attorney**
MACIOL, GENE

**Attorney of Record**
Gregory L. Maag

MMU0022166



MMU0022167

*** User:brutland ***

| #  | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|----|-------------|------------|------------------|--------------------|-----|------------------------|
| 01 | 1           | 0          | 1                | 1                  | 0:02   | "Hitec Machinery"[on] |
| 02 | 1956        | N/A        | 0                | 0                  | 0:01   | *hitec*[bi,ti] |
| 03 | 2070        | N/A        | 0                | 0                  | 0:02   | *h{"iy"}te{"ckqx"}*[bi,ti] |
| 04 | 2741        | N/A        | 0                | 0                  | 0:03   | *h{"iy"}$te{"ckqx"}*[bi,ti] |
| 05 | 4891        | N/A        | 0                | 0                  | 0:03   | *h{"iy"}*[bi,ti] and *te{"ckqx"}*[bi,ti] |
| 06 | 189345      | N/A        | 0                | 0                  | 0:02   | *h{"iy"}*[bi,ti] |
| 07 | 71192       | N/A        | 0                | 0                  | 0:01   | *te{"ckqx"}*[bi,ti] |
| 08 | 7556        | N/A        | 0                | 0                  | P/0:01 | h[bi,ti] |
| 09 | 1905        | N/A        | 0                | 0                  | 0:01   | 260501[DC] |
| 10 | 11355       | N/A        | 0                | 0                  | 0:01   | 260502[DC] |
| 11 | 8731        | N/A        | 0                | 0                  | 0:01   | 261704[dc] |
| 12 | 24772       | N/A        | 0                | 0                  | 0:01   | 261705[dc] |
| 13 | 3907        | N/A        | 0                | 0                  | 0:01   | 031701[DC] |
| 14 | 824         | N/A        | 0                | 0                  | 0:01   | (6 7) and 8 |
| 15 | 25          | N/A        | 0                | 0                  | 0:01   | (2 3 4 5) and 8 |
| 16 | 116         | N/A        | 0                | 0                  | 0:01   | (2 3 4 5) and (8 9 10 11 12 13) |
| 17 | 243         | N/A        | 0                | 0                  | 0:01   | 8 and (9 10 11 12 13) |
| 18 | 603         | N/A        | 0                | 0                  | 0:01   | (9 10) and (11 12 13) |
| 19 | 74          | N/A        | 0                | 0                  | 0:01   | (11 12) and 13 |
| 20 | 15          | 0          | 15               | 12                 | 0:01   | 15 not (1 dead[ld]) |
| 21 | 42          | 0          | 42               | 42                 | 0:01   | 16 not (1 20 dead[ld]) |
| 22 | 422         | N/A        | 0                | 0                  | 0:01   | 14 not (1 20 21 dead[ld]) |
| 23 | 118         | 0          | 118              | 104                | 0:02   | 22 and "007"[cc] |
| 24 | 105         | 0          | 105              | 105                | 0:01   | 17 not (1 20 21 23 dead[ld]) |
| 25 | 273         | 0          | 3                | 273                | 0:01   | (18 19) not (1 20 21 23 24 dead[ld]) |
| 26 | 2217        | N/A        | 0                | 0                  | 0:02   | (2 3 4 5) not (1 20 21 23 24 dead[ld]) |
| 27 | 971         | N/A        | 0                | 0                  | 0:02   | 26 and "007"[cc] |
| 28 | 90          | 0          | 90               | 53                 | 0:01   | 26 and ("007" a b "200")[ic] |

Session started 2/12/2006 2:16:26 PM
Session finished 2/12/2006 4:31:13 PM
Total search duration 0 minutes 38 seconds
Session duration 134 minutes 47 seconds
Defaut NEAR limit=1 ADJ limit=1
Sent to TICRS as Serial Number: 78671380

MMU0022168