# Exhibit 63

合　意　書

　株式会社産業再生機構（以下「甲」という。），株式会社三井住友銀行（以下「乙」という。），株式会社ミヤノ（以下「丙」という。）及び宮野利治（以下「丁」という。）は，以下のとおり合意した。

**第1条（丁及びその一族の経営者責任等）**
　　丁は，宮野重盛（ミヤノ・スティーブン。以下「戊」という。）が処分すべき丙の株式に代えて次条第（2）項のとおり，その保有する丙の株式の処分を行うことに合意していたことを確認する。

**第2条（丙株主名簿訂正に伴う甲丁間の契約の変更等）**
（1）甲及び丁は，甲丁間の平成16年7月30日付「株式譲渡契約書」（以下「甲丁株式譲渡契約書」という。）第1条にて約した「3,355,640株」の譲渡を「3,566,934株」の譲渡へと変更する。
（2）甲及び丁は，甲丁株式譲渡契約書第1条に基づき丁が甲に交付すべき丙の株券のうち未交付であった「1,372,472株」（前項による変更後の譲渡株式数を前提に，平成16年9月3日に効力の発生した株式併合後の株式数「686,236株」。その後，丁が甲に差し入れた「株式会社ミヤノの株式について」と題する書面により「686,000株」に変更。）相当の株券が，平成16年12月24日までに丁から甲に交付され，同条に基づく無償の株式譲渡が完了したことを確認する。

**第3条（丙株主名簿訂正に伴う甲丙間の契約の変更）**
　　甲及び丙は，甲丙間の平成16年8月30日付「株式譲渡契約書」第1条にて約した「136万9342株」（併合後の株式数68万4671株）の譲渡を「137万2472株」（併合後の株式数68万6236株）の譲渡へと変更したことを確認する。

**第4条（丁の丙に対する私財提供）**
（1）丁は，丙に対し，平成16年5月24日付甲宛「念書」1（3）及び同念書作成後発覚した同念書作成の前提となる認識の誤りを考慮した本合意書別紙に基づき，丙に対する私財提供として，平成17年5月13日限り金92,374,130円を下記の口座に振込送金する方法により支払う。振込費用は丁の負担とする。
記
　　　三井住友銀行上田支店
　　　普通預金　口座番号 4141199
　　　名義人　株式会社ミヤノ
（2）丁が前項の支払を怠った場合，丁は，丙に対し，当該支払を怠った金額に，平成17年5月14日（当日を含む。）より当該支払を完了する日（当日を含む。）まで年14.0％の割合（1年を365日とする日割計算とする。）を乗じて算定される遅延損害金を支払う。


DEPOSITION
EXHIBIT
# 74
9/23/08

MHU000259

（3）丁は，本条第（1）項の金員を支払った以後も，平成16年5月24日付甲宛「念書」1（1）及び（2）に違反し，丁が同念書別紙1又は本合意書別紙に記載の財産以外に財産を有していたことが判明した場合，直ちにこれを丙に対し無償で譲渡することを確約する。
（4）丁は，丙に対し，丙に対する私財提供として，その所有する Miyano Machinery Inc.（現 Miyano Machinery USA Inc.）の株式を平成16年9月3日付で無償で譲渡したことを確認する。

**第5条（甲及び乙による保証解除）**
（1）甲及び乙は，甲乙丙間の平成16年8月31日付「債権者間の協定書」第3.6条に基づき，本日付で，前条に定める私財提供を完了することを停止条件として，丁との間の，丁が，丙の甲及び乙に対する金融債務を主債務として，これを連帯保証する旨の契約を解除することに同意する。
（2）丙は，丁が前条に定める私財提供を完了した後速やかに，甲及び乙に対し，かかる事実を書面にて通知し（かかる事実を証する書類の写しを付するものとする。），甲及び乙は，かかる丙からの通知を受けたことを，丁に対し書面にて通知する。

**第6条（甲丁間・甲戊間の債権債務不存在の確認）**
本合意書に定めるもののほか，甲丁間及び甲戊間において，互いに他に何らの債権債務も存在しないことを確認する。

本合意の証として，本合意書4通を作成し，甲乙丙丁これに署名又は記名捺印の上，それぞれ1通ずつを保有する。

平成17年4月8日

甲　東京都千代田区丸の内三丁目3番1号
　　株式会社 産業再生機構
　　代表取締役 斎藤 惇

乙　東京都千代田区有楽町一丁目1番2号
　　株式会社 三井住友銀行
　　代表取締役 西川 善文

丙　長野県上田市住吉36番地
　　株式会社 ミヤノ
　　代表取締役社長 大澄裕巳

丁　アメリカ合衆国イリノイ州バーリングトンヒルズ市
　　グンディ通り 50番地
　　宮野 新治





MHU000262

MHU000263

別紙 

# 相続財産表

| 一 | 預貯金 | | 備考 |
|---|---|---|---|
| 1 | 八十二銀行 | 2,136,063 円 | 050301相続直(借入と同様なので変更なし) |
| 2 | 三井住友銀行 | 6,781,821 円 | |
| 3 | 東北銀行 | 6,028,740 円 | 050301相続直(借入と同様なので変更なし) |
| 4 | 郵便貯金 | 3,507,000 円 | |
| 5 | JA三鷹(宮野澄子退職慰労金分) | 28,100,000 円 | |
| | 小計 | 44,551,624 円 | |

| 二 | 有価証券 | | |
|---|---|---|---|
| 1 | 紙ミキノ(6,210株) | 一 円 | 本件事業再生計画参照 |
| 2 | 日興MRF(累積投資 224,340口) | 224,340 円 | 050301投高相違(経験なので変更なし) |
| 3 | 毎製業(4,665株) | 一 円 | 非公開のため算定不能 |
| | 小計 | 224,340 円 | |

