UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA, Inc. ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc,. ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and Steven Miyano, ) | |
| a/k/a Shigemori Miyano, ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants ) | |
| _____) | |
| ) | |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and Steven Miyano, ) | |
| a/k/a Shigemori Miyano, ) | |
| ) | |
| Counterclaim-Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery USA Inc. and ) | |
| ) | |
| Counterclaim-Defendants ) | |
| ) | |
| Miyano Machinery Inc., ) | |
| ) | |
| Third-Party Defendants ) | |

**MOTION FOR ORDER PRECLUDING DEFENDANTS FROM CALLING
ATTORNEY GEORGE H. KOBAYASHI TO TESTIFY
AT PRELIMINARY INJUNCTION HEARING**

GEORGE H. KOBAYASHI and MASUDA, FUNAI, EIFERT & MITCHELL, LTD., both non-parties to this lawsuit, hereby move this Court to issue a protective order or other order prohibiting Defendants from calling Attorney George H. Kobayashi to testify at the Preliminary Injunction Hearing in this matter, and in support state as follows:

1.      Plaintiff Miyano Machinery USA, Inc. ("MMU" or "Plaintiff") filed this trademark infringement action in late January 2008. Shortly thereafter, MMU moved for a preliminary injunction. The preliminary injunction hearing is set for July 18, 2008. In response to MMU's allegations of trademark infringement, Defendants have asserted that MMU defrauded the U.S. Patent and Trademark Office ("PTO") during the process of obtaining or renewing the registration of some of the marks at issue.

2.      On or about March 17, 2008, one of Defendants' attorneys issued a subpoena ("Subpoena") addressed to George H. Kobayashi, Masuda, Funai, Eifert & Mitchell, Ltd. ("MFEM").

3.      Mr. Kobayashi has been employed by MFEM as an attorney since approximately May 2001 and is an attorney of record herein for Third-Party Defendant Miyano Machinery, Inc. ("MMJ"), the parent company of MMU. MFEM and Mr. Kobayashi also serve as legal counsel to MMU including as to the trademarks and service marks at issue in this case.

4.      The Subpoena commanded Mr. Kobayashi to appear for deposition on April 2, 2008 and to produce various records:

> All documents and communications, electronic or otherwise, relating to applications and registrations of trademarks by, for or on behalf of Miyano Machinery USA, Inc., or its predecessors, from and after January 1, 1990.

(Exhibit A to Motion to Quash, Doc. No. 45.)

5.      Shortly thereafter, Defendants moved to disqualify MFEM as counsel herein for MMJ. Defendants subsequently withdrew their motion.

6. On March 25, 2008, Mr. Kobayashi and MFEM filed a Motion to Quash the Subpoena or for Entry of Protective Order ("Motion to Quash") (Doc. No. 45), seeking, *inter alia*, to quash the Subpoena to the extent it sought the production of Mr. Kobayashi for deposition and the production of privileged documents.

7. Prior to filing the Motion to Quash, MFEM met and conferred with Defendants' counsel and urged Defendants to explore other methods of discovery instead of seeking the production of records from MFEM or the taking of Mr. Kobayashi's deposition.

8. By way of background, Mr. Kobayashi submitted two declarations that were submitted with MMU's applications to the PTO for the four trademarks and one service mark at issue in this case. In those declarations, Mr. Kobayashi stated that the information provided was based on information and belief. Defendants have demanded that they be allowed to depose Mr. Kobayashi as to communications with MMU and his knowledge concerning the subject applications and the averments that the marks were being used as stated.

9. In response to the Subpoena, MFEM produced to Defendants non-privileged records contained in MFEM's files with respect to the trademarks and service marks in dispute in this case, together with a privilege log. MFEM later supplemented its document production and the privilege log.

10. At the April 8, 2008 status hearing before Hon. Magistrate Judge Nan. R. Nolan concerning the Motion to Quash, Judge Nolan also urged Defendants to seek discovery from sources other than MFEM and Mr. Kobayashi. (April 8, 2008 Transcript, Doc. No. 97.)

