UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and Steven ) | |
| Miyano, a/k/a Shigemori Miyano, ) | |
| ) | |
| Defendants ) | **JURY TRIAL DEMANDED** |
| ) | |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and Steven ) | |
| Miyano, a/k/a Shigemori Miyano, ) | |
| ) | |
| Counterclaim-Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery USA Inc. and ) | |
| Counterclaim-Defendants ) | |
| Miyano Machinery Inc., ) | |
| Third-Party Defendants. ) | |
| ) | |

**RESPONSE OF PLAINTIFF TO DEFENDANTS' OBJECTIONS TO
MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

On June 6, 2008, U.S. Magistrate Judge Nan R. Nolan entered a Memorandum Opinion and Order granting the Motion to Quash the Subpoena or for Entry of Protective Order (Doc. 45) filed by attorney George H. Kobayashi and the law firm of Masuda, Funai, Eifert & Mitchell, Ltd. (hereinafter referred to the "June 6, 2008 Order"). The Court denied Defendants' Motion to Compel Production, to Pierce Claimed Attorney-Client and Work Product Privilege and to

Enforce Subpoena for Deposition ("Motion to Compel") (Doc. 84) and granted Plaintiff's Cross-Motion for an Order Compelling the Return of Privileged Documents and a Protective Order (Doc. 92).

Specifically, the Court held that:

1. Based on the Court's *in camera review,* a January 8, 2008 e-mail exchange between attorney George Kobayashi and Gentaro Kakumae, the head of Plaintiff's accounting department, which was attached as Exhibit L to Defendants' Motion to Compel, is protected under both the attorney-client and work-product privileges. *See* June 6, 2008 Order at page 7.

2. Plaintiff Miyano Machinery USA, Inc. ("MMU") did not waive the privilege with respect to Exhibit L. *See* June 6, 2008 Order at page 8.

3. Exhibit L does not assist Defendants in establishing a fraud on the PTO and Defendants have not otherwise shown that they will suffer any prejudice if MMU is allowed to assert the privilege.

4. The purpose of Exhibit L was to determine whether MMU had sufficient information to proceed with filing the motion for preliminary injunction and complaint in this case and as it is dated January 8, 2008, it cannot be construed as a communication made "in furtherance of a crime or fraud" on the Patent and Trademark Office in 2002 or 2007. *See* June 6, 2008 Order at page 12.

5. Defendants failed to establish a basis to pierce the attorney-client privilege under the crime-fraud exception. *See* June 6, 2008 Order at page 12.

Accordingly, the Court ordered Defendants to return to MMU the original CD-ROM containing Exhibit L, to destroy all copies of Exhibit L in its possession, and not to use or disseminate the document in any manner. *See* June 6, 2008 Order at page 13.

On June 16, 2008, Defendants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano, filed objections to the June 6, 2008 Order under Rule 72(a) of the Federal Rules of Civil Procedure. Defendants have asked this Court to sustain Defendants' objections to the June 6, 2008 Order, without stating specific objections. As it is apparent that Defendants object to the Court's finding that Defendants have not demonstrated the crime-fraud exception to the attorney-client privilege, Plaintiff addresses such objection in this Response.

## II.     STANDARD OF REVIEW

On March 26, 2008, this Court referred this case to Magistrate Judge Nan R. Nolan for the purpose of holding proceedings related to discovery supervision (Doc. 59). The Federal Rules of Civil Procedure provide magistrate judges with broad discretion in resolving discovery disputes. *Bobkoski v. Board of Educ. Of Cary Consol. School Dist. 26,* 141 F.R.D. 88, 89 (N.D. Ill. 1992). Orders dealing with discovery disputes are nondispositive. *American Hardware Manuf. Assoc. v. Reed Elsevier, Inc.,* 2007 WL 161045, *1 (N.D. Ill. Feb. 13, 2007). A magistrate judge's ruling on a nondispositive matter may be reversed only on a finding that the order is "clearly erroneous or contrary to law." *Id.;* Fed.R.Civ. 72(a). A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. 141 F.R.D. at 90-91, citing *United States v. United Gypsum*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

The June 6, 2008 Order addressed non-dispositive discovery matters. Defendants sought to take the deposition of one of MMU's attorneys and compel the production of documents, and MMU sought to quash the deposition subpoena and for a protective order requiring, among other things, the return of privileged documents that were inadvertently disclosed during discovery. The June 6, 2008 Order is well reasoned and supported by the record and should be affirmed as it is not clearly erroneous or contrary to law.

