UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, | ) | Magistrate Judge Nolan |
| a/k/a Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS' OBJECTIONS TO MEMORANDUM
OPINION AND ORDER**

Defendants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano ("MIYANOS") respectfully submit this reply brief in support of their objection to the Memorandum Opinion and Order signed and entered by Magistrate Judge Nolan on June 6, 2008.

**I.    INTRODUCTION**

The MIYANOS respectfully submit that Magistrate Judge Nolan erroneously considered plaintiff MMU's *post hoc* attempt to support the declarations filed by Mr. Kobayashi in 2002 and 2007. The critical inquiry is whether Mr. Kobayashi had the necessary facts and information to support his declarations at the time the declarations were executed. Magistrate Judge Nolan's consideration of the flurry of *post hoc* evidence submitted by MMU in its attempt to justify the filing of the declarations demonstrates that she missed this critical inquiry. Clearly, MMU intended to obfuscate this point.

After all, they have not shown that Mr. Kobayashi could have possessed the necessary factually information to allow him to sign the 2002 and 2007 declarations.

Magistrate Judge Nolan, thus, further erred in granting the motion to quash Mr. Kobayashi's deposition. While Magistrate Judge Nolan rightly recognized that the facts relied upon by Mr. Kobayashi in making declarations to the Trademark Office are not privileged, she then erroneously prevented the MIYANOS from discovering those facts from Mr. Kobayashi. The federal rules and relevant case law do not support shielding MMU's lawyer from deposition to discover these unprivileged facts. MMU has not produced this key information in any other form. However, the MIYANOS have sought (and continue to seek) this information through other discovery means.

**II.    THE KOBAYASHI EMAIL SHOWS THAT MR. KOBAYASHI LACKED A FACTUAL BASIS FOR HIS DECLARATIONS**

Magistrate Judge Nolan erroneously concluded, and MMU also contends, that the questions contained within Mr. Kobayashi's email communication to Mr. Kakumae are not themselves facts that must be disclosed. (Memorandum Opinon at p. 7.) This is erroneous. The fact that Mr. Kobayashi was asking for information to support the actual use of the marks in commerce long after he had submitted the signed declarations alleging actual use of the marks is *prima facie* evidence showing that Mr. Kobayashi did not have the necessary facts to support the declarations. Mr. Kobayashi, therefore, lacked the facts needed to make the allegation of use of each of the marks in commerce when he signed the declarations. This constitutes fraud on the Trademark Office. The fact that

MMU is now asserting these fraudulently obtained rights against the MIYANOS in this lawsuit represents on-going fraud.

MMU's contention that there is no *prima facie* basis for *in camera* review of the Kobayashi email is also unsupported by the evidentiary record. With regard to the 2002 declaration and specimen of use, the evidence shows that MMJ and MMU decided in 1997 to discontinue use of the Triangle M mark on machines, which is supported by the #080 corporate minutes (MMU Bates No. 9392, see Exhibit B to Defendants' Memorandum in Response to Plaintiff's Motion for Preliminary Injunction) and the declaration of Tom Miyano who ran MMJ and MMU in 2002 (Decl. of Tom Miyano at ¶¶13-15 submitted with Defendants' Memorandum in Response to Plaintiff's Motion for Preliminary Injunction)[1]. Despite the MIYANOS' attempts to discover the facts underlying Kobayashi's 2002 declaration, MMU has failed to identify any machine on which the specimen of use submitted in 2002 actually appeared or the identity of any person who instructed Kobayashi to file the statement of continued use. With respect to service mark application no. 77/176,918 for the Triangle Winged M, the fraud appears on the face of the application because the mark sought to be registered is not the same as the mark shown in the specimen of use, for which MMU has failed to provide any explanation. *See Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46 (Fed. Cir. 1986).

Magistrate Judge Nolan also appears to have erred with regard to the MIYANO word mark in believing that a statement of continued use was filed for it: ("Mr. Kobayashi's November 5, 2002 declaration was made in connection with MMU's application for renewal of the Triangle Winged M and MIYANO marks for use on

---

[1] Mr. Tom Miyano is one of the individuals that MMU listed in its response to interrogatories as having knowledge of the factual bases for Mr. Kobayashi's declarations.

machines." Memorandum Opinion at p. 2). This is incorrect. MMU's first registration for the MIYANO word mark, Reg. No. 1,529,343, was abandoned and cancelled for non-use. It was only after MMU learned that Tom and Steven Miyano were using their own names in the machine tool industry that MMU filed a new application in 2007 that resulted in Reg. No. 3,328,718[2]. Kobayashi alleged in the declaration filed with the application for the MIYANO mark that no other person had a right to use the mark with respect to the goods identified in the application. However, the evidentiary record is clear at this point that MMU was well aware that Tom and Steven Miyano had re-entered the machine tool industry (see pages 35-6 of Defendants' Memorandum in Response to Plaintiff's Motion for Preliminary Injunction) and that the word Miyano is a Japanese surname. MMU has thus far prevented the MIYANOS from obtaining discovery from Mr. Kobayashi as to his information and belief on these issues, as well. This is unsurprising as Mr. Kobayashi, as counsel for MMU and MMU, can hardly deny that he and/or MMU knew about Tom and Steven Miyano and the Miyano surname when the declaration was filed in 2007. Consequently, fraud was committed on the Trademark Office and continues with the assertion of the MIYANO word mark registration against the MIYANOS in this lawsuit.

