UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a ) | |
| Shigemori Miyano, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a ) | |
| Shigemori Miyano, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery, Inc. and ) | |
| Miyano Machinery USA Inc., ) | |
| ) | |
| Counterdefendants. ) | |

## THE MIYANOS' MOTION TO COMPEL RESPONSES TO DISCOVERY

Defendants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano (collectively, the "Miyanos") hereby move the Court for an order compelling interrogatory responses from Plaintiff, Miyano Machinery, Inc. ("MMU").

### I.    CERTIFICATION PURSUANT TO LOCAL RULE 37.2

Counsel for the Miyanos (Geoff Baker) contacted counsel for MMU, Edward Manzo, via email on August 3, 2008 asking whether MMU intended to stand on its objections and refusal to

answer interrogatories 16 and greater. Counsel for the Miyanos received no response from MMU's counsel.

## II.   THE MIYANOS' SECOND SET OF INTERROGATORIES REQUESTS

### A.   MMU Refuses to Answer the Miyanos' Second Set of Interrogatories

Plaintiff, MMU brought this trademark suit against the Miyanos and is now refusing to provide the information necessary for the Miyanos to defend itself against MMU's claims. MMU refuses to answer the Miyanos' Second Set of Interrogatories (Nos. 15-25) on the basis that the Miyanos' First Set of Interrogatories (Nos. 1-14) were "in excess of the 25 interrogatory limit specified in Rule 33(a)(1)." (Exh. 1). However, on May 12, 2008, MMU answered all of the Miyanos' First Set of Interrogatories (Nos. 1-14). MMU's Exh. 46 (doc. 128-6). MMU did not refuse to answer any of these requests. Now, after the Miyanos submitted a Second Set of Interrogatories (Nos. 15-25) MMU refuses to answer any of the Second Set of interrogatories (15-25). (Exh. 1). MMU is using a hyper-technical parsing of the Miyanos' interrogatories in a bad faith and transparent attempt to obtain an interrogatory count in excess of 25. Accordingly, this Court should enter an order compelling MMU to respond to Interrogatories Nos. 15-25.

### B.   A District Court Has Broad Discretion To Compel Interrogatory Responses

A district court has broad discretion in deciding whether to compel discovery. Kodish v. Oakbrook Terrace Fire Protection District, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). "A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request or where the party's response is evasive or incomplete." Id. citing Fed.R.Civ.P. 37(a)(2)-(3). "Thus, the scope of discovery should be broad in order to aid in the search for truth. Courts commonly look

2

unfavorably upon significant restrictions placed upon the discovery process. The burden rests upon the objecting party to show why a particular discovery request is improper." Id.

### C. Subparts Directed at a "Common Theme" are a Single Interrogatory

Fed. R. Civ. P. 33(a)(1) states, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Rule 33 does not define "discrete subparts" so the courts have determined what constitutes a subpart under the rules. Bell v. Woodward Governor Co., 2005 WL 3829134, 1 (N.D. Ill. 2005)(Exh. 2).

The generally accepted rule is that "interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." Id., quoting Kendall v. GES Exposition Servs, Inc., 174 F.R.D. 684, 685 (D. Nev. 1997); 7 Moore's Federal Practice, § 33.30[2] (Matthew Bender 3d ed.).

> Although there is no bright-line test as to whether a subpart should be counted as an interrogatory, the weight of authority interpreting Rule 33(a) requires examining whether the subparts are logically or factually subsumed within and necessarily related to the primary question. Stated differently, the question is whether there is a direct relationship between the various bits of information called for by the subparts or if the subparts are a logical extension of the basic interrogatory.

Chapman v. California Dept. of Educ., 2002 WL 32854376, *1 (N.D. Cal. 2002)(Exh. 3) (citations omitted). "An interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question." Border Collie Rescue, Inc. v. Ryan, 2005 WL 662724, *1 (M.D. Fla. 2005)(Exh. 4); see also, Portis v. City of Chicago, 2005 WL 991995, 9 (N.D. Ill. 2005)(Nolan)(Exh. 5).[1] This conforms to the Advisory Committee

---

[1] "An interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question. On the other hand, an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory. [citation omitted]. According to

Notes which state that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the times, place, persons present, and contents be stated separately for each such communication." Advisory Committee Notes, 146 F.R.D. 401, 675-676 (1993).

