UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and Steven Miyano, ) | |
| a/k/a Shigemori Miyano, ) | |
| ) | |
| Defendants ) | **JURY TRIAL DEMANDED** |
| ) | |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | |
| Toshiharu Miyano and Steven Miyano, ) | |
| a/k/a Shigemori Miyano, ) | |
| ) | |
| Counterclaim-Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| Miyano Machinery USA Inc. and ) | |
| ) | |
| Counterclaim-Defendants ) | |
| ) | |
| Miyano Machinery Inc., ) | |
| ) | |
| Third-Party Defendants ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS'
### MOTION TO COMPEL RESPONSES TO DISCOVERY

Plaintiff objects to Defendants' Second Set of Interrogatories (Nos. 15-25) as the number of interrogatories already served by Defendants exceed the limit specified under Rule 33(a). Plaintiff has provided Defendants with ample

discovery in this case, including well more than the 10 depositions, more than 22,000 pages of documents organized by request number, and a 174 page response (including exhibits) to Defendants' First Set of Interrogatories (Nos. 1-14). Defendants decline to offer any explanation or reason why this protracted discovery is necessary or is otherwise justified. For the reasons set forth herein, Plaintiff requests that this Court deny Defendants' Motion to Compel.

**I. Background**

Plaintiff brought this action alleging infringement of its registered and common law trademarks and service marks. On March 19, 2008, Defendants subpoenaed George Kobayashi, an attorney of record in this action, seeking his deposition and documents his possession. On March 25, 2008, the law firm of Masuda Funai Eifert & Mitchell, Ltd. ("MFEM") filed on behalf of George Kobayashi a Motion to Quash the Subpoena (or for Entry of a Protective Order). At the motion presentment hearing, this Court suggested that the parties explore alternative means of obtaining the requested, non-privileged information other than through the deposition of Mr. Kobayashi.

Accordingly, on April 10, 2008, the Defendants served their First Set of Interrogatories (Nos. 1-14) on Plaintiff, which it timely responded to on May 12, 2008 with answers and objections, including a general objection directed to the number of interrogatories, to the extent they exceeded 25 in violation of Rule 33(a). (see Doc. 134, Ex. 46a, pg. 3, lines 13-16). Plaintiff's answers and objections totaled 174 pages with exhibits. (*See* Doc. 134, Ex. 46a-b).

Almost immediately thereafter, on May 12, 2008, Defendants filed a Motion to Compel Production, Pierce Claimed Attorney-Client and Work Product Privilege and to Enforce the Subpoena for Deposition of Mr. Kobayashi (Doc. 84). After extensive briefing on the issues, this Court denied Defendants' Motion to Compel and granted a Protective Order, barring the deposition of attorney George Kobayashi. (Order and Opinion, June 6, 2008; Doc. 111). At the conclusion of the section of the Opinion dedicated to the issue of Mr. Kobayashi's deposition, as an alternative to deposing Mr. Kobayashi, the Court suggested, "[t]o the extent Defendants seek more detailed information; they should propound additional interrogatories or other written discovery requests." (see Doc. 111, pp. 13-16).

On June 20, 2008, without seeking leave of court, Defendants served their Second Set of Interrogatories (Nos. 15-25) and noticed the second depositions of each of the following witnesses, all of whom had been previously deposed: Hank Marchionne, Derek Olczak, Gentaro Kakumae and Plaintiff's Rule 30(b)(6) designee.[1] Plaintiff agreed to allow Mr. Marchionne, Mr. Olczak and a 30(b)(6) witness to be deposed a second time, all of which occurred on July 9, 2008.

On July 17, 2008, Defendants deposed attorney George Kobayashi pursuant to Judge Kendall's minute entry of July 15, 2008 (Doc. 138).

---

[1] As of June 20, 2008, Defendants had already taken 8 depositions, including a Rule 30(b)(6) deposition of Plaintiff MMU. With the additional

Plaintiff's Response to  Page 3
Defendants' Motion to Compel Discovery

A preliminary injunction hearing was held before Judge Kendall on July 18, which concluded with closing arguments on July 23. The parties are currently awaiting a decision on the pending motion for a preliminary injunction.

## II. Local Rule 37.2 Conference

Defendants did not comply local Rule 37.2. In the relevant correspondence[2] and in the conference room outside this Court on Thursday, August 7, 2008, counsel for Defendants demanded to know whether Plaintiff would respond to the Second Set of Interrogatories or stand on its objections. Defendants did not seek to "meet and confer" and would not permit any discussion on the merits of the parties' respective positions.

