# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | Magistrate Judge Nolan |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Miyano Machinery, Inc. and | ) | |
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Counterdefendants. | ) | |
| | ) | |

**COUNTERCLAIMANTS' FIRST SET OF
INTERROGATORIES TO MIYANO MACHINERY USA, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants /

Counterclaimants, MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano

("MIYANOS") (collectively, "Defendants") direct the following interrogatories to Plaintiff /

Counterdefendant Miyano Machinery USA, Inc.'s ("MMU" or "Plaintiff"), and requests that

they be answered in accordance with the Federal Rules of Civil Procedure and the definitions and instructions set forth herein.

To the extent MMU's answers to any of these interrogatories may at any time be changed by information acquired by MMU after filing its answer, Defendants request that MMU promptly thereafter serve supplemental answers reflecting such changes.

## DEFINITIONS AND INSTRUCTIONS

a.     "MMU" or "Plaintiff" or "Counterdefendant(s)" means the named Plaintiff Miyano Machinery USA Inc. and any affiliated business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of, Miyano Machinery USA Inc.

b.     "MMJ" or "Counterdefendant(s)" means Miyano Machinery, Inc. and any affiliated business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of, Miyano Machinery, Inc.

c.     "Document" is used in the broadest sense consistent with the definition set forth in the Fed. R. Civ. P. 34(a). The term "document" includes, without limitation, physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies of computer software, computer files and electronic mail (email). A draft, translation or non-identical copy is a separate document within the meaning of this term.

d.     The term "communication" means any exchange or transfer, known to Counterdefendants, of information between two or more persons, whether written, oral, or in any other form.

2

e.      The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

f.      The term "all" means "any and all" and the term "any" means "any and all."

g.      The phrase "state the basis" calls for Counterdefendants to:

      1.      identify all facts and reasons that support or relate to Counterdefendants' contentions referred to in the interrogatory;

      2.      identify all documents and things that support or relate to Counterdefendants' contentions referred to in the interrogatory;

      3.      identify all communications that support or relate to Counterdefendants' contentions referred to in the interrogatory.

h.      The term "identify," in the case of a document or thing, means to provide a specific identification of each document or thing in Counterdefendants' possession, custody or control, irrespective of whether it is claimed to be privileged, including a brief description of such document or thing sufficient to support a request for production and consisting of at least:

      1.      the type of document or thing;

      2.      its date;

      3.      its general subject matter; and

      4.      an identification of the author, designated addressee(s), designated recipient(s), and all persons who received or saw copies of the document or thing.

i.      The term "trademarks in suit" refers to any and all trademarks alleged by Counterdefendants to be infringed by Defendants in the present action including United States

Trademark Registration Nos. 3,328,718; 1,527,809; 1,217,317; 1,473,925; and United States Trademark Application No. 77/176,918.

      j.      If Counterdefendants object to a portion or an aspect of any Interrogatory, state the grounds of Counterdefendants' objection with specificity and respond to the remainder of the Interrogatory.

      k.      Where a claim of privilege is asserted in responding or objecting to any discovery requested in these Interrogatories and information is not provided on the basis of such assertion, Counterdefendants shall, in its response or objection, identify the nature of the privilege (including work product) which is being claimed.

      l.      The use of a word or term in any tense shall be construed as use of the word or term in all other tenses.

      m.      The use of a word or term in the singular form shall be deemed to include the plural, and vice-versa.

      n.      The use of a word or term in the masculine, feminine or neuter form shall include each of the other genders.

      o.      If, in responding to these interrogatories, Counterdefendants elect to avail itself of the procedure authorized by Federal Rule of Civil Procedure 33(d), Defendants request that for each interrogatory so answered, Counterdefendants specify the particular document or documents by production number from which the answer may be derived or ascertained.

      p.      If Counterdefendants do not answer any interrogatory in full, please state the precise reason for failing to do so.  If a legal objection is made, please set forth the specific nature of the grounds for that objection.

q.     If only a portion of any interrogatory will not be answered, please provide a complete answer to the remaining portion of the interrogatory and state the reasons or grounds for Counterdefendants' inability or refusal to complete the answer.  If an interrogatory can be answered only in part on the basis of information available at the time of the response, please provide an answer on the basis of that information, indicate that Counterdefendants' answer is so limited and provide a further response when further information becomes available.

r.     If Counterdefendants learn at any time that any response to any of these interrogatories is incomplete or incorrect, Defendants request that Counterdefendants immediately serve amended responses that are complete and correct pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

s.     If Counterdefendants find the meaning of any term in these interrogatories is unclear, Counterdefendants shall assume a reasonable meaning, state what the assumed meaning is and respond to the interrogatory according to the assumed meaning.

