UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, ) | Magistrate Judge Nolan |
| a/k/a Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a ) | |
| Shigemori Miyano, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY

Defendants MiyanoHitec Machinery, Inc., Thomas ("Tom") Miyano, and Steven Miyano ("MIYANOS") respectfully submit this reply brief in support of their motion to compel responses to discovery filed August 4, 2008. Plaintiff's response brief engages in the "draconian approach of counting every subdivision of an interrogatory as a separate question."[1] Plaintiff's approach has been soundly rejected by the federal courts generally and Judge Nolan specifically. Plaintiff admits that Judge Nolan directed the MIYANOS to "propound additional interrogatories" yet Plaintiff stubbornly refuses to answer the additional interrogatories. The MIYANOS have not received required responses to their discovery requests, particularly those seeking the information and belief relied upon by Mr. George Kobayashi as the declarant for several trademark applications at issue in this case. The MIYANOS respectfully request that the Court order Plaintiff's to fully and completely respond to the Miyanos' Second Set of Interrogatories (Nos. 15-25).

---

[1] *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D. D.C. 2004).

**I.     MIYANOS COMPLIED WITH LOCAL RULE 37.2**

Plaintiff attempts to hide behind Local Rule 37.2.  Plaintiff's attempt is useless.  Plaintiff failed to respond to the MIYANOS requests to meet and confer.  Plaintiff's failure was just more foot dragging on its part to avoid answering the interrogatories.  This Court should not reward Plaintiff's dilatory conduct.  The deficiencies in form, if any, that Plaintiff alleges existed at the time of filing of the present motion were addressed on August 7, 2008 when Judge Nolan ordered the parties into her ante room to meet and confer.  Because Plaintiff was unwilling to answer the interrogatories, the parties mutually agreed to and presented to Judge Nolan an agreed briefing schedule.  MIYANOS complied with Local Rule 37.2.  There is no excuse for Plaintiff's continued intransigence.

**II.    THE MISSING ANSWERS TO INTERROGATORIES**

**A.     Plaintiff Waived Its Objection to Defendants' Interrogatories**

Plaintiff argues that Defendants' First Set of Interrogatories include "at least 37 separate or discrete subparts."  (Doc. 148 at 10).  It is undisputed that Plaintiff did not refuse to answer any of the first set of interrogatories on the basis that those interrogatories exceeded the limit of 25.  In fact, Plaintiff boasts that they provided, albeit a meaningless regurgitation of the public record, a 174-page response to the first set of interrogatories (Nos. 1-14).  *Id*. at 2.  Plaintiff did not refuse to answer any interrogatories until after the MIYANOS served their second set of interrogatories.  MIYANOS served its second set of interrogatories at this Court's direction.  *See* Doc. 111, June 6, 2008 Order at 16 ("To the extent Defendants seek more detailed information, they should propound additional interrogatories or other written discovery requests.").

The rule for objecting to interrogatories exceeding 25 may require the party to answer the first 25 questions and then object to the balance.

> The rule may be read to suggest that a party may answer the first 25 questions and then object to the balance. Other courts have suggested that to answer any interrogatory in the offending set may result in waiver.

*Holmes v. Trustees of Purdue University*, 2008 WL 656263, 1 (N.D. Ind. 2008) (internal citations omitted) (Ex. 1). Here, Plaintiff acknowledges that they answered all of what it now counts as 37 interrogatories (Nos. 1-14). By answering questions beyond the limit of 25, in what Plaintiff calls the offending set of interrogatories, Plaintiff has waived any objection that it may have had to the subparts counting against the limit of 25. Accordingly, Defendants' first set of interrogatories, (Nos. 1-14) should count as only 14 interrogatories.

**B.     The Second Set of Interrogatories Does Not Exceed the Limit**

Even if Plaintiff did not waive their objection to the number of subparts in the first set of interrogatories, Plaintiff has failed to carry its burden. As this Court has explained, Plaintiff must show that the subparts do not pertain to a "common theme" such that the subparts should be considered unrelated to the primary question and, therefore, constitute a separate interrogatory. See *Portis v. City of Chicago*, 2005 WL 991995, 9 (N.D. Ill. 2005). Rather than follow this Court's sound guidance, Plaintiff took the "draconian approach of counting every subdivision of an interrogatory as a separate question." *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D. D.C. 2004) (Plaintiff's method rejected as "unfair.")

Each of the MIYANOS' interrogatories constitutes a single question because each was written to elicit "details concerning a common theme." *Portis* at 9.

> Lawyers, sensitive to the numerical restriction, also subdivide interrogatories so that after they introduce a topic, they demand to know in detail all the particulars about it, frequently introducing their specific demands with the phrase "including but not limited to." Thus, they may ask their opponent to state whether a particular product was tested and then demand to know when the tests occurred, who performed them, how and where they were conducted and the result. In such a situation, all the questions relate to a single topic, testing, and it would be unfair and draconian to view each of the demands as a separate interrogatory. This approach ends, however, the moment the interrogatory introduces a new topic that is in a distinct field of inquiry. Thus, in the "testing" example, asking how the results of the tests were used in any advertising about the product's fitness for a particular purpose would have to be viewed as a separate interrogatory.

*Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D. D.C. 2004). Therefore, unless the subparts of the question introduce a new topic, the subpart does not count as an additional interrogatory.

A quick review of Plaintiff's analysis reveals that the interrogatory subparts are eliciting the details of a single topic (or common theme), and not "introduc[ing] a new topic that is in a distinct field of inquiry." *Id*. For example, **Interrogatory No. 1**, which Plaintiff contends constitutes two discrete subparts, asked for "the circumstances surrounding any declaration filed on behalf of MMU" for any trademark in suit, **including the specific information and beliefs**, and the person and/or documents that are the source of each such information or belief, and the identification of the persons most knowledgeable about same. (Doc. 148, Ex. A). The subparts are clearly directed to eliciting the details concerning the common theme of the circumstances surrounding any declaration filed on behalf of MMU for any trademark in suit. This is a single interrogatory.

