**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Miyano Machinery USA Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **08 C 526** |
| v. ) | |
| ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., ) | |
| Thomas ("Tom") Miyano, a/k/a ) | Magistrate Judge Nolan |
| Toshiharu Miyano and ) | |
| Steven Miyano, a/k/a Shigemori ) | |
| Miyano, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

**DEFENDANTS' EMERGENCY MOTION
TO STAY PRELIMINARY INJUNCTION ORDER**

Defendants respectfully request that the Court stay its preliminary injunction order (doc. 152) ("Order") pending Plaintiff's compliance with Fed. R. Civ. 65(c). Defendants also request clarification of the Court's Order.

**I.      Defendants Move To Stay Order Pending Compliance With Rule 65(c)**

Under Rule 65(c) an injunction may only issue if Plaintiff provides security in an amount sufficient to pay the costs and damages sustained by the Defendants if wrongfully enjoined. "The court may issue a preliminary injunction or a temporary restraining order **only if** the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *Fed. R. Civ. P.* 65(c) (emphasis added). When the issue of the bond required by Rule 65(c) has not been addressed, the order must be stayed pending determination of a proper bond and posting of such bond. *Ty, Inc. v. Jones Group, Inc.*, 98 F.Supp.2d 988, 1003 (N.D. Ill. 2000).

> The parties have not addressed the issue of bond prescribed by Federal Rule of Civil Procedure 65(c). Pursuant to Rule 65(c), the preliminary injunction is: (1) stayed pending a timely hearing and determination of a proper bond; and (2) shall issue by appropriate order only upon posting of such bond.

*Id*.

Here the issue of the bond required by Rule 65(c) has not been addressed by the Court. Also, Plaintiff has not posted such a bond. Accordingly, the preliminary injunction order must be "(1) stayed a timely hearing and determination of a proper bond; and (2) shall issue by appropriate order only upon posting of such bond." *See id*.

## II.    Defendants Request Clarification On The Scope Of The Order

Defendants request clarification regarding the scope of the Court's Order (doc. 152). "Rule 65(d) of the Federal Rules of Civil Procedure requires that the injunction set 'forth the reasons for its issuance; ... be specific in terms; ... [and] describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained.'" *Patriot Homes, Inc. v. Forest River Housing, Inc.*, 512 F.3d 412, 414 (7th Cir. 2008). "This requirement of specificity spares courts and litigants from struggling over an injunction's scope and meaning by informing those who are enjoined of the specific conduct regulated by the injunction and subject to contempt." *Id*. at 415. An injunction that lacks the specificity required by Rule 65(d) must be vacated. *Id*. at 416.

Defendants respectfully request clarification of the Court's Order which states that Defendants are prevented "from using any of MMU's trademarks, servicemarks, or any other marks likely to cause confusion." (Doc. 152 at 29). "This requires a lot of guesswork on [Defendants'] part in order to determine if it is engaging in activities that violate the injunction, since the order itself is a little more than a recitation of the law." *Id*. at 415-16, citing, *see IDS*

*Life Ins. Co. v. SunAmerica Life Ins. Co.,* 136 F.3d 537, 543 (7th Cir.1998) (finding that a provision of an injunction that enjoins the defendant from inducing the plaintiffs' sales agents and former sales agents to engage in "unlawful insurance practices" but failing to specify the practices does not comply with Rule 65(d)); *City of Mishawaka v. Am. Elec. Power, 616 F.2d 976, 990 n. 18 (7th Cir.1980)* (vacating an injunction enjoining defendants "from monopolizing or attempting to monopolize the distribution and sale of electric power" because the injunction was too vague to identify the activities enjoined); *E.W. Bliss Co. v. Struthers-Dunn, Inc.,* 408 F.2d 1108, 1113 (8th Cir.1969) (finding that a preliminary injunction stating that "[a]ll defendants separately and jointly are restrained from using or disclosing trade secrets and confidential technical information of plaintiff to any person, firm or corporation" is impermissibly vague).

Furthermore, the Defendants seek clarification of the Order because it does not address the Defendants' "sacred right" to use their own name. *Continente v. Continente,* 244 F.Supp. 688, 690 (D.C. Cal. 1965) ("The right to do business under one's own name is one of the sacred rights known to the law; and a family name is incapable of exclusive appropriation, and cannot be thus monopolized.") "The Supreme Court has ruled that a man may use his own name reasonably and honestly for a legitimate purpose in his own business and that the first user, in choosing a family name for his business, assumes the risk of others of the same name using such name fairly in their own business."[1] *Id.* (internal citations omitted). Courts routinely allow the use of a personal name in connection with their business, particularly in light of the fact that Tom

---

[1] There is no evidence to show a deceptive intent or bad faith on the part of the Miyanos. Furthermore, Plaintiff's did not produce Mr. Nakagiri for deposition so that Defendants could cross-exam Plaintiff's regarding these issues.

3

Miyano has a good, personal reputation widely known in the machine tool industry[2] and Plaintiff admits that Tom Miyano was responsible for building up some of the goodwill in the Miyano name. (Doc. 152 at 4)("Tom Miyano is well-known in the machine tool industry and some of MMU and MMJ's good will is likely attributable to him.") Therefore, Tom and Steven Miyano should be allowed to use their full names in connection with their business as there is no evidence of any confusion considering the names as a whole.

### III.     Conclusion

For the reasons stated above, the Defendants respectfully request that the Court stay the preliminary injunction order.

DATED: September 8, 2008                    Respectfully submitted,

/s/ Geoffrey D. Smith
Robert M. Karton
ROBERT M. KARTON, LTD.
77 W. Washington St., Suite 900
Chicago, Illinois 60602-2804
(312)214-0900 telephone
(312)214-4230 facsimile
robert@karton.us

Vernon W. Francissen
FRANCISSEN PATENT LAW, P.C.
FRANCISSEN PATENT LAW, P.C.
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
(312)294-9980 telephone
(312)275-8772 facsimile
vern@francissenpatentlaw.com

Geoffrey A. Baker
Anthony E. Dowell
Geoffrey D. Smith
Dowell Baker, P.C.
201 Main Street, Suite 710

---

[2] "… [Tom Miyano] is well-known in the industry. Everybody knows Tom Miyano, all the machine tool builders. You know, he is very well known. They like him." Marchionne Deposition of March 3, 2008, at 122:23-123:3 (Exhibit 1).

4

Lafayette, Indiana 47901
(765) 429-4004 telephone
(765) 429-4114 facsimile
gabaker@dowellbaker.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing DEFENDANTS' EMERGENCY MOTION TO STAY PRELIMINARY INJUNCTION ORDER was filed via the Court's ECF system and thus also sent by email on September 8, 2008 to the following:

Edward D. Manzo
COOK, ALEX, MCFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606

Phone:  (312) 236-8500
Fax:  (312) 236-8176

emanzo@cookalex.com


September 8, 2008                                                          /s/ Geoffrey D. Smith