UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miyano Machinery USA Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. **08 C 526** |
| v. | ) |
| | ) Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) |
| Thomas ("Tom") Miyano, a/k/a Toshiharu | ) Magistrate Judge Nolan |
| Miyano and Steven Miyano, a/k/a | ) |
| Shigemori Miyano, | ) |
| | ) |
| Defendants | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| MiyanoHitec Machinery, Inc., | ) |
| Thomas ("Tom") Miyano, a/k/a Toshiharu | ) |
| Miyano and Steven Miyano, a/k/a | ) |
| Shigemori Miyano, | ) |
| | ) |
| Counterclaim-Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| Miyano Machinery USA Inc. and | ) |
| Miyano Machinery Inc., | ) |
| | ) |
| Counterclaim-Defendants | ) |

**Plaintiff Miyano Machinery USA, Inc.'s Response/Submission
Regarding Interim Security**

Rule 65(c) does not presume that bond or security is required. Rather, it gives the court wide discretion to determine if and how much security is proper. *See Jovan, Inc. v. A.R. Winarick, Inc.*, 202 U.S.P.Q. 75 (N.D. Ill. 1978).

The purpose of the bond is to ensure that damages resulting from the injunction, in the event it is later determined to have been wrongfully issued, will be recovered. This Court has already found that MiyanoHitec "**would suffer little or no harm if it is**

1

**enjoined from using the Miyano name and "winged M" symbol**." Mem. Op. at p. 28 (emphasis added). Accordingly, even if it were later determined that the injunction should not have issued, the interim harm that Defendants, who have not sold or taken an order for a single machine," would suffer is minimal at best. See Mem. Op. at p. 28.

Moreover, Defendants have also provided little if any information that would permit the Court to examine this question or justify a bond in excess of a nominal figure.

Defendants' actual cost for any new signage is minimal. Miyanohitec has neither advertised nor does it plan to advertise, according to the testimony of its President and sole shareholder Steven Miyano. Exhibit A, S. Miyano at 187:5-188:1. Defendants also make their own business cards and have no product literature available. Ex. A, S. Miyano at 147:19-23 and at 187:22-188:1.

Defendants' have been charged $25,200 for the cost of renting a booth at the IMTS show, according to the invoice attached as Exhibit B. They are still referred to as MiyanoHitec on the IMTS web site and in IMTS literature. See Exhibits C and D.

Placing this issue in context, Defendants are not being denied the right to manufacture, sell, or advertise product; they simply must do so under a non-infringing trademark for the interim period until this case is resolved. As stated by the court in *Honor Plastic Industrial Co. Ltd. v. Lollicup USA, Inc.*:

> The preliminary injunction does not oust [the defendant] from the industry. It only prohibits [the defendant] from using any of the Trademarks on the products it sells or in any advertisement. [The defendant] is free to sell products that have no marks on them or to adopt a dissimilar mark as its own. The court must then estimate what amount of business [the defendant] would lose under the new mark compared with its sales under its existing mark.

*Honor Plastic Ind. Co. Ltd v. Lollicup USA,Inc.,* 462 F. Supp. 2d 1122 (E.D. Ca. 2006)(court rejected defendant's $10 million dollar bond demand and accepted $36,000 as security for the anticipated 18 month period before case would resolve).

Plaintiff respectfully submits the attached case law in support of the court's review of this matter.

Dated: September 10, 2008                         Respectfully Submitted,

                                           */s/ Louis Alex*
                                           Edward D. Manzo (ID #03124728)
                                           Joel Bock (ID #00239984)
                                           Louis J. Alex (ID #06274458)
                                           Jason R. Smalley (ID 6287426)

                                           COOK, ALEX, McFARRON, MANZO,
                                           CUMMINGS & MEHLER, LTD.
                                           200 West Adams Street, Suite 2850
                                           Chicago, IL 60606
                                           Phone: (312) 236-8500
                                           Fax: (312) 236-8176
                                           lalex@cookalex.com

                                           Attorneys for Plaintiff
                                           Miyano Machinery USA, Inc.

