# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
SEP 12 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Miyano Machinery USA Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **08 C 526** |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a Toshiharu | ) | Magistrate Judge Nolan |
| Miyano and Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | |
| Defendants | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MiyanoHitec Machinery, Inc., | ) | |
| Thomas ("Tom") Miyano, a/k/a Toshiharu | ) | |
| Miyano and Steven Miyano, a/k/a | ) | |
| Shigemori Miyano, | ) | |
| | ) | |
| Counterclaim-Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Miyano Machinery USA Inc. and | ) | |
| Miyano Machinery Inc., | ) | |
| | ) | |
| Counterclaim-Defendants | ) | |

## Injunction Bond

On September 5, 2008, this Court issued a Memorandum Opinion and Order granting the Plaintiff's motion for a preliminary injunction. Plaintiff is posting this bond in satisfaction of the Court's Minute Entry No. 158 dated September 12, 2008.

If the Preliminary Injunction is dissolved because it is found to have been wrongfully issued, the undersigned joint and severally agree to pay any damages and

costs sustained by or assessed in favor of Defendants by reason of its wrongful issuance up to and including the amount of $40,000.

The obligation of this Injunction Bond is strictly limited to the absolute amount of $40,000.00.

Miyano Machinery USA, Inc. (as "Principal")

_____

Printed  TOSHIYUKI NAGASAWA

Title  PRESIDENT

Liberty Mutual (as "Surety")
By _____

Printed  STEPHEN CONLON

Title _____

Dated this _____ day of September, 2008

APPROVED THIS _____ day of September, 2008

_____
District Judge Virginia M. Kendal

RECEIVED
SEP 12 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

2

**RECEIVED** 2128382

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

SEP 12 2008

## LIBERTY MUTUAL INSURANCE COMPANY
### BOSTON, MASSACHUSETTS
### POWER OF ATTORNEY

**KNOW ALL PERSONS BY THESE PRESENTS:** That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint

**WILLIAM R. MADDEN, STEPHEN P. CONLON, ALL OF THE CITY OF ARLINGTON HEIGHTS, STATE OF ILLINOIS**

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **FIFTY MILLION AND 00/100********************************************************* DOLLARS ($ 50,000,000.00***** )** each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this __26th__ day of __April__ __2007__ .



LIBERTY MUTUAL INSURANCE COMPANY

By _____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA  ss
COUNTY OF MONTGOMERY

On this __26th__ day of __April__ , __2007__ , before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires Mar. 28, 2009
Member, Pennsylvania Association of Notaries

By _____
Teresa Pastella, Notary Public

### CERTIFICATE

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this __12TH__ day of __September__ , __2008__ .



By _____
David M. Carey, Assistant Secretary

*Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.*

*To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.*