| 三 | 保険 | | |
|---|---|---|---|
| 1 | 三井生命 | 26,841,800 円 | 050301保険相違(相続直と同様なので変更なし) |
| 2 | ハートフォード生命 | 25,000,000 円 | 050301保険相違(相続直と同様なので変更なし) |
| 3 | 簡易保険 | 4,344,786 円 | 050301投高相違(経験なので変更) |
| 4 | ひまわり生命保険 | 12,318,920 円 | 050301投高相違(経験なので変更) |
| | 小計 | 67,005,506 円 | |

| 四 | 不動産 | | |
|---|---|---|---|
| 1 | 長野県上田市中央2-2386-1,11,15,2465-12の土地の残地、2-2386-1の建物 | 15,991,355 円 | 機構不動産DB鑑定評価額 |
| 2 | 長野県上田市大字上田千八番2781-1の土地・建物 | 22,500,000 円 | 同上 |
| 3 | 長野県上田市大字住吉字馬場17-5,6の建物 | 6,257,531 円 | 同上 |
| 4 | 岩手県北上市中野町2-12-16,18の土地・2-12-16の建物 | 20,800,000 円 | 同上 |
| | 小計 | 65,048,886 円 | |
| | 資産合計 | 176,830,356 円 | A |

| 五 | 負債 | | |
|---|---|---|---|
| 1 | 平成16年度分所得税滞納金 | 783,100 円 | |
| 2 | 東北銀行借入金(証書借入) | 26,482,737 円 | |
| 3 | 八十二銀行借入金(証書借入) | 916,292 円 | |
| 4 | 未払金(治療費・アパート修理費・敷金・負担金) | 9,173,539 円 | |
| | 負債合計 | 37,355,668 円 | B |

| 六 | 宮野利治相続分 | | | |
|---|---|---|---|---|
| | 相続財産 | A-B | 139,474,688 円 | C |
| | 遺産分減殺額 | C×1/4 | 34,868,672 円 | D |
| | 宮野利治相続分 | C-D | 104,606,016 円 | E |

| 七 | 宮野利治相続分より優先的に弁済される債務 | | |
|---|---|---|---|
| 1 | 相続税 | 39,780,000 円 | 050310還付見込 |
| 2 | 土地税理士報酬金 | 2,000,000 円 | |
| 3 | 遺言執行者報酬金 | 5,000,000 円 | |
| 4 | 遺留分減殺請求事件弁護士着手金 | 1,400,000 円 | |
| 5 | 同弁護士報酬金(予定額) | 3,100,000 円 | |
| | 小計 | 51,280,000 円 | F |

| 八 | 私財提供額(相続財産分) | | |
|---|---|---|---|
| | E-F | 53,326,016 円 | ① |

| | | | |
|---|---|---|---|
| 別紙1の四の2不動産 | 8,605,645 円 | ② | |
| 別紙1の四の3不動産 | 30,542,469 円 | ③ | |
| 総私財提供額 | ①+②+③ | 92,374,130 円 | |



MHU000264



MHU000260

念　　書

平成 16 年 5 月 24 日

株式会社産業再生機構　御中

住所　アメリカ合衆国イリノイ州バーリングトンヒルズ町　ダンディ通り 50 番地

氏名　宮野　利治　㊞

1　私は，以下の事項について表明・保証を致します。

（1）本日現在の私の資産・負債の状況（但し，宮野澄子を被相続人とする相続資産・
　　　負債（以下「相続財産」という。）を除く。）が別紙１記載のとおり（軽微な増減
　　　を除く。）であること

（2）相続財産が別紙２記載のとおりであること

（3）相続財産のうち別紙２記載の私が受領予定の財産相当額[注1]及び別紙１の四記載
　　　の不動産相当額について，御社の指示する方法によって，株式会社ミヤノに対し
　　　私財提供を行うこと[注2]

（4）前項の私財提供により，株式会社ミヤノに対し求償権が生じる場合には，これを
　　　予め放棄すること

（5）上記（3）を超える私財提供を行うことは，今後の私及びその家族が通常の生活
　　　を営んでいくことを困難にするおそれがあること

2　万一，前条の表明・保証に違反した場合，私は御社に対し，所定の損害賠
　　償を行うことを誓約致します。

以　上

[注1] 相続財産のすべてを私に相続させる旨の遺言があったが，他の相続人１名より，その４分の１につい
　　　て遺留分減殺請求が行われた結果，私が相続するのは相続財産の４分の３となる見込みである。

[注2] 注１の遺留分減殺請求事件において，合理的理由により私が相続する相続財産が別紙２に記載するよ
　　　りも少なくなった場合，また，固定資産等の実売却額と別紙１の四又は別紙２に記載する額とが大幅
　　　に乖離を生じる場合においては，私財提供額につき協議させていただきたい。


DEPOSITION
EXHIBIT
#72
4/23/08

MHU000340

別紙1

# 固有財産表

## 預金

| | | | | 備考 |
|---|---|---|---|---|
| 1 | 三井住友銀行(2004/04/21) | 1,192,117 | 円 | |
| 2 | JA三鷹(2003/02/13) | 100,247 | 円 | |
| 3 | CITI Bank・日本(2004/03/05) | 3,061,238 | 円 | |
| 4 | CITI Bank・US(2004/04/26) | 1,594,306 | 円 | 14447.72US$ |
| 5 | TCF Bank(04/04/26) | 1,543,395 | 円 | 13986.36US$ |
| | 小計 | 7,491,303 | 円 | |