11.     On or about April 10, 2008, Defendants issued their First Set of Interrogatories to MMU, including fourteen (14) interrogatories with numerous discrete subparts. Like the Subpoena, Defendants' First Set of Interrogatories was overly-broad and potentially intruded upon privileged communications between Mr. Kobayashi and MMU. Representative is Defendants' Interrogatory No. 1 which requested:

> State in detail the circumstances surrounding any declaration filed on behalf of MMU in the prosecution, application or registration for each of the trademarks in suit including, but not limited to, <u>setting forth the specific information and belief(s) relied upon by George Kobayashi in filing any such declaration</u> and identifying the person(s) and/or document(s) that are the source(s) of each such information and belief, and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same. (Emphasis added.)

12.     MMU provided a 124-page response to Defendants' First Set of Interrogatories. MMU's responses, together with the numerous documents produced by MMU, provided Defendants with a host of evidence concerning MMU's underlying uses of the marks at issue in this case supporting the subject trademark and service mark applications. MMU's responses also identified four persons with knowledge concerning the circumstances of the declarations at issue: Henry Marchionne, Derek Olczak, Gentaro Kakumae and Goro Yamaguchi.[1] (MMU's response to Defendants' First Set of Interrogatories is attached as Exhibit 5 to Doc. No. 89.)

13.     After extensive briefing on a series on related motions, Magistrate Judge Nolan, on June 6, 2008, granted the Motion to Quash (Doc. 111). In summary, Magistrate Judge Nolan held that, viewing all the circumstances in this case, Defendants

---

[1] It also should be noted that Defendants have taken 8 depositions, including the deposition of MMJ's President and CEO and 2 other witnesses in Japan. In response to various production requests, MMU also has produced well over 20,000 pages of records to Defendants.

4

failed to satisfy their burden of showing that no means exists to obtain the requested information other than to depose Mr. Kobayashi. The relevant portion of Magistrate Judge Nolan's June 6, 2008 Memorandum Order and Opinion ("June 6 Order") with respect to Mr. Kobayashi's deposition is as follows:

> Defendants next seek to obtain the factual information they want by deposing Mr. Kobayashi. Federal Rule 30(a)(1) does not exempt attorneys from being deposed, "even if he or she represents a party to the litigation in issue." *Taylor Mach. Works, Inc. v. Pioneer Distrib. Inc.*, No. 06-1126, 2006 WL 1686140, at *1 (C.D. Ill. June 19, 2006) (quoting *Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D. Ill. 1983)). That said, courts have recognized that deposing opposing counsel "provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." *Id.* (quoting *Marco Island Partners v. Oak Develop. Corp.*, 117 F.R.D. 418, 420 (N.D. Ill. 1987)). As a result, "courts historically have looked with disfavor on attempts to [de]pose opposing counsel." *Id.*
>
> Courts have adopted two approaches to resolving disputes regarding attorney depositions. One requires the attorney to attend the deposition and raise objections in response to specific questions. *See Hunt Int'l Resources Corp.*, 98 F.R.D. at 690. The other approach limits depositions "to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). The Seventh Circuit has not expressly adopted either method, but numerous courts in this district have followed the *Shelton* approach. *See Stalling v. Union Pacific R.R. Co.*, No. 01 C 1056, 2004 WL 783056, at *2 (N.D. Ill. Jan. 23, 2004) (collecting cases).
>
> Applying the *Shelton* factors here, the court first agrees with Defendants that information regarding the factual bases for Mr. Kobayashi's declarations, including that MMU is using the trademarks at issue, are relevant and not privileged. This does not mean, however, that the information must come directly from Mr. Kobayashi. In MMU's view, Defendants have already received this information from other sources, namely, written interrogatories. (MFEM Mot. ¶ 16.) *See also Stalling*, 2004 WL 783056, at *2. MMU argues that it has provided "substantial evidence" regarding the use of the Triangle Winged M mark in the Complaint, in the Affidavit and Memorandum in Support of Summary Judgment, and in its 124-page response to Defendants' interrogatories. MMU also notes that it has produced invoices and service reports purporting to show the use of the Triangle Winged M mark. (Pl. Resp. ¶ 31.)