### III.    The Court's Finding that Exhibit L is Privileged and that the Crime-Fraud Exception is Inapplicable is Well Founded and Not Clearly Erroneous

Defendants concede that Judge Nolan is correct that "Exhibit L was clearly created in anticipation of litigation and is a communication made in connection with the provision of legal advice." Defendants' Objections at p. 3. Thus, the only question is whether the privilege should be pierced. Defendants assert that Magistrate Judge Nolan misunderstood the significance of Exhibit L, which they contend establishes that attorney Kobayashi lacked the requisite knowledge to sign the subject declarations in 2002 and 2007. Therefore, Defendants object to the Court's refusal to pierce the attorney-client privilege with respect to Exhibit L.

Under the crime-fraud exception to the attorney-client privilege, the "privilege is [ ] forfeited if the attorney is assisting his client to commit a crime or a fraud." *U.S. v. Al-Shahin*, 474 F.3d 941, 946 (7th Cir. 2007). The Seventh Circuit has held that for the crime-fraud exception to drive the privilege away, there must be something to give color to the charge; there must be prima facie evidence that has some foundation in fact. *Id. citing, Clark v. United States,* 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933). *See also, United States v. BDO Seidman, LLP,* 492 F.3d 806, 819 (7th Cir. 2007).

The Court set forth the elements of the crime-fraud exception to the attorney-client privilege, which places communications made in furtherance of a crime or fraud outside the attorney-client privilege. *See* June 6, 2008 Order at page 9. The party asserting the crime-fraud exception must present prima facie evidence that "gives colour to the charge by showing 'some foundation in fact.'" June 6, 2008 Order at page 9, quoting *United States v. Al-Shahin*, 474 F.3d 941, 946 (7th Cir. 2007). Recognizing that a showing of a reasonable belief that the crime-fraud exception applies is needed as a threshold to allowing an *in camera* inspection, the Court reviewed the evidence proffered by Defendants that MMU allegedly perpetrated a fraud on the PTO. June 6, 2008 Order at page 10.

Notwithstanding the Court's determination that Defendants fail to meet their threshold burden, the Court conducted an *in camera* inspection of Exhibit L and held that its actual review of the specific contents of Exhibit L reveals no "factual basis adequate to support a good faith belief by a reasonable person sufficient to pierce the attorney-client privilege." June 6, 2008 Order at page 12. The Court, based on its review of Exhibit L, made the following determination:

> The document consists of questions posed to MMU by its attorney for the purpose of determining whether MMU had sufficient information to proceed with filing the motion for preliminary injunction and complaint in this case. Contrary to Defendants' suggestions, those questions do not themselves constitute "facts" that must be disclosed. Rather, the questions reflect counsel's efforts to conduct due diligence prior to rendering legal advice regarding this lawsuit.

June 6, 2008 Order at page 7.

Defendants misconstrue Exhibit L by taking statements out of context and analyzing them apart from the remainder of the document and the overwhelming evidence of record to argue that Exhibit L "clearly shows that Mr. Kobayashi only discovered the factual

5

underpinnings for his 2002 and 2007 declarations in 2008." Contrary to Defendants' assertions, Magistrate Nolan concluded the following:

> Even assuming Defendants could establish a "factual basis adequate to support good faith belief by a reasonable person" that an *in camera* review of Exhibit L would reveal evidence that the crime-fraud exception applies, **actual review of the specific contents of Exhibit L reveals no such thing**.