The fact that Mr. Kobayashi was asking questions regarding actual use of the marks in his 2007 email communication to Mr. Kakumae is *prima facie* evidence showing that Mr. Kobayashi did not have the necessary facts to support his allegations of actual use of the marks in commerce when he signed the declarations under penalty of

---

[2] It is further noted that MMU failed, in that application, to inform the Trademark Office of Tom and Steven Miyano's use of their family name in the machine tool industry.

perjury.  In filing this lawsuit, MMU is asserting the fraudulently obtained rights, which itself represents an independent and on-going fraud.

## III.    THE KOBAYASHI SUBPEONA WAS, AND REMAINS, NECESSARY TO OBTAIN DISCOVERY RELATED TO MMU'S FRAUD

Magistrate Judge Nolan recognized that the facts relating to Mr. Kobayashi's information and belief in filing the declarations are not privileged.  She also acknowledged that the federal rules do not exempt an attorney from being deposed even if that attorney represents a party to the litigation. (Memorandum Opionion at page 13 of opinion.)  Unfortunately, she then erred by quashing the subpoena seeking to depose Mr. Kobayashi to obtain these unprivileged facts.

Federal Rule 30(a)(1) does not exempt attorneys from being deposed, "even if he or she represents a party to the litigation in issue."  In an almost identical factual situation involving a motion to quash the deposition of a party's current litigation counsel, the court ruled that a "party may not frustrate discovery by its choice of counsel in a particular case." *Ball Corp. v. Xidex Corp.*, 705 F.Supp. 1470, 1473-4 (D.Colo. 1988).  In *Ball Corp.*, defendants' counsel had previously presented information to the Patent Office that was later alleged by plaintiffs to be false.  The court ruled that the public statements of counsel are not privileged and, therefore, the attorney's deposition is not precluded and, further, that any assertion of privilege must be made at the appropriate time in the deposition.  The MIYANOS seek the same type of discovery in this case regarding the public statements by Mr. Kobayashi to the Trademark Office to secure the rights now being asserted against them by MMU.

Further, Magistrate Judge Nolan erred in concluding that the MIYANOS are able to obtain the facts surrounding the declarations through other discovery means. Despite the MIYANOS' good faith efforts to obtain the facts surrounding Mr. Kobayashi's information and belief in filing the declarations, MMU continues to obfuscate the relevant facts. At this point, the MIYANOS do not know, for example, who told Kobayashi to file the declarations, what machines the specimen of use filed in 2002 were used on, or why the specimen of use submitted with the application for the service mark differs from the mark sought to be registered. The flurry of *post hoc* evidence produced by MMU so far does not prove that the specimen of use as filed in 2002 was in actual use on any machine nor explain why MMU sought to register a service mark that differed from the mark shown in the specimen of use. The *post hoc* evidence shows a substantially different mark being used on the goods identified in the trademark registration, e.g. machines – not envelopes or warranty policies, and, in the case of the service mark application, use of substantially different mark from the mark sought to be registered.

Efforts to obtain this information through interrogatories have, to date, been met by a mere recitation of the publicly known facts from the files of the Trademark Office. (Memorandum Opinion at page 15). Questions directed towards MMU's deponents have been met with inappropriate assertions of privilege. *Id*. Contrary to MMU's contentions, full and complete answers, or the lack thereof, to these questions will clearly and unambiguously establish that the trademark rights currently asserted by MMU against the MIYANOS were obtained through fraud on the Trademark Office. Under the federal rules and relevant caselaw, the MIYANOS are entitled to depose Mr. Kobayashi to obtain

these facts.  Magistrate Judge Nolan order quashing this deposition is unsupported by law.

IV.    CONCLUSION

For the foregoing reasons, the Court is respectfully requested to sustain the MIYANOS' objections and order the immediate deposition of Mr. Kobayashi.

DATED:  July 7, 2008

Respectfully submitted,

/s/ Vernon W. Francissen
Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312)214-0900 telephone
(312)214-4230 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312)294-9980 telephone
(312)275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile

gabaker@dowellbaker.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing REPLY IN SUPPORT OF DEFENDANTS'

OBJECTIONS TO MEMORANDUM OPINION AND ORDER was filed via the Court's

ECF system and thus also sent by email on July 7, 2008 to the following:


Edward D. Manzo
COOK, ALEX, MCFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606

Phone:  (312) 236-8500
Fax:  (312) 236-8176

emanzo@cookalex.com


_____                                    /s/Vernon W. Francissen