        D.        **MMU's Refusal To Answer Interrogatories Nos. 15-25 Is Baseless**

It is MMU's burden "to show why a particular discovery request is improper." See, Kodish v. Oakbrook Terrace Fire Protection District, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). Therefore, MMU must show that specific interrogatory requests include discrete subparts that are not related to a "common theme" and must be counted as separate interrogatories. MMU did not file a protective order and cannot meet its burden because Miyanos' interrogatories comply with the Federal Rules.

The fact that the Miyanos' Requests include subparts does not mean that the subparts count against the limit of 25. Since the subparts of each question are necessarily related to the primary question, the subparts have a "common theme" that is considered one interrogatory. See, Portis v. City of Chicago, 2005 WL 991995, 9 (N.D. Ill. 2005)(Nolan). Accordingly, MMU has only responded to the 14 original requests and the Miyanos are entitled to answers to the remaining 11 requests. Even if the court found that some of the interrogatories included discrete subparts that are outside of a "common theme," the court may *sue sponte* grant additional interrogatories where the numerical limit has been exceeded. See, Chapman v. California Dept. of Educ., 2002 WL 32854376, *2 (N.D. Cal. 2002) ("To limit discovery which is clearly relevant under these circumstances would exalt form over substance.").

---

defendants' count, the twelfth set of interrogatories alone totals 49 interrogatories counting subparts, yet by the court's count, the total is more like 12. Defendants likely counted every subpart as a separate interrogatory, but in the court's view, most of the subparts for each of the 11 interrogatories were directed at the common theme of the particular interrogatory." Portis v. City of Chicago, 2005 WL 991995, 9 (N.D. Ill. 2005)(Nolan).

Finally, regardless of the number of alleged discrete subparts in the Miyanos' Requests, MMU has waived any objection it may have to the number of requests. A party waives the numerical limitation objection if it selectively answers some of the interrogatories and objects to the rest.

> When a party believes that another party has asked too many interrogatories, the party to which the discovery has been propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection.

Allahverdi v. Regents of University of New Mexico, 228 F.R.D. 696, 698 (D.N.M. 2005).

Here, MMU did not object to all interrogatories or file for a protective order. Instead, MMU answered all of the first set of interrogatories (which it now, for the first time, argues exceeds the limit of 25) and has selectively avoided answering the remainder (Nos. 15-25). MMU's tactic is not permitted, and waives any numerical limitation objection that MMU may have had to answering the remaining interrogatories.

## III.  CONCLUSION

For the foregoing reasons, this Court should enter an order compelling MMU to answer the Miyanos' Second Set of Interrogatory Requests (Nos. 15-25).

DATED:  August 4, 2008

        Respectfully submitted,

        /s/ Geoffrey A. Baker
        Robert M. Karton
        ROBERT M. KARTON, LTD.
        77 W. Washington St., Suite 900
        Chicago, Illinois 60602-2804
        (312)214-0900 telephone
        (312)214-4230 facsimile
        robert@karton.us

        Vernon W. Francissen
        FRANCISSEN PATENT LAW, P.C.
        FRANCISSEN PATENT LAW, P.C.
        53 W. Jackson Blvd., Suite 1320
        Chicago, Illinois 60604
        (312)294-9980 telephone
        (312)275-8772 facsimile
        vern@francissenpatentlaw.com

        Geoffrey A. Baker
        Anthony E. Dowell
        Geoffrey D. Smith
        Dowell Baker, P.C.
        201 Main Street, Suite 710
        Lafayette, Indiana 47901
        (765) 429-4004 telephone
        (765) 429-4114 facsimile
        gabaker@dowellbaker.com
        gsmith@dowellbaker.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing THE MIYANOS' MOTION TO COMPEL RESPONSES TO DISCOVERY was filed via the Court's ECF system and thus also sent by email on August 4, 2008 to the following:

Edward D. Manzo
COOK, ALEX, MCFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606

Phone: (312) 236-8500
Fax: (312) 236-8176

emanzo@cookalex.com

August 4, 2008                                                           /s/Geoffrey D. Smith