Local Rule 37.2 requires that the movant supply a statement indicating that: 1) "after consultation in person or by telephone and good faith attempts to resolve differences [the parties] are unable to reach an accord," or 2) the movant's counsel unsuccessfully attempted to meet with, or contact by phone, counsel for the non-movant.

Defendants' Rule 37.2 statement identifies only one written communication regarding the Interrogatories at issue – an email sent Sunday, August 3, 2008, one day prior to Defendants' filing of the present motion. (Exhibit C hereto). "Local Rule 37.2 requires personal consultation. An exchange of letters does not constitute compliance." *Ridge Chrysler Jeep, L.L.C*

---

[2] See Exhibit C.

*v. Daimler Chrysler Servs. N. Am., L.L.C.*, 2004 U.S. Dist. LEXIS 26861, *14-15 (N.D. Ill. Dec. 29, 2004) *citing Tax Track Sys. v. New Investor World, Inc.*, 2002 U.S. Dist. LEXIS 21320, at *7, n. 6 (N.D. Ill. Nov. 4, 2002).

Courts in this district have denied motions which failed to satisfy Rule 37.2. *Sondker v. Philips Elecs. N.*, 2004 U.S. Dist. LEXIS 14477, *6-7 (N.D. Ill. July 26, 2004) ("However, this letter does not satisfy the requirements of Local Rule 37.2. Since Philips has not provided the court with the statement required pursuant to Local Rule 37.2, we deny the motion to strike.").

**III. Interrogatories 1-14 Exceed 25 in Number Including Subparts**

Federal Rule of Civil Procedure 33(a) provides that, without leave of court or written stipulation, "a party may not serve more than twenty-five written interrogatories including discrete subparts." Fed.R.Civ.Pro. 33(a).

The determination of what constitutes a single interrogatory is a decision for the court to make based on the facts and circumstances before it, and the equities involved in the case. 7 Moore's Federal Practice §33.30[2]. "Interrogatories which contain subparts that inquiry into discrete areas should in most cases be counted as more than one interrogatory." *Portis v. City of Chicago*, 1997 U.S. Dist. LEXIS 15827, 2005 WL 991995, *15, n. 12 (N.D. Ill. April 15, 2005)(J. Nolan).

> "Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question?

> Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related."

*Safeco Ins. Co. of Am. v. Rawstron,* 181 F.R.D. 441, 445 (C.D. Cal. 1998) *quoting Kendall v. GES Exposition Servs., Inc.,* 174 F.R.D. 684, 685 (D. Nev. 1997)[3].

However, even under this standard, interrogatories which seek (1) substantive information, (2) a separate identification of witnesses, and (3) a separate identification of documents, are compound and are generally held to have three discrete subparts. *See Mitchell Co.* 2008 U.S. Dist. LEXIS 47505 at *15 (S.D. Ala. June 16, 2008); *IOSTAR Corp. v. Stuart,* 2007 U.S. Dist. 96862, *1 (D. Utah 2008); *Banks v. Office of the Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D. D.C. 2004); *In re Ullico Inc. Litigation,* 2006 U.S. Dist. LEXIS 97578, *12-15 (D.C.C. July 18, 2006)(requests for identification of documents counted as separate interrogatories); *Larson v. Correct Craft, Inc.,* 2006 U.S. Dist. LEXIS 78028, at *12-13 (M.D. FL Oct. 25, 2006)(questions relating to the identification of facts and documents counted as separate interrogatories); *Kendall,* 174 F.R.D. at 686 (Aug. 8, 1997)(request for information is separate from request for identification of documents).

Defendants' First Set of Interrogatories (Nos. 1-14) (Exhibit A) were originally served on April 10, 2008. Defendants' First Set of Interrogatories

---

[3] *But see Dimitrijevic v. TV&C GP Holding Inc.,* 2005 U.S. Dist. LEXIS 41399 (S.D. Tex. Aug. 24, 2005)

(Nos. 1-14) contains interrogatories with multiple discrete subparts, as described below.