**INTERROGATORY NO. 1**

State in detail the circumstances surrounding any declaration filed on behalf of MMU in the prosecution, application or registration for each of the trademarks in suit including, but not limited to, setting forth the specific information and belief(s) relied upon by George Kobayashi in filing any such declaration and identifying the person(s) and/or document(s) that are the source(s) of each such information and belief, and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 2**

State the circumstances surrounding MMU's use of each of the trademarks in suit, namely:

1.  The date each of the trademarks in suit was first used on the goods or services in commerce.

2.  The product or service in connection with which each of the trademarks in suit was first used.

3.  The product or service in connection with which each of the trademarks in suit is currently used.

4.  The manner in which each of the trademarks in suit is affixed to the goods or services.

5.  The three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the use of each of the trademarks in suit.

6.  Identify all documents relating to such first use of each of the trademarks in suit.

7.  Identify all documents relating to current use of each of the trademarks in suit.


**INTERROGATORY NO. 3**

State whether use of each of the trademarks in suit has ever been discontinued in the United States for any length of time since the date of first use and, if so, indicate the dates of each such discontinuance, whether the discontinuance was temporary or permanent, the reasons for such discontinuance, the identity of all documents relating to or referring to each such discontinuance, and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about each discontinuance.

**INTERROGATORY NO. 4**

State in detail all bases for MMU's allegations in the letter sent on behalf of MMU by Edward Manzo to Miyanohitec Machinery, Inc. on March 30, 2007 regarding "Miyano Machinery USA Inc.'s Valuable Rights." and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations

**INTERROGATORY NO. 5**

State in detail the circumstances surrounding Counterdefendants' selection, adoption, development, continued use or resumption of use of each of the trademarks in suit for use by you on

any product and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 6**

State in detail the circumstances surrounding any allegation by Counterdefendants that Counterdefendants have the right to adopt, use and/or register or prevent others from adopting, using and/or registering each of the trademarks in suit and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 7**

State in detail the circumstances surrounding any allegation by Counterdefendants that Counterclaimants do not have the right to use Counterclaimants' business name, family name or marks and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 8**

State in detail the circumstances surrounding any decision to use, continue to use, abandon use, or resume use of each of the trademarks in suit and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 9**

State in detail the circumstances surrounding Counterdefendants' actual marketing, promotional or advertising efforts or activities, including money spent and dates of the efforts or activities, with respect to any products or services bearing each of the trademarks in suit from the date of first use, if any, to the present and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 10**

State in detail the circumstances surrounding any allegation by Counterdefendants that the Counterclaimants gave consent to register any of the trademarks in suit as a trademark and identify

the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 11**

State in detail the circumstances surrounding any allegation by Counterdefendants that Counterclaimants are not known in the industry of machinery and machine tools and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 12**

State in detail the circumstances surrounding any allegation by Counterdefendants that the relevant public for the industry of machinery and machine tools does not identify the name "Miyano" with the Counterclaimant Tom Miyano and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 13**

State in detail the circumstances surrounding any allegation by Counterdefendants that the name "Miyano" is not primarily a surname or that Counterclaimants Tom and Steven Miyano will not be harmed by MMU's maintenance of a registration of Tom and Steven Miyano's family name as a mark and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about the bases for those allegations.

**INTERROGATORY NO. 14**

State in detail the circumstances surrounding Counterdefendants' knowledge of Counterclaimants' activities relating to the design or sale of machine tools on or before February 20, 2007 and identify the three persons (other than Counterdefendants' counsel of record in this action) most knowledgeable about same.

DATED:  April 10, 2008

Respectfully submitted,

/s/ Vernon W. Francissen
Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312) 214-0900 telephone
(815) 301-9114 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312) 294-9980 telephone
(312) 275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile
gabaker@dowellbaker.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing COUNTERCLAIMANTS' FIRST SET OF

INTERROGATORIES TO MIYANO MACHINERY USA, INC. was electronically served by

email on April 10, 2008 to the following:

> Edward D. Manzo
> Louis Alex
> Jason Smalley
> Joel Bock
> COOK, ALEX, MCFARRON, MANZO,
> CUMMINGS & MEHLER, LTD.
> 200 West Adams Street, Suite 2850
> Chicago, IL 60606
>
> Phone: (312) 236-8500
> Fax: (312) 236-8176
>
> emanzo@cookalex.com
>
> Nancy E. Sasamoto
> Steven L. Katz
> Masuda, Funai, Eifert & Mitchell, Ltd.
> 203 N. LaSalle St., Suite 2500
> Chicago IL 60601-1262
>
> Phone: (312)245-7500
>
> skatz@masudafunai.com

/s/Vernon W. Francissen

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | Magistrate Judge Nolan |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a | ) | |
| Toshiharu Miyano and | ) | |
| Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Miyano Machinery, Inc. and | ) | |
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Counterdefendants. | ) | |
| | ) | |

## COUNTERCLAIMANTS' SECOND SET OF
## INTERROGATORIES TO MIYANO MACHINERY USA, INC. (Nos. 15-25)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and in view of the direction

from Magistrate Nolan at page 16 of her ruling of June 6, 2008 that Defendants propound

additional interrogatories and her finding at page 15 that the factual bases for Mr. Kobayashi's

representations in his declarations are not privileged and must be disclosed, Defendants /

Counterclaimants, MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano

("MIYANOS") (collectively, "Defendants") direct the following interrogatories to Plaintiff / Counterdefendant Miyano Machinery USA, Inc.'s ("MMU" or "Plaintiff"), and requests that they be answered in accordance with the Federal Rules of Civil Procedure and the definitions and instructions set forth herein.

To the extent MMU's answers to any of these interrogatories may at any time be changed by information acquired by MMU after filing its answer, Defendants request that MMU promptly thereafter serve supplemental answers reflecting such changes.

## DEFINITIONS AND INSTRUCTIONS

a.     "MMU" or "Plaintiff" or "Counterdefendant(s)" means the named Plaintiff Miyano Machinery USA Inc. and any affiliated business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of, Miyano Machinery USA Inc.

b.     "MMJ" or "Counterdefendant(s)" means Miyano Machinery, Inc. and any affiliated business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of, Miyano Machinery, Inc.

c.     "Document" is used in the broadest sense consistent with the definition set forth in the Fed. R. Civ. P. 34(a).  The term "document" includes, without limitation, physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies of computer software, computer files and electronic mail (email).  A draft, translation or non-identical copy is a separate document within the meaning of this term.

2

d.    The term "communication" means any exchange or transfer, known to Counterdefendants, of information between two or more persons, whether written, oral, or in any other form.

e.    The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

f.    The term "all" means "any and all" and the term "any" means "any and all."

g.    The phrase "state the basis" calls for Counterdefendants to:

    1.    identify all facts and reasons that support or relate to Counterdefendants' contentions referred to in the interrogatory;

    2.    identify all documents and things that support or relate to Counterdefendants' contentions referred to in the interrogatory;

    3.    identify all communications that support or relate to Counterdefendants' contentions referred to in the interrogatory.

h.    The term "identify," in the case of a document or thing, means to provide a specific identification of each document or thing in Counterdefendants' possession, custody or control, irrespective of whether it is claimed to be privileged, including a brief description of such document or thing sufficient to support a request for production and consisting of at least:

    1.    the type of document or thing;

    2.    its date;

    3.    its general subject matter; and

    4.    an identification of the author, designated addressee(s), designated recipient(s), and all persons who received or saw copies of the document or thing.

i.    The term "trademarks in suit" refers to any and all trademarks alleged by Counterdefendants to be infringed by Defendants in the present action including United States Trademark Registration Nos. 3,328,718; 1,527,809; 1,217,317; 1,473,925; and United States Trademark Application No. 77/176,918.

j.    If Counterdefendants object to a portion or an aspect of any Interrogatory, state the grounds of Counterdefendants' objection with specificity and respond to the remainder of the Interrogatory.

k.    Where a claim of privilege is asserted in responding or objecting to any discovery requested in these Interrogatories and information is not provided on the basis of such assertion, Counterdefendants shall, in its response or objection, identify the nature of the privilege (including work product) which is being claimed.

l.    The use of a word or term in any tense shall be construed as use of the word or term in all other tenses.

m.    The use of a word or term in the singular form shall be deemed to include the plural, and vice-versa.

n.    The use of a word or term in the masculine, feminine or neuter form shall include each of the other genders.

o.    If, in responding to these interrogatories, Counterdefendants elect to avail itself of the procedure authorized by Federal Rule of Civil Procedure 33(d), Defendants request that for each interrogatory so answered, Counterdefendants specify the particular document or documents by production number from which the answer may be derived or ascertained.