4

Moreover, note from the bolded text above that this interrogatory asks for essentially the same information that the MIYANOS sought with more narrowly tailored questions in their first set of interrogatories. As this Court noted in June, Plaintiff's responses to the first set of interrogatories as a mere recitation of the publicly known facts from the files of the Trademark Office. (Doc. 111 at 15). Thus, the Court encouraged MIYANOS to propound further interrogatories seeking more detailed information. MIYANOS followed this Court's guidance. MIYANOS second set of interrogatories was necessitated by Plaintiff's unwillingness to provide meaningful responses to the first set of interrogatories. This motion to compel simply seeks meaningful answers to straightforward and legitimate interrogatories that have been asked both generally and specifically of Plaintiff. The Court should immediately compel Plaintiff to answer the interrogatories.

      **C.    The Court Should Compel Answers Regardless of the Numerical Limit.**

Of course, getting into a counting of subparts exercise is entirely beside the point. This Court may *sua sponte* grant additional interrogatories where the numerical limit has been exceeded. *See Chapman v. California Dept. of Educ.*, 2002 WL 32854376, *2 (N.D. Cal. 2002). For the same reasons that the court in *Chapman* granted additional interrogatories, this Court should compel Plaintiff to answer the second set of interrogatories.

> The subject matter of the interrogatories… appear directly relevant to the issues in the case. Moreover, the request to identify documents (the second subpart of the interrogatory) could have been propounded as a request for production of documents under Rule 34 for which the Rule 33(a) numerical limit of interrogatories would not apply.

> *To limit discovery which is clearly relevant under these circumstances would exalt form over substance*.

*Id.* at *2 (emphasis added).

The Defendants' second set of interrogatories are the precise discovery recommended by Judge Nolan in her June 6, 2008 Order and Opinion. (Doc. 111 at 16) ("To the extent Defendants seek more detailed information, they should propound additional interrogatories or other written discovery requests.") Even if the Court were to find that some or all of the interrogatories exceed the twenty-five limit, the Court's June 6, 2008 order should be interpreted as having exercised the Court's discretion to grant the additional interrogatories.

Furthermore, the information sought through the interrogatories is necessary to the defenses asserted by the MIYANOS. Plaintiff is asserting the MIYANO word mark and the triangle Winged M for services against the MIYANOS. Mr. Kobayashi's deposition yielded almost no useful information about the information and belief relied upon in his declarations to the trademark office. Despite the fact that several of the declarations were filed in mid-2007 when Plaintiff's counsel, including Mr. Kobayashi, were clearly preparing to file this suit against the MIYANOS, he remembers surprisingly little about the facts surrounding those declarations.

> Q. And the question is did you do any other independent investigation to confirm that information that you got?
> A. In sitting here today, I do not recall.
> Q. Do you have any idea what they based their statement on?
> A. It is impossible for me to assume what they based their information on.
> Q. Did they tell you what they based their statements on?
> A. I don't recall at this time.

6

> Q. Do you have any recollection that they shared any support information with you at that time other than the bald statement that first use anywhere, first use in commerce was January 9, 1975?
> A. I don't recall.

Kobayshi Tr. 33:12-34:4 (Ex. 2).

> Q. Do you recall having any documentary evidence at all of any kind that would support that first use date?
> A. I don't have an independent recollection of that.

*Id.* at 41:7-11.

> Q. Did you at the time that you made that conclusion, did you inquire whether or not there was any kind of a factual basis for a determination that it was a minor font variation?
> A. I don't recall.

*Id.* at 47:20-24.

> Q. Was the word Miyano the block M Miyano or the stylized Miyano?
> A. I consider them the same. I remember seeing three elements. The triangle with the winged M mark in the apex and the word Miyano underneath it.
> Q. You have no recollection of whether it was block or script, is that correct?
> A. Yes.

*Id.* at 53:4-12.

Mr. Kobayashi's inability to recall the facts supporting his declarations has kept the MIYANOS from receiving the information to which they are entitled. Additionally, Plaintiff continues to refuse to provide any meaningful answers to the MIYANOS attempts to discover through other means – including those means specifically suggested by this Court – the facts and information necessary to defend itself against Plaintiff's claims.

7

This Court should not condone Plaintiff's repeated intransigence. Instead, this Court should grant Defendants' motion to compel and should also grant Defendants' fees and costs associated with this motion. *See* Fed.R.Civ.P. 37(a)(5) ("If the motion is granted … the court must … require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

### III. CONCLUSION

For the foregoing reasons, the Court is respectfully requested to order Plaintiff to meaningfully respond to the MIYANOS' interrogatories. The Court is also respectfully asked to order Plaintiff to pay Defendants' fees and costs associated with this motion.

DATED: August 29, 2008

Respectfully submitted,

/s/ Vernon W. Francissen
Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312)214-0900 telephone
(312)214-4230 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312)294-9980 telephone
(312)275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.

>201 Main Street, Suite 710
>Lafayette, Indiana 47901
>(765) 429-4004 telephone
>(765) 429-4114 facsimile
>gabaker@dowellbaker.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY was filed via the Court's ECF system and thus also sent by email on August 29, 2008 to the following:


Edward D. Manzo
COOK, ALEX, MCFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606

Phone: (312) 236-8500
Fax: (312) 236-8176

emanzo@cookalex.com


August 29, 2008                                                         /s/Vernon W. Francissen