# Case Law Appendix

- *Scherr v. Volpe,* 466 F.2d 1027 (7th Cir. 1972)(district court did not abuse its discretion in failing to require bond for preliminary injunction)

- *Jovan, Inc. v. A.R. Winarick, Inc.*, 202 U.S.P.Q. 75 (N.D. Ill. 1978)(no bond required for preliminary injunction in copyright infringement case)

- *American Massage Therapy Association, v. Folkers,* 308 F. Supp. 2d 899 (N.D. Ill. 2004)(bond set at $5,000 for preliminary injunction in trademark infringement case)

- *Ford Motor Co., v. Cook,* 25 U.S.P.Q.2d 1050 (N.D. Ill. 1992)(bond set at $20,000 for preliminary injunction in trademark infringement case)

- *Genderm Corp. v. Biozone Labs,* 1992 U.S. Dist. LEXIS 13521 (N.D. Ill. Sept. 2, 1992) (bond set at $75,000 for preliminary injunction in trademark/food & drug law case)

- *Honor Plastic Ind. Co. Ltd v. Lollicup USA, Inc.,* 462 F. Supp. 2d 1122 (E.D. Ca. 2006)(bond set at $36,000 for preliminary injunction in trademark infringement case)

- *Fitger's On-the-Lake, LLC v. Fitger Co.*, 2007 U.S. Dist. LEXIS 93378 (D. Minn. Dec. 19, 2007)(bond set at $25,000 for preliminary injunction in trademark infringement case)

- *Xavier Pierre v. Tomjai Enterprises Corp.,* 408 F. Supp. 2d 1237 (S.D. FL 2005)(bond set at $25,000 for preliminary injunction in trademark infringement case)

- *AFL-CIO v. Maricopa*, 2007 U.S. Dist. LEXIS 18356 (D. Ariz. 2007)(court waived bond where preliminary injunction would not likely result in damages and defendants neither requested nor submitted evidence regarding damages)

- *Anton/Bauer, Inc. v. Energex Systems Corp.,* 1994 U.S. Dist. LEXIS 3195 (S.D.N.Y. 1994)("no justification for delaying an otherwise proper preliminary injunction because of [defendant's] failure to request a bond or set forth the amount necessary in its view"; defendant permitted to move for a bond while preliminary injunction in effect in trademark infringement case)/

- *Conn. General Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878 (9th Cir. 2003)(preliminary injunction upheld without bond requirement)

## CERTIFICATE OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Cook, by Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., Attorneys at Law, 200 West Adams Street, Suite 2850, Chicago, Illinois 60606.

On the date listed below, I caused the filing of the foregoing with all its attachments and exhibits. I caused the service of these aforementioned documents on the following individuals, as addressed below, by the means indicated, and on the date listed below:

| | | |
|---|---|---|
| Geoffrey A. Baker<br>Geoffrey D. Smith<br>DOWELL BAKER, P.C.<br>201 Main Street, Suite 710<br>Lafayette, Indiana 47901<br>(765) 429-4004 telephone<br>(765) 429-4114 facsimile<br>gabaker@dowellbaker.com | Robert M. Karton<br>ROBERT M. KARTON, LTD.<br>77 W. Washington St., Suite 900<br>Chicago, Illinois 60602-2804<br>(312)214-0900 telephone<br>(312)214-4230 facsimile<br>robert@karton.us | Vernon W. Francissen<br>FRANCISSEN PATENT LAW, P.C.<br>53 W. Jackson Blvd.,<br>Suite 1320<br>Chicago, Illinois 60604<br>(312)294-9980 telephone<br>(312)275-8772 facsimile<br>vern@francissenpatentlaw.com |

Nancy E. Sasamoto
Steven L. Katz
George H Kobayashi
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 N. LaSalle St.
Suite 2500
Chicago, IL 60601
312-245-7500 telephone
nsasamoto@masudafunai.com
skatz@masudafunai.com
gkobayashi@masudafunai.com

   X   (BY ELECTRONIC MEANS) I caused this document to be electronically mailed (emailed) to Vernon W. Francissen, at the address shown above.

   X   (BY ELECTRONIC MEANS) I cause each such document to be sent by electronic means through the Electronic Court Filing system to Nancy Sasamoto, Steven Katz, George H Kobayashi, Geoffrey A. Baker, Geoffrey D. Smith and Robert M. Karton at the address shown above, pursuant to LR 5.9.

Executed on September 10, 2008 at Chicago, Illinois.

Signed:   */s/ Louis Alex*