## 有価証券

| | | | | |
|---|---|---|---|---|
| 1 | ㈱ミヤノ(4,194,550株) | 一 | 円 | 本件事業再生計画参照 |
| 2 | MMU(1.2%) | 一 | 円 | 現物私財提供 |
| 3 | 寿製薬(4,665株) | 一 | 円 | 非公開のため算定不能 |
| 4 | エメラルドグリーンクラブ会員権 | 一 | 円 | 価値なし |
| 5 | 株式会社西初噐温泉ホテル | 一 | 円 | 非公開のため算定不能 |
| 6 | Seligman　Seligman Select Municipal Fund | 408,818 | 円 | 3704.74US$ |
| 7 | Stephan Fairchild Corporation, B.V.Delfim, Netherlands | 一 | 円 | 非公開のため算定不能 |
| | 小計 | 408,818 | 円 | |

## 動産

| | | | | |
|---|---|---|---|---|
| 1 | クルーザー2台(ヤマハFR25　1988年製) | 一 | 円 | 売却可能性なし |
| 2 | モーターバイク(ホンダ製　1988年製) | 一 | 円 | 売却可能性なし |
| | 小計 | 一 | 円 | |
| | 不動産を除く資産合計 | 7,900,121 | 円 | |

## II 不動産

| | | | | |
|---|---|---|---|---|
| 1 | 三鷹市借家(東京都三鷹市北野2丁目2363-2) | 一 | 円 | ㈱ミヤノの三井住友銀行に対する債務を被担保債権として極度額(機構不動産DD鑑定評価額を上回る)2億円の根抵当権設定 |
| 2 | 長野県上田市中央北2-2386-1,11,15,2465-12の土地の一部 | 8,505,645 | 円 | 機構不動産DD鑑定評価額 |
| 3 | 長野県上田市大字住吉字馬場17-5,6,11,12,18-5,19-32,34の土地 | 30,542,469 | 円 | 同上 |
| | 小計 | 39,048,114 | 円 | |

## III 負債

| | | | | |
|---|---|---|---|---|
| 1 | 養育費 | 48,000,000 | 円 | 非嫡出子より月額20万円の養育費を2000年8月より2020年7月まで支払う旨の請求を受けている。 |
| 2 | 住宅ローン | 97,668,081 | 円 | 885075.5US$ |
| | 負債合計 | 145,668,081 | 円 | |

| 不動産を除く試算合計より負債を控除した額 | (137,767,960) | 円 |
|---|---|---|

MHU000341

別紙2

## 相続財産表

| 預貯金 | | | 備考 |
|---|---|---|---|
| 1 | 八十二銀行 | 2,136,063 円 | |
| 2 | 三井住友銀行 | 6,781,821 円 | |
| 3 | 東北銀行 | 6,026,740 円 | |
| 4 | 郵便貯金 | 3,507,000 円 | |
| 5 | JA三鷹(宮野澄子退職慰労金分) | 26,100,000 円 | |
| | 小計 | 44,551,624 円 | |

| 有価証券 | | | |
|---|---|---|---|
| 1 | ㈱ミヤノ(6,210株) | ー 円 | 本件事業再生計画参照 |
| 2 | 日興MRF(累積投資 224,340口) | 224,340 円 | |
| 3 | 寿製薬(4,665株) | ー 円 | 非公開のため算定不能 |
| | 小計 | 224,340 円 | |

| 保険 | | | |
|---|---|---|---|
| 1 | 三井生命 | 25,341,800 円 | 綱島氏主張に基づく |
| 2 | ハートフォード生命 | 25,000,000 円 | 同上 |
| 3 | 簡易保険 | 17,741,106 円 | 同上 |
| 4 | ひまわりセレクト保険 | 12,550,000 円 | 同上 |
| | 小計 | 80,632,906 円 | |

| 不動産 | | | |
|---|---|---|---|
| 1 | 長野県上田市中央北2-2386-1,11,15,2465-12の土地の残部, 2-2386-1の建物 | 15,991,355 円 | 機構不動産DD鑑定評価額 |
| 2 | 長野県上田市大字上田十八曲2781-1の土地・建物 | 22,500,000 円 | 同上 |
| 3 | 長野県上田市大字住吉字馬場17-5,6の建物 | 6,257,531 円 | 同上 |
| 4 | 岩手県北上市中野町2-12-16,18の土地・2-12-16の建物 | 20,300,000 円 | 同上 |
| | 小計 | 65,048,886 円 | |
| | 資産合計 | 190,457,756 円 | A |

| 負債 | | | |
|---|---|---|---|
| 1 | 平成14年度分所得税滞納金 | 783,100 円 | |
| 2 | 東北銀行借入金(証書借入) | 26,482,737 円 | |
| 3 | 八十二銀行借入金(証書借入) | 916,292 円 | |
| 4 | 未払金(治療費・アパート修理費・敷金・負担金) | 9,173,539 円 | |
| | 負債合計 | 37,355,668 円 | B |

宮野利治相続分

| | | | |
|---|---|---|---|
| 相続財産 | A-B | 153,102,088 円 | C |
| 遺留分減殺額 | C×1/4 | 38,275,522 円 | D |
| 宮野利治相続分 | C-D | 114,826,566 円 | E |

MHU000342

| 宮野利治相続分より優先的に弁済される債務 | | |
|---|---|---|
| 1 相続税 | 43,780,000 円 | |
| 2 上記税理士報酬金 | 2,000,000 円 | |
| 3 遺言執行者報酬金 | 5,000,000 円 | |
| 4 遺留分減殺請求事件弁護士着手金 | 1,400,000 円 | |
| 5 同弁護士報酬金(予定額) | 3,100,000 円 | |
| 小計 | 55,280,000 円 | F |
| 私財提供額(相続財産分) | | |
| E−F | 59,546,566 円 | ① |

| 別紙1の四の2不動産 | 8,505,645 円 | ② |
|---|---|---|
| 別紙1の四の3不動産 | 30,542,469 円 | ③ |
| 総私財提供額　①+②+③ | 98,594,680 円 | |