> Defendants claim that Mr. Kobayashi's deposition is nonetheless warranted here because MMU's interrogatory responses are inadequate, and because MMU's Rule 30(b)(6) witness did not have knowledge of the facts supporting the claimed usage of the marks at the time of the applications. The court disagrees. Viewing all of the circumstances in this case, the court concludes that, at this time, Defendants have not satisfied their burden of showing that no means exist to obtain the requested information other than to depose Mr. Kobayashi. First, MMU identified four people other than Mr. Kobayashi who have knowledge of the circumstances surrounding the declarations in issue. Notably, Defendants concede that MMU's Rule 30(b)(6) witness is not one of those people. It is not clear whether Defendants have deposed, or even attempted to depose any of the four named individuals regarding MMU's use of the various marks. This is certainly an avenue to pursue prior to deposing MMU's attorney.[2]

14. Although Defendants failed to persuade Magistrate Judge Nolan that it was appropriate for Defendants to take Mr. Kobayashi's deposition, Mr. Kobayashi remains named on Defendants' amended witness list as a deposition or live hearing witness at the July 18, 2008 preliminary injunction hearing in this case. (*See* Exhibit A hereto.) As of the date of this Motion, Defendants' have not agreed to remove Mr. Kobayashi from their witness list.

15. Calling opposing counsel as a witness is extremely problematic. *Johnstone v. Wabick,* 220 F.Supp.2d 899, 901 (N.D. Ill. 2002) (J. Bucklo). Problems that arise include, *inter alia*: (1) the unfair and difficult situation which arises when an opposing counsel cross-examines a lawyer adversary and seeks to impeach his credibility, and (2) the appearance of impropriety created, i.e., the likely implication that the testifying lawyer may well be destroying the truth for the sake of his client. *Johnstone,* 220 F.Supp.2d at 901.

16. In considering whether to allow an attorney to be called as a witness at trial, the court in *Johnstone* adopted a standard virtually identical to that employed by Magistrate Judge Nolan in finding that Defendants did not met their burden in seeking to depose Mr. Kobayashi: (1) the

---

[2] Defendants have filed objections to the June 6 Order, which objection is now being briefed by the parties.

6

information sought is relevant to a major issue; (2) no other means for obtaining the relevant information exists; (3) the need for the information outweighs the inherit risks of deposing counsel; and (4) the information sought is not privileged. *Johnstone*, 220 F.Supp.2d at 901. Where live hearing testimony is sought, the appearance of impropriety is even greater than where a party seeks to depose opposing counsel.[3] *Johnstone*, 220 F.Supp.2d at 901; *see also U.S. v. Dack*, 747 F.2d 1172, 1176, fn. 5 (7th Cir. 1984) (where evidence is available from other sources and absent "extraordinary circumstances" or "compelling reasons" an attorney in the case should not be called as a witness.)

17.     Even assuming Defendants are seeking information that is entirely unprivileged, Defendants have failed to demonstrate at least two of the factors required to call counsel as a witness: (1) in the June 6 Order, Judge Nolan expressly found that Defendants failed to demonstrate that no other means for obtaining the information exists; and (2) implicit in Judge Nolan's ruling is that Defendants also failed to demonstrate that their claimed need for the information outweighs the inherit risks of seeking to have counsel testify.

18.     As Judge Nolan states in her June 6 Order, MMU identified four people other than Mr. Kobayashi who have knowledge of the circumstances surrounding the declarations at issue. Defendants in this case already deposed three of these witnesses: Henry Marchionne, a current MMU director and former Chairman and CEO; Derek Olczak, MMU's service manager; and

---

[3] Defendants might argue that the risk of prejudice is greater before a jury compared to a bench trial. However, the practice of calling an opposing attorney even for trial before a judge is highly discouraged and prejudicial. A not dissimilar situation arises under the so-called "advocate-witness" rule, which discourages trial counsel from calling herself to testify in the case. Under the rule, courts have held the policy that is in place to discourage attorney testimony before proceedings tried to a jury also applies to proceedings tried to a judge. *U.S. v. Johnson*, 690 F.2d 638, 644 (7th Cir. 1982). Permitting Defendants to call Mr. Kobayashi at the preliminary injunction hearing may place the Court in the difficult position of having to assess the credibility of an attorney of record in the case, and Defendants might later try to introduce that testimony at trial. A jury trial has been requested herein (Doc. 1).