June 6, 2008 Order at page 12 (emphasis added). Judge Nolan then went on to note the extensive record regarding MMU's use of the Triangle Winged M, which Defendants ignored both in their Memoranda filed with Judge Nolan, and in their Objections filed with this Court:

> Defendants direct the court to questions 4 and 5, which relate to MMU's use of the Triangle Winged M mark on uniforms and machines. MMU's email response to question 4 reflects that the company has evidence of such use on uniforms. As for use on machines, MMU provides the following as supporting examples: (1) MMU's refurbishment and sale of used machines bearing the Triangle Winged M trademark; (2) use of the Triangle Winged M mark on new machine Standard Warranty Policies and installation Service Reports; (3) use fo the Triangle Winged M mark in connection with the sale of Miyano machine tool replacement parts and part assemblies; (4) use of the Triangle Winged M mark on Miyano Ocean and Mectron machine tools, and warranty and installation documents; and (5) use of the mark on service reports and invoices. (Pl. Resp. ¶38; Pl. Reply ¶14)
>
> Defendants may dispute the accuracy or merit of these examples, but the court is satisfied that they suffice to defeat Defendants' request to pierce the attorney-client and work product privileges. Specifically, MMU has set forth its bases for asserting that the Triangle Winged M mark was in use at the time of the applications. Whether or not this assertion proves correct, it is a satisfactory explanation for Defendants' fraud charges for purposes of the crime-fraud exception.

June 6, 2008 Order at pp. 12-13.

In support of its objections, Defendants cite *Torres v. Cantine Torresella S.r.l.,* 808 F.2d 46 (Fed. Cir. 1986) and *Medinol v. Neuro Vasx Inc.,* 67 U.S.P.2d 1205 (TTAB 2003). Both cases are distinguishable from the facts of this case, at least partly because in these cases, it was undisputed that the registrant or applicant was not using the mark "on" or "in connection with" the goods identified in the relevant application or registration. In the instant case, Plaintiff's

numerous uses of the mark in question, as noted above, are precisely what Defendants continue to ignore in this matter.  Furthermore, Defendants continue their disagreement with the overwhelming evidence of MMU's use of the mark in silence without acknowledging its existence or attempting to refute its significance under the applicable case law.  To the extent Defendants set forth any allegations, such as those on pages 7 and 8 of their brief, they are without any citation to facts of record.  Last and most important, however, neither case cited by Defendants supports a finding that Judge Nolan was clearly erroneous in any aspect of her ruling, including her review of Exhibit L.

Simply put, Exhibit L, which consists of an e-mail exchange in January 2008, "cannot be construed as a communication made "in furtherance of a crime or fraud" on the PTO." June 6, 2008 Order at page 12. The crime-fraud exception is based on a recognition that when the advice sought relates "*not to prior wrongdoing,* but to *future wrongdoing,*' the privilege goes beyond what is necessary to achieve its beneficial purposes. June 6, 2008 Order at page 9, citing *United States v. Zolin*, 491 U.S. 554, 562-563 (1989)(emphasis in original).

Magistrate Judge Nolan stressed that the Court's findings with respect to piercing the attorney-client privilege are separate and distinct from any future determination regarding the validity of Defendants' affirmative defenses and counterclaims charging MMU with fraud. *See* June 6, 2008 Order at page 13.  The Court expressly stated that, for this reason, it was not addressing MMU's arguments as to whether the declarations contain material misrepresentations or omissions constituting fraud on the PTO or Defendants' arguments as to whether MMU demonstrated sufficient market penetration to establish trademark rights. *See* June 6, 2008 Order at page 13, footnote 3.

A review of the June 6, 2008 Order, supporting facts, and case law can only produce a firm conviction that the Court's order is well founded in fact and law.  Defendants have wholly failed to establish that any part of the Order is clearly erroneous.

WHEREFORE, Plaintiff Miyano Machinery USA, Inc. prays that this Court affirm the order entered by U.S. Magistrate Judge Nan Nolan on June 6, 2008, in its entirety.

Dated: June 30, 2008                    Respectfully submitted,

                                        MIYANO MACHINERY USA, INC.

                                        By:    */s/ Louis J. Alex*
                                               One of Their Attorneys

Edward D. Manzo   I.D. # 03124728
Joel Bock         I.D. # 00239984
Louis J. Alex     I.D. # 06274458
Jason R. Smalley  I.D. # 06287426
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone: (312) 236-8500
Fax: (312) 236-8176
lalex@cookalex.com