Defendants' **Interrogatory No. 1** has at least two discrete subparts. Interrogatory No. 1 asks for (1) the "circumstances surrounding any declaration," filed on behalf of MMU in connection with any application for any trademark in suit, including the specific information and beliefs, and the persons and/or documents that are the source of each such information or belief, and (2) a separate identification of the persons "most knowledgeable about same."[4]

**Interrogatory No. 2** has seven explicitly enumerated questions which qualify as at least five discrete subparts. Questions numbered one and two are logically directed to one common area or theme, *i.e.* the first use of each of Plaintiff's trademarks, and therefore together constitute one discrete subpart. Questions numbered three and four are directed to a separate topic, *i.e.* Plaintiff's current use of the trademarks, which constitutes a second discrete subpart. Question numbered five requests a separate identification of persons "most knowledgeable" about the use of each of the trademarks in suit, which constitutes a third discrete subpart. Last, question numbered six seeks a separate identification of all documents related to the first use of each trademark in suit, which is a fourth discrete subpart. Question numbered

---

[4] *See supra, Mitchell Co.* 2008 U.S. Dist. LEXIS 47505, at *15 (determining that subparts asking for information, documents and individuals should be treated as three discrete subparts), *Kendall,* 174 F.R.D. at 686 (determining that a subpart asking for documents in addition to facts should be treated as two discrete subparts).

seven seeks a separate identification of all documents related to the current use of each of the trademarks in suit, which is a fifth discrete subpart.

**Interrogatory No. 3** has three discrete subparts. It asks for substantive information regarding discontinuance of each of the trademarks-in-suit, a separate identification of documents and a separate identification of the persons that are most knowledgeable.

**Interrogatory No. 4** has at least two discrete subparts. It asks for all bases for the allegations made in a letter from Plaintiff to Defendants' company and a separate identification of the three persons that are most knowledgeable about the bases of these allegations.

**Interrogatory No. 5** has at least three discrete subparts. While one might reasonably argue that additional discrete subparts exists, at a minimum, it requests the "circumstances surrounding" the "selection, adoption," and "development" of each of the trademarks in suit, which is clearly a discrete and separable inquiry from (2) their "continued use or resumption of use." This Interrogatory also requests (3) a separate identification of the three persons that are most knowledgeable of the foregoing matters.

**Interrogatory No. 6** is compound and has at least three discrete subparts. With respect to each of the trademarks in suit, it seeks information regarding (1) Plaintiff's alleged "right to adopt, use and/or register" these trademarks, separate and apart from (2) Plaintiff's alleged right to "prevent others from adopting, using and/or registering" them. Alternatively, multiple discrete subparts can be found based on the distinction which Defendants'

emphasize between the right to register and the right to use a given trademark. (*See* Defendants' Response to Plaintiffs' Motion for a Preliminary Injunction, Doc 117, pg. 12). Interrogatory No. 6 also asks for (3) a separate identification of the persons that are most knowledgeable about the foregoing matters. In total, Interrogatory No. 6 has at least three discrete subparts.

**Interrogatory No. 7** has at least two discrete subparts. It seeks information regarding (1) any allegation by Plaintiff that Defendants do not have the right to use their "business name, family name or marks[5]" in addition to (2) a separate identification of persons that are most knowledgeable about same.

**Interrogatory No. 8** has at least four discrete subparts. It seeks a recitation of the circumstances surrounding any decision (1) "to use" or "continue to use," (2) to "abandon use," or (3) to "resume use" (presumably after any abandonment, interruption, or cessation of use) of each trademark in suit. In addition, it requests a separate identification of the persons most knowledgeable of these matters.

**Interrogatories Nos. 9-12** each have at least two discrete subparts. Each of these interrogatories includes a first request for information on a certain topic and a second, separate request for an identification of the three persons most knowledgeable of that topic.

---

[5] Defendants have used three separate 'business names' over the course of time: Hitec Machinery International, Inc., MiyanoHitec Machinery, Inc., and Tom and Steven Miyano Machinery. Defendants' "family name" is "Miyano." In addition to the foregoing business names, and family name, Defendants' "marks" include the Winged M design. This first part of Interrogatory No. 7 likely constitutes more than one discrete subpart.

**Interrogatory No. 13** has three discrete subparts.  It seeks a recitation of the circumstances surrounding any allegation by Plaintiff that (1) "the name 'Miyano' is not primarily," or that (2) "Tom and Steve Miyano will not be harmed by MMU's maintenance of a registration…"  This Interrogatory also asks for a separate identification of the persons that are most knowledgeable about each of the separate allegations for a total of three discrete subparts.

**Interrogatory No. 14** has at least two discrete subparts.  It seeks a recitation of the circumstances surrounding a topic and then requests a separate identification of the persons most knowledgeable of this matter.

In total, Defendants' First Set of Interrogatories includes at least <u>37</u> separate or discrete subparts.