p.     If Counterdefendants do not answer any interrogatory in full, please state the precise reason for failing to do so.  If a legal objection is made, please set forth the specific nature of the grounds for that objection.

q.     If only a portion of any interrogatory will not be answered, please provide a complete answer to the remaining portion of the interrogatory and state the reasons or grounds for Counterdefendants' inability or refusal to complete the answer.  If an interrogatory can be answered only in part on the basis of information available at the time of the response, please provide an answer on the basis of that information, indicate that Counterdefendants' answer is so limited and provide a further response when further information becomes available.

r.     If Counterdefendants learn at any time that any response to any of these interrogatories is incomplete or incorrect, Defendants request that Counterdefendants immediately serve amended responses that are complete and correct pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

s.     If Counterdefendants find the meaning of any term in these interrogatories is unclear, Counterdefendants shall assume a reasonable meaning, state what the assumed meaning is and respond to the interrogatory according to the assumed meaning.


**INTERROGATORY NO. 15**

Identify each and every machine sold by MMU from 1997 until 2002 that featured the mark as shown in the specimen of continued use filed in 2002 by George Kobayashi in Registration no. 1,217,317 including, but not limited to, for each machine:  the model number of the machine, the serial number of the machine, the identity of the purchaser, the date of sale of the machine, the date of delivery to the purchaser, identify all document(s) related to the sale,

and specify how the machine featured the mark as shown in the specimen of continued use filed in 2002 including, but not limited to, whether the mark was different in any way from the mark as shown in the specimen of continued use and where the mark appeared on the machine.

**INTERROGATORY NO. 16**

Identify the person(s) who provided the specimen of continued use filed in 2002 by George Kobayashi in Registration no. 1,217,317 and the date the specimen of continued use was provided to him.

**INTERROGATORY NO. 17**

Identify the person(s) who instructed George Kobayashi to file the statement of continued use filed in 2002 by George Kobayashi in Registration no. 1,217,317 and the date(s) he received any such instruction.

**INTERROGATORY NO. 18**

State in detail the specific information and belief(s) relied upon by George Kobayashi in signing any declaration relating to Registration no. 1,217,317 and identifying the person(s) and document(s) that are the source(s) of each such information and belief and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 19**

Identify each and every use in commerce of the mark sought to be registered in United States Trademark Application No. 77/176,918 for the repair services described in the application in the five years preceding the May 9, 2007 filing date of the application including, but not limited to, for each use: the date of the repair service, the identity of the repairman, the location where the repair was performed, the party for whom the repair was performed, identify all document(s) related to the repair, and specify how the mark as sought to be registered was featured in performing the repair including, but not limited to, whether the mark was different in any way from the mark as sought to be registered and where the mark appeared during the service.

**INTERROGATORY NO. 20**

Identify the person(s) who provided each specimen of use filed by George Kobayashi in Application No. 77/176,918 and the date the specimen of use was provided to him.

**INTERROGATORY NO. 21**

Identify the person(s) who instructed George Kobayashi to file Application No. 77/176,918 and the date(s) he received any such instruction.

**INTERROGATORY NO. 22**

State in detail the specific information and belief(s) relied upon by George Kobayashi in signing any declaration relating to Application No. 77/176,918 and identifying the person(s) and document(s) that are the source(s) of each such information and belief and identify the three

persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 23**

Explain in detail why the mark as sought to be registered in Application No. 77/176,918 differs from the mark as shown in the specimens of use filed by George Kobayashi in the application and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

**INTERROGATORY NO. 25**

State in detail the specific information and belief(s) relied upon by George Kobayashi in signing any declaration relating to Registration No. 3,328,718 including, but not limited to, whether Kobayashi or any officer or director of MMU knew at the time of signing any such declaration that Defendants Tom and Steven Miyano were using their personal names in connection with machines and machine tools, why such information was not disclosed to the United States Patent and Trademark Office, and whether Defendants Tom and Steven Miyano consented to the registration of their surname as a word mark and identifying the person(s) and document(s) that are the source(s) of each such information and belief and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

DATED:  June 20, 2008                    Respectfully submitted,

                                         /s/ Vernon W. Francissen
                                         Robert M. Karton

ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312) 214-0900 telephone
(815) 301-9114 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312) 294-9980 telephone
(312) 275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile
gabaker@dowellbaker.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing COUNTERCLAIMANTS' SECOND SET OF

INTERROGATORIES TO MIYANO MACHINERY USA, INC. (Nos. 15-25) was

electronically served by email on June 20, 2008 to the following:

> Edward D. Manzo
> Louis Alex
> Jason Smalley
> Joel Bock
> COOK, ALEX, MCFARRON, MANZO,
> CUMMINGS & MEHLER, LTD.
> 200 West Adams Street, Suite 2850
> Chicago, IL 60606
>
> Phone: (312) 236-8500
> Fax: (312) 236-8176
>
> emanzo@cookalex.com
>
> Nancy E. Sasamoto
> Steven L. Katz
> Masuda, Funai, Eifert & Mitchell, Ltd.
> 203 N. LaSalle St., Suite 2500
> Chicago IL 60601-1262
>
> Phone: (312)245-7500
>
> skatz@masudafunai.com

/s/Vernon W. Francissen

# Exhibit C

**From:**   Geoff Baker [gabaker@dowellbaker.com]
**Sent:**   Sunday, August 03, 2008 5:42 PM
**To:**     'Edward Manzo'; jsmalley@cookalex.com
**Cc:**     'Vernon Francisseo'; GDSmith@dowellbaker.com; 'Bob Karton'; 'Louis Alex'; 'Nancy Sasamoto'; 'Steven
            Katz'; 'George Kobayashi'
**Subject:** RE: Miyano litigation

Ed,

Thanks for your note.  Specifically, each and every item identified in any public pleading or offered as an exhibit during the
hearings on July 18 or 23 is clearly in the public domain.  Likewise, the subject matter of that information is in the public
domain.  Presently, we need to know whether you are sticking to your designations of deposition testimony.  That is all.

Regarding Ex. L, we understand your concern.  Of course, we maintain that the document is evidence of the fraud
committed on the Trademark Office.  All the same, we will double check, but I believe that we complied with the Court's
order that very day by destroying the document (and copies of the document).  I won't respond to your other silly
comments in your email.

On a separate note, please let us know if you intend to respond to interrogatories 16 and greater, or if you intend to stand
on your objections.

Thank you.

Geoff

Geoffrey A. Baker
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
Phone:   708-660-1413
Fax:       312-873-4466
Mobile:  708-707-8778
www.dowellbaker.com
This message is intended only for the named recipient(s) and may contain a confidential attorney-client communication and/or
attorney work product.  If you receive this message in error, please contact the sender listed above and delete this e-mail from your
computer.  Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other
applicable privilege.  Thank you.

---

**From:** Edward Manzo [mailto:emanzo@cookalex.com]
**Sent:** Friday, August 01, 2008 5:04 PM
**To:** 'Geoff Baker'; jsmalley@cookalex.com
**Cc:** 'Vernon Francisseo'; GDSmith@dowellbaker.com; 'Bob Karton'; 'Louis Alex'; 'Nancy Sasamoto'; Steven Katz; 'George
Kobayashi'
**Subject:** RE: Miyano litigation
**Importance:** High

Dear Geoff,

Thanks for your note. We disagree with every aspect of your assertion. We disagree that "essentially all of the items
previously identified as protected under the protective order have now been aired in public."  If you think that anything was
made public that has previously been designated as confidential, please call it specifically to our attention and we will
consider it.

Moreover, it seems to us all of the documents we designated as confidential remain confidential.

At this time, we remind you that we have not yet received the CD from the Defendants which contains "Exhibit L." As you know, Judge Nolan ordered its return to us on June 6 and Judge Kendall in court on June 18 further directed that to occur.  The inexplicable refusal to return the item that you were ordered to return is without any valid basis and is in willful defiance of the court's orders.  It appears that we are going to have to file a motion for sanctions but we offer you this last opportunity to return it forthwith and avoid a sanctions motion for that refusal.

We also request a signed affidavit, certifying that all copies (including all paper and electronic copies) of Exhibit L that were created or are in the possession of any of Defendants or their attorneys or agents have been destroyed.

As for our other confidential documents and information, frankly it seems to us that you are looking for us to agree that, inter alia, the names of MMU's customers over the years, along with their contact information, is not confidential. We will never agree to that.