MHU000343

## 変更覚書

株式会社産業再生機構（以下「甲」という）及び株式会社ミヤノ（以下「乙」という）は、株式会社ミヤノの株式に関して甲乙間で締結した平成16年8月30日付株式譲渡契約書（以下「原契約」という）の変更に関し、次のとおり合意した（以下「本覚書」という）。

**第1条（原契約第1条の変更）**
甲及び乙は、原契約第1条に関し、下記のとおり変更する。かかる変更は、原契約の締結日に遡って効力を有するものとする。

　（訂正前）
　　譲渡人は、本契約の規定に従い、譲渡人が所有する譲受人の発行済普通株式226万1845株並びに譲渡人が平成16年12月ころ宮野利治より譲渡を受ける予定である譲受人の発行済普通株式136万9342株（併合後の株式数68万4671株）（以下、併せて「本件株式」という。）を譲受人に譲渡し、譲受人はこれを譲り受ける（以下、「本件譲渡」という。）。

　（訂正後）
　　譲渡人は、本契約の規定に従い、譲渡人が所有する譲受人の発行済普通株式226万1845株並びに譲渡人が平成16年12月ころ宮野利治より譲渡を受ける予定である譲受人の発行済普通株式137万2000株（併合後の株式数68万6000株）（以下、併せて「本件株式」という。）を譲受人に譲渡し、譲受人はこれを譲り受ける（以下、「本件譲渡」という。）。

**第2条（原契約との一体性）**
甲及び乙は、本覚書が原契約と一体として一つの株式譲渡契約を構成すること、また、前条に規定される事項を除き、原契約は何ら影響を受けることなく効力を有することを確認する。

本合意成立を証するため、本覚書2通を作成し、当事者記名捺印のうえ各1通を保管する。

平成16年12月22日

甲：　　　　　　　　　東京都千代田区丸の内三丁目3番1号
　　　　　　　　　　　株式会社産業再生機構
　　　　　　　　　　　代表取締役　斉　藤　惇

乙：　　　　　　　　　長野県上田市大字秋和1000番地
　　　　　　　　　　　株式会社ミヤノ
　　　　　　　　　　　代表取締役　大澄裕巳



DEPOSITION
EXHIBIT
#73
4/23/08

MMU0009549
CONFIDENTIAL

# AGREEMENT

The Institution for Industrial Revival (hereinafter referred to as "Party A"), Sumitomo Mitsui Banking Corporation (hereinafter referred to as "Party B"), Miyano Machinery Incorporated (hereinafter referred to as "Party C") and Toshiharu Miyano (hereinafter referred to as "Party D") have hereby agreed, as follows

Article 1. (Managerial Responsibility, etc. of Party D and Party D's Family)
Party D confirms that it has agreed to make the disposal of the shares of Party C owned by Shigemori Miyano (Stephen Miyano; hereinafter referred to as "Party E") as per Item (2) of the following Article in lieu of the shares of Party C to be disposed of by Party E.

Article 2. (Amendment of Agreement Between Party A and Party D Resulting from Revision of Party C's Shareholders' Register)
(1)     Party A and Party D hereby amend the transfer of "3,355,640 shares" in Article 1 of the "Share Transfer Agreement" executed between Party A and Party D as of July 30, 2004 (hereinafter referred to as the "Party A-Party D Share Transfer Agreement") to the transfer of "3,566,934 shares."
(2)     Party A and Party D confirm that the share certificates for the non-issued "1,372,472 shares" (based on the number of shares to be transferred pursuant to the preceding paragraph, the number of shares after the share consolidation that became effective as of September 3, 2004, i.e., "686,236 shares"; thereafter amended to "686,000 shares" in the document entitled "Shares of Miyano Machinery Incorporated," which was presented by Party D to Party A) among the share certificates of Party C to be issued by Party D to Party A pursuant to Article 1 of the Party A-Party D Share Transfer Agreement will be issued by Party D to Party A by December 24, 2004, and that the share transfer will be completed for no consideration pursuant to the preceding Article.

Article 3. (Amendment of Agreement Between Party A and Party C Resulting from Revision of Party C's Shareholders' Register)
Party A and Party C confirm that they amended the transfer of "1,369,342 shares" (number of shares after the consolidation: 684,671 shares) in Article 1 of the "Share Transfer Agreement" executed between Party A and Party C as of August 30, 2004 to the transfer of "1,372,472 shares" (number of shares after the consolidation: 686,236 shares).

Article 4. (Party D's Provision of Private Funds to Party C)
(1)     Pursuant to 1 (3) of the "Memorandum" addressed to Party A and dated May 24, 2004 and the Appendix to this Agreement, which contemplates the erroneous understanding that formed the basis for the preparation of such Memorandum, which was brought to light after the preparation of such Memorandum, Party D shall pay to Party C, as the provision of private funds, 92,374,130 yen to the following account by means of remittance no later than May 13, 2005:

Note

        Sumitomo Mitsui Bank, Ueda Branch
        Regular Deposit          Account Number 4141199
        Name of Account Holder   Kabushiki Kaisha Miyano

(2)     In the event that Party D fails to make the payment set forth in the preceding paragraph, Party D shall pay to Party C the damages for arrears calculated by multiplying the amount of such failed payment by a rate of 14.0% (calculated per diem based on a 365-day year) [for the period] from May 14, 2005 (inclusive of such day) until the day on which such payment has been completed (inclusive of such day).