Gentaro Kakumae, a former MMU accounting manager. The depositions of Messrs. Marchionne and Olczak were conducted in early March and the deposition of Mr. Kakumae in early April. For whatever reason (presumably to avoid unfavorable testimony), Plaintiffs elected not to ask these deponents any questions concerning the basis for MMU's trademark and service mark applications that Defendants now deem so relevant as to seek to elicit hearing testimony from Mr. Kobayashi.

19. On June 20, 2008, two full weeks after Judge Nolan's June 6 Order and less than a month from the July 18 preliminary injunction hearing, Defendants counsel served (1) notices that (i) Henry Marchionne, (ii) Derek Olczak, (iii) Gentaro Kakumae and (iv) MMU (Rule 30(b)(6)) all appear for a <u>second</u> deposition; and (2) a Second Set of extensive Interrogatories to Plaintiff. Contrary to the Federal Rules, Defendants served these requests without leave of court. Under F.R.C.P. 30(a)(2)(A) and 30(a)(2)(B), Defendants are required to obtain leave of court before seeking to re-depose a witness or before seeking to take more than a total of 10 depositions. Likewise, Defendants' multiple sets of Interrogatories include discrete subparts which clearly have exceeded 25 in number in violation of F.R.C.P. 33(a).

20. Notwithstanding these and other valid objections to Defendants' June 20, 2008 discovery requests, counsel have met and conferred and MMU has offered to respond to Defendants' Second Set of Interrogatories. MMU also has offered to make available Messrs. Marchionne and Mr. Olczak[4] for a second deposition limited in scope to questions relating to the factual basis for the subject submissions to the PTO, in lieu of Mr. Kobayashi's testimony. While the parties may reach an agreement regarding the terms upon which MMU will produce

---

[4] Mr. Kakumae testified during his deposition in April that he was leaving MMU to return Japan. He now works for MMJ and lives in Japan and it is not practical from him to return to Chicago for a second deposition.

8

one or more of MMU's employees for a second deposition, Defendants have refused to strike Mr. Kobayashi from their Witness List.

WHEREFORE, non-parties George H. Kobayashi and Masuda, Funai, Eifert & Mitchell, Ltd. respectfully pray that this Court issue a protective order or other order prohibiting Defendants from seeking to call George H. Kobayashi to testify in this matter.

Dated: June 30, 2008                          Respectfully submitted,

                                              GEORGE H. KOBAYASHI, and

                                              MASUDA, FUNAI, EIFERT & MITCHELL, LTD.


                                              By:     /s/  Nancy E. Sasamoto
                                                    One of Their Attorneys

Nancy E. Sasamoto, Esq.
Steven L. Katz, Esq.
Masuda, Funai, Eifert & Mitchell, ltd.
203 N. LaSalle Street, Suite 2500
Chicago, IL  60601-1262
(312) 245-7500


N:\SYS25\11097\0007\0007003b.doc

# EXHIBIT A

Case 1:08-cv-00526  Document 131  Filed 06/30/2008  Page 10 of 13

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, ) | Magistrate Judge Nolan |
| a/k/a Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a ) | |
| Shigemori Miyano, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

### AMENDED LIST OF WITNESSES TO BE CALLED
### AT HEARING ON PRELIMINARY INJUNCTION MOTION

Defendants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano ("MIYANOS") respectfully identify the following witnesses to be called either by deposition or live at the hearing on Plaintiff Miyano Machinery USA Inc.'s ("MMU" or "Plaintiff") motion for preliminary injunction:

1. a corporate representative of MMU;

2. Thomas Toshiharu Miyano;

3. Steven Shigemori Miyano

4. George Kobayashi;

5. all witnesses identified on Plaintiff's witness list.

DATED: May 30, 2008

Respectfully submitted,

/s/ Geoffrey A. Baker

Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312)214-0900 telephone
(312)214-4230 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312)294-9980 telephone
(312)275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile

gabaker@dowellbaker.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing AMENDED LIST OF WITNESSES TO BE CALLED AT HEARING ON PRELIMINARY INJUNCTION MOTION was served by email on May 30, 2008 to the following:

Edward D. Manzo
COOK, ALEX, MCFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606

Phone: (312) 236-8500
Fax: (312) 236-8176

emanzo@cookalex.com


May 30, 2008                                    /s/Geoffrey A. Baker