## IV. Defendants' Second Set of Interrogatories 15-25 Are a Further Violation of the Numerical Limits of Rule 33(a)

Defendants served their Second Set of Interrogatories on June 20, 2008. Defendants' Second Set of Interrogatories has at least 16 interrogatories, including discrete subparts.  Each interrogatory includes a request for certain information.  However, Interrogatory Nos. 15, 18, 19, 22, 23, and 25 include a separate additional request for an identification of documents or persons most knowledgeable.

## V. Plaintiff Has Not Waived its Objection Defendants' Interrogatories Based on their Number

Defendants argue that Plaintiff has waived the right to the numerical limitation by selectively avoiding answering their Second Set of Interrogatories. (Def. Motion to Compel, Document No. 143, page 5). Defendants cite *Allahverdi v. Regents of University of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005), which is easily distinguished from the facts of this case and has been strongly criticized in the Seventh Circuit.

In *Allahverdi*, the party served with the interrogatories at issue failed to timely respond and did not obtain an extension from the propounding party. *Allahverdi,* 228 F.R.D. at 697. Here, Defendants served their Second Set of Interrogatories on June 20, 2006. Plaintiff timely responded with objections on July 21, 2008. Second, to the extent *Allahverdi* admonishes the act of selectively answering interrogatories, such is directed to a responding party choosing to answer some interrogatories and not others within the same set. In this case, Plaintiff uniformly objected to all interrogatories in Defendants' Second Set of Interrogatories.[6] Third, the *Allahverdi* case and any attempt to apply its holding in the manner suggested by Defendants in this case has been strongly criticized in the Seventh Circuit. *See Talevski v. Carter,* 2007 U.S. Dist. LEXIS 44794, at *12-13 (N.D. IN. June 18, 2007)(argument that by

---

[6] Plaintiff also objected to Defendants' First Set of Interrogatories on numerous grounds, including the extent to which they exceeded 25 in number, including discrete subparts. See Doc. 134, Ex. 46a, pg. 3, lines 13-16.

answering some interrogatories and refusing others a party waives any objection to the number of interrogatories "is without support in this circuit").

Plaintiff has properly objected to Defendants' First and Second Set of Interrogatories. The fact that Plaintiff also answered the First Set of Interrogatories does not waive any objection with respect to any subsequently served interrogatories.

## VI. Conclusion

In total, Defendants' Second Set of Interrogatories constitutes more than 25 interrogatories as allowed by Rule 33. Defendants did not seek leave to serve the additional interrogatories. For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Compel.

Dated: August 21, 2008              Respectfully submitted,

              _s/ Louis J. Alex_
              Edward D. Manzo   I.D. # 03124728
              Joel Bock         I.D. # 00239984
              Louis J. Alex     I.D. # 06274458
              Jason R. Smalley  I.D. # 06287426
              Attorneys for Plaintiff

COOK ALEX, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone:  (312) 236-8500
Fax:  (312) 236-8176
lalex@cookalex.com

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Reply (Amended) to Defendants' Response to Plaintiff's Motion for Preliminary Injunction** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | | |
|---|---|---|
| Geoffrey A. Baker<br>Geoffrey D. Smith<br>DOWELL BAKER, P.C.<br>201 Main Street, Suite 710<br>Lafayette, Indiana 47901<br>(765) 429-4004 telephone<br>(765) 429-4114 facsimile<br>gabaker@dowellbaker.com | Robert M. Karton<br>ROBERT M. KARTON, LTD.<br>77 W. Washington St., Suite 900<br>Chicago, Illinois 60602-2804<br>(312)214-0900 telephone<br>(312)214-4230 facsimile<br>robert@karton.us | Vernon W. Francissen<br>FRANCISSEN PATENT LAW, P.C.<br>53 W. Jackson Blvd.,<br>Suite 1320<br>Chicago, Illinois 60604<br>(312)294-9980 telephone<br>(312)275-8772 facsimile<br>vern@francissenpatentlaw.com |

Nancy E. Sasamoto
Steven L. Katz
George H Kobayashi
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 N. LaSalle St.
Suite 2500
Chicago, IL 60601
312-245-7500 telephone
nsasamoto@masudafunai.com
skatz@masudafunai.com
gkobayashi@masudafunai.com

\_\_\_\_  (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to the addressee(s) shown above.

_X_  (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to the addressee(s) shown above, pursuant to LR 5.9.

Executed on August 21, 2008 at Chicago, Illinois.

Signed:  *s/ Louis J. Alex*