**For the record, now and permanently, anytime you announce to us that unless we specifically disagree with any of your positions by any date or else you will assume our agreement, WE DISAGREE.**

**Given your attempt to procure the release of valuable confidential information to bestow unfettered upon your client, we remind you of your obligations as an officer of the court to respect the confidentiality of discovery materials obtained in litigation.**

Sincerely,

**Edward D. Manzo**
Attorney at Law
emanzo@cookalex.com

200 West Adams Street
Suite 2850
Chicago, Illinois 60606
312.236.8500 (Main)
312.236.8176 (Fax)
www.cookalex.com

*The information contained in this message and any attachment may be proprietary, confidential, and attorney client privileged or subject to the work product doctrine and thus protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it and all copies and backups thereof. Thank you.
Cook Alex Ltd.*

**From:** Geoff Baker [mailto:gabaker@dowellbaker.com]
**Sent:** Friday, August 01, 2008 1:23 PM
**To:** emanzo@cookalex.com; jsmalley@cookalex.com
**Cc:** 'Vernon Francissen'; GDSmith@dowellbaker.com; 'Bob Karton'
**Subject:** Miyano litigation

Ed and Jason,

Since essentially all of the items previously identified as protected under the protective order have now been aired in public, our position is that no testimony or documents are protected by that order.

Please let us know if there are any specific instances where you disagree.  We would appreciate you letting us know before the end of the day on Monday.  If we do not hear from you before then, we will understand that you agree with our position.

Thank you.

Geoff

Geoffrey A. Baker
DOWELL BAKER, P.C.

229 Randolph Street
Oak Park, IL 60302
Phone:   708-660-1413
Fax:       312-873-4466
Mobile:  708-707-8778
www.dowellbaker.com

This message is intended only for the named recipient(s) and may contain a confidential attorney-client communication and/or attorney work product.  If you receive this message in error, please contact the sender listed above and delete this e-mail from your computer.  Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  Thank you.

# Exhibit D

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., )<br><br>Plaintiff, )<br><br>     v. )<br><br>MiyanoHitec Machinery, Inc., )<br>Thomas ("Tom") Miyano, a/k/a )<br>Toshiharu Miyano and )<br>Steven Miyano, a/k/a Shigemori )<br>Miyano, )<br><br>Defendants )<br>_____ )<br><br>MiyanoHitec Machinery, Inc., )<br>Thomas ("Tom") Miyano, a/k/a )<br>Toshiharu Miyano and Steven )<br>Miyano, a/k/a Shigemori Miyano, )<br><br>Counterclaim-Plaintiffs )<br><br>v. )<br><br>Miyano Machinery USA Inc. )<br><br>Counterclaim-Defendant )<br><br>and )<br><br>Miyano Machinery, Inc. )<br><br>Third-Party Defendant )| Civil Action No. **08 C 526**<br><br>Hon. Virginia Kendall<br><br>Magistrate Judge Nolan<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF & COUNTERDEFENDANT MIYANO MACHINERY USA, INC.'S RESPONSES TO COUNTERCLAIMANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

Plaintiff and Counterdefendant Miyano Machinery USA, Inc. (hereinafter

referred to as "Plaintiff" or "Counterdefendant" or "MMU") hereby answers and objects to Counterclaimants' Second Set of Interrogatories to Miyano Machinery USA, Inc. dated June 20, 2008, as follows:

## General Objections

A.      Plaintiff objects to these Interrogatories to the extent the instructions, definitions, or demands attempt to alter the plain meaning or understanding of any term, or attempt to impose obligations inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.

B.      Plaintiff objects to the definition of "MMU" or "Plaintiff" or "Counterdefendant(s)" as overly broad and unduly burdensome to the extent that it seeks to encompass third parties.

C.      Plaintiff objects to the definition of "MMJ" or "Counterdefendant(s)" as overly broad and unduly burdensome to the extent that it seeks to encompass third parties.  Plaintiff also objects to "MMJ" being referred to as a "Counterdefendant" rather than as Third-Party Defendant.

D.      Plaintiff objects to the term "trademarks in suit" to the extent that it seeks to limit the number of common law trademarks implicated in this litigation, the corresponding rights of which may have relevance to the validity and/or infringement of the "trademarks in suit" as defined by Plaintiff.

E.      Plaintiff objects to these Interrogatories to the extent that they call for information or documents not within the current possession, custody, or control of Plaintiff.

F.     Plaintiff objects to these Interrogatories to the extent that they call for information that is protected by the attorney-client, work-product, or other applicable privileges. Plaintiff does not waive and intends to preserve the attorney-client privilege, the work-product privilege, and every other applicable privilege with respect to information otherwise responsive to these Interrogatories that is protected by such a privilege.