(3)    In the event that Party D breaches 1 (1) and (2) of the "Memorandum" addressed to Party A and dated May 24, 2004, or in the event that it is discovered that Party D possesses property other than the property described in Appendix 1 to the Memorandum or in the Appendix to this Agreement, Party D promises to immediately transfer to Party C such property, without consideration, even after Party D pays the money set forth in Paragraph (1) of this Article.

(4)    Party D confirms that it transferred to Party C, as the provision of private funds, the shares that it owns in Miyano Machinery Inc. (currently named Miyano Machinery USA Inc.) as of September 3, 2004, without consideration.

Article 5. (Termination of Guarantee by Party A and Party B)

(1)    Pursuant to Article 3.6 of the "Agreement Among Creditors" executed among Party A, Party B and Party C as of August 31, 2004, Party A and Party B agree to terminate, as of today's date, the agreement executed with Party D stating to the effect that Party A and Party B jointly and severally guarantee the monetary obligations owed by Party C to Party A and Party B as the main obligations, with the completion of the provision of private funds prescribed in the preceding Article as the condition precedent.

(2)    Promptly after Party D completes the provision of private funds prescribed in the preceding Article, Party C shall notify Party A and Party B of such fact in writing (and shall attach a copy of a document certifying such fact), and Party A and Party B shall notify Party D in writing that they have received such notice from Party C.

Article 6. (Confirmation on Nonexistence of Credits and Debts Between Party A and Party D and Between Party A and Party E)

In addition to the provisions of this Agreement, Party A and Party D, and Party A and Party E, hereby confirm that there exist no credits or debts whatsoever between them.

IN WITNESS WHEREOF, this Agreement has been executed in four (4) counterparts, and Party A, Party B, Party C and Party D shall each retain one (1) copy hereof upon affixing their signatures, or names and seals, hereto.

April 8, 2005

> Party A: 3-1, Marunouchi 3-chome, Chiyoda-ku, Tokyo
> The Institution for Industrial Revival
> Jun Saito, Representative Director
> [Seal: Seal of the Representative Director, The Institution for Industrial Revival]

> Party B: 1-2, Yurakucho 1-chome, Chiyoda-ku, Tokyo
> Sumitomo Mitsui Banking Corporation
> Yoshifumi Nishikawa, Representative Director
> [Seal: Seal of the [illegible], Sumitomo Mitsui Banking Corporation]

> Party C: 36 Sumiyoshi, Ueda-shi, Nagano-ken
> Miyano Machinery Incorporated
> Hiromi Osumi, President and Representative Director
> [Seal: Seal of the Representative Director, Miyano Machinery Incorporated]

> Party D: *50 Dundee Street, Barrington Hills, Illinois, USA*
> *Toshiharu Miyano* [Seal: Toshiharu Miyano]

MHU000261

[The text on this page has been cut off. Please see the next page for the text in its entirety.]

MHU000262

Appendix

## INHERITANCE PROPERTY CHART

| 1. Deposit Money | | | Remarks |
|---|---|---|---|
| 1 | The Hachijuni Bank, Ltd. | 2,136,063 yen | 050301 offset complete (There is no change since the loan is hedged.) |
| 2 | Sumitomo Mitsui Bank | 6,781,821 yen | |
| 3 | The Tohoku Bank, Ltd. | 6,026,740 yen | 050301 offset complete (There is no change since the loan is hedged.) |
| 4 | Postal deposit | 3,507,000 yen | |
| 5 | JA Mitaka (retirement allowance for Sumiko Miyano) | 26,100,000 yen | |
| | Subtotal | 44,551,624 yen | |
| 2. Securities | | | |
| 1 | Miyano Machinery Incorporated (6,210 shares) | - yen | Refer to the business rehabilitation plan for this case. |
| 2 | Nikko MRF (accumulated investment of 224,340) | 224,340 yen | 050301 balance difference (There is no change due to minimal fluctuation.) |
| 3 | Kotobuki Pharmaceutical Co., Ltd. (4,665 shares) | - yen | Calculation is impossible because [the relevant information] is not open or available to the public. |
| | Subtotal | 224,340 yen | |
| 3. Insurance | | | |
| 1 | Mitsui Life Insurance Company Limited | 25,341,800 yen | 050301 balance difference (There is no change since the inheritance tax is hedged.) |
| 2 | The Hartford Insurance Financial Services Group, Inc. | 25,000,000 yen | 050301 balance difference (There is no change since the loan is hedged.) |
| 3 | Postal Life Insurance | 4,344,786 yen | 050301 balance difference (Changed due to error.) |
| 4 | Himawari Select Insurance | 12,318,920 yen | 050301 balance difference (Changed due to error.) |
| | Subtotal | 67,005,506 yen | |
| 4. Real Estate | | | |
| 1 | Remaining portion of land located at 2-2386-1, 11, 15, 2465-12, Chuo-kita, Ueda-shi, Nagano-ken; Building at 2-2386-1 | 15,991,355 yen | Institutional real estate DD appraised survey amount |
| 2 | Land and building located at 2781-1, Oaza Ueda Juhachi magari, Ueda-shi, Nagano-ken, Ueda-shi, Nagano-ken | 22,500,000 yen | Same as above |
| 3 | Building located at 17-5, 6 Aza Baba, Oaza Sumiyoshi, Ueda-shi, Nagano-ken, Ueda-shi, Nagano-ken | 6,257,531 yen | Same as above |
| 4 | Land located at 2-12-16, 18, and building located at 2-12-16, Nakanocho, Kitakami-shi, Iwate-ken | 20,300,000 yen | Same as above |
| | Subtotal | 65,048,886 yen | |
| | Total Assets | 176,830,356 yen | A |