G.     Plaintiff objects to these Interrogatories to the extent they are overly broad, vague, ambiguous, oppressive, or would require an unreasonable investigation by Plaintiff.  Plaintiff further objects to these Interrogatories to the extent they impose an undue burden upon Plaintiff.  Plaintiff further objects to these Interrogatories to the extent that Defendants' First Set of Interrogatories, including discrete subparts, already exceed 25 in number in violation of Rule 33(a)(1), and that this Second Set of Interrogatories, including discrete subparts, continue the violation of Rule 33(a)(1).

H.     Plaintiff objects to these Interrogatories as inappropriate in view of the extensive discovery that Defendants have been provided in this litigation, including Defendants July 17, 2008 deposition of Attorney George Kobayashi.

I.     Plaintiff objects to these Interrogatories to the extent they call for information contained in communications between Plaintiff and its counsel or for the identification of documents created by its counsel.

J.     By responding to these Interrogatories, Plaintiff does not concede the relevancy, materiality, or admissibility of any response or the subject to

which it relates. Plaintiff's responses are made subject to and without waiving any objections as to relevancy, materiality, or admissibility.

K.      These responses and objections are based upon the information currently available to Plaintiff.   Plaintiff therefore may modify and/or supplement these responses and objections in accordance with its obligations under Rule 26(e).

L.      Plaintiff objects to these Interrogatories on the ground that Defendants have failed in many instances to identify any time limitation that governs the Interrogatories, rendering them overly broad and unduly burdensome.

M.      By responding to these Interrogatories, Plaintiff does not adopt any of the characterizations made by Defendants in any of their Interrogatories.

N.      The applicable foregoing general objections are incorporated into each of the specific objections and responses that follow. The stating of a specific objection or response shall not be construed as a waiver of Plaintiff's general objections.

## Objections & Responses

**INTERROGATORY NO. 15**
Identify each and every machine sold by MMU from 1997 until 2002 that featured the mark as shown in the specimen of continued use filed in 2002 by George Kobayashi in Registration no. 1,217,317 including, but not limited to, for each machine: the model number of the machine, the serial number of the machine, the identity of the purchaser, the date of sale of the machine, the date of delivery to the purchaser, identify all document(s) related to the sale, and specify how the machine featured the mark as shown in the specimen of continued use filed in 2002 including, but not limited to, whether the mark was different in any way from the mark as shown in the specimen of continued use and where the mark appeared on the machine.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory as being overly broad and unduly burdensome to the extent it seeks the identification of "each and every" machine sold by MMU from 1997 until 2002 as described in the Interrogatory, and to the extent that it purportedly seeks "all" documents and other information related to the sale of each such machine, without reasonable limitation. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1). MMU further objects to this Interrogatory to the extent that it seeks information and documents, which either may not exist, or alternatively, are not in its possession, custody or control.

**INTERROGATORY NO. 16**
Identify the person(s) who provided the specimen of continued use filed in 2002 by George Kobayashi in Registration no. 1,217,317 and the date the specimen of continued use was provided to him.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1).

**INTERROGATORY NO. 17**

Identify the person(s) who instructed George Kobayashi to file the statement of continued use filed in 2002 by George Kobayashi in Registration no. 1,217,317 and the date(s) he received any such instruction.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1).

**INTERROGATORY NO. 18**

State in detail the specific information and belief(s) relied upon by George Kobayashi in signing any declaration relating to Registration no. 1,217,317 and identifying the person(s) and document(s) that are the source(s) of each such information and belief and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1).  MMU further objects to this Interrogatory to the extent that seeks information and/or communications which are protected by the attorney client privilege and which have not otherwise been determined to be within the scope of relevant, non-privileged discovery as set forth in any order or ruling in this litigation, including Magistrate Judge Nolan's June 6, 2008 Memorandum Opinion and Order and Judge Kendall's July 15, 2008 minute entry.

**INTERROGATORY NO. 19**

Identify each and every use in commerce of the mark sought to be registered in United States Trademark Application No. 77/176,918 for the repair services described in the application in the five years preceding the May 9, 2007 filing date of the application including, but not limited to, for each use: the date of the repair service, the identity of the repairman, the location where the repair was performed, the party for whom the repair was performed, identify all

document(s) related to the repair, and specify how the mark as sought to be registered was featured in performing the repair including, but not limited to, whether the mark was different in any way from the mark as sought to be registered and where the mark appeared during the service.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory as being overly broad and unduly burdensome to the extent it seeks the identification of "each and every" use in commerce of the mark sought to be registered in U.S. App. Serial No. 77/176,918 for repair services described in that application for the five years preceding the May 9, 2007 filing date, and further, to the extent that it seeks "all" documents and other information related to each such use, without reasonable limitation. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1). MMU further objects to this Interrogatory to the extent that it seeks information and documents, which either may not exist, or alternatively, are not in its possession, custody or control.