| 5. Debts | | | |
|---|---|---|---|
| 1 | Penalty for late payment of 2002 income tax | 783,100 yen | |
| 2 | Loans from The Tohoku Bank, Ltd. (borrowing on deeds) | 26,482,737 yen | |
| 3 | Loans from The Hachijuni Bank, Ltd. (borrowing on deeds) | 916,292 yen | |
| 4 | Accrued liabilities (medical treatment costs, apartment repair costs, deposit money, burden charge) | 9,173,539 yen | |
| | Total Liabilities | 37,355,668 yen | B |

| 6. Inheritance of Toshiharu Miyano | | | | |
|---|---|---|---|---|
| | Inheritance Assets | A−B | 139,474,688 yen | C |
| | Abatement Amount of Legally Secured Portion | C×1/4 | 34,868,672 yen | D |
| | Inheritance of Toshiharu Miyano | C−D | 104,606,016 yen | E |

| 7. Debts Given Priority for Repayment from Inheritance of Toshiharu Miyano | | | |
|---|---|---|---|
| 1 | Inheritance Tax | 39,780,000 yen | 050310 repayment anticipated |
| 2 | Remuneration for Above-Mentioned Tax Accountant | 2,000,000 yen | |
| 3 | Remuneration for Executor of Will | 5,000,000 yen | |
| 4 | Attorney's Retention Fee for Case Concerning Claim for Abatement of Legally Secured Portion | 1,400,000 yen | |
| 5 | Remuneration for Such Attorney (anticipated amount) | 3,100,000 yen | |
| | Subtotal | 51,280,000 yen | F |
| 8. Provision of Private Funds | E−F | 53,326,016 yen | ① |

| | | | |
|---|---|---|---|
| Real Estate in 4-2 of Appendix 1 | | 8,505,645 yen | ② |
| Real Estate in 4-3 of Appendix 1 | | 30,542,469 yen | ③ |
| Total Provision of Private Funds | ①+②+③ | 92,374,130 yen | |

MHU000263

[Seal illegible]

[Seal: Seal of the Representative Director, Miyano Machinery Incorporated]

[Seal: Toshiharu Miyano]

MHU000264

Written Receipt of Remittance Money [illegible]
(Receipt for Remittance Money and Fees)

Date: April 11, 2005

**Recipient's Bank:** Sumitomo Mitsui Bank [illegible] — Ueda Branch

**Recipient:** Miyano Machinery Incorporated

Phonetic reading: Toshiharu Miyano

**Sender:**
Phonetic reading  Toshiharu Miyano
Toshiharu Miyano
50 Dundee Street, Barrington Hills, Illinois, USA
Telephone Number: 03 3399 4803

☐ [illegible]
☐ [illegible]

Amount [illegible]

Type of Deposit: 1. Regular  2. Current  4. Savings  9. Other

[illegible] 1  4 4 1 1 9 9  [illegible]

[illegible]  2  7 9 5 0 3 5  Yen 0

[illegible] | [illegible] | [illegible]

If the above-mentioned check, etc. that we received for the purpose of the remittance made to the main branch of this bank is dishonored, the remittance of the relevant amount shall be cancelled, procedures to cash such check, etc. shall not be taken, and the check, etc. shall be returned. In addition, since the remittance regulations are displayed in the bank branches, please request a copy if you need one. They are also written on the reverse side [of this Receipt].

Sumitomo Mitsui Banking Corporation   [illegible]  URGENT

[illegible] 525

[STAMP: April 11, 2005 [illegible]]

We sincerely thank you for using Sumitomo Mitsui Bank.
We hope that you will continue to do business with us in the future.
Please use our fast and convenient automatic service machines for your remittances.
Please remit your deposits by 6:00 p.m. on weekdays.
Remittances with your cash card can be made on Saturday, Sunday and holidays, as well as after [illegible] on weekdays.
We are happy to be of service to you. [illegible]

MHU000260

MEMORANDUM

*May 24, 2004*

To: Institution for Industrial Revival

Address: *50 Dundee Street, Barrington Hills,*
*Illinois, USA*
Name:     *Toshiharu Miyano*
[Seal: Toshiharu Miyano]

1. I hereby make representations and warranties with respect to the following matters:

(1)     The status of my assets and liabilities current as of today (provided, however, that this
excludes the inheritance assets and liabilities of Sumiko Miyano, who is my successor;
hereinafter referred to as the "Inheritance Assets") is as described in Appendix 1 hereto
(with the exception of slight increases or decreases).

(2)     The Inheritance Assets are as described in Appendix 2 hereto.

(3)     Among the Inheritance Assets, with respect to the amount equivalent to the funds that I am
scheduled to receive[1] as described in Appendix 2 hereto and the amount equivalent to the
real estate described in 4 in Appendix 1 hereto, I hereby make a provision of private funds
to Miyano Machinery Incorporated[2].

(4)     In the event that a right to indemnity arises as a result of the provision of private funds, I
hereby waive such right in advance.

(5)     The provision of private funds in excess of (3) above is likely to make it difficult for me
and my family to engage in normal every day life.

2. In the event that the representations and warranties set forth in the preceding Article are
breached, I promise to provide the prescribed damage compensation to your company.

End

---

Note 1:     There was a will stating to the effect that I would inherit all of the Inheritance Assets, but as a result of a claim by
another inheritor for the reduction of one-fourth (1/4) of the legally secured portion of the inheritance, the amount that I
will inherit is anticipated to be three-fourths (3/4) of the Inheritance Assets.

Note 2:     In the case concerning the claim for the abatement of the legally secured portion of the inheritance set forth in Note 1,
in the event that the amount of the Inheritance Assets that I will inherit becomes less than the amount described in
Appendix 2 hereto due to rational reasons, or in the event that a considerable difference arises between the actual sales
amount of the fixed assets, etc. and the amount described in 4 of Appendix 1 hereto or in Appendix 2 hereto, I will
request consultation with respect to the amount of the private funds to be provided [by me].



DEPOSITION
EXHIBIT
# 72
4/23/08

MHU000340

Appendix 1

INDIVIDUAL PROPERTY CHART

| 1. Deposits | | | Remarks |
|---|---|---|---|
| 1 | Sumitomo Mitsui Bank (04/21/2004) | 1,192,117 yen | |
| 2 | JA Mitaka (02/13/2003) | 100,247 yen | |
| 3 | CITI Bank Japan (03/05/2004) | 3,061,238 yen | |
| 4 | CITI Bank US (04/26/2004) | 1,594,306 yen | US$14,447.72 |
| 5 | TCF Bank (04/26/2004) | 1,543,395 yen | US$13,986.36 |
| | Subtotal | 7,491,303 yen | |
| 1. Securities | | | |
| 1 | Miyano Machinery Incorporated (4,194,550 shares) | - yen | Refer to the business rehabilitation plan for this case. |
| 2 | MMU (1.2%) | - yen | Provision of private funds in kind |
| 3 | Kotobuki Pharmaceutical Co., Ltd. (4,665 shares) | - yen | Calculation is impossible because [the relevant information] is not open or available to the public. |
| 4 | Membership at Emerald Green Club | - yen | No price available |
| 5 | Nishi Hatsuho Onsen Hotel Co., Ltd. | - yen | Calculation is impossible because [the relevant information] is not open or available to the public. |
| 6 | Seligman Seligman Select Municipal Fund | 408,818 yen | US$3,704.74 |
| 7 | Stephan Fairchild Corporation, B.V. Delftm, Netherlands | - yen | Calculation is impossible because [the relevant information] is not open or available to the public. |
| | Subtotal | 408,818 yen | |
| 1 | Two cruisers (Yamaha FR25 1988) | - yen | No possibility of sale |
| 2 | Motor bike (Honda 1988) | - yen | No possibility of sale |
| | Subtotal | - yen | |
| | Total Assets, Excluding Real Estate | 7,900,121 yen | |
| 4. Real Estate | | | |
| 1 | Rental house in Mitaka-shi (2363-2, Kitano 2-chome, Mitaka-shi, Tokyo) | - yen | Establishment of a mortgage of a ceiling amount of 200,000,000 yen, (exceeding the institutional real estate DD appraised survey amount), as the collateral for the debts owed to Sumitomo Mitsui Bank on behalf of Miyano Machinery Incorporated |
| 2 | Portion of land located at 2-2386-1, 11, 15, 2465-12, Chuo-kita, Ueda-shi, Nagano-ken | 8,505,645 yen | Institutional real estate DD appraised survey amount |
| 3 | Land located at 17-5, 6, 11, 12, 18-5, 19-32, 34 Aza Baba, Oaza Sumiyoshi, Ueda-shi, Nagano-ken | 30,542,469 yen | Same as above |
| | Subtotal | 39,048,114 yen | |
| 5. Liabilities | | | |
| 1 | Child-rearing expenses | 48,000,000 yen | I have received a claim for the monthly payment of 200,000 yen in child support for an illegitimate child, from August 2000 until July 2020. |
| 2 | Residential housing loan | 97,668,081 yen | US$885,075.50 |
| | Total Liabilities | 145,668,081 yen | |

| Amount Obtained by Deducting Liabilities from Trial Calculation, Excluding Real Estate | (137,767,960 yen) | |
|---|---|---|

MHU000341

Appendix 2

INHERITANCE PROPERTY CHART

| | | | | | Remarks |
|---|---|---|---|---|---|
| Deposit Money | | | | | |
| 1 | The Hachijuni Bank, Ltd. | | | 2,136,063 yen | |
| 2 | Sumitomo Mitsui Bank | | | 6,781,821 yen | |
| 3 | The Tohoku Bank, Ltd. | | | 6,026,740 yen | |
| 4 | Postal deposit | | | 3,507,000 yen | |
| 5 | JA Mitaka (retirement allowance for Sumiko Miyano) | | | 26,100,000 yen | |
| | | | Subtotal | 44,551,624 yen | |
| Securities | | | | | |
| 1 | Miyano Machinery Incorporated (6,210 shares) | | | - yen | Refer to the business rehabilitation plan for this case. |
| 2 | Nikko MRF (accumulated investment of 224,340 lots) | | | 224,340 yen | |
| 3 | Kotobuki Pharmaceutical Co., Ltd. (4,665 shares) | | | - yen | Calculation is impossible because [the relevant information] is not open or available to the public. |
| | | | Subtotal | 224,340 yen | |
| Insurance | | | | | |
| 1 | Mitsui Life Insurance Company Limited | | | 25,341,800 yen | Based on the assertions made by Mr. Tsunejima |
| 2 | The Hartford Insurance Financial Services Group, Inc. | | | 25,000,000 yen | Same as above |
| 3 | Postal Life Insurance | | | 17,741,106 yen | Same as above |
| 4 | Himawari Select Insurance | | | 12,550,000 yen | Same as above |
| | | | Subtotal | 80,632,906 yen | |
| Real Estate | | | | | |
| 1 | Remaining portion of land located at 2-2386-1, 11, 15, 2465-12, Chuo-kita, Ueda-shi, Nagano-ken; building at 2-2386-1 | | | 15,991,355 yen | Institutional real estate DD appraised survey amount |
| 2 | Land and building located at 2781-1, Oaza Ueda Juhachi magari, Ueda-shi, Nagano-ken | | | 22,500,000 yen | Same as above |
| 3 | Building located at 17-5, 6 Aza Baba, Oaza Sumiyoshi, Ueda-shi, Nagano-ken | | | 6,257,531 yen | Same as above |
| 4 | Land located at 2-12-16, 18, and building located at 2-12-16, Nakanocho, Kitakami-shi, Iwate-ken | | | 20,300,000 yen | Same as above |
| | | | Subtotal | 65,048,886 yen | |
| | | | Total Assets | 190,457,756 yen | A |
| Liabilities | | | | | |
| 1 | Penalty for late payment of 2002 income tax | | | 783,100 yen | |
| 2 | Loans from The Tohoku Bank, Ltd. (borrowing on deeds) | | | 26,482,737 yen | |
| 3 | Loans from The Hachijuni Bank, Ltd. (borrowing on deeds) | | | 916,292 yen | |
| 4 | Accrued liabilities (medical treatment costs, apartment repair costs, deposit money, burden charge) | | | 9,173,539 yen | |
| | | | Total Liabilities | 37,355,668 yen | B |
| Inheritance of Toshiharu Miyano | | | | | |
| | Inheritance Assets | A−B | | 153,102,088 yen | C |
| | Abatement Amount of Legally Secured Portion | C×1/4 | | 38,275,522 yen | D |
| | Inheritance of Toshiharu Miyano | C−D | | 114,826,566 yen | E |

MHU000342

| | Debts Given Priority for Repayment from Inheritance of Toshiharu Miyano | | | |
|---|---|---|---|---|
| 1 | Inheritance Tax | | 43,780,000 yen | |
| 2 | Remuneration for Above-Mentioned Tax Accountant | | 2,000,000 yen | |
| 3 | Remuneration for Executor of Will | | 5,000,000 yen | |
| 4 | Attorney's Retention Fee for Case Concerning Claim for Abatement of Legally Secured Portion | | 1,400,000 yen | |
| 5 | Remuneration for Such Attorney (anticipated amount) | | 3,100,000 yen | |
| | | Subtotal | 55,280,000 yen | F |
| | Provision of Private Funds (Inherited asset portion) | E-F | 59,546,566 yen | ① |

| | | | |
|---|---|---|---|
| Real Estate in 4-2 of Appendix 1 | | 8,505,645 yen | ② |
| Real Estate in 4-3 of Appendix 1 | | 30,542,469 yen | ③ |
| Total Provision of Private Funds | ①+②+③ | 98,594,680 yen | |

MHU000343

AMENDMENT MEMORANDUM

The Institution for Industrial Revival (hereinafter referred to as "Party A") and Miyano Machinery Incorporated (hereinafter referred to as "Party B") have hereby agreed, as follows, in connection with the amendment of the Share Transfer Agreement executed between Party A and Party B as of August 30, 2004 concerning the shares of Miyano Machinery Incorporated (hereinafter referred to as the "Original Agreement").

Article 1. (Amendment of Article 1 of Original Agreement)
Party A and Party B hereby amend Article 1 of the Original Agreement, as follows. Such amendment shall retroactively by effective from the execution date of the Original Agreement.
> (Before Revision)
> In accordance with the provisions of this Agreement, the Transferor hereby transfers 2,261,845 issued and outstanding shares of the Transferee that are owned by the Transferor and 1,369,342 shares of issued and outstanding stock that are scheduled to be transferred by Toshiharu Miyano to the Transferor around December 2004 (number of shares after the consolidation: 684,671) (hereinafter collectively referred to as the "Shares") to the Transferee, and the Transferee accepts the transfer thereof (hereinafter referred to as the "Transfer").
> (After Revision)
> In accordance with the provisions of this Agreement, the Transferor hereby transfers 2,261,845 issued and outstanding shares of the Transferee that are owned by the Transferor and 1,372,000 shares of issued and outstanding stock that are scheduled to be transferred by Toshiharu Miyano to the Transferor around December 2004 (number of shares after the consolidation: 686,000) (hereinafter collectively referred to as the "Shares") to the Transferee, and the Transferee accepts the transfer thereof (hereinafter referred to as the "Transfer").

Article 2. (Unity with Original Agreement)
Party A and Party B confirm that this Memorandum, together with the Original Agreement, constitutes part of the Share Transfer Agreement and is valid without being affected whatsoever by the Original Agreement, except for the matters set forth in the preceding Article.

IN WITNESS WHEREOF, this Memorandum has been executed in duplicate, and the parties hereto shall attach their seals to both and retain one (1) copy hereof.

December 22, 2004

|     |     |
| --- | --- |
| Party A: | 3-1, Marunouchi 3-chome, Chiyoda-ku, Tokyo |
|     | The Institution for Industrial Revival |
|     | Jun Saito, Representative Director |
|     | [Seal: Seal of the Representative Director, The Institution for Industrial Revival] |
|     |     |
| Party B: | 36 Sumiyoshi, Ueda-shi, Nagano-ken |
|     | Miyano Machinery Incorporated |
|     | Hiromi Osumi, Representative Director |
|     | [Seal: Seal of the Representative Director, Miyano Machinery Incorporated] |

DOCS #95528 v2A  (2j9802A.DOC)  ---



DEPOSITION
EXHIBIT
# 73
4/23/08 h

MMU0009549
CONFIDENTIAL