**INTERROGATORY NO. 20**
Identify the person(s) who provided each specimen of use filed by George Kobayashi in Application No. 77/176,918 and the date the specimen of use was provided to him.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1).

**INTERROGATORY NO. 21**

Identify the person(s) who instructed George Kobayashi to file Application No. 77/176,918 and the date(s) he received any such instruction.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1).

**INTERROGATORY NO. 22**

State in detail the specific information and belief(s) relied upon by George Kobayashi in signing any declaration relating to Application No. 77/176,918 and identifying the person(s) and document(s) that are the source(s) of each such information and belief and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1).  MMU further objects to this Interrogatory to the extent that seeks information and/or communications which are protected by the attorney client privilege and which have not otherwise been determined to be within the scope of relevant, non-privileged discovery as set forth in any order or ruling in this litigation, including Magistrate Judge Nolan's June 6, 2008 Memorandum Opinion and Order and Judge Kendall's July 15, 2008 minute entry.

**INTERROGATORY NO. 23**

Explain in detail why the mark as sought to be registered in Application No. 77/176,918 differs from the mark as shown in the specimens of use filed by George Kobayashi in the application and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1).

**INTERROGATORY NO. 25**
State in detail the specific information and belief(s) relied upon by George Kobayashi in signing any declaration relating to Registration No. 3,328,718 including, but not limited to, whether Kobayashi or any officer or director of MMU knew at the time of signing any such declaration that Defendants Tom and Steven Miyano were using their personal names in connection with machines and machine tools, why such information was not disclosed to the United States Patent and Trademark Office, and whether Defendants Tom and Steven Miyano consented to the registration of their surname as a word mark and identifying the person(s) and document(s) that are the source(s) of each such information and belief and identify the three persons (other than Counterdefendant's counsel of record in this action) most knowledgeable about same.

**Objections:**

MMU incorporates its General Objections as if fully set forth herein. MMU further objects to this Interrogatory to the extent that it is in excess of the 25 interrogatory limit specified in Rule 33(a)(1). MMU further objects to this Interrogatory to the extent that seeks information and/or communications which are protected by the attorney client privilege and which have not otherwise been determined to be within the scope of relevant, non-privileged discovery as set forth in any order or ruling in this litigation, including Magistrate Judge Nolan's June 6, 2008 Memorandum Opinion and Order and Judge Kendall's July 15, 2008 minute entry.

DATED this 21st day of July, 2008

As to objections,

By:    /s/ Louis J. Alex
       Edward D. Manzo
       Joel Bock
       Louis J. Alex
       Jason Smalley

**COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.**

200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
(312) 236-8500

Attorneys for Miyano Machinery USA, Inc.

10

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing **Plaintiff and Counterdefendant Miyano Machinery USA, Inc.'s Responses to Counterclaimant's Second Set of Interrogatories** with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | | |
|---|---|---|
| Geoffrey A. Baker<br>Geoffrey D. Smith<br>DOWELL BAKER, P.C.<br>201 Main Street, Suite 710<br>Lafayette, Indiana 47901<br>(765) 429-4004 telephone<br>(765) 429-4114 facsimile<br>gabaker@dowellbaker.com | Robert M. Karton<br>ROBERT M. KARTON, LTD.<br>77 W. Washington St., Suite 900<br>Chicago, Illinois 60602-2804<br>(312)214-0900 telephone<br>(312)214-4230 facsimile<br>robert@karton.us | Vernon W. Francissen<br>FRANCISSEN PATENT LAW, P.C.<br>53 W. Jackson Blvd.,<br>Suite 1320<br>Chicago, Illinois 60604<br>(312)294-9980 telephone<br>(312)275-8772 facsimile<br>vern@francissenpatentlaw.com |

Nancy E. Sasamoto
Steven L. Katz
George H Kobayashi
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 N. LaSalle St.
Suite 2500
Chicago, IL 60601
312-245-7500 telephone
nsasamoto@masudafunai.com
skatz@masudafunai.com
gkobayashi@masudafunai.com

  X   (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

\_\_\_ (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Nancy Sasamoto, Steven Katz, George H Kobayashi, Geoffrey A. Baker, Geoffrey D. Smith and Robert M. Karton at the address shown above, pursuant to LR 5.9.

Executed on May 12, 2008 at Chicago, Illinois.

Signed:      _/s/